

FILED
CLERK OF COURT
JUL 14 2014
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Judge Michael Romero**

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-22722-MER |
| LEONID SHIFRIN | ) | Chapter 7 |
| Debtor | ) | |
| | | |
| HARVEY SENDER, Trustee | ) | |
| Plaintiff, | ) | Adversary No. 14-1284-mer |
| v. | ) | |
| MOVERS CONNECTION INC., FATHER AND SONS MOVERS INC., KRIS MARTINEZ, MICHAEL SARRIS, ERIC SHELDON, MICHAEL DUPREE, and SOFIA SHIFRIN | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOVERS CONNECTION INC., and SOFIA SHIFRIN's MOTION FOR WITHDRAWAL OF REFERENCE**

Defendants Sofia Shifrin ("Sofia") and Movers Connection Inc., ("Movers") (together "Defendants") through the undersigned counsel hereby file this MOTION FOR WITHDRAWAL OF REFERENCE of this Adversary Proceeding pursuant to 28 U.S.C. § 157(d), and in support thereof state as follows:

Defendants have filed contemporaneously their Answer and Jury Demand, which is attached as Exhibit A and incorporated herein by this reference as though fully set forth. Attached as Exhibit B is a copy of the Complaint.

28 U.S.C. § 157(d) provides for the permissive withdrawal of reference "for cause" as follows: "(t)he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown."

Courts consider a number of factors in determining "cause" because it is not defined in 28 U.S.C. § 157( d). These factors include: (1) analyzing whether it is a core or noncore proceeding; (2) whether it is legal or equitable in nature; (3) whether there has been a demand for a jury trial; and (4) judicial economy. See *In Re Orion Pictures Corp.,* 4 F. 3d 1095 (2d Cir.1993); *Hatzel and Buehler v. Orange and Rockland Utils.* 107 B.R. 34(D. Del. 1988); *In Re Baker,* 86 B.R. 234 (D. Colo. 1988).

Plaintiff seeks relief in his Complaint for an alleged preferential and/or fraudulent transfer. Defendants assert that this claim is legal in nature and, therefore, under the Seventh Amendment of the United States Constitution, the Defendants are entitled to a trial by jury. The Seventh Amendment of the United States Constitution establishes a right to a jury trial in common law suits. U.S. Const. Amend. VII. Fed.R.Civ.Pro.Rule 38(a), made applicable by Bankruptcy Rule 9015(a), provides that this jury trial right "shall be preserved to the parties [in a civil case] inviolate."

Federal law establishes the jurisdiction of the Federal Bankruptcy Court. 28 U.S.C. § 157. Generally, Bankruptcy courts may not conduct jury trials. *Steiner v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990)(per curiam); *Petrino v. Eley,* 146 BR. 267-268 (D. Colo. 1992)(citing *In Re Kaiser Steel Corp.,* 911 F. 2d 380, 389-92 (l0th Cir. 1990), overruled in part on other grounds in *Connecticut Nat'l Bank v. Germain*, 503 U.S.249 (1992)). Bankruptcy judges may hear and determine "all cases under Title 11, and all core proceedings arising under Title 11, or arising under Title 11, or rising in a case under Title 11," that are referred by a Federal District Court. 28 U.S.C. § 157(b)(1). Section 157 provides that the District Court may withdraw any case referred to a Bankruptcy court "for good cause shown." *Petrino,* 146 B.R. at 268.

Good cause may be shown if a party is entitled to a trial by jury under the Seventh Amendment. Whether a party is entitled to a jury trial under the Seventh Amendment depends on whether Plaintiff's action is equitable or legal in nature. *Manning v. United States,* 146 F.3d 808,811-12 (l0th Cir. *1998)(Citing Bowdry v. Airlines, Inc.,* 58 F. 3d 1483, 1489 (10th Cir. 1995) ). Actions at law entitle the parties to a jury, but equitable cases do not. *Id.*

### I. Defendants are Entitled to a Jury Trial.

In *Granfinanciera v. Nordberg,* 492 U.S. 33(1989), the Supreme Court considered whether defendants who were sued by a bankruptcy trustee to recover pre-petition transfers alleged to have been fraudulent were entitled to a jury trial. The Court noted that the Seventh Amendment not only preserves the right to a jury trial for lawsuits to determine rights that would have been brought in the law, rather than equity, courts of England in 1791, but also extends the Seventh Amendment to actions brought to enforce statutory rights that are analogous to common-law causes of action that would ordinarily have been decided at that time by the law courts. *Id* at 40-42.

-2-

The Court then summarized its approach to the question before it. First, the Court compares the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Tull v. United States*, 481 U.S. 412, 417-18 (1987) (citations omitted). Second, the Court looks to the remedy sought to determine whether it is an equitable or a legal remedy. *Id* at 421. The second stage of this analysis is more important than the first. *Id.* If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, the court must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as fact finder. *Granfinanciera*, 492 U.S. at 42.

## II. Defendants are Entitled to a Jury Trial because an Action to Recover a Pre-Petition Transfer is a Legal Action

The Supreme Court has ruled that when, like here, "a party does *not* submit a claim against the bankruptcy estate...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recovery a monetary transfer. In those circumstances **the preference defendant is entitled to a jury trial.**" *Langenkamp v. C.A. Culp*, 498 U.S. 42, 45 (1991)(**emphasis added**). The *Langenkamp* Court articulated the rule that a preference defendant is entitled to a jury trial following the analysis in *Granfinanciera*. The same analysis creates the same outcome here. Further, when a creditor has not filed a proof of claim, the trustee's preference action does not become part of the claims-allowance process subject to resolution by the Bankruptcy Court. See generally the recent decision in *Stern v. Marshall*, __U.S.__, 131 S.Ct 2594 (2011).

As an initial matter, Defendants have not submit a claim because they are not a creditors. Instead, Defendants are involved in this matter only because of this adversary proceeding brought to recover an alleged transfers.

Applying the principles established in *Granfinanciera*, here, then, leads to the same result the United States Supreme Court reached in *Langenkamp* and *Granfinanciera*–that Defendants are entitled to a jury Trial. First, Plaintiff's cause of action in 18th-century England would have been considered to be legal, rather than equitable. The Supreme Court has recognized that, "[t]here is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in 18th-century England." *Granfinanciera*, 492 U.S. at 43. Therefore, the first factor weighs in favor of Feld's right to a jury trial.

Second, the remedy sought by Plaintiff is legal, rather than equitable. The Plaintiff seeks recovery of a sum of money. As was the case in *Granfinanciera*, the preferences for which Plaintiff sues are for "money payments received by these Defendants prior to the Petition Date" and the Complaint against these Defendants discloses no facts that call for any equitable relief." Therefore, because recovery of a fraudulent or preferential transfer seeks a sum certain,

-3-

Plaintiff's mode of enforcement is necessarily a legal remedy, again weighing in favor of Defendants' right to a jury trial.

The two principles articulated in *Granfinanciera* and applied in *Langenkamp*, then demonstrate Defendants' right to a jury trial.

## II. Defendants do not Consent to the Jurisdiction of the Bankruptcy Court.

Defendants do not consent to a jury trial in the bankruptcy court and have not otherwise submitted to its jurisdiction. Defendants have also requested a jury trial. *See* Exhibit A. Further, in the Tenth Circuit, a bankruptcy court generally lacks the power to conduct jury trials unless there is mutual consent. *See In Re Kaiser Steel Corp.*, 911 F. 2d at 389-92; *Petrino* 146 B.R. at 268 (D. Colo. 1992)("Bankruptcy courts may not conduct jury trials."). Defendants *do not consent to a jury trial in bankruptcy court.*

In conclusion, Plaintiff's claims against these Defendants are legal in nature, entitling Defendants to a jury trial under the Seventh Amendment, which they have requested. Therefore, Defendants have demonstrated good cause for the withdrawal of the reference, and such withdrawal is appropriate. *See In re Centrix Fin., LLC,* No. 09-cv-01542-PAB-CBS, slip op. at 2 (D. Colo. Jan. 7, 2011) ("Because bankruptcy courts may not conduct jury trials...proof of a right to a jury trial may constitute cause for permissive withdrawal.")(internal citations omitted); *In re Hardesty,* 190 B.R. 653, 654 (D.Kan 1995) ("Sufficient cause for withdrawal of reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court.")

WHEREFORE, for the foregoing reasons, the Defendants respectfully requests that the reference of this Adversary Proceeding to the Bankruptcy court be withdrawn, and for such other and further relief as is just.

Dated: 14 July, 2014,

Respectfully submitted,

By: /s/ Vladimir Shifrin
Vladimir Shifrin CO BAR #35208
420 Kendall Court, #426
Castle Pines, CO 80108
303-725-1427 Telephone
Email: vlad_shifrin@yahoo.com

-4-

Attorney for Movers Connection, Inc., and Sofia Shifrin.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2014, a true and correct copy of Defendants' **Motion to Withdraw Reference** was served electronically or placed in the U.S. Mail, first class postage prepaid, addressed as follows:

Kristin D. Kanski
4200 IDS Ctr. 80 S. 8th St.
Minneapolis, MN 55402
*Attorneys for Plaintiff*

Eric Sheldon
9394 E. Atlantic Place
Denver, CO

U.S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Michael Dupree
8940 Lilly Street
Thornton, CO

Kris Martinez
17075 Carlson Dr., Apt 1124
Parker, CO

Michael Sarris
6395 E. Minnesota Drive
Denver, CO

Father and Sons Movers, Inc
Registered Agent the Company Corporation
2711 Centerville Rd. Suite 400
Wilmington, DE

*/s/ Vladim Shifrin*