FILED
CLERK OF COURT

JUL 14

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Judge Michael Romero

| | |
|---|---|
| In re:  Leonid Shifrin ) | |
| XXX-XX-1450 ) | Case No. 12-22722-MER |
| ) | |
| Debtor, ) | Chapter 7 |
| ) | |
| ) | |
| Harvey Sender, Chapter 7 Trustee ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Case No.: 14-01284-MER |
| vs. ) | |
| ) | |
| Michael Dupree ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR WITHDRAWAL OF REFERENCE

Defendant Michael Dupree    ("Defendant") hereby files this MOTION FOR WITHDRAWAL OF REFERENCE of this Adversary Proceeding pursuant to 28 U.S.C. § 157( d), and in support thereof state as follows:

Defendant has filed contemporaneously its Answer and Jury Demand, which is attached as Exhibit A and incorporated  herein by this reference as though fully set forth.  Attached as Exhibit B is a copy of the Complaint.

28 U.S.C. § 157(d) provides for the permissive withdrawal of reference "for cause" as follows: "(t)he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown."

Courts consider a number of factors in determining "cause" because it is not defined in 28 U.S.C. § 157( d). These factors include: (1) analyzing whether it is a core or noncore proceeding; (2) whether it is legal or equitable in nature; (3) whether there has  been a demand for a jury trial; and (4) judicial economy. See *In Re Orion Pictures Corp.,* 4 F. 3d 1095 (2d Cir.1993); *Hatzel and Buehler v. Orange and Rockland Utils.* 107 B.R. 34(D. Del. 1988); *In Re Baker,* 86 B.R. 234 (D. Colo. 1988).

Plaintiff seeks relief in his Complaint for an alleged preferential transfer pursuant to 11 U.S.C. § 547(b). Defendant asserts that this claim is legal in nature and, therefore, under the Seventh Amendment of the United States Constitution, the Defendant is entitled to a trial by jury. The Seventh Amendment of the United States Constitution establishes a right to a jury trial in common law suits. U.S. Const. Amend. VII. Fed.R.Civ.Pro.Rule 38(a), made applicable by Bankruptcy Rule 9015(a), provides that this jury trial right "shall be preserved to the parties [in a civil case] inviolate."

Federal law establishes the jurisdiction of the Federal Bankruptcy Court. 28 U.S.C. § 157. Generally, Bankruptcy courts may not conduct jury trials. *Steiner v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990)(per curiam); *Petrino v. Eley,* 146 BR. 267-268 (D. Colo. 1992)(citing *In Re Kaiser Steel Corp.,* 911 F. 2d 380, 389-92 (l0th Cir. 1990), overruled in part on other grounds in *Connecticut Nat'l Bank v. Germain*, 503 U.S.249 (1992)). Bankruptcy judges may hear and determine "all cases under Title 11, and all core proceedings arising under Title 11, or arising under Title 11, or rising in a case under Title 11," that are referred by a Federal District Court. 28 U.S.C. § 157(b)(1). Section 157 provides that the District Court may withdraw any case referred to a Bankruptcy court "for good cause shown." *Petrino,* 146 B.R. at 268.

Good cause may be shown if a party is entitled to a trial by jury under the Seventh Amendment. Whether a party is entitled to a jury trial under the Seventh Amendment depends on whether Plaintiff's action is equitable or legal in nature. *Manning v. United States,* 146 F.3d 808,811-12 (l0th Cir. *1998)(Citing Bowdry v. Airlines, Inc.,* 58 F. 3d 1483, 1489 (10th Cir. 1995)). Actions at law entitle the parties to a jury, but equitable cases do not. *Id.*

## I.   Defendant is Entitled To A Jury Trial.

In *Granfinanciera v. Nordberg*, 492 U.S. 33(1989), the Supreme Court considered whether defendants who were sued by a bankruptcy trustee to recover pre-petition transfers alleged to have been fraudulent were entitled to a jury trial. The Court noted that the Seventh Amendment not only preserves the right to a jury trial for lawsuits to determine rights that would have been brought in the law, rather than equity, courts of England in 1791, but also extends the Seventh Amendment to actions brought to enforce statutory rights that are analogous to common-law causes of action that would ordinarily have been decided at that time by the law courts. *Id* at 40-42.

The Court then summarized its approach to the question before it. First, the Court compares the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Tull v. United States*, 481 U.S. 412, 417-18 (1987)(citations omitted). Second, the Court looks to the remedy sought to determine whether it is an equitable or a legal remedy. *Id* at 421. The second stage of this analysis is more important than the first. *Id.* If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, the court must decide whether Congress may assign and has

assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as fact finder. *Granfinanciera*, 492 U.S. at 42.

## II.   Defendant is Entitled to a Jury Trial because an Action to Recover a Preferential Transfer is a Legal Action

The Supreme Court has ruled that when, like here, "a party does *not* submit a claim against the bankruptcy estate...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recovery a monetary transfer.  In those circumstances **the preference defendant is entitled to a jury trial**." *Langenkamp v. C.A. Culp*, 498 U.S. 42, 45 (1991)(**emphasis added**).  The *Langenkamp* Court articulated the rule that a preference defendant is entitled to a jury trial following the analysis in *Granfinanciera*. The same analysis creates the same outcome here.  Further, when a creditor has not filed a proof of claim, the trustee's preference action does not become part of the claims-allowance process subject to resolution by the Bankruptcy Court.  See generally the recent decision in *Stern v. Marshall*, __U.S.__, 131 S.Ct  2594 (2011).

As an initial matter, Defendant did not submit a claim because it is not a creditor. Instead, Defendant is involved in this matter only because of this adversary proceeding brought to recover an alleged preferential transfer.

Applying the principles established in *Granfinanciera*, here, then, leads to the same result the United States Supreme Court reached in *Langenkamp* and *Granfinanciera*–that Defendant as a preferential defendant, is entitled to a jury Trial.  First, Plaintiff's cause of action in 18th-century England would have been considered to be legal, rather than equitable.  The Supreme Court has recognized that, "[t]here is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in 18th-century England." *Granfinanciera*, 492 U.S. at 43.  Therefore, the first factor weighs in favor of Defendant's right to a jury trial.

Second, the remedy sought by Plaintiff is legal, rather than equitable.  The Plaintiff seeks recovery of an exact sum of money.  As was the case in *Granfinanciera*, the preferences for which Plaintiff sues are for "money payments of ascertained and definite amounts and the bill discloses no facts that call for an accounting or other equitable relief." *Id.* at 49 (internal citations omitted).  Therefore, because recovery of a preferential transfer seeks a sum certain, Plaintiff's mode of enforcement is necessarily a legal remedy, again weighing in favor of Defendant's right to a jury trial.

The two principles articulated in *Granfinanciera* and applied in *Langenkamp*, then demonstrate Defendant's right to a jury trial.

## II. Defendant does not Consent to the Jurisdiction of the Bankruptcy Court.

Defendant does not consent to a jury trial in the bankruptcy court and has not otherwise submitted to its jurisdiction. Defendant has also requested a jury trial. *See* Exhibit A. Further, in the Tenth Circuit, a bankruptcy court generally lacks the power to conduct jury trials unless there is mutual consent. *See In Re Kaiser Steel Corp.,* 911 F. 2d at 389-92; *Petrino* 146 B.R. at 268 (D. Colo. 1992)("Bankruptcy courts may not conduct jury trials."). Defendant *does not consent to a jury trial in bankruptcy court.*

In conclusion, Plaintiff's claim against Defendant is legal in nature, entitling Defendant to a jury trial under the Seventh Amendment, which Defendant has requested. Therefore, Defendant has demonstrated good cause for the withdrawal of the reference, and such withdrawal is appropriate. *See In re Centrix Fin., LLC,* No. 09-cv-01542-PAB-CBS, slip op. at 2 (D. Colo. Jan. 7, 2011) ("Because bankruptcy courts may not conduct jury trials...proof of a right to a jury trial may constitute cause for permissive withdrawal.")(internal citations omitted); *In re Hardesty,* 190 B.R. 653, 654 (D.Kan 1995) ("Sufficient cause for withdrawal of reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court.")

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the reference of this Adversary Proceeding to the Bankruptcy court be withdrawn, and for such other and further relief as is just.

Respectfully submitted, 7/12/14

Michael Dupree
3751 Revere St
Denver CO 80239
303-748-1847

## CERTIFICATE OF SERVICE

I hereby certify that on this 7/12/14, a true and correct copy of Defendant's **Motion to Withdraw Reference** was placed in the U.S. Mail, first class postage prepaid, addressed as follows:


Kristin Kanski
John Smiley
600 17th Street, Suite 1800 South
Denver, Colorado 80202
*Attorneys for Plaintiff*


U.S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202


*Michael R Dupree*

Michael Dupree