# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN, ) | |
| ) | Case No. 12-22722 MER |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| ) | |
| HARVEY SENDER, Chapter 7 Trustee ) | |
| ) | Adv. Proc. No. 14-1284-MER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MOVERS CONNECTION INC., FATHER AND ) | |
| SONS MOVERS INC., KRIS MARTINEZ, ) | |
| MICHAEL SARRIS, ERIC SHELDON, MICHAEL ) | |
| DUPREE and SOFIA SHIFRIN ) | |
| ) | |
| Defendants. ) | |

**TRUSTEE'S OBJECTION TO MOTION FOR WITHDRAWAL OF REFERENCE**

Harvey Sender, in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Leonid Shifrin (the "Debtor"), by and through counsel, respectfully objects to Defendants' Motions for Withdrawal of Reference (the "Objection") and requests that the Court deny the motions without prejudice as premature.

## I. INTRODUCTION

The Motion for Withdrawal of Reference ("Motion for Withdrawal") filed by Movers Connection Inc. and Sofia Shifrin (Dkt. #11) and Michael Dupree (Dkt. # 13) (collectively, the

"Defendants"), is part of an ongoing and orchestrated effort of the Debtor, the Debtor's friends and family, and other affiliates of the Debtor, to protract and derail the Trustee's administration of the Debtor's bankruptcy case.[1] This adversary proceeding is just one of 28 filed by the Trustee (the "Avoidance Actions"), all of which involve similar (if not identical) issues of fact relating to the Debtor's fraudulent intent and the Debtor's use of numerous alter-ego companies to defraud his creditors, including through the fraudulent transfers of assets to the Defendants and others. The facts supportive of the Trustee's allegations of fraud are set forth in detail in the Complaint. (Dkt. #1.)

Defendants' Motion for Withdrawal must be denied because it is not supported by cause, but rather based solely and prematurely upon a claimed right to a jury trial that may, or may not, materialize. Defendants overlook that several of the Trustee's claims are equitable claims, which do not afford Defendants a jury trial right. Defendants equally overlook that any right to a jury trial on the legal claims that the Trustee has asserted first depends upon a threshold determination (by the Bankruptcy Court and upon a developed record) that the case actually presents a factual dispute that will require resolution by a jury. If the case is resolved as a matter

---

[1] The coordination of these efforts is evidenced by the nearly identical Motions for Withdrawal of Reference filed by Mark Shifrin (the Debtor's father), Sofia Shifrin (the Debtor's mother), Qilly Shifrin (the Debtor's wife), Movers Connection Inc. (a company formed post-petition without approval of the Bankruptcy Court), Michael Dupree (an employee of certain of the Debtor's companies, including Movers Connection Inc.), David Price (on information and belief, a family friend and affiliate/employee of certain of the Debtor's companies), and Susan Yankovich (the Debtor's mother-in-law), all of which were separately filed in Adversary Nos. 14-1293-MER; 14-1283-MER; 14-1284-MER; and 14-1297-MER (collectively, the "Withdrawal Motions"). Because the issues raised in the Withdrawal Motions are identical—as is the Trustee's Objection to each—the Trustee requests consolidation of the Withdrawal Motions for determination by a single judge.

of law, through dispositive motion practice or otherwise, the right to a jury trial will be rendered moot. Neither do Defendants address the factors of uniformity in bankruptcy administration, judicial economy, conserving debtors' and creditors' resources, and expediting the bankruptcy process. Each of those factors weighs in favor of denying Defendants' Motion for Withdrawal and allowing this case to move forward before the Bankruptcy Court, along with all other related cases, for purposes of coordinated discovery, disposition motion practice, and any needed pretrial procedures. For all these reasons, the Motion for Withdrawal should be denied.

## II. BACKGROUND

The Debtor filed his petition for bankruptcy relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on June 17, 2012 (the "Petition Date"). The Bankruptcy Court has been administering the Debtor's Bankruptcy Case and the Bankruptcy Estate since the Petition Date (for more than two years).

On September 21, 2012, in conjunction with a consumer protection action commenced against the Debtor by the Colorado Attorney General, the Denver County District Court held that the assets and property of the following companies are property of the Debtor, including all trade names and doing business names: Glasgow Inc. ("Glasgow"); Glasgow Sales Inc. ("Glasgow Sales"); Colonial Financial Inc. ("Colonial Financial"); USWSL Group Inc. ("USWSL"); USXLP Inc. ("USXLP"); 67th Avenue Inc. ("67th Avenue") and 67th Inc. ("67th Inc."). (*See*

Dkt. #1 at ¶¶ 30-31.)[2] Since the Petition Date, the Bankruptcy Court has actively overseen the administration of the Bankruptcy Estate, including motions regarding the Debtor's right to counsel, property of the Bankruptcy Estate, and motions for relief from the automatic stay to allow the sale of real estate that was titled in certain companies subject to the Denver District Court's Order.

On November 8, 2012, the Bankruptcy Court authorized the Trustee to conduct a Rule 2004 investigation into the Debtor's financial affairs and granted the State of Colorado, in its capacity as a judgment creditor and party in interest, authorization to participate fully in any such Rule 2004 examination. (*In re Shifrin*, Court File No. 12-22722-MER, Dkt. # 38.) As a result of the Trustee's Rule 2004 examination, on March 31, 2014, the Trustee and the State of Colorado jointly commenced an action against the Debtor pursuant to 11 U.S.C. § 727 objecting to the Debtor's discharge (the "Discharge Action"). (*Sender v. Shifrin*, Court File No. 14-01169-MER, Dkt. #1.) In addition, in June 2014 the Trustee commenced 28 adversary proceedings against numerous individuals and entities (one of which is the instant case), asserting claims under 11 U.S.C. §§ 544, 548, 549 and 550 and the Colorado Uniform Fraudulent Transfer Act, to account for and recover fraudulent transfers, as well as claims for turnover and accounting and unjust enrichment. (*See, e.g.*, *Sender v. Movers Connection Inc., Father and Sons Movers Inc., Kris Martinez, Michael Sarris, Eric Sheldon, Michael Dupree and Sofia Shifrin*, Court File No. 14-1284-MER, Dkt. #1.)

---

[2] That order was entered in *State of Colorado*, ex rel. *John W. Suthers, Attorney General v. Leonid Shifrin,* et al., Case No. 2008-CV-1047, District Court for the City and County of Denver, Colorado.

On July 1, 2014, for efficiency and to reduce the pretrial burdens on the Bankruptcy Court and allow for coordinated discovery, the Bankruptcy Court ordered the joint administration of the Avoidance Actions for purposes of Fed. R. Bankr. P. 7016, which are at this point administratively consolidated for purposes of discovery and pretrial proceedings at Bankruptcy Court Case No. 14-9991-MER (the "Jointly Administered Cases"). (*In re Shifrin*, Court File No. 12-22722-MER, Dkt. #260.)

This adversary proceeding is therefore just one of 30 litigation matters (including the Bankruptcy Case, the Discharge Action, and the Jointly Administered Cases) that arise out of a similar set of facts, all of which are currently being administered by the Bankruptcy Court in a coordinated fashion. The Jointly Administered Cases will present common issues for resolution by the Bankruptcy Court, and the Bankruptcy Court's familiarity with the cases will result in the efficient management of discovery and pretrial matters, if a trial is ultimately necessary.

### III.　ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 157(d), the District Court may withdraw the reference of a case to bankruptcy court on the motion of a party "for cause shown."[3] 28 U.S.C. § 157(d). In determining whether cause exists, courts consider the goals of promoting uniformity in bankruptcy administration, the prevention of forum shopping, judicial economy, conserving debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial.

---

[3] Although the statute does also provide for mandatory withdrawal in certain circumstances where other laws of the United States are implicated, that provision does not apply to this case, nor is it argued by Defendants.

*Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co., et al. (In re Centrix Fin. LLC)*, No. 09-cv-01542-PAB-CBS, 2011 WL 63505, at *4-6 (D. Colo. Jan. 7, 2011). The only factor argued by Defendants in support of withdrawal at this time is the purported right to a jury trial, which is a premature consideration and does not constitute cause. None of the other relevant considerations support withdrawal of the reference at this time, and in fact defeat Defendants' request.

A.  **The Filing of a Jury Demand, Alone, Does Not Warrant or Mandate the Immediate Transfer of the Avoidance Action to the District Court.**

The Defendants argue that they have not filed a proof of claim in the bankruptcy case and are therefore entitled to a jury trial, which they argue constitutes cause for an immediate withdrawal of the reference.[4] The right to a jury trial, however, does not mandate or require that the reference of the case to the bankruptcy court be withdrawn, nor does it divest the bankruptcy court of the authority to resolve pre-trial matters.[5] *Centrix Fin., LLC v. Sutton,* No. 09-cv-00088-PAB, 2009 WL 1605826, at *3 (D. Colo. June 8, 2009). Courts have "repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management

---

[4] *See* D.C. Colo. L. Civ. R. 84.1.

[5] It should be noted that not all claims asserted by the Trustee in the Complaint implicate legal rights to which a right to a jury trial would attach. *See, e.g.,* COUNT II (accounting and turnover) – *Braunstein v. McCabe*, 571 F.3d 108, 123 (1st Cir. 2009); *In re Darby Supermarket, Inc.*, 98 B.R. 697, 698 (E.D. Pa. 1989) (finding that a turnover and accounting claim invokes the court's most basic equitable powers to gather and administer property of the estate to which the Seventh Amendment right to a jury trial does not attach); and COUNT VI (unjust enrichment/equitable disgorgement) – *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (actions for disgorgement of improper profits and unjust enrichment are restitutionary and equitable in nature and claims for which no right of a jury trial attaches).

of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial." *Centrix v. Nat'l Union,* 2011 WL 63505, at *4 (quoting *In re HealthCentral.com,* 504 F.3d 775, 787 (9th Cir. 2007) (collecting cases)[6]*; In re Kirk E. Douglas, Inc.,* 170 B.R. 169, 170 (D. Colo. 1994) ("*Granfinanciera* . . . 'certainly does not hold that references of such actions must be withdrawn immediately upon jury demand.'"). It is within the district court's discretion to determine at what stage in the proceedings the reference should be withdrawn. *Centrix Financial, LLC v. Sutton,* 2009 WL 1605826, at *3 (citing *In re Orion Pictures*, 4 F.3d 1095, 1101 (2d Cir. 1993)). The bankruptcy court has authority, even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on pretrial motions, including dispositive motions. *In re Kirk E. Douglas, Inc.,* 170 B.R. 169 at 170; *see also Depositors Ins. Co. v. Heartland Bank*, Case Nos. 07-cv-264, 07-cv-1042, 2007 WL 2461107, at *2 (E.D. Mo., Aug. 24, 2007) ("The Bankruptcy Court can maintain the adversary proceeding, make interlocutory orders and dispositive motion rulings, then transfer the proceedings to the District Court for jury trial in the event that becomes necessary.").

Maintaining the reference until the case is ready to proceed to trial does not infringe on Defendants' right to trial by jury. *See In re Kirk E. Douglas, Inc.,* 170 B.R. at 170; *In re*

---

[6]The Ninth Circuit Court of Appeals in *Healthcentral.com* cited the following cases: *In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir. 1993); *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993); *King v. Fidelity Nat'l Bank,* 712 F.2d 188, 192 (5th Cir. 1983); *Growe v. Bilodard Inc.,* 325 B.R. 490, 492 (D. Me. 2005); *Plan Adm'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55-56 (N.D. Ill. 2005); *Travelers Cas. & Sur. Co. v. Skinner Engine Co. (In re Am. Capital Equip., LLC)*, 325 B.R. 372, 375 (W.D. Pa. 2005); *Hayes v. Royala, Inc.,* 180 B.R. 476, 477 (E.D. Tex. 1995); *Wittes v. Interco Inc.,* 137 B.R. 328, 329 n.2 (E.D. Mo. 1992) and *In re Douglas,* 170 B.R. 169, 170 (D. Colo. 1994).

DOCS-#4274565-v1

Case:14-01284-MER Doc#:25 Filed:07/29/14 Entered:07/29/14 11:52:57 Page8 of 13

*Healthcentral.com*, 504 F.3d at 787; *Jobin v. Kloepfer (In re M & L Bus. Mach. Co.)*, 159 B.R. 932, 934-35 (D. Colo. 1993). A bankruptcy court's pre-trial management will not diminish a party's right to a jury trial, but rather will narrow or eliminate issues for trial. *See In re M & L Bus. Mach. Co.,* 159 B.R. at 934. Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment right to a jury trial, as these motions merely address whether trial is necessary at all. *See In re M&L Bus. Machine Co.*, 159 B.R. at 934-35; *Calvi v. Knox County*, 470 F.3d 422, 427 (1st Cir. 2006); *Diamond Door Co. v. Lane-Stanton Lumber Co.,* 505 F.2d 1199, 1203 & n.6 (9th Cir. 1974) ("[S]ummary judgment is granted as a *matter of law* where there is no genuine issue of material fact, and, therefore, the province of the jury, fact finding, is not invaded.") (emphasis in original). A right to a jury trial does not arise until jury issues are presented. *McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995). "Where a cause of action does not rest on the determination of disputed facts—that is, where it is amenable to summary adjudication under Rule 12(b)(6) or Rule 56—the Seventh Amendment right to jury trial does not even come into play." *Christensen v. St. Paul Bank for Cooperatives (In re Fulda Indep. Co-op)*, 130 B.R. 967, 977-78 (Bankr. D. Minn. 1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979)).

   For all these reasons, any jury trial right invoked by Defendants in this case does not constitute cause to support withdrawal of the reference of this matter to the Bankruptcy Court at this time.

**B. Withdrawal of the Reference Will Not Promote Judicial Economy and Will Waste the Resources of the Bankruptcy Estate.**

DOCS-#4274565-v1

Requiring this case to be immediately transferred to the District Court simply because of the existence of a potential jury trial right in the future would run counter to the bankruptcy case administration. *In re Healthcentral.com*, 504 F.3d at 788; *In re Conseco Finance Corp.,* 324 B.R. 50, 55 (N.D. Ill. 2005); *ERC Indus., Inc. v. National Union Fire Insur. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992). Congress has specifically empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant orders. *See* 28 U.S.C. § 157(b)(1), (c)(1); *see also In re W. Asbestos Co.,* 313 B.R. 859, 862 (N.D. Cal. 2004); *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 763-64 (S.D.N.Y. 1994). This system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions pending there. *See, e.g., City Fire Equip. Co.,* 125 B.R. 645, 649 (N.D. Ala. 1989); *In re Kirk E. Douglas, Inc.,* 170 B.R. at 170; *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.,* 163 B.R. 177, 179 (D. Nev. 1993). Accordingly, requiring an immediate transfer to the District Court simply because there is a jury trial right, or the possibility of such a right, would effectively subvert this system, encourage forum shopping and run "counter to the policy favoring judicial economy that underlies the statutory scheme." *In re Kenai Corp.,* 136 B.R. 59, 61 (S.D.N.Y. 1996).

The Defendants makes no effort in the Motion for Withdrawal to demonstrate that judicial economy or efficiency will be furthered by withdrawing the reference immediately. The Bankruptcy Court is presiding over twenty-eight related adversary proceedings that are based on nearly identical factual circumstances. Indeed, in ordering that the Avoidance Actions be jointly administered, the Bankruptcy Court specifically found that the adversary proceedings involve "overlapping and similar issues." (*In re Shifrin*, Court File No. 12-22722-MER, Dkt. #260.)

Granting the Defendants' Motion for Withdrawal would result in unnecessary duplicative pretrial proceedings, effectively wasting judicial resources. *See, e.g., Loveridge v. Johnson (In re South Valley Health Center, LLC)*, No. 12-02488, 2013 WL 2387678, at *2 (D. Utah May 30, 2013) (denying premature withdrawal of the reference promotes "the division of labor between [the District] Court and the Bankruptcy Court established by Congress"); s*ee also In re Enron Corp.*, 295 B.R. 21, 28 (S.D.N.Y. 2003) ("Courts have … recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial managerial matters, even if the action will ultimately be transferred to a district court for trial."). The interests of judicial economy, and the preservation of resources of the Bankruptcy Estate, thus strongly weigh in favor of denying the Motion for Withdrawal.

### IV. CONCLUSION

The mere existence of a right to a jury trial—one that ultimately may or may not be necessary—is not "cause" for immediate withdrawal of the reference. Allowing the Bankruptcy Court to supervise and coordinate discovery, dispositive motion practice and pretrial proceedings will promote judicial economy and uniformity over all twenty-eight adversary proceedings. Allowing Defendants to engineer a transfer of a small portion of the Jointly Administered Cases at this early stage will only encourage forum shopping, serve to make the administration of these cases more complex and expensive and impose unnecessary burdens on the District Court.

WHEREFORE, the Trustee respectfully requests that the Court deny the Defendants' Motion for Withdrawal of Reference, without prejudice to renewal at a time when it is determined that the services of a jury will be necessary and the case is trial ready.

Dated this 28th day of July, 2014.

                        **LINDQUIST & VENNUM LLP**

                        By:   /s/ Stephanie A. Kanan
                              John C. Smiley, #16210
                              Kirstin D. Kanski, #0346676 (MN)
                              Stephanie A. Kanan, #42437
                        600 17th Street, Suite 1800 South
                        Denver, Colorado 80202-5441
                        Telephone: (303) 573-5900
                        Facsimile: (303) 573-1956
                        E-mail: jsmiley@lindquist.com
                        E-mail: kkanski@lindquist.com
                        E-mail: skanan@lindquist.com

                        *Counsel for Harvey Sender, as Chapter 7 Trustee*

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2014, a true and correct copy of the foregoing **TRUSTEE'S OBJECTION TO MOTION FOR WITHDRAWAL OF REFERENCE** was served via U.S. Mail, first class postage prepaid, addressed to the following:

Vladimir Shifrin
420 Kendall Court, No. 426
Castle Pines, CO 80108

Movers Connection Inc.
3751 Revere Street
Denver, CO 80239

Father and Sons Movers, Inc.
17011 Lincoln Avenue
Parker CO, 80134

Michael Sarris
6395 E. Minnesota Drive
Denver, CO 80224

Kris Martinez
17075 Carlson Dr. Apt. 1124
Parker, CO 80134

Kris Martinez
17011 Lincoln Avenue #372
Parker CO 80134

Kris Martinez
16916 Molina Place
Parker, CO 80134

Sofia Shifrin
11692 East Baltic Place
Aurora, CO 80014

Eric Sheldon
9394 E. Atlantic Place
Denver, CO 80231

Eric Sheldon
930 Sherman Street, #4
Denver, CO 80203

Michael Dupree
8940 Lilly Street
Thornton, CO 80229

*/s/ Brandon Blessing*
Brandon Blessing
