# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN ) | |
| ) | |
| Debtor ) | |
| _____ ) | |
| ) | Case Number 13-21412-MER |
| HARVEY SENDER, Chapter 7 Trustee ) | Chapter 7 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adversary Proc. No.: 14-01284 |
| ) | |
| MOVERS CONNECTION, INC., FATHER AND ) | |
| SONS MOVERS, INC., KRIS MARTINEZ, ) | |
| MICHAEL SARRIS, ERIC SHELDON, MICHAEL ) | |
| DUPREE AND SOFIA SHIFRIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

## ANSWER
_____

Defendant, Michael Sarris ("Sarris"), by and through his attorneys, DILL DILL CARR STONBRAKER & HUTCHINGS, P.C., hereby answers the Adversary Complaint ("Complaint"), filed by Chapter 7 Trustee Harvey Sender, as follows:

1.  Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2.  Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies the same.

3.  Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4.  Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies the same.

5. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies the same.

6. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

7. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Sarris admits that Sofia Shifrin is Leonid Shifrin's mother. Sarris is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Sarris denies that he resides at 6395 East Minnesota Drive, Denver, Colorado. Sarris denies that he caused multiple bank accounts to be opened in the name of the Post-Petition Moving Companies. Sarris admits that he was an authorized signer on bank accounts at TCF Bank and ANB Bank. Sarris admits that he was hired and worked as the General Manager of Movers Connection. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. Sarris is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Sarris admits the allegations in Paragraph 12 of the Complaint.

13. Sarris admits the allegations in Paragraph 13 or the Complaint.

14. Sarris admits the allegations in Paragraph 14 of the Complaint.

15. Sarris denies the allegations in Paragraph 15 of the Complaint.

16. Sarris denies the allegations in Paragraph 16 of the Complaint.

17. Sarris denies the allegations in Paragraph 17 of the Complaint.

18. The allegations contained within Paragraph 18 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 18.

19. The allegations contained within Paragraph 19 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 19.

20. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the same.

21. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the same.

23. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the same.

25. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies the same.

27. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, denies the same.

29. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

30. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

31. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies the same.

32. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, therefore, denies the same.

33. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, denies the same.

34. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies the same.

35. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies the same.

36. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies the same.

37. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the same.

38. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Sarris denies that he caused any bank accounts to be opened in the name of the Debtor's Companies and/or the Post-Petition Moving Companies. Sarris admits that he was an authorized signer on bank accounts at TCF Bank and ANB Bank. Sarris is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and, therefore, denies the same.

40. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the same.

41. The allegations contained within Paragraph 41 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 41.

42. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, therefore, denies the same.

43. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies the same.

44. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, denies the same.

45. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, denies the same.

46. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. Sarris is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 46 of the Complaint and, therefore, denies the same.

47. Paragraph 47 of the Complaint does not require a response from Sarris. To the extent that any response is required, Sarris denies same.

48. The allegations contained within Paragraph 48 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 48.

49. Paragraph 49 of the Complaint does not require a response from Sarris. To the extent that any response is required, Sarris denies same.

50. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 49 of the Complaint.

51. The allegations contained within Paragraph 51 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 51.

52. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. The allegations contained within Paragraph 52 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 52.

53. The allegations contained within Paragraph 53 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 53.

54. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 53 of the Complaint.

55. The allegations contained within Paragraph 55 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 55.

56. Sarris denies Plaintiff's allegation that he is in possession, custody and control of the books and records of the Debtor and the Debtor's Companies. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies the same.

57. Sarris denies Plaintiff's allegation that he is in possession, custody or control of property of the estate. Sarris is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, therefore, denies the same.

58. The allegations contained within Paragraph 58 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 58.

59. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 58 of the Complaint.

60. The allegations contained within Paragraph 60 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 60.

61. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. The allegations contained within Paragraph 61 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 61.

62. The allegations contained within Paragraph 62 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 62.

63. The allegations contained within Paragraph 63 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 63.

64. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. The allegations contained within Paragraph 64 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 64.

65. The allegations contained within Paragraph 65 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 65.

66. The allegations contained within Paragraph 66 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 66.

67. The allegations contained within Paragraph 67 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 67.

68. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 67 of the Complaint.

69. The allegations contained within Paragraph 69 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 69.

70. The allegations contained within Paragraph 70 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in 70.

71. The allegations contained within Paragraph 71 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 71.

72. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. The allegations contained within Paragraph 72 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 72.

73. The allegations contained within Paragraph 73 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 73.

74. The allegations contained within Paragraph 74 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 74.

75. The allegations contained within Paragraph 75 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 75.

76. The allegations contained within Paragraph 76 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 7761.

77. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 76 of the Complaint.

78. The allegations contained within Paragraph 78 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 78.

79. The allegations contained within Paragraph 79 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 79.

80. The allegations contained within Paragraph 80 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 80.

81. Plaintiff's Complaint fails to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received and therefore Sarris denies same. The allegations contained within Paragraph 81 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 81.

82. The allegations contained within Paragraph 82 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 82.

83. The allegations contained within Paragraph 83 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 83.

84. The allegations contained within Paragraph 84 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 84.

85. The allegations contained within Paragraph 85 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 85.

86. The allegations contained within Paragraph 86 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 86.

87. Sarris incorporates by reference their responses to the allegations contained in paragraphs 1 through 86 of the Complaint.

88. The allegations contained within Paragraph 88 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 88.

89. The allegations contained within Paragraph 89 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 89.

90. The allegations contained within Paragraph 90 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 90.

91. The allegations contained within Paragraph 91 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 91.

92. The allegations contained within Paragraph 92 of the Complaint state, or purport to state, a legal conclusion to which no response is required. To the extent a response is required, Sarris affirmatively avers that the allegations are an incomplete statement of law or incorrect. Sarris denies the remaining allegations contained in Paragraph 92.

Sarris specifically denies Plaintiff's Prayers for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Sarris, including but not limited to Plaintiff's failure to identify, with specificity, both the nature and extent of property of the estate and any alleged post-petition transfers Sarris received.

2. At all times relevant hereto Sarris acted in good faith and without any actual knowledge of any alleged voidability and/or the fraudulent nature of any alleged post-petition transfers.

3. The damages allegedly sustained by Plaintiff, if any, were the direct and proximate result of the acts or omissions of parties other than Sarris over whom Sarris had no control or right of control.

4. Plaintiff is not the real party in interest to certain damages claimed in the Complaint and does not have standing to sue for such damages.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Sarris owes no duty or obligation to Plaintiff under the circumstances forming the basis of the Complaint and no other duty or obligation exists as a matter of law.

7. Sarris exercised his business judgment in connection with the actions that are alleged to have been taken.

8. Plaintiff's claims are barred by any applicable statutes of limitations.

9. Sarris has not knowingly or intentionally waived any applicable defenses. Sarris presently lacks sufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses, and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery.

**WHEREFORE,** Sarris respectfully requests that the Court enter judgment in his favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, that Sarris be awarded his costs of suit and attorney's' fees as permitted by law, and for such other and further relief as this Court deems proper.

**RESPECTFULLY SUBMITTED** this 26th day of November, 2014

        **DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.**

        */s/ Dudley W. Morton*
        Dudley W. Morton #33265
        455 Sherman Street, Suite 300
        Denver, Colorado 80203
        303-777-3737
        *Attorneys for Michael Sarris*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2014, I served a true and correct copy of the **ANSWER**, through the ECF electronic filing service to the parties at the addresses listed below:

Kirstin D. Kanski
John C. Smiley
Stephanie A. Kannan
600 17th Street, Suite 1800 South
Denver, Colorado 80203
*Attorneys for Plaintiff*

/s/ Dudley W. Morton