```
                         United States Bankruptcy Court
                              District of Colorado

Sender, Chapter 7 Trustee,
        Plaintiff                                          Adv. Proc. No. 14-01284-MER

Movers Connection Inc.,
        Defendant
```

## CERTIFICATE OF NOTICE

```
District/off: 1082-1          User: mckinleyj            Page 1 of 1              Date Rcvd: Dec 12, 2014
                              Form ID: pdf904            Total Noticed: 5


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 14, 2014.
aty            +Vladimir Shifrin,    420 Kendall Court, #. 426,   Castle Pines, CO 80108-9294
ust            +Aaron Carson,   999 18th St.,   Ste. 1551,   Denver, CO 80202-2415
ust            +Nicole Zollars (341),   999 18th St.,   Ste. 1551,   Denver, CO 80202-2415
dft            +Michael Dupree,   3751 Revere St.,   Denver, CO 80239-3431

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust            +E-mail/Text: ustp.region19@usdoj.gov Dec 12 2014 23:17:18     Beverly Smith (341),
                 999 18th St,   Ste 1551,   Denver, CO 80202-2415
                                                                                             TOTAL: 1

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust             Bernie Onstad
ust             Kathi Hindes
dft             Eric Sheldon
dft             Father and Sons Movers, Inc.
dft             Kris Martinez
                                                                                   TOTALS: 5, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2014                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 12, 2014 at the address(es) listed below:
         Dudley  Morton    on behalf of Defendant Michael   Sarris dmorton@dillanddill.com
         Harvey  Sender (Int)    Sendertrustee@sendwass.com
         John C. Smiley    on behalf of Plaintiff Harvey  Sender, Chapter 7 Trustee jsmiley@lindquist.com,
          stoms@lindquist.com;sroberts@lindquist.com
         Kirstin Dawn Kanski    on behalf of Plaintiff Harvey  Sender, Chapter 7 Trustee
          kkanski@lindquist.com,   cfunk@lindquist.com
         Michael T Gilbert    on behalf of Plaintiff Harvey  Sender, Chapter 7 Trustee
          mgilbert@lindquist.com,   stoms@lindquist.com;sroberts@lindquist.com
         Stephanie  Kanan    on behalf of Plaintiff Harvey  Sender, Chapter 7 Trustee skanan@lindquist.com,
          bblessing@lindquist.com
                                                                                             TOTAL: 6
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>LEONID SHIFRIN,<br><br>    Debtor. | Case No. 12-22722 MER<br>Chapter 7 |
| HARVEY SENDER, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>v.<br><br>VARIOUS DEFENDANTS[1] | Complex Case No. 14-9991 MER |

## ORDER GRANTING
## TRUSTEE'S FED. R. CIV. P. 26 REPORT AND
## MOTION FOR ENTRY OF PRETRIAL ORDER

THIS MATTER is before the Court on the Fed. R. Civ. P. 26 Report and Motion for Entry of Pretrial Order (the "Motion"), filed by Harvey Sender, as Chapter 7 Trustee (the "Trustee"), as plaintiff in these jointly administered adversary proceedings. The Court held a status conference on December 15, 2014, and has reviewed the Trustee's Motion. It is hereby

ORDERED that the Trustee's Motion is GRANTED;

IT IS FURTHER ORDERED that, pursuant to Fed. R. Bankr. P. 7016 (Fed. R. Civ. P. 16(b), the following shall apply in each of the adversary proceedings administered in this Complex Case No. 14-9991 MER:

---

[1] The Defendants and Adversary Proceeding Numbers subject to this Order are listed in Exhibit A, attached hereto.

1. Common Procedures.

    a. <u>Trustee's General Document Production</u>. The Trustee will make available all records pertaining to the Debtor and all discoverable documents in Trustee's possession, including the Trustee's initial disclosures, at the office of Lindquist & Vennum LLP, located at 600 17th Street, Suite 1800-S, Denver, CO 80202 (the "Trustee's General Document Production"). The Trustee will provide an index of the Trustee's General Document Production to any adversary defendant that requests.

    Any adversary defendant may contact counsel for the Trustee to schedule a time to review and copy documents in the Trustee's General Document Production. Any defendant shall be responsible for arranging the copying of the requested pages and paying the cost of any copy charges directly, whether the request is made as part of initial disclosures or through written discovery requests. Any defendant requesting electronic copies of the Trustee's General Document Production shall be responsible for contacting the Trustee to arrange for copying and to pay the cost of electronic copying directly, whether the request is made as part of initial disclosures or through written discovery requests. The Trustee's General Document Production does not substitute for or otherwise relieve the Trustee of his obligation to respond to interrogatories or document production requests served by any defendant as required under the applicable Federal Rules of Civil Procedure and Bankruptcy Rules of Procedure.

    b. <u>Depositions by Adversary Defendants</u>. The Trustee believes that more than one adversary defendant may seek to take the deposition of the Trustee and the Trustee's experts, if any. Any defendant desiring to take the deposition of the Trustee must submit written notification to counsel for the Trustee on or before **April 15, 2015**. The Trustee, through counsel, will then confer with those adversary defendants and provide notice to other adversary

defendants in the complex case to arrange the specifics of coordinated depositions, including the place, time, location, and estimated duration of the depositions. The Trustee shall provide written notice of the coordinated deposition pursuant to Fed. R. Civ. P. 7030 and Fed. R. Civ. P. 30 to all adversary defendants. Adversary defendants that timely notify the Trustee that they wish to participate in the deposition may participate in the coordinated deposition by providing notice to the Trustee no later than ten (10) days before the coordinated deposition. Any defendant who intends to take the deposition of the Trustee's experts must submit written notification to counsel for the Trustee on or before **October 19, 2015**.

There may be other witnesses, such as the Debtor and affiliates or family members of the Debtor, that more than one party will seek to depose. To determine the identity of additional common witnesses, each adversary defendant shall submit a written list of the individuals that the adversary defendant intends to depose on or before **May 15, 2015**. If three (3) or more parties wish to depose the same individual, the Trustee will arrange a coordinated deposition for that witness using the same notice procedure outlined for the Trustee's deposition (i.e. notice to all defendants and coordination of dates and details for any additional defendants desiring to participate).

2. <u>Discovery Plan and Scheduling Order</u>. The Trustee will continue to discuss the nature and basis of the claims and defenses, the possibility of settlement, with all defendants who so desire. Most of the Fed. R. Civ. P. 26(f) conferences have already occurred. With respect to the remaining subjects of a conference pursuant to Fed. R. Civ. P. 26(f), the Trustee believes a uniform plan and schedule will best accommodate common procedures and coordinated discovery. The Trustee proposes the following discovery schedule, deadlines, and limits:

a. Initial disclosures. The parties shall make their initial disclosures pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26 no later than **January 16, 2015**.

b. Amended Pleadings. Motions to amend or supplement pleadings or to join additional parties shall be filed on or before **April 15, 2015**.

c. Expert Witnesses. The parties shall disclose expert testimony pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(a)(2) on or before **October 7, 2015**, and rebuttal experts shall be designated on or before **November 7, 2015**.

d. Discovery.

   i. L.B.R. 7026-2: The provisions of Local Bankruptcy Rule 7026-2 regarding limited and simplified discovery shall apply in these adversary proceedings, except that each party may take the deposition of up to 15 fact witnesses pursuant to the coordination provisions set forth herein. Each party may serve only one set of written interrogatories not to exceed 30 questions upon each adverse party, subject to the limitation set forth in Local Rule 7026-2.

   ii. Discovery Disputes. All discovery disputes in this matter are subject to this division's "No Written Discovery Motions" procedure, which is set forth under Judges' Info on the Court's website at www.cob.uscourts.gov.

   iii. Document Review: Any adversary defendant may contact the Trustee to schedule a time after **January 16, 2015** to review the Trustee's Document Production, subject to the Court's Protective Order

regarding the redaction and protection of personal identification information contained therein.

iv. <u>Modified Response Time for Trustee</u>: Because the Trustee may be required to respond to numerous interrogatories and requests for admission simultaneously, the Trustee shall have forty-five (45) days to respond after being served with discovery requests under Fed. R. Bankr. P. 7033 and 7036 and Fed. R. Civ. P. 33 and 36.

v. <u>Discovery Cut Off</u>: All fact discovery shall be completed no later than **September 7, 2015** (the "Fact Discovery Cut-Off Date"). All written discovery shall be served in sufficient time to allow a response on or before the Fact Discovery Cut-Off Date, including accounting for Trustee's extended deadline to respond to discovery requests under Fed. R. Bankr. P. 7033 and 7036 and Fed. R. Civ. P. 33 and 36. All expert discovery, including all depositions of expert witnesses, shall be completed no later **December 9, 2015**.

e. <u>Dispositive Motions</u>. Any dispositive motions shall be filed with the Court and served on or before **March 14, 2016**. The provisions of the Local Bankruptcy Rules apply to any dispositive motions.

f. <u>Pretrial Conference</u>. The Court will schedule a pretrial conference in each adversary proceeding as deemed necessary by separate orders. On or before **April 30, 2016,** the Trustee shall file a status report with the Court setting forth all adversaries for which a trial scheduling conference is requested.

      g.    <u>Trial</u>. The Court shall set trial dates as its calendar allows and as necessary by separate orders.

Dated this 12th day of December, 2014.

BY THE COURT:

_____
Hon. United States Bankruptcy Judge

DOCS-#4240458-v1

# Exhibit A

Exhibit A

*Sender v. Various Defendants (In re Leonid Shifrin)*
Complex Case No. 14-9991 MER

| Defendant(s) | Adversary Case Number | Amount ($) | Counsel | Earliest Pleaded Transfer[1] | Latest Pleaded Transfer | Relevant Bankruptcy Code Provisions | Answer Filed |
|---|---|---|---|---|---|---|---|
| American Express Company, American Express Travel Related Services Company, Inc. | 14-01305-MER | 272,755.05 | Michael Holbein Paul Urtz | 6/1/2011 | 11/6/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Bank of America, N.A., Bank of America Corporation. | 14-01302-MER | 2,855.00 | Jennifer Knox Stephen Rynerson | 12/23/2010 | 6/23/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | Yes |
| Barclays Bank Delaware | 14-01308-MER | 4,823.53 | Scott Brown Chad Caby | 1/10/2011 | 4/16/2014 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| BMO Harris Bank, N.A. | 14-01309-MER | 254,213.14 | Crystal Oswald Paul Urtz | 1/31/2011 | 12/19/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Brett Baird | 14-01294-MER | 4,954 | Evan Banker | 10/3/2011 | 11/4/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Order Holding Case in Abeyance Entered 12/2 |
| Capital One, N.A. d/b/a GM Card, Capital One Financial Corporation d/b/a Capital One Bank (USA), N.A. | 14-01310-MER | 18,807.77 | Eric Flynn Tara Elgie | 1/6/2011 | 5/15/2014 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Citigroup Inc., Citibank, N.A. | 14-01307-MER | 42,582.48 | Justin Balser | 1/10/111 | 6/6/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Cody Laderman | 14-01285-MER | 13,766 | Pro Se | 7/6/2011 | 8/26/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Mtn for Entry of Default Filed 11/3/14 |
| David Price | 14-01293-MER | 1,962,272 | Pro Se | 11/9/2011 | 12/21/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Discover Bank, Discover Financial Services | 14-01301-MER | 103,769.36 | Judy Thompson Christian Onsager | 12/15/2011 | 6/4/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |

---

[1] Although the claims pleaded in all Adversary Proceedings relate to transactions ranging from 2011 to 2014, the Trustee reserves the right to pursue any and all potential claims related to transactions occurring in or about June 2008 to present, as authorized under applicable law.

| Defendant(s) | Adversary Case Number | Amount ($) | Counsel | Earliest Pleaded Transfer[1] | Latest Pleaded Transfer | Relevant Bankruptcy Code Provisions | Answer Filed |
|---|---|---|---|---|---|---|---|
| Douglas Winkler, Mile High Finance, Inc. | 14-01299-MER | 592,182.26 | Jeffrey Brinen | 6/27/2011 | 3/6/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |
| Gary Brown | 14-01296-MER | 38,470.50 | Pro Se | 12/28/2011 | 7/19/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 C.R.S. §§ 38-8-105 and -106 | No; Default Judgment Entered 11/21 |
| GE Capital Retail Finance, GE Capital Retail Finance d/b/a Synchrony Bank, GE Capital Retail Finance d/b/a Lowes Credit Card. | 14-01303-MER | 4,599.44 | Judith Sethna | 1/19/2011 | 12/18/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | No; Order Holding Case in Abeyance Entered 12/2 |
| HSBC North America Holdings Inc., HSBC North America Holdings Inc., D/B/A HSBC Bank U.S.A., N.A., HSBC Card Services Inc. | 14-01304-MER | 3,174.89 | Paul Grammatico | 1/4/2011 | 10/16/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | No; Order Holding Case in Abeyance Entered 12/2 |
| James A. Slaughter | 14-01291-MER | 107,980 | Pro Se | 6/23/2011 | 8/16/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Default Judgment Entered 11/21 |
| Jason Price | 14-01289-MER | 70,150 | Pro Se | 6/26/2011 | 10/12/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Default Judgment Entered 11/21 |
| Joshua Heier | 14-01286-MER | 8,798 | Pro Se | 7/28/2011 | 8/26/2011 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Default Judgment Entered 11/21 |
| JPMorgan Chase & Co., JPMorgan Chase & Co. d/b/a JPMorgan Chase Bank, N.A. | 14-01311-MER | 116,039.00 | Kevin Driscoll & Craig Schuenemann | 12/22/2010 | 12/11/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes |

2

| Defendant(s) | Adversary Case Number | Amount ($) | Counsel | Earliest Pleaded Transfer[1] | Latest Pleaded Transfer | Relevant Bankruptcy Code Provisions | Answer Filed |
|---|---|---|---|---|---|---|---|
| Konstantine Michelis | 14-01288-MER | 40,300 | Geoffrey Lindquist & Joseph Murr | 7/5/2011 | 6/4/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | Yes. |
| Manheim Remarketing, Inc. d/b/a Manheim Denver, d/b/a Manheim Littleton Colorado | 14-01306-MER | 596,445 | Neal Dunning | 4/2/2012 | 6/13/2012 | 11 U.S.C. §§ 502, 542, 547, 550 | No; 3rd Amended Complaint - Due on 12/26 |
| Michael Haase | 14-01292-MER | 25,253.00 | Kimberley Tyson | 11/1/2011 | 4/26/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | Yes |
| Movers Connection Inc., Father and Sons Movers, Inc., Kris Martinez, Michael Sarris, Eric Sheldon, Michael Dupree, Sofia Shifrin | 14-01284-MER | 490,532.93 | Vladimir Shifrin for Movers Connection Inc., Sofia Shifrin; Dudley Morton for Michael Sarris | 6/18/2012 | 6/28/2013 | 11 U.S.C. §§ 542, 544, 548, 549, 550, 551 | Yes – Sarris only |
| Oai Luong | 14-01298-MER | 34,975.13 | Pro Se | 6/22/2012 | 1/11/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 C.R.S. §§ 38-8-105 and -106 | Yes; Mtn to Dismiss filed 7/15 |
| Paul Antal | 14-01300-MER | 263,909.28 | Pro Se | 11/15/2011 | 8/28/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | No; Default Judgment Entered 11/21 |
| Paul Mattorano | 14-01295-MER | 18,700 | Pro Se | 3/16/12 (one transfer) | | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | Dismissed |
| Qilly Shifrin, Mark Shifrin, Sofia Shifrin, Glasgow Inc., Glasgow Sales, Inc., USWSL Group, Inc., USXLP Inc., 67th Avenue Inc., 67th Inc., Father and Sons Moving, 67th Avenue Movers, Inc., 67th Avenue Logistics, Inc. | 14-01283-MER | 2,085,519.90 | Vladimir Shifrin for Mark Shifrin, Sofia Shifrin, Glasgow Inc. | 6/20/2011 | 9/13/2013 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 | Yes – Vlad for Sofia, Mark, Glasgow Inc., & USWSL only |
| Susan Yankovich | 14-01297-MER | 30,121.33 | Pro Se | 4/23/2013 | 1/31/2014 | 11 U.S.C. §§ 502, 542, 544, 548, 549, 550, 551 C.R.S. §§ 38-8-105 and -106 | Yes |

3

| Defendant(s) | Adversary Case Number | Amount ($) | Counsel | Earliest Pleaded Transfer[1] | Latest Pleaded Transfer | Relevant Bankruptcy Code Provisions | Answer Filed |
|---|---|---|---|---|---|---|---|
| William Edwards | 14-01290-MER | 33,022.40 | Pro Se | 6/23/2011 | 1/23/2012 | 11 U.S.C. §§ 502, 542, 544, 548, 550, 551 | No; Default Judgment Entered 11/21 |

4