IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | |
| LEONID SHIFRIN | |
| Debtor, | Case No, 12-22722 MER |
| HARVEY SENDER, as Chapter 7 Trustee | Chapter 7 |
| Plaintiff. | |
| v. | Adv. Pro. No. 14-1284 MER |
| MOVERS CONNECTION INC., FATHER AND SONS MOVERS INC., KRIS MARTINEZ, MICHAEL SARRIS, ERIC SHELDON, MICHAEL DUPREE AND SOFIA SHIFRIN, | |

## MOTION TO WITHDRAW AS COUNSEL

Vladimir Shifrin moves Court for permission to withdraw as counsel for Movers Connection, Inc., ("Defendant").

As good cause for granting the withdrawal the undersigned attorney states that due to recent orders of the Court continued representation of this client causes an unavoidable conflict for the attorney.

Undersigned attorney certifies that the client Defendant has been appraised of the notification requirements set forth in L.B.R. 9010-4 that:

(1) the attorney wishes to withdraw;

(2) the court retains jurisdiction;

(3) the client has the burden of keeping the court informed of the mailing address where notices, pleadings or other papers may be served;

(5) the client has the obligation either to prepare personally for any hearing or trial in a contested matter or adversary proceeding or to hire another attorney to prepare for any future hearing or trial;

(6) the client is responsible for complying with all court orders and time limitations established by any applicable statute, rule, or L.B.R.

(7) if another attorney is not hired, the client has the obligation to decide whether to respond to any motion that may be filed in the case after the withdrawal of counsel, to file a timely response, and to respond to any court orders requiring the client to respond;

(8) if the client fails or refuses to meet these burdens, the client may suffer sanctions, including default or dismissal of the pending contested matter, adversary proceeding, or the client's bankruptcy case in some circumstances;

(9) the dates of any pending matters and filing deadlines, including trials and hearings on contested matters or adversary proceedings, and a warning that such matters will not be delayed or affected by the withdrawal of counsel;

(10) service of process may be made upon the client at the client's address in the court's database;

(11) where the withdrawing attorney's client is a corporation, partnership, or other legal entity, that such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity including dismissal or conversion of its case if it is a debtor; and

(12) the client or other parties in interest have the right to object to the proposed withdrawal of counsel by filing with the Court an objection to the attorney's motion to withdraw within seven (7) days after mailing of the notice.

The client Defendant does not object to withdrawal of the undersigned counsel.

The client's last known address and telephone number;

> 11692 E. Baltic Place
> Aurora, CO 80014
> 303-802-6608

WHEREFORE, Vladimir Shifrin respectfully asks this Court for its approval to withdraw from this case.

**DATED** this 15th day of January 2016.

Respectfully submitted,

_____
Vladimir Shifrin, #35208

## CERTIFICATE OF SERVICE

I hereby certify that on January 15th 2016, a true and correct copy of the foregoing was served via U.S. Mail on the following:

LINDQUIST & VENNUM L.L.P.
Kristin D. Kanski
Counsel for Trustee
600 17th Street, Suite 1800 South
Denver, Colorado 80202

-3-