**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LEONID SHIFRIN, | ) | |
| | ) | Case No. 12-22722-MER |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| HARVEY SENDER, Chapter 7 Trustee, | ) | |
| | ) | Adv. No. 14-01283-MER |
| | ) | Adv. No. 14-01284-MER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QILLY SHIFRIN, MARK SHIFRIN, SOFIA | ) | |
| SHIFRIN, GLASGOW INC., GLASGOW | ) | |
| SALES INC., USWSL GROUP, INC., USXLP | ) | |
| INC., 67th AVENUE INC., 67th INC., | ) | |
| FATHER AND SONS MOVING, 67th AVENUE | ) | |
| MOVERS INC., 67th AVENUE LOGISTICS | ) | |
| INC., | ) | |
| | ) | |
| Defendants; | ) | |
| _____ | ) | |
| | ) | |
| HARVEY SENDER, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOVERS CONNECTION INC., FATHER | ) | |
| AND SONS MOVERS, INC.; KRIS | ) | |
| MARTINEZ; MICHAEL SARRIS; ERIC | ) | |
| SHELDON; MICHAEL DUPREE; AND SOFIA | ) | |
| SHIFRIN; | ) | |
| | ) | |
| Defendants. | ) | |

_____

**TRUSTEE'S NOTICE OF DISCOVERY DISPUTE**
_____

DOCS-#5131516-v1

Pursuant to the Court's Notice of Hearing on Discovery Dispute [Doc. No. 60], the Trustee

hereby provides notice of the following:

- The Court's Scheduling Order established a fact discovery cut-off of March 7, 2016; and a corresponding deadline to complete expert discovery of June 9, 2016.

- In July 2015, the Trustee served written discovery on Mark Shifrin, Sofia Shifrin, and USWSL Group Inc. in the above-captioned proceedings.  On numerous occasions commencing in August 2015, the Trustee has requested responses to the discovery requests be provided.   On March 1, 2016, counsel for the Trustee again advised counsel for Mark Shifrin, Sofia Shifrin, and USWSL Group, Inc., that discovery responses were required and that if not provided by close of business the Trustee would raise the issue with the Court.  The Trustee did so on March 2, 2016.  On March 2, 2016, counsel for Mark Shifrin, Sofia Shifrin, and USWSL Group Inc. served written discovery responses that contained generic, identical objections to every request and not a single factual response to any interrogatory or request for admission, and reserved all rights to introduce as evidence facts not disclosed.  No documents were produced.  The responses were not signed by counsel.

- Undersigned counsel has notified Vladimir Shifrin, counsel for the parties, regarding the deficiencies and the Trustee's intention to seek sanctions pursuant to Rule 26 and Rule 37 for the refusal of these parties to participate in the discovery process and the numerous violations of the discovery rules presented by the responses, including but not limited to an order of the Court that no factual evidence or testimony (including affidavits) can be offered in response to future motion practice or at trial that was not disclosed during the 9-month period authorized by the Court for discovery.

- The Trustee has since been advised that supplemental responses will be provided, but that the parties intend to invoke the Fifth Amendment.   Upon receipt of any supplemental responses, the Trustee may file an Amended Notice of Discovery Dispute. If the Fifth Amendment is invoked, the Trustee would seek an order of the Court that contradictory affidavit testimony cannot be offered in response to dispositive motions.  *See S.E.C. v. Smart*, 678 F.3d 850, 855-56 (10th Cir. 2012) (affirming trial court's decision to strike declarations to oppose summary judgment when party previously invoked Fifth Amendment and refused to testify).

- Mark Shifrin and Sofia Shifrin have a documented pattern in other litigation involving the Debtor of invoking their Fifth Amendment right not to incriminate themselves and not to testify during depositions and the discovery phase of litigation, only to later file self-serving affidavit testimony in opposing relief requested by the Trustee.

- In light of the discovery deadline of this case of March 7, 2016, the Trustee has requested a hearing on this discovery matter to determine what sanctions are appropriate for the failure of Mark Shifrin, Sofia Shifrin, and USWSL Group Inc., and their counsel Vladimir Shifrin, to participate in the discovery process as required by

2

the Bankruptcy Rules of Procedure, the Federal Rules of Civil Procedure, and the Scheduling Orders entered by this Court.  Such sanctions could include entry of default judgment against the parties.  *See EBI Secs. Corp. Inc. v. Hamouth*, 219 F.R.D. 642 (D. Colo. 2004).  Alternatively, the Trustee requests that the Court address at the hearing what impact, if any, the outstanding deficiencies in the written discovery responses will have on the scheduling order in this case.

Respectfully submitted,

Dated:  March 10, 2016

Lindquist & Vennum L.L.P.

By:  /s/ Kirstin D. Kanski
     John C. Smiley, #16210
     Kirstin D. Kanski, #0346676 (MN)
600 17th Street, Suite 1800 South
Denver, Colorado  80202
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-Mail: jsmiley@lindquist.com
     kkanski@lindquist.com
**COUNSEL FOR CHAPTER 7 TRUSTEE**

3

DOCS-#5131516-v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2016, a true and correct copy of the foregoing **TRUSTEE'S RESPONSE** was served electronically via CM/ECF.

_/s/ Carmel Laney_

DOCS-#5131516-v1