IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN, ) | Case No. 12-22722 MER |
| ) | |
| Debtor ) | Chapter 7 |
| ) | |
| HARVEY SENDER, Chapter 7 Trustee ) | Adv. Proc. No. 14-1284-MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOVERS CONNECTION INC.; ) | |
| FATHER AND SONS MOVERS, INC.; ) | |
| KRIS MARTINEZ; MICHAEL SARRIS; ) | |
| ERIC SHELDON; MICHAEL DUPREE; ) | |
| and SOFIA SHIFRIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MOVERS CONNECTION INC., FATHER AND SONS MOVERS INC., KRIS MARTINEZ, AND ERIC SHELDON

THIS MATTER is before the Court on the Motion for Entry of Default and Default Judgment (the "Motion"), filed by Harvey Sender, as Chapter 7 Trustee (the "Trustee"). The Court has reviewed the Motion and the file in this case and is otherwise advised. It is hereby:

ORDERED that the Motion is GRANTED.

1. Defendants Movers Connection Inc. and Father and Sons Movers, Inc. are in default for failure to retain counsel. *See,* L.B.R. 9010-1(e); D.C.Colo.L.Atty.R. 5(b)); *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-03 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

2. Defendants Father and Sons, Inc., Kris Martinez, and Eric Sheldon are also in default under Fed. R. Civ. P. 55(a), as applicable through Fed. R. Bankr. P. 7055, for failing to answer or otherwise respond to the Complaint served upon them on June 13, 2014.

    3.    The Court hereby STRIKES the Answer filed by Movers Connection Inc.

    4.    The Court hereby ENTERS DEFAULT JUDGMENT against Defendants Movers Connection Inc. Father and Sons Movers, Inc., Eric Sheldon, and Kris Martinez.

    5.    IT IS FURTHER ORDERED that this Court has determined and found that Defendants Movers Connection Inc. and Father and Sons Movers, Inc. are alter egos of the Debtor, and the assets of Movers Connection Inc. and Father and Sons Movers, Inc. are assets of the Debtor.

    6.    IT IS FURTHER ORDERED that Movers Connection Inc. and Father and Sons Movers, Inc. provide full accountings to the Trustee of all property, assets, books and records in their possession, custody, and control, and turnover to the Trustee all its property, assets, books and records, pursuant to 11 U.S.C. § 542.

    7.    It is FURTHER ORDERED that the transfers identified in Exhibit 2 of the Complaint are avoidable pursuant to 11 U.S.C. 549 and that pursuant to 11 U.S.C. 550 judgment is hereby entered against Eric Sheldon in the amount of $2,250.00.

    8.    It is FURTHER ORDERED that the transfers identified in Exhibit 3 of the Complaint are avoidable pursuant to 11 U.S.C. 549 and that pursuant to 11 U.S.C. 550 judgment is hereby entered against Kris Martinez in the amount of $9,764.04.

Dated this _____ day of _____ 2016.

_____
United States Bankruptcy Court Judge