# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN, ) | Case No. 12-22722 MER |
| ) | |
| Debtor ) | Chapter 7 |
| ) | |
| ) | |
| HARVEY SENDER, Chapter 7 Trustee ) | Adv. Proc. No. 14-1284-MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOVERS CONNECTION INC.; ) | |
| FATHER AND SONS MOVERS, INC.; ) | |
| KRIS MARTINEZ; MICHAEL SARRIS; ) | |
| ERIC SHELDON; MICHAEL DUPREE; ) | |
| and SOFIA SHIFRIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## TRUSTEE'S MOTION TO STRIKE ANSWER OF MOVERS CONNECTION INC., AND FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MOVERS CONNECTION INC., FATHER AND SONS MOVERS INC., KRIS MARTINEZ, AND ERIC SHELDON

Harvey Sender, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Leonid Shifrin (the "Debtor"), brings this his Motion for Entry of Default and Default Judgment (the "Motion") against Defendants Movers Connection Inc. ("Movers Connection"), Father and Sons Movers, Inc. ("Father and Sons"), Kris Martinez, and Eric Sheldon (collectively, "Defaulting Defendants").

### I. SUMMARY

1. The Trustee seeks default and default judgment against Movers Connection based on the long-standing rule that a business entity cannot appear in a lawsuit *pro se*, and may only

appear through an attorney. The trustee also seeks default judgment against Father and Sons, Mr. Martinez, and Mr. Sheldon for failing to file an Answer or other response to the Trustee's Complaint.

## II. FACTUAL BACKGROUND

2. On June 17, 2012 (the "Petition Date"), the Debtor filed his voluntary petition for relief commencing the underlying bankruptcy case (the "Bankruptcy Case"). The Trustee was appointed on the Petition Date.

3. Kris Martinez formed Movers Connection and Father and Sons at the direction of the Debtor, to continue to conceal and carry out the Debtor's financial affairs and business operations after the Petition Date.

4. On June 13, 2014, the Plaintiff filed his Complaint in this adversary proceeding. (Dkt. No. 1.) The Complaint sought, among other things, a declaratory judgment determining that Defaulting Defendants were alter egos of the Debtor. (*Id.*)

5. On June 13, 2014, the Trustee served a summons and copy of the Complaint by U.S. Mail addressed to the Defaulting Defendants. (Exhibit A, Certificate of Service and Amended Certificate of Service.)

6. On June 30, 2014, the Trustee filed a Motion for Joint Administration of the twenty-eight adversary proceedings filed in the underlying Bankruptcy Case ("Adversary Proceedings"). The purpose of the Motion for Joint Administration was to coordinate discovery in the cases, minimize costs to the parties and to reduce pretrial burdens on the Court.

7. On July 1, 2014, the Court entered its Procedural Order No. 1 for Joint Administration of Pending Adversaries for Purposes of Fed. R. Bankr. P. 7016. (Exhibit B, "Procedural Order.") The Procedural Order set the deadline for all defendants in all Adversary Proceedings to respond to their complaints as August 29, 2014.

8. On July 14, 2014, Movers Connection filed an Answer through attorney Vladimir Shifrin. (Dkt. No. 10.)

9. Father and Sons, Mr. Sheldon, and Mr. Martinez have not filed Answers or other responses to the Complaint.

10. Vladimir Shifrin withdrew as counsel for Movers Connection on February 2, 2016. (Exhibit C, Order Granting Motion to Withdraw.) No attorney has entered an appearance on behalf of Movers Connection since Vladimir Shifrin withdrew.

### III. LEGAL ARGUMENT

11. Default judgment is appropriate against Movers Connection and Father and Sons for failing to appear through an attorney. Default is also appropriate against Father and Sons, Mr. Martinez, and Mr. Sheldon for failing to plead or otherwise defend this lawsuit.

12. Default judgment is appropriate where a party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a) (applied through Fed R. Bankr. P. 7055).

13. It is a long-standing rule that a business entity cannot appear *pro se*, and can only appear through counsel. L.B.R. 9010-1(e) ("No corporation, partnership, other unincorporated organization, or entity may … appear in cases or proceedings before this court, unless it is represented by an attorney authorized to practice in this court."); *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-03 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); s*ee also, In re Shattuck,* 411 B.R. 378 (B.A.P. 10th Cir. 2009) (state-court appointed non-lawyer trustee cannot appear *pro se* on behalf of receivership estate of limited liability company in bankruptcy proceeding).

14. "Local Attorney Rule 5(b) provides that, where the client of a withdrawing attorney is a corporation, partnership, or other legal entity, 'absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.'" *SecurityNational Mortgage Corp. v. Head,* Case No. 13-cv-03020, 2015 WL 5047636, at * 2 (Aug. 26, 2016) (quoting D.C.Colo.L.AttyR 5(b)). Where a business entity's counsel withdraws, leaving the entity without counsel, the entity must either obtain counsel or risk default judgment. *Two Old Hippies, LLC v. Catch the Bus, LLC,* 784 F. Supp. 2d 1221 (D. N.M. 2011) (Court ordered LLC party whose attorney withdrew in the middle of a lawsuit to obtain new counsel within 10 days, or the court would enter default); *Bank of Commerce & Trust Co. v. Strauss,* No. 07-1122-JTM, 2008 WL 191396, at *1 (D. Kan. Jan. 22, 2008).

15. Undersigned counsel confirms that, to the best of her knowledge, information, and belief, the Defaulting Defendants are not servicemembers subject to the provisions of the Servicemembers Civil Relief Act of 2003. (Exhibit D, Verified Statement of K. Kanski ("Verified Statement"), ¶ 7.) To the best of undersigned counsel's knowledge, Mr. Sheldon and Mr. Martinez are not minors or incompetent persons. (*Id.*, ¶ 6.) Father and Sons and Movers Connection are both business entities and therefore not minors or incompetent persons. (*Id.*)

### IV. ELEMENTS OF RELIEF REQUESTED

16. As required by Local Bankruptcy Rule 7055-1, the verified statement of Kirstin Kanski establishes the elements required for the requested relief. (*Id.*)

**A. MOVERS CONNECTION AND FATHER AND SONS.**

17. Although the Trustee asserts multiple causes of action against Father and Sons and Movers Connection, the Trustee seeks default and default judgment solely on its first cause of action, for an equitable order declaring that Father and Sons and Movers Connection companies

4

are alter egos of the Debtor, and its second cause of action, accounting and turnover, pursuant to 11 U.S.C. § 542.

### 1. First Cause of Action – Piercing Corporate Veil.

18. The elements required to equitably pierce the corporate veil are: (1) the corporation was a mere alter ego; (2) the corporate structure was used to perpetrate a wrong; and (3) piercing the corporate veil would achieve an equitable result. *Kim v. Sun (In re Hyungkeun Sun)*, 515 B.R. 788, n. 78 (Bankr. Colo. 2014). Each element is satisfied.

#### a. First Element: Defaulting Defendants were alter egos of Debtor.

19. First, Father and Sons and Movers Connection are alter egos of Debtor. The Trustee's forensic accountant, Stephanie Drew of Rubin Brown LLP, analyzed certain bank records of Debtor's Companies. Ms. Drew's report demonstrates that Debtor extensively, and inextricably, commingled millions of dollars among accounts titled in the names of numerous entities he controlled ("Debtor's Companies"), including the Father and Sons and Movers Connection companies. (Exhibit D, Verified Statement, ¶¶ 8-9; Exhibit F, Expert Report of S. Drew ("Expert Report"), ¶ p. 3, § 4(c), p. 16, "Figure 10.")

20. Deposition testimony of Qilly Shifrin demonstrates that the Debtor used accounts in the name of Debtor's Companies for personal living expenses. (Exhibit D, Verified Statement, ¶ 10; Exhibit G, Qilly Shifrin Deposition Transcript, 94:9-17.)

21. The Debtor instructed Kris Martinez to form Father and Sons and Movers Connection, and Mr. Martinez did so, for the purpose of concealing and carrying out Debtor's financial affairs. (Exhibit D, Verified Statement, ¶ 14.)

22. Kris Martinez testified that the company he registered as Movers Connection was structured on paper as an acquisition of 67th Ave. Inc. pursuant to a one-page "Consent of Directors of Movers Connection" dated October 30, 2012. (Martinez Dep. at 139-140, Ex. 22.). A

5

copy of the "Consent" document is attached to the Verified Statement as Exhibit 3. Contrary to the terms set forth on that document, Martinez testified that there was no basis for the purchase price set forth on the document, that no payments were ever made to Sofia Shifrin for the sale, and that no certificates of shares were ever issued. (Martinez Dep. at 140.) The lease that was executed for the warehouse that Movers Connection operated within was in the name of Glasgow Inc. d/b/a Movers Connection and was a lease negotiated before Martinez had any involvement. (Martinez Dep. at 142-143.) A copy of the testimony of Kris Martinez is attached to the Verified Statement as Exhibit 4. A copy of the lease is attached to the Verified Statement as Exhibit 5. (Exhibit D, Verified Statement, ¶ 15.)

23. Following formation of Movers Connection Inc., Kris Martinez testified that he was not paid as an owner. (Martinez Dep. at 53.) He was not paid at all. (*Id*.) He received no draws or distributions. (Id.) He received no cash payments. (*Id*.) With respect to the rent owed by Movers Connection, Kris Martinez testified that he only made one payment and that was utilizing a cashier's check and Sofia Shifrin provided all the funds for that check. (Martinez Dep. at 109-110.) Checks drawn on the bank accounts of Movers Connection and Father and Sons were signed utilizing a signature stamp of Sofia Shifrin. (Martinez Dep. at 46.) Movers Connection Inc. paid the same individuals that were paid by 67th Inc. (Martinez Dep. at 134; Exhibit D, Verified Statement, ¶ 16.)

24. All of the Debtor's Companies maintained offices at one location: 8400 E. Crescent Parkway. (Martinez Dep. p. 105.) On February 22, 2013, the offices of Leo Shifrin and the Debtor's Companies (including Movers Connection) were moved to a new location at 8310 S. Valley Highway by Father and Sons, a copy of notification of the move of the offices is attached

to the Verified Statement as Exhibit 6. (Martinez Dep. at 114, Ex. 17; Exhibit D, Verified Statement, ¶ 17.)

25. On April 22, 2015, counsel for the Trustee conducted a Rule 45 deposition of a Rule 30(b)(6) witness that was made available by Leo Shifrin (who was present at the deposition). That witness, by the name of Sarah Thorpe, invoked the Fifth Amendment in response to every question asked during the entire examination and provided no testimony, evidence or records in response to the subpoena that would indicate any factual basis that Movers Connection Inc. and Father and Sons Movers were not alter-egos of Leo Shifrin. (Exhibit D, Verified Statement, ¶ 18.)

26. On April 20, 2015, counsel for the Trustee conducted a deposition of Sofia Shifrin. (*Id*., ¶ 19-20.) Ms. Shifrin invoked the Fifth Amendment in response to almost every question. (*Id.*) Her frequent invocation of the Fifth Amendment included responses to the following:

- Whether her name was used as registered agent to continue the operations of what had been 67th Avenue;

- Whether Movers Connection and 67th Avenue were "just the same company, different name";

- Whether she executed the Consent with a pen, and whether her signature on the Consent was a stamp;

- Whether she actually sold a company to Kris Martinez, and whether Kris Martinez paid any money for purchase of a company;

- Whether she knew anything about the moving company and whether she was actively involved;

- Whether she and/or Leo Shifrin provided funds to Kris Martinez for Movers Connection to purchase 67th Avenue.

(*Id.*)

27. In addition, when presented with a letter executed by Leo Shifrin stating that Leo Shifrin had taken complete control of 67th Avenue, and when asked whether Leo had in fact taken complete control of 67th Avenue, Sofia Shifrin invoked the Fifth Amendment. (*Id.,* 66:8-19.)

7

      **b.    Second Element: Corporate form used to perpetuate a wrong.**

28.    Second, the corporate form was used to perpetrate a wrong. As described above, Ms. Drew's Expert Report demonstrates that the Debtor commingled substantial funds between Debtor's Companies, including Father and Sons and Movers Connection, and that company funds were used for personal expenses. See paras. 9-27, *supra*.

      **c.    Third Element: Piercing corporate veil would lead to equitable result.**

29.    Third, piercing the corporate veil would lead to an equitable result. As the Denver District Court noted in an October 9, 2012 Order ("State Court Order"), the assets of Debtor's Companies "are the property of Leonid and the other Judgment Debtors," and freezing these asset would "prevent further violations of this Court's order and disposition of assets over which Leonid or his co-Defendants have control . . . ." (Exhibit E, State Court Order, ¶¶ 4, 6; *see also*, Exhibit D, Verified Statement, ¶¶ 8-13.) Similarly, piercing the corporate veil would allow the Trustee to recover assets belonging to the Debtor, for the benefit of Debtor's creditors.

**2.    <u>Third Claim for Relief: Accounting and Turnover Pursuant to 11 U.S.C. § 542.</u>**

30.    According to 11 U.S.C. § 542, an entity with possession, custody, or control of property of the Debtor "shall deliver to the trustee, and account for, such property or the value of such property . . . ."

31.    As described in Section IV(A)(1), above, the property and assets of Father and Sons and Movers Connection is property of the Debtor.

**B.    KRIS MARTINEZ AND ERIC SHELDON.**

32.    The Trustee seeks default judgment against Mr. Martinez and Mr. Sheldon solely on his Third Claim for Relief, Avoidance of Post-Petition Transfers, pursuant to 11 U.S.C. §§549(a) and 550. According to 11 U.S.C. § 549(a), "the trustee may avoid a transfer of property

of the estate . . . that occurs after the commencement of the case; and . . . is not authorized under this title or by the court."

33. Kris Martinez formed and incorporated Father and Sons and Movers Connection after the Petition Date, for the purpose of concealing and carrying out Debtor's financial affairs and business operations. (Exhibit D, Verified Statement, ¶ 14.)

34. Eric Sheldon is an authorized signer on accounts opened in the name of Father and Sons and Movers Connection (*Id.*, ¶ 15.)

35. Mr. Sheldon received post-Petition Date transfers from accounts in the name of Debtor's Companies that totaled at least $2,250.00. (*Id.*, ¶ 21.)

36. Mr. Martinez received post-Petition Date transfers from accounts in the name of Debtor's Companies that totaled at least $9,764.04. (*Id.*, ¶ 22.)

37. The transfers received by Mr. Sheldon and Mr. Martinez are property of the Debtor's Bankruptcy Estate. (*Id.*, ¶ 23.)

38. Pursuant to 11 U.S.C. §§549 and 550, the Trustee is entitled to avoid the post-Petition transfers and recover the transfers through a judgment against Mr. Martinez and Mr. Sheldon. (*Id.*, ¶ 24.)

39. Entry of default judgment against the Defendant and an order determining that the Defendant was an alter ego of the Debtor is warranted.

WHEREFORE, the Trustee requests that this Court: (1) enter default and default judgment against Defaulting Defendants; (2) determine that Movers Connection and Father and Sons were and are alter egos of the Debtor; (3) determine that the assets of Movers Connection and Father and Sons are in fact assets of the Debtor; (4) determine that Eric Sheldon received post-Petition Date transfers of at least $2,250.00 from Debtor's Companies; (5) avoid all post-petition transfers

to Mr. Sheldon and Mr. Martinez pursuant to 11 U.S.C. §§ 549 and 550; (6) order that Mr. Martinez must transfer all post-Petition transfers to the Trustee, including but not limited to the sum of $2,250.00; (7) order that Mr. Martinez must transfer all post-Petition transfers to the Trustee, including but not limited to the sum of $9,764.04; and (8) order that Movers Connection and Father and Sons turnover all books records, property, and assets in its possession, custody, and control, and provide an accounting of all such assets.

Respectfully submitted this  6th  day of April 2016.

LINDQUIST & VENNUM LLP

By: /s/ *Kirstin D. Kanski*
    John C. Smiley, #16210
    Kirstin D. Kanski, #0346676 (MN)
    Stephanie A. Kanan, #42437
600 17th Street, Suite 1800 South
Denver, Colorado 80202
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-Mail: jsmiley@lindquist.com
    kkanski@lindquist.com
    skanan@lindquist.com

*Attorneys for Harvey Sender, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April  6,  2016, a true and correct copy of the foregoing **MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MOVERS CONNECTION INC., FATHER AND SONS MOVERS, INC., ERIC SHELDON, and KRIS MARTINEZ** was served via US Mail, first class postage prepaid, addressed to the following parties:

Vladimir Shifrin, Esq.
420 Kendall Ct, #426
Castle Pines, CO  80108

Michael Dupree
8940 Lilly Street
Thornton, CO  80229

Michael Dupree
3751 Revere St.
Denver, CO  80239

Father and Sons Movers, Inc.
Registered Agent The Company Corporation
2711 Centerville Rd. Suite 400
Wilmington, DE 19808

Father and Sons Movers, Inc.
17011 Lincoln Ave.
Parker, CO  80134

Kris Martinez
17075 Carlson Dr., Apt. 1124
Parker, CO 80134

Kris Martinez
16916 Molina Pl.
Parker CO  80134

Dudley Morton, Esq.
Dill Dill Carr Stonbraker Hutchings
455 Sherman St., #300
Denver, CO  80203

Michael Sarris
6395 E. Minnesota Drive
Denver, CO  80224

Eric Sheldon
9394 E. Atlantic Place
Denver, CO  80231

*/s/ Charlotte Rabadi*
Charlotte Rabadi

DOCS-#5142911-v2