# EXHIBIT A

## CERTIFICATE OF SERVICE

    I, Carmel Ann Funk, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made June 13 , 2014 by:

☑    Mail service: Regular, first class United States mail, postage fully pre-paid addressed to:

| | |
|---|---|
| Movers Connection Inc.<br>3751 Revere Street<br>Denver, CO  80239 | Father and Sons Movers, Inc.<br>Registered Agent The Company<br>Corporation<br>2711 Centerville Rd. Suite 400,<br>Wilmington, DE |
| Kris Martinez<br>17075 Carlson Dr., Apt. 1124<br>Parker, CO | Sofia Shifrin<br>11692 East Baltic Place<br>Aurora, CO |
| Eric Sheldon<br>9394 E. Atlantic Place<br>Denver CO | Michael Sarris<br>6395 E. Minnesota Drive<br>Denver, CO |
| Michael Dupree<br>8940 Lilly Street<br>Thornton, CO | |

☐    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____ (name of state), as follows: [Describe briefly]

    Under penalty of perjury, I declare that the foregoing is true and correct.

<u> June 13, 2014        </u>       <u>     s/ Carmel Ann Funk    </u>
*Date*                              *Signature*

| | |
|---|---|
| Print Name | Carmel Ann Funk |
| Business Address | 4200 IDS Center, 80 S. 8th Street |
| City, State, Zip | Minneapolis, Minnesota 55402 |

## U.S. Bankruptcy Court
### District of Colorado

In re:

                                                     Bankruptcy Case No.**12–22722–MER**

**LEONID SHIFRIN**

                        Debtor

                                        Adversary Proceeding No.**14–01284–MER**

**HARVEY SENDER, CHAPTER 7 TRUSTEE**

                        Plaintiff

v.

**MOVERS CONNECTION INC.**

**FATHER AND SONS MOVERS, INC. ET. AL.**

Refer to page 2 of this Summons for additional Defendants

                        Defendant

---

### *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summon to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| |
|---|
| **Address of Clerk**<br>    **Clerk, U.S. Bankruptcy Court**<br>    **District of Colorado**<br>    **721 19th St.**<br>    **Denver, CO 80202–2508** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| |
|---|
| **Name and Address of Plaintiff's Attorney**<br>    **Kirstin Dawn Kanski**<br>    **4200 IDS Ctr. 80 S. 8th St.**<br>    **Minneapolis, MN 55402** |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Date Issued:**
06/13/2014

CSD 3007

**continued caption:**

**Listing Of Defendant Names:**

MOVERS CONNECTION INC.

FATHER AND SONS MOVERS, INC.

KRIS MARTINEZ

MICHAEL SARRIS

ERIC SHELDON

MICHAEL DUPREE

SOFIA SHIFRIN

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LEONID SHIFRIN, | ) |
| | ) Case No. 12-22722 MER |
| Debtor. | ) Chapter |
| | ) |
| | ) |
| HARVEY SENDER, Chapter 7 Trustee | ) |
| | ) Adv. Proc. No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOVERS CONNECTION INC., FATHER AND | ) |
| SONS MOVERS, INC., KRIS MARTINEZ, | ) |
| MICHAEL SARRIS, ERIC SHELDON, MICHAEL | ) |
| DUPREE and SOFIA SHIFRIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## AMENDED
## CERTIFICATE OF SERVICE

I, Carmel Ann Funk, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made June 13 , 2014 by:

☑      Mail service: Regular, first class United States mail, postage fully pre-paid addressed to:

| Movers Connection, Inc. | Father and Sons Movers, Inc. |
|---|---|
| 3751 Revere Street | 17011 Lincoln Avenue |
| Denver, CO 80239 | Parker CO, 80134 |

| | |
|---|---|
| Kris Martinez<br>17075 Carlson Dr. Apt. 1124<br>Parker, CO 80134<br><br>Kris Martinez<br>17011 Lincoln Avenue #372<br>Parker CO 80134<br><br>Kris Martinez<br>16916 Molina Place<br>Parker 80134 | Michael Sarris<br>6395 E. Minnesota Drive<br>Denver, CO 80224 |
| Eric Sheldon<br>9394 E. Atlantic Place<br>Denver, CO 8023 | Sofia Shifrin<br>11692 East Baltic Place<br>Aurora, CO |
| Michael Dupree<br>8940 Lilly Street<br>Thornton, CO 80229 | |

☐    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____ (name of state), as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

July 2, 2014
_Date_

_Carmel Ann Funk_
_Signature_

| | |
|---|---|
| Print Name | Carmel Ann Funk |
| Business Address | 4200 IDS Center, 80 S. 8th Street |
| City, State, Zip | Minneapolis, Minnesota 55402 |

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                               )

LEONID SHIFRIN,               )

             Debtor.         )  Case No. 12-22722 MER
)  Chapter 7

HARVEY SENDER, Chapter 7 Trustee  )

       Plaintiff,      )  Complex Case No. **14-9991 MER**

v.                      )

VARIOUS DEFENDANTS    )

## PROCEDURAL ORDER NO. 1 FOR JOINT ADMINISTRATION
## OF PENDING ADVERSARIES FOR PURPOSES OF FED. R. BANKR. P. 7016

Harvey Sender, the Chapter 7 Trustee (the "Trustee") for the estate of Leonid Shifrin (the "Debtor"), filed 28 adversary proceedings in this Court on or about June 13th and June 16th, 2014, in which he seeks to recover pre- and post-petition allegedly fraudulent transfers from various defendants (the "Adversary Proceedings").[1]  The Adversary Proceedings all allege actual intent to defraud and insolvency of the Debtor.  Due to the overlapping and similar issues presented in each case, the Trustee desires to conduct coordinated discovery in the cases to avoid overlapping and duplicative discovery demands, multiple depositions of the same people, conflicting schedules and

---

[1]      The Defendants and Adversary Proceeding Numbers subject to this Order are listed in the attached Exhibit A.

an unwarranted and needless degree of expense. In order to minimize costs to the parties, to organize and regulate discovery, and to reduce pretrial burdens on the Court, and pursuant to the authority granted under 28 U.S.C. 154(b), it is hereby

ORDERED, that all Adversary Proceedings shall be jointly administered for purposes of FED. R. BANKR. P. 7016 pursuant to orders entered from time to time by the Court. In furtherance of the joint administration, and until otherwise ordered, the following shall apply:

A. **Stay of Discovery.** Pending the Scheduling Conference hereafter set, all discovery in the Adversary Proceedings shall be held in abeyance.

B. **Extension of Time to Answer.** Defendants in all Adversary Proceeding have until August 29, 2014, to answer or otherwise respond to the complaints served against them.

C. **Scope of Joint Administration.** This Order for joint administration will apply to all procedural pretrial matters in the Adversary Proceedings and to all matters specified by FED. R. BANKR. P. 7016. THIS ORDER DOES NOT EFFECT A CONSOLIDATION OF THESE CASES FOR PURPOSES OF TRIAL OR THE RESOLUTION OF SUBSTANTIVE ISSUES. All pleadings and all motions seeking substantive relief shall be filed in the Adversary Proceeding to which such pleadings or motions pertain.

D. **Electronic Filing.** All parties are requested to file pleadings, motions, and related documents in electronic format pursuant to and in accordance with Local Bankruptcy Rule 5005-4. For those *not* able to file electronically, filing and serving of documents shall be by customary means and according to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules. Entry of appearance by a party through electronic filing shall be deemed to constitute agreement to acceptance of service, henceforth, by electronic means, pursuant to Local Bankruptcy Rule 9036-1(b). All parties to these adversary proceedings shall, in addition to other customary

2

information and designations, specify the e-mail address of counsel filing pleadings and otherwise responsible for the case.  Any notice sent via e-mail from a party other than the court must contain "Notice of Pleadings" in the subject or "re" line. The certificate of service must contain the email addresses and name(s) of the person(s) to whom electronic service was affected.

      E.     **Joinder or Exclusion of Proceedings.**  This Court may, *sua sponte* or on application of any interested party, subject earlier filed adversary proceedings to administration pursuant to this order, or may exclude adversary proceedings, as may be appropriate.

      F.     **Maintenance of File and Filing of Motions and Pleadings.**

      1.     A copy of this Order will be docketed in the electronic file of each Adversary Proceeding to which it applies.

      2.     The Clerk of the Court will cause to be established an electronic case file designated **"HARVEY SENDER, TRUSTEE for LEONID SHIFRIN v. VARIOUS DEFENDANTS; Complex Case No. 14-9991 MER."**  All orders, motions and other documents filed with the Court which pertain to procedural and scheduling matters subject to this Order will be docketed and retained in said file.

      3.     Every order, motion or other document filed which is subject to this Order shall be captioned as follows:

3

In re:                                          )
                                                )
LEONID SHIFRIN,                                 )
                                                )  Case No. 12-22722 MER
        Debtor.                                 )  Chapter 7
                                                )
                                                )
_____)
                                                )
HARVEY SENDER, Chapter 7 Trustee                )
                                                )  Complex Case No. __14-9991 MER__
        Plaintiff,                              )
                                                )
v.                                              )
                                                )
VARIOUS DEFENDANTS                              )
                                                )
                                                )
                                                )
                                                )

_____

        DOCUMENT FILED:_____

                                    (Description)

        FILED BY: _____

                                    (Name of Party)

        UNDERLYING ADVERSARY PROCEEDING NUMBER:  _____

        4.      A copy of each order entered pursuant to this Order will be transmitted by

the Clerk of the Court to the chambers of each bankruptcy judge so that each judge may

maintain a separate file of all orders entered herein.

        5.      Pleadings shall only be filed in the Complex Proceeding which involve

pretrial/discovery relief as to the *entire* Complex Proceeding and *all* parties in the

adversary proceeding.  A motion or other pleading which seeks relief as to an individual

Adversary Proceeding *must only* be filed in that particular case.  Examples may include: a

4

motion to vacate or continue a trial or final pretrial conference; a motion seeking to extend a deadline unless the motion seeks an extension of the deadline *as to all Adversary Proceedings;* a motion for protective order or motion to compel unless it is directed to the Plaintiff *and is intended to apply to all Adversary Proceedings;* and, a motion for summary judgment or to dismiss.

6.    Entries of appearance or motions to withdraw or be removed from a proceeding shall be filed in the individual adversary proceeding. Entries of appearance in the Complex Proceeding are neither necessary or useful.

G.    **Establishment of Service List.**  The Trustee will (a) establish, at his earliest convenience, a service list of counsel (or parties for those appearing *pro se*) who enter an appearance in the Adversary Proceedings; (b) serve a copy of the Service List on all such persons; and (c) file a copy with the Court on a diskette in accordance with the guidelines of L.B.R. 1007-2APP. The Clerk will input that Service List as the mailing list for the Complex Case. Any party filing pleadings or documents captioned as specified in this Order need only serve a copy thereof on the other party(ies) to the underlying adversary proceeding or, in the case of the Trustee, on all parties affected thereby, unless the motion or document will affect proceedings in other jointly administered Adversary Proceedings, in which event service will be made on all persons identified in the Service List.

H.    **Summary of Cases Filed.**  The Trustee shall, on or before August 29, 2014, prepare and file with the Court a summary of all Adversary Proceedings that are subject to this Order, which summary will contain, for each case (sorted alphabetically by defendant): (a) the case number; (b) name of the defendant(s); (c) the aggregate dollar amount sought to be recovered; (d) the date of the earliest and latest payments sought to be recovered; (e) the statutory sections of

the Bankruptcy Code under which recovery is sought;(f) the name of the attorney representing the defendant(s) in the case; and (g) if a motion for settlement is currently pending.

I.    **Coordinating Committee.** The Trustee shall, on or before July 31, 2014, file with the Court a schedule of the case numbers of the three adversary proceedings involving the largest dollar claims for relief or involving the largest dollar claim for relief for each designated class of defendants should class designations be appropriate, and, to the extent then known, the identity of the attorneys representing the defendants in those cases. The Trustee shall serve a copy of the schedule on all parties to these jointly administered proceedings. The attorneys representing the defendants in those cases shall act as a Coordinating Committee for the purposes of consulting with the Trustee and formulating and recommending to the Court a process and schedule for the orderly conduct of discovery in these proceedings.

J.    **Pretrial Proposals.** Before the first scheduling conference, the Trustee and the Coordinating Committee shall meet and confer on proposed procedures to manage discovery and pretrial practices in these Adversary Proceedings. The parties shall consider and be prepared to report to the Court on such issues as may be appropriate, including but not limited to: the establishment by the Trustee of an electronic document depository; the timing and scope of written discovery; the segregation of discovery into common issues and case specific discovery; the continued role of the Coordinating Committee in conducting common issue discovery; the timing of depositions; appropriate procedures or orders to limit the conduct of discovery on common issues; the prospect for a consolidated trial on limited common issues such as insolvency; and such other matters as the parties consider appropriate.

K.    **Scheduling Conference.** The Court will conduct a Preliminary Scheduling Conference in these jointly administered proceedings on  **Monday, September 29** , 2014, in **at 10:30 a.m.**

6

**Courtroom D**, United States Bankruptcy Court, United States Custom House, 721 19th Street, Denver, Colorado. **Except for the Trustee and his counsel, and the members of the Coordinating Committee, no other party is required to attend, but all parties will be bound to such orders as the Court may enter pursuant to FED. R. BANKR. P. 7016(a) and (b).** Parties wishing to appear by telephone may call 720-904-7499.  The User ID is **993 536 252#**

      L.    **Service of this Order.**  The Trustee shall forthwith cause a copy of this Order to be served on all defendants in these jointly administered proceedings.

      M.    **Service.**  For purposes of this Order, documents required to be served shall be served on counsel for any parties where counsel has appeared, otherwise on the parties.  If the same attorney or law firm represents multiple defendants in multiple adversary proceedings, it will be sufficient to serve such counsel with one copy of any document required to be served. Defendants serving the Trustee need only serve the Trustee and the Trustee's attorney.

Dated:  <u>July 1, 2014</u>                   BY THE COURT:

                                                    Honorable Michael E. Romero
                                                    U.S. Bankruptcy Judge

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | Case No. 12-22722 MER |
| LEONID SHIFRIN | Chapter 7 |
| Debtor. | |
| HARVEY SENDER, Chapter 7 Trustee | Adversary No. 14-1284 MER |
| Plaintiff | |
| v. | |
| MOVERS CONNECTION, INC., et al., | |
| Defendants | |

## ORDER

THIS MATTER comes before the Court on the Motion to Withdraw as Counsel filed by Vladimir Shifrin as counsel for Movers Connection, Inc.  The Court finds good cause exists to grant the requested relief.  Accordingly,

THE COURT GRANTS the Motion to Withdraw as Counsel.

DATED February 2, 2016                    BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LEONID SHIFRIN, | ) Case No. 12-22722 MER |
| | ) |
| Debtor | ) Chapter 7 |
| | ) |
| | ) |
| HARVEY SENDER, Chapter 7 Trustee | ) Adv. Proc. No. 14-1284-MER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOVERS CONNECTION INC.; | ) |
| FATHER AND SONS MOVERS, INC.; | ) |
| KRIS MARTINEZ; MICHAEL SARRIS; | ) |
| ERIC SHELDON; MICHAEL DUPREE; | ) |
| and SOFIA SHIFRIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## VERIFIED STATEMENT OF KIRSTIN KANSKI IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

I, Kirstin Kanski, counsel for Harvey Sender, the Chapter 7 Trustee of the bankruptcy estate of Leonid Shifrin (the "Debtor"), hereby state the following under penalty of perjury:

1.   On June 17, 2012 (the "Petition Date"), the Debtor filed his voluntary petition for relief commencing Case No. 12-22722-MER (the "Bankruptcy Case"), under Chapter 7 of Title 11 U.S.C. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").  The Trustee was appointed in the Debtor's Bankruptcy Case on the Petition Date.

2.   On June 13, 2014, the Trustee commenced this adversary action.

3.   On June 13, 2014, the Trustee served a summons and copy of the Complaint by U.S. Mail to Defendants Movers Connection Inc. ("Movers Connection"), Father and Sons Movers, Inc. ("Father and Sons"), Eric Sheldon, and Kris Martinez (collectively, "Defaulting Defendants").  A true and correct copy of the Certificate of Service and Amended Certificate of Service confirming that the Defaulting Defendants were duly served with the Summons and

Complaint is attached to the Trustee's Motion for Entry of Default and Default Judgment Against Movers Connection Inc. and Father and Sons Movers, Inc. ("Motion") as Exhibit A.

4.  Father and Sons, Mr. Sheldon and Mr. Martinez have not responded to the Complaint.

5.  Although Movers Connection Inc. filed an Answer to the Complaint through counsel, on February 2, 2016, the Court granted counsel's motion to withdraw.  Movers Connection Inc. has not retained new counsel since that date and remains unrepresented in this case.

6.  Father and Sons and Movers Connection are both business entities and are not minors or incompetent persons.  To the best of undersigned counsel's knowledge, Mr. Sheldon and Mr. Martinez are not minors or incompetent persons.

7.  The Defaulting Defendants are not in the military service or otherwise protected under the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq.

8.  Prior to the Petition Date and after the Petition Date, the Debtor used Debtor's Companies, including Movers Connection and Father and Sons, for the purpose of concealing assets from the Debtor's creditors.  A copy of the report of the Trustee's forensic accountant, Stephanie Drew of Rubin Brown LLP, setting forth an opinion regarding the Debtor's use of these entities, an analysis of bank records titled in the name of such entities, and the Debtor's failure to disclose assets in conjunction with the Debtor's petition (the "Expert Report") is attached to the Motion as Exhibit F.

9.  As the Expert Report notes, Debtor extensively, and inextricably, commingled millions of dollars among accounts titled in the name of Debtor's Companies.  Exhibit F to Motion, Expert Report, p. 3, § 4(c), p. 16, "Figure 10."

10. The Debtor used accounts in the name of Debtor's Companies for personal living expenses.  Exhibit G to Motion, "Qilly Shifrin Deposition Transcript," 94:9-17.

11. As of this date, no records have been produced to the Trustee by the Debtor or the Debtor's Companies to account for the account activity of the bank accounts titled in the names of the Debtor's Companies and analyzed by the Trustee's forensic accountant, RubinBrown, including the Debtor's personal use of funds of the Debtor's Companies.

12. As of this date, no corporate records of the Debtor's Companies have been produced to the Trustee to establish the companies were independent of the Debtor, operated independently of the Debtor, or that any company records were at any point generated or maintained during the ordinary course of business.

13. The Trustee commenced this adversary action to seek, among other things, a determination that Movers Connection Inc. and Father and Sons Movers Inc. were alter egos of the Debtor, just as all of the other Debtor's Companies were.

14. Leo Shifrin instructed Kris Martinez to form Father and Sons and Movers Connection Inc. Attached hereto as **Exhibit 1** is an email from Leo Shifrin to Kris Martinez providing him the paperwork to file with the Colorado Secretary of State. Kris Martinez formed and incorporated Father and Sons and Movers Connection after the Petition Date, on October 14, 2012, for the purpose of concealing and carrying out Debtor's financial affairs and business operations that were previously carried out by the Debtor's Companies. Attached hereto as **Exhibit 2** are additional examples of emails from Leo Shifrin to Kris Martinez providing account opening instructions and other instructions relating to continuing the operations of the Debtor's Companies through the newly formed Movers Connection Inc. and Father and Sons Movers.

15. Kris Martinez testified that the company he registered as Movers Connection Inc. was structured on paper as an acquisition of 67th Ave. Inc. pursuant to a one-page "Consent of Directors of Movers Connection" dated October 30, 2012. (Martinez Dep. at 139-140, Ex. 22.). A copy of the "Consent" document is attached as **Exhibit 3**. Contrary to the terms set forth on that document, Martinez testified that there was no basis for the purchase price set forth on the document, that no payments were ever made to Sofia Shifrin for the sale, and that no certificates of shares were ever issued. (Martinez Dep. at 140.) The Consent appears to have been executed with a signature stamp, not an original signature. (**Exhibit 8.**) When asked whether she signed the Consent with a pen, or whether a signature stamp was used, Ms. Shifrin invoked the Fifth Amendment. (*Id.*) The lease that was executed for the warehouse that Movers Connection Inc. operated within was in the name of Glasgow Inc. d/b/a Movers Connection Inc. and was a lease negotiated before Martinez had any involvement. (Martinez Dep. at 142-143.) A copy of the testimony of Kris Martinez is attached hereto as **Exhibit 4**. A copy of the lease is attached as **Exhibit 5**.

16. Following formation of Movers Connection Inc., Kris Martinez testified that he was not paid as an owner. (Martinez Dep. at 53.) He was not paid at all. (*Id.*) He received no draws or distributions. (Id.) He received no cash payments. (*Id.*) With respect to the rent owed by Movers Connection Inc., Kris Martinez testified that he only made one payment and that was utilizing a cashier's check and Sofia Shifrin provided all the funds for that check. (Martinez Dep. at 109-110.) Checks drawn on the bank accounts of Movers Connection Inc. and Father and Sons were signed utilizing a signature stamp of Sofia Shifrin. (Martinez Dep. at 46.) Movers Connection Inc. paid the same individuals that were paid by 67th Inc. (Martinez Dep. at 134.)

17. All of the Debtor's Companies maintained offices at one location: 8400 E. Crescent Parkway. (Martinez Dep. p. 105.) On February 22, 2013, the offices of Leo Shifrin and the Debtor's Companies (including Movers Connection Inc.) were moved to a new location at 8310 S. Valley Highway by Father and Sons Movers, a copy of notification of the move of the offices is attached hereto as **Exhibit 6**. (Martinez Dep. at 114, Ex. 17.)

18. On April 22, 2015, counsel for the Trustee conducted a Rule 45 deposition of a Rule 30(b)(6) witness that was made available by Leo Shifrin (who was present at the deposition).  That witness, by the name of Sarah Thorpe, invoked the Fifth Amendment in response to every substantive question asked during the entire examination and provided no testimony, evidence or records in response to the subpoena that would indicate any factual basis that Movers Connection Inc. and Father and Sons Movers were not alter-egos of Leo Shifrin.  (**Exhibit 7**.)

19. On April 20, 2015, counsel for the Trustee conducted a deposition of Sofia Shifrin. (**Exhibit 8**.)  Ms. Shifrin invoked the Fifth Amendment in response to almost every question. (*Id.*)  Her frequent invocation of the Fifth Amendment included responses to the following:

- Whether her name was used as registered agent to continue the operations of what had been 67th Avenue;

- Whether Movers Connection and 67th Avenue were "just the same company, different name";

- Whether she executed the Consent with a pen, and whether her signature on the Consent was a stamp;

- Whether she actually sold a company to Kris Martinez, and whether Kris Martinez paid any money for purchase of a company;

- Whether she knew anything about the moving company and whether she was actively involved;

- Whether she and/or Leo Shifrin provided funds to Kris Martinez for Movers Connection to purchase 67th Avenue.

(*Id.*).

20. In addition, when presented with a letter executed by Leo Shifrin stating that Leo Shifrin had taken complete control of 67th Avenue, and when asked whether Leo had in fact taken complete control of 67th Avenue, Sofia Shifrin invoked the Fifth Amendment.  (*Id.*, 66:8-19.)

21. After the petition date, Eric Sheldon received transfers from accounts in the name of Debtor's Companies (USWSL Group Inc.) that totaled at least $2,250.00.  (Complaint Ex. 2.)

22. After the petition date, Kris Martinez received transfers from accounts in the name of Debtor's Companies (Glasgow Inc., USWSL Group Inc., and 5280 Inc.) that totaled at least $9,764.04.  (Complaint Ex. 3.)

4

23. The transfers received by Mr. Sheldon and Mr. Martinez are property of the Debtor's Bankruptcy Estate pursuant to the Denver County District Court Order and were not authorized.

24. Pursuant to 11 U.S.C. § 549 and 550, the Trustee is entitled to avoid the post-Petition Transfers and recover the transfers through a judgment against Mr. Martinez and Mr. Sheldon.

_____
Kirstin D. Kanski

COLORADO
STATE OF ~~MINNESOTA~~            )
                                 ) ss:
                    DENVER
COUNTY OF ~~HENNEPIN~~            )


Subscribed and sworn to before me this __6th__ day of __April__ 2016, by Kirstin Kanski.


WITNESS my hand and official seal.


My commission expires: __7/6/16__

[SEAL]

                                            _____
                                            Notary Public

BRANDON BLESSING
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20124041578
MY COMMISSION EXPIRES JULY 6, 2016

6

# EXHIBIT 1

Gmail - stuff                                                           Page 1 of 1

                              **Kris Martinez < kris.martinez38@gmail.com>**

**stuff**
1 message

leo shifrin < leoshifrin@hotmail.com>                    Sun, Oct 14, 2012 at 5:10 PM
To: kris.martinez38@gmail.com

http://www.fmcsa.dot.gov/registration-licensing/online-registration/onlineregdescription.htm

2 attachments

 **Mover-onlyApplication.pdf**
55K

**sec of state.pdf**
36K



Martinez000061

Document must be filed electronically.
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

**E-Filed**

$50.00

Colorado Secretary of State
Date and Time: 10/14/2012 04:08 PM
ID Number: 20121569123

Document number: 20121569123
Amount Paid: $50.00

ABOVE SPACE FOR OFFICE USE ONLY

### Articles of Incorporation for a Profit Corporation
filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name for the corporation is

   Movers Connection Inc.

   *(The name of a corporation must contain the term or abbreviation "corporation",
   "incorporated", "company", "limited", "corp.", "inc.", "co." or "ltd.". See §7-90-
   601, C.R.S. If the corporation is a professional or special purpose corporation, other
   law may apply.)*

   *(Caution: The use of certain terms or abbreviations are restricted by law.  Read instructions for more information.)*

2. The principal office address of the corporation's initial principal office is

   Street address   17075 Carson Dr.
   _____(Street number and name)_____

   1124
   _____

   Parker                                          CO      80134
   _____(City)_____(State)_____(ZIP/Postal Code)

                                  United States
   _____(Province – if applicable)_____(Country)

   Mailing address
   (leave blank if same as street address)    _____(Street number and name or Post Office Box information)_____

   _____

   _____(City)_____(State)_____(ZIP/Postal Code)

   _____(Province– if applicable)_____(Country)

3. The registered agent name and registered agent address of the corporation's initial registered agent are

   Name
   (if an individual)    Martinez          Kris              A
   _____(Last)_____(First)_____(Middle)_____(Suffix)

   **OR**

   (if an entity)
   *(Caution:  Do not provide both an individual and an entity name.)*

   Street address   17075 Carson Dr.
   _____(Street number and name)_____

   1124
   _____

   Parker                                  CO      80134
   _____(City)_____(State)_____(ZIP/Postal Code)

ARTINC_PC                        Page 1 of 3                        Rev. 02/28/2008

Exhibit No.: 22
Deponent: Martinez
Date/RPR: 4-1-13
Hunter + Geist, Inc.

Mailing address
(**leave blank** if same as street address)

_____
(*Street number and name or Post Office Box information*)

_____
(*City*)          CO          (*ZIP/Postal Code*)
                  (*State*)

(*The following statement is adopted by marking the box.*)
☑ The person appointed as registered agent above has consented to being so appointed.

4. The true name and mailing address of the incorporator are

Name
(if an individual)          MArtinez          Kris          A
                            (*Last*)          (*First*)      (*Middle*)      (*Suffix*)

**OR**

(if an entity)          _____
(**Caution**: *Do not provide both an individual and an entity name.*)

Mailing address          17075 Carson Dr.
                         (*Street number and name or Post Office Box information*)

                         1124

                         Parker                    CO      80134
                         (*City*)                  (*State*)  (*ZIP/Postal Code*)
                                                   United States
                         (*Province – if applicable*)        (*Country*)

(*If the following statement applies, adopt the statement by marking the box and include an attachment.*)
☐ The corporation has one or more additional incorporators and the name and mailing address of each additional incorporator are stated in an attachment.

5. The classes of shares and number of shares of each class that the corporation is authorized to issue are as follows.

(*If the following statement applies, adopt the statement by marking the box and enter the number of shares.*)
☑ The corporation is authorized to issue  10  common shares that shall have unlimited voting rights and are entitled to receive the net assets of the corporation upon dissolution.

(*If the following statement applies, adopt the statement by marking the box and include an attachment.*)
☐ Additional information regarding shares as required by section 7-106-101, C.R.S., is included in an attachment.
(**Caution**: *At least one box must be marked. Both boxes may be marked, if applicable.*)

6. (*If the following statement applies, adopt the statement by marking the box and include on attachment.*)
☐ This document contains additional information as provided by law.

7. (**Caution**: _Leave blank_ *if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.*)

(*If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.*)
The delayed effective date and, if applicable, time of this document is/are _____
                                                                         (*mm/dd/yyyy hour:minute am/pm*)

Notice:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

| Martinez | Kris | A | |
|----------|------|---|---|
| (Last) | (First) | (Middle) | (Suffix) |

| 17075 Carson Dr. | |
|------------------|---|
| (Street number and name or Post Office Box information) | |

| 1124 | |
|------|---|

| parker | CO | 80134 |
|--------|-----|-------|
| (City) | (State) | (ZIP/Postal Code) |

| | United States |
|---|---------------|
| (Province – if applicable) | (Country) |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

# EXHIBIT 2

Gmail - accts                                                                    Page 1 of 1



Kris Martinez < kris.martinez38@gmail.com>

**accts**
1 message

**leo shifrin** < leoshifrin@hotmail.com>                    Sat, Nov 24, 2012 at 11:01 PM
To: kris martinez IV <kris.martinez38@gmail.com>, mark shifrin <mshl1221@hotmail.com>, qilly yankovich gmail
<qilly88@gmail.com>

| | |
|---|---|
| 52Main XXXXXX3677 | $100.00 |
| 52DP XXXXXX3685 | $100.00 |
| 52DW XXXXXX3693 | $100.00 |

please coordinate with david ( signor DP)
and doug (signor DW)

and mark (signor all)

and get the accounts set up (sig cards / debit cards etc)

dougs # 719-310-1147
david # 303-810-1900
marks # 720-314-1215

Martinez000055



Kris Martinez < kris.martinez38@gmail.com>

## FW: Delivery Status Notification (Failure)
1 message

**leo shifrin** < leoshifrin@hotmail.com>                    Mon, Nov 26, 2012 at 7:26 AM
To: kris martinez IV <kris.martinez38@gmail.com>

dont forget to wire this

From: leoshifrin@hotmail.com
To: mikes@movingandstorage123.com
Subject: FW: agent settlement 11/12 to 11/18/12
Date: Sat, 24 Nov 2012 11:36:13 -0700

From: leoshifrin@hotmail.com
To: pciacolorado@gmail.com
Subject: FW: agent settlement 11/12 to 11/18/12
Date: Thu, 22 Nov 2012 09:05:49 -0700

From: qanderson@neighborsmoving.com
To: leoshifrin@hotmail.com; 67thavemiked@gmail.com
CC: amoffa@neighborsmoving.com
Subject: agent settlement 11/12 to 11/18/12
Date: Mon, 19 Nov 2012 16:01:19 -0500

Qaisar Anderson

Accounting

Moving & Storage Inc.

3155 North Andrews Ave Ext.

Pompano Beach, Fl 33064

Qanderson@neighborsmoving.com

(954)385-4800, EXT. 188

Martinez000051

4 attachments

Denver 11-12 thru 11-18.pdf
120K

Denver Payment Summary.xls
40K

Agent Recap.xlsx
11K

ATT00001
1K

Martinez000052



Kris Martinez < kris.martinez38@gmail.com>

**FW: Crossroads Distribution**
1 message

leo shifrin < leoshifrin@hotmail.com>
To: kris martinez IV <kris.martinez38@gmail.com>

Sat, Nov 24, 2012 at 11:27 PM

this is the place we looked at today

http://www.showcase.com/property/3700-Havana-Street/Denver/Colorado/398468

they made us an offer (below) oai was talking to them

if we have nothing else this place will be better than being in the street

maybe they can assign us some parking. keep them in mind

leo

---------- Forwarded message ----------
From: **Mike Ledger** <mledger@kewrealty.com>
Date: Mon, Sep 24, 2012 at 2:46 PM
Subject: Crossroads Distribution
To: "oai@cfclending.com" <oai@cfclending.com>
Cc: Mike Ledger <mledger@kewrealty.com>


Thank you for your time to Oai.


I would like to extend an offer to you on behalf of my company:


Sixty two month lease

First two months of rent and expenses free.

$4.70 starting lease rate (includes $1.45 in expenses)

3% annual escalations on base rent.

Replace lights in warehouse

Demo rear storage room

Replace dock door and excavate concrete

Shampoo carpets in office

Raise dropped HVAC units.

November 1 start.

Martinez000053

Thank you, Mike

Michael J. Ledger

Kew Realty Corporation

Commercial Real Estate

desk  303 468 8373

fax   303 329 8779

cell  303 596 8898

mledger@kewrealty.com

kewrealty.com

 Think Green. Please consider the environment before printing this e-mail.

                    Image001.jpg
                                        20K

Martinez000054

# EXHIBIT 3

## CONSENT OF DIRECTORS OF MOVERS CONNECTION

Pursuant to the Colorado Business Corporation Act, the undersigned, being the 100% share holder of 67th Ave Inc, acting without a meeting, hereby agrees to sell the number of shares of the corporation's common stock set forth opposite his name in exchange for property, cash, or other consideration in the amount set forth below, be and hereby is accepted.

| Name | Shares | Sales Price |
|------|--------|-------------|
| Sofia Shifrin | 90 | $100,000 |

The above offer is hereby accepted by each of the persons named below to purchase the number of shares of the corporation's common stock set forth opposite his name in exchange for property or cash in the amount set forth below.

| Name | Shares | Purchase Price |
|------|--------|----------------|
| Kris Martinez | 90 | $100,000 |

The purchase price shall be paid in increments from the profits of the company over the next 24-month period.

The officers of this corporation are hereby authorized, upon receipt of the above subscription, to issue and deliver a certificate to such shareholder or shareholders representing the number of shares so subscribed for.

**Merger.** This consent of Directors and the Exhibits and other documented related hereto set forth the entire agreement of the parties with respect to the subject matter hereof and may not be amended or modified except in writing subscribed to by all of such parties.

**Modification of Severance.** In the even that any provision of this Agreement is found by any court or other authority of competent jurisdiction to be illegal or unenforceable, such provision will be severed or modified to the extent necessary to render it enforceable, and as so severed or modified, this Agreement will continue in full force and effect.

Dated this _30th_ day of _October_ , 2012

_Sofia Shifrin_

3

# EXHIBIT 4

1

1          IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLORADO
2
   Case No. 12-22722-MER, Chapter 7
3   ───────────────────────────────────────────────

4   DEPOSITION OF:  KRIS MARTINEZ – April 1, 2013
5   ───────────────────────────────────────────────

   In Re:
6
   LEONID SHIFRIN,
7
   Debtor.
8   ───────────────────────────────────────────────

9
             PURSUANT TO NOTICE, the deposition of
10  KRIS MARTINEZ was taken on behalf of Harvey Sender,
   Chapter 7 Trustee, at 600 17th Street, Suite 1800-S,
11  Denver, Colorado 80202, on April 1, 2013, at 10:00
   a.m., before Tiffany D. Goulding, Registered
12  Professional Reporter and Notary Public within
   Colorado.
13

14

15

16

17

18

19

20

21

22

23

24

25

**H+G**

## Hunter + Geist, Inc.

303.832.5966      1900 Grant Street, Suite 1025      ▪ www.huntergeist.com
800.525.8490      Denver, CO 80203                   ▪ scheduling@huntergeist.com

Your Partner in Making the Record

Court Reporting, Legal Videography, and Videoconferencing

1          A.    No.

2          Q.    Are you paid as an owner?

3          A.    No.

4          Q.    Have you been paid at all?

5          A.    No.

6          Q.    So since you've formed these two moving

7     companies, the funds that you've received are in the

8     form of reimbursement; is that correct?

9          A.    Correct.

10         Q.    You haven't received a draw or

11    distributions?

12         A.    No.

13         Q.    And you are not a salaried employee

14    receiving a check?

15         A.    No.

16         Q.    Have you received cash payments from

17    these two companies?

18         A.    No.

19         Q.    So is it your testimony that other than

20    reimbursements for expenses you've paid personally,

21    you have not received any money from these two moving

22    companies?

23         A.    Correct.

24         Q.    Okay.  A few more names that I want to

25    ask you about on TCF 51.  Joshua Brewer, do you know

1          Q.   So what's the current status of the

2     Pfeifer loan?

3          A.   It's still outstanding with Goldome, I

4     imagine.

5          Q.   So Goldome is owed the warehouse amount

6     as reflected here; would that be correct?  Or what's

7     outstanding to Goldome?

8          A.   Goldome needs to sell that line -- that

9     loan off into the secondary market to take it off the

10    line.

11         Q.   Was Glasgow paid the fees owed for that

12    loan?

13         A.   No.

14         Q.   So those amounts are outstanding to

15    Glasgow?

16         A.   Yes.

17         Q.   All of the companies owned and operated

18    by Sofia Shifrin, Mark Shifrin, Leo Shifrin, and Qilly

19    Shifrin formerly officed out of the 8400 East Crescent

20    Parkway address; is that correct?

21         A.   Correct.

22         Q.   And did you have an employee access card

23    to that address?

24         A.   I did.

25         Q.   And what date were you issued that?  How

1    at the 8400 East Crescent Parkway; is that correct?

2              MR. SNYDER:   Personally, is that the

3    question?

4              MS. KANSKI:   I don't know in what

5    capacity.

6              Q.   (BY MS. KANSKI)   Let me rephrase the

7    question.  Have you ever written a check out for rent

8    for the 8400 East Crescent Parkway address?

9              A.   I got a cashier's check one month for

10   that.

11             (Deposition Exhibit 16 was marked.)

12             Q.   I'll mark Deposition Exhibit 16.  And how

13   many times?

14             A.   One time.

15             Q.   Just the one time?

16             A.   Yes.

17             Q.   Is the check that you obtained reflected

18   in Exhibit 16?

19             A.   Yes, it is.

20             Q.   Okay.  Where did the funds come from for

21   this check?

22             A.   That was given to me by Sofia Shifrin.

23             Q.   Sofia Shifrin gave you the funds?

24             A.   Yes.

25             Q.   And what form, cash or check?

1          A.     Cash.

2          Q.     Did you ask Sofia Shifrin where she got

3     the cash?

4          A.     No.

5          Q.     Why did Sofia Shifrin have you do the

6     check?

7          A.     She asked me to do a favor and to get a

8     cashier's check to pay the rent.

9          Q.     On behalf of one of your companies or

10    individually?

11         A.     For Colonial Financial; I believe they

12    held the lease there.

13         Q.     Who paid the rent in December?

14         A.     I believe that was Oai Luong.

15         Q.     The check above -- the check made payable

16    to Mile High Bank, you'll see, is a cashier's check to

17    Beverly Building Company?

18         A.     Yes.

19         Q.     What's that check for?

20         A.     That is for the deposit for the new

21    warehouse lease.

22         Q.     And where did you obtain the funds to

23    write that check -- my apologies -- to obtain the

24    cashier's check?

25         A.     From Sofia Shifrin as well.

1      moving companies moved -- emptied out the office

2      spaces at the 8400 Crescent Parkway address; correct?

3              A.    Correct.

4              Q.    Who asked you to do that?

5              A.    Sofia Shifrin.

6                    (Deposition Exhibit 17 was marked.)

7              Q.    I'll mark Deposition Exhibit 17.

8      Exhibit 17 is a document that reflects that one of

9      your moving companies, Father and Sons, moved the

10     entire office that was previously located at 8400 East

11     Crescent Parkway.  Do you see that?

12             A.    Yes.

13             Q.    Where -- I want you to explain very

14     specifically what was taken out of the office location

15     and where it was taken, please.

16             A.    The desks were moved out and --

17             Q.    How many desks?  If it will help you,

18     yes, there's an inventory.

19             A.    All of the inventory.  So it was moved

20     out of that office space and then moved to -- a

21     portion of it was moved to the new office space at

22     8310 South Valley Highway.

23             Q.    And the other portion?

24             A.    The other portion is in storage at the

25     moving company.

1    itself, but it appears to be numerous payments being

2    made to individuals.  I will state a few names:  Omar

3    Romero, Brian McGowen, Fred Aguilar, Marc Rubio.  Do

4    you recognize those names?

5            A.   A couple of them, yes.

6            Q.   And these are the same names that we went

7    through quite some time ago in the TCF account that

8    you opened in the name of your moving companies;

9    correct?

10           A.   Yes.

11           Q.   So the same individuals are receiving

12   payments today from your moving companies that were

13   receiving payments from 67th, Inc.; correct?

14           A.   Yes.

15           Q.   And why are they receiving these

16   payments?

17           A.   They are movers.

18           Q.   All of these individuals are movers?

19           A.   The names that I recognize, yes.

20           Q.   Tell me which ones you recognize.

21   Because earlier you didn't recognize some of these

22   names.

23           A.   Right.  I recognize Omar and Mohamed.

24           Q.   Mohamed Hayder?

25           A.   Yes.

1   offices for personal purposes; is that correct?

2          A.   Correct.

3          Q.   And the next page is a lease for the

4   Revere Street address.  And you obtained -- you signed

5   this lease, is that correct, on behalf of Glasgow,

6   Inc.?

7          A.   Correct.

8          Q.   Now, this lease reflects that you are

9   leasing the property at Revere Street for both

10  Glasgow -- can you explain to me Glasgow, Inc. d/b/a

11  Movers Connection, Inc.

12         A.   They had already started the process

13  under Glasgow, Inc. of negotiating.

14         Q.   Who is "they"?

15         A.   67th, Glasgow, Sofia Shifrin.

16         Q.   So Sofia --

17         A.   Right.

18         Q.   -- negotiated this lease?

19         A.   Yeah.  Yes.

20         Q.   On behalf of both companies?

21         A.   On behalf of Glasgow, Inc.  When my

22  company, Movers Connection, was going to do it, they

23  were already into the process.  So we just added the

24  d/b/a Movers Connection and I finished the

25  negotiations and signed the lease.

1          Q.    Who set the terms of the price, $11,185?

2     Was that the building?

3          A.    Yeah.  That was the building owner.

4          Q.    Were you involved in that or was that

5     Sofia?

6          A.    No.  I was involved in that.

7          Q.    But Sofia Shifrin provided you all of the

8     those funds?

9          A.    Yes.

10          Q.    You do not know where she obtained those

11     funds?

12          A.    I do not.

13          Q.    Okay.  And it was your testimony earlier

14     today that, to your knowledge, the only companies

15     operating out of this location are your moving

16     companies or the continuation of the 67th, Inc. moving

17     companies; is that correct?

18          A.    Correct.

19          Q.    And not Glasgow, Inc.?

20          A.    Correct.

21          Q.    And if you move forward to the Navistar

22     Financial document, it's a security loan agreement

23     that you brought in with you today?

24          A.    Yes.

25          Q.    Can you explain to me what this document

# EXHIBIT 5

THIS FORM HAS IMPORTANT LEGAL CONSEQUENCES AND THE PARTIES SHOULD CONSULT LEGAL COUNSEL BEFORE SIGNING

BUSINESS LEASE

This lease, dated __November 13, 2012__, is between

BEVERLY BUILDING COMPANY, as Landlord,

and __GLASGOW, INC. DBA MOVERS CONNECTION, INC.__, as Tenant.

In consideration of the payment of the rent and the performance of the covenants and agreements by the Tenant set forth herein,

the Landlord does hereby lease to the Tenant the following described premises situate in __Denver__

County, in the State of Colorado; the address of which is __3751 Revere Street, Denver, CO 80239__
Property Address

__Premises includes 28,257 sq. ft. W/L of a larger multi-tenant__

__building.__
Legal Description

Said premises, with all the appurtenances, are leased to the Tenant from the date of __December 15, 2012__

until the date of __March 31, 2018__ at and for a rental for the full term of $ __690,980.00__

| | | | | |
|---|---|---|---|---|
| --00-- | for the period | 12/15/12 | thru | 3/15/13 |
| 5000. | " " " | 3/16/13 | " | 3/31/13 |
| 10,000. | " " " | 4/1/13 | " | 3/31/14 |
| 10,600. | " " " | 4/1/14 | " | 3/31/15 |
| 11,420. | " " " | 4/1/15 | " | 3/31/16 |
| 12,245. | " " " | 4/1/16 | " | 3/31/17 |
| 12,900. | " " " | 4/1/17 | " | 3/31/18 |

payable in monthly installments of $

in advance, on the __1st__ day of each calendar month during the term of this lease, payable at

__Beverly Building Company, Box 101540, Denver, CO 80250-1540__, without notice.
Address

THE TENANT, IN CONSIDERATION OF THIS LEASING OF THE PREMISES AGREES AS FOLLOWS:

1. The Tenant shall pay the rent for the premises above-described.

2. The Tenant shall, at the expiration of this lease, surrender the premises in as good a condition as when the Tenant entered the premises, ordinary wear and tear excepted. The Tenant shall keep all sidewalks on and around the premises free and clear of ice and snow, keep the entire exterior premises free from all litter, dirt, debris and obstructions, and keep the premises in a clean and sanitary condition as required by the ordinances of the city and county in which the property is situate.

3. The Tenant shall not sublet any part of the premises, nor assign the lease, or any interest therein, without the written consent of the Landlord.

4. The Tenant shall use the premises only as __Offices & warehouse__

and shall not use the premises for any purpose prohibited by the laws of the United States or the State of Colorado, or of the ordinances of the city or town in which said premises are located, and shall neither permit nor suffer any disorderly conduct, noise or nuisance having a tendency to annoy or disturb any persons occupying adjacent premises.

5. The Tenant shall neither hold, nor attempt to hold, the Landlord, its agents, contractors and employees, liable for any injury, damage, claims or loss to person or property occasioned by any accident, condition or casualty to, upon, or about the premises including, but not limited to, defective wiring, the breaking or stopping of the plumbing or sewage upon the premises, unless such accident, condition or casualty is directly caused by Intentional or reckless acts or omission of the Landlord. Notwithstanding any duty the Landlord may have hereunder to repair or maintain the premises, in the event that the improvements upon the premises are damaged by the negligent, reckless or intentional act or omission of the Tenant or any employees, agents, invitees, licensees or contractors, the Tenant shall bear the full cost of such repair or replacement. The Tenant shall hold Landlord, Landlord's agents and their respective successors and assigns, harmless and indemnified from all injury, loss, claims or damage to any person or property while on the demised premises or any other part of Landlord's property, or arising in any way out of Tenant's business, which is occasioned by an act or omission of Tenant, its employees, agents, invitees, licensees or contractors. The Landlord is not responsible for any damage or destruction to the Tenant's personal property.

6. The Tenant shall neither permit nor suffer said premises, or the walls or floors thereof, to be endangered by overloading, nor said premises to be used for any purpose which would render the insurance thereon void or the insurance risk more hazardous, nor make any alterations in or changes in, upon or about said premises without first obtaining the written consent of the Landlord.

7. The Tenant shall obtain and keep in full force, at Tenant's expense, RENTERS liability insurance as may be reasonably required by the Landlord. Tenant shall provide copies of such insurance policies upon the Landlord's request, or a certificate for same.

8. The Tenant shall permit the Landlord to place a "For Rent" sign upon the leased premises at any time within sixty (60) days before the end of this lease.

9. The Tenant shall allow the Landlord to enter upon the premises at any reasonable hour.

IT IS EXPRESSLY UNDERSTOOD AND AGREED BETWEEN LANDLORD AND TENANT AS FOLLOWS:

10. The Tenant shall be responsible for paying the following: ☑Electric ☒Gas ☐Water ☐Sewer ☒Phone ☒Refuse Disposal ☒Janitorial Service ☐Other _____

The ☒Landlord ☐Tenant agrees to keep all the improvements upon the premises, including but not limited to, structural components, interior and exterior walls, floors, ceiling, roofs, sewer connections, plumbing, wiring and glass in good maintenance and repair in their expense. In the event the Landlord is responsible for repair of the premises, the Tenant shall be obliged to notify the Landlord of any condition upon the premises requiring repair and the Landlord shall be provided a reasonable time to accomplish said repair.

11. No assent, express or implied, to any breach or default of any one or more of the agreements hereof shall be deemed or taken to be a waiver of any succeeding or other breach or default.

12. If, after the expiration of this lease, the Tenant shall remain in possession of the premises and continue to pay rent without a written agreement as to such possession, then such tenancy shall be regarded as a month-to-month tenancy, at a monthly rent, payable in advance, equivalent to the last month's rent paid under this lease, and subject to all the terms and conditions of this lease.

13. If the premises are left vacant and any part of the rent reserved hereunder is not paid, then the Landlord may, without being obligated to do so, and without terminating this lease, retake possession of the said premises and rent the same for such rent, and upon such conditions as the Landlord may think best, making such changes and repairs as may be required, giving credit for the amount of rent so received less all expenses of such changes and repairs, and the Tenant shall be liable for the balance of the rent herein reserved until the expiration of the term of this lease.

14. The Tenant acknowledges receipt of a deposit in the amount of $ __11,185.00__ to be held by the Landlord for the faithful performance of all of the terms, conditions and covenants of this lease. The Landlord may apply the deposit to cure any default under the terms of this lease and shall not account to the Tenant for the balance. The Tenant may not apply the deposit hereunder to the payment of the rent reserved hereunder or the performance of other obligations.

(1)

No. 1044. Rev. 1-96.   BUSINESS LEASE   Copyright 1983
Bradford Publishing, 1743 Wazee St., Denver, CO 80202 – (303) 292-2500 — 1-97

5

15. If the Tenant shall be in arrears in payment of any installment of rent, or any portion thereof, or in default of any other covenants or agreements set forth in this lease, and the default remains uncorrected for a period of three (3) days after the Landlord has given a written notice thereof pursuant to applicable law, then the Landlord may, at the Landlord's option, undertake any of the following remedies without further notice: (a) declare the term of this lease ended; (b) terminate the Tenant's right to possession of the premises and reenter the premises pursuant to applicable provisions of the Colorado Forcible Entry and Detainer Statute; (c) recover all present and future damages, costs and other relief to which the Landlord is entitled; (d) pursue breach of contract remedies; and/or (e) pursue any and all available remedies in law or equity. In the event possession is terminated by a reason of default prior to expiration of the term, the Tenant shall be responsible for the rent accruing for the remainder of the term, subject to the Landlord's duty to mitigate such damages. Pursuant to Applicable law [13-40-104(d),5), (r,5) and 13-40-107.5, C.R.S.] which is incorporated by this reference, in the event repeated or substantial default(s) under the lease occur, the Landlord may terminate the Tenant's possession upon a written Notice to Quit, without a right to cure. Upon such termination, the Landlord shall have available any and all of the above-listed remedies.

16. If the property or the premises shall be destroyed in whole or in part by fire, the elements, or other casualty and if, in the sole opinion of the Landlord, they cannot be repaired within ninety (90) days from said injury and the Landlord informs the Tenant of said decision; or if the premises are damaged to any degree and the Landlord informs the Tenant it does not desire to repair same and desires to terminate this lease; then this lease shall terminate on the date of such injury. In the event of such termination, the Tenant shall immediately surrender the possession of the premises and all rights therein to the Landlord, shall be granted a license to enter the premises at reasonable times to remove the Tenant's property; and shall not be liable for rent accruing subsequent to said event. The Landlord shall have the right to immediately enter and take possession of the premises and shall not be liable for any loss, damage or injury to the property or person of the Tenant or occupancy of, in or upon the premises.

If the Landlord repairs the premises within ninety (90) days, this lease shall continue in full force and effect and the Tenant shall not be required to pay rent for any portion of said ninety (90) days during which the premises are wholly unfit for occupancy.

17. In the event any dispute arises concerning the terms of this lease or the non-payment of any sums under this lease, and the matter is turned over to an attorney, the party prevailing in such dispute shall be entitled, in addition to other damages or costs, to receive reasonable attorneys' fees from the other party.

18. In the event any payment required hereunder is not made within ten (10) days after the payment is due, a late charge in the amount of
—0—% of the payment will be paid by the Tenant.

19. In the event of a condemnation or other taking by any governmental agency, all proceeds shall be paid to the Landlord hereunder, the Tenant waiving all right to any such payments.

20. This lease is made with the express understanding and agreement that in the event Tenant becomes insolvent, the Landlord may declare this lease ended, and all rights of the Tenant hereunder shall terminate and cease.

21. The Tenant and the Landlord further agree:

    A:    That Addendum No. 2 attached is and shall be included with this
          Lease.

This lease shall be subordinate to all existing and future security interests on the premises. All notices shall be in writing and be personally delivered or sent by first class mail, unless otherwise provided by law, to the respective parties. If any term or provision of this lease shall be invalid or unenforceable, the remainder of this lease shall not be affected thereby and shall be valid and enforceable to the full extent permitted by law. This lease shall only be modified by amendment signed by both parties. This lease shall be binding on the parties, their personal representatives, successors and assigns. When used herein, the singular shall include the plural.

Attest:                                                      BEVERLY BUILDING COMPANY

_____     Box 101540
William C. Barber, Pres.               Denver, CO 80250-1540 (303) 781-0692                   Date

Attest:                                                      GLASGOW, INC.

_____     DBA MOVERS CONNECTION, INC.,                              Date
Krla Martinez                              8400 E. Crescent Parkway, Suite 150
                                                            Greenwood Village, CO 80111                             Date

## GUARANTEE

For value received, I guarantee the payment of the rent and the performance of the covenants and agreements by the Tenant in the within lease.

      N/A
_____                              _____
                                                            Signature                                       Date

## ASSIGNMENT AND ACCEPTANCE

For value received _____ , assignor.

assigns all right, title and interest in and to the within lease to _____
assignee, the heirs, successors and assigns of the assignee, with the express understanding and agreement that the assignor shall remain liable for the full payment of the rent reserved and the performance of all the covenants and agreements made in the lease by the Tenant. The assignor will pay the rent and fully perform the covenants and agreements in case the assignee fails to do so. In consideration of this assignment, the assignee covenants and agrees to make all the payments and perform all the covenants and agreements contained in the lease and agreed to by the Tenant.

_____     _____     _____     _____
Assignor                                         Date          Assignee                                        Date

## CONSENT OF ASSIGNMENT

Consent to the assignment of the within lease to _____
is hereby given, on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the Tenant as herein mentioned, and that no further assignment of said lease or sub-letting of the premises, or any part thereof, shall be made without further written agreement.

_____     _____     _____     _____
Signature                                        Date          Signature                                       Date

## LANDLORD'S ASSIGNMENT

In consideration of One Dollar, in hand paid, I hereby assign to _____
_____ my interest in the within lease, and the rent therein reserved.

_____     _____
Landlord                                         Date

(2)

# EXHIBIT 6

02/22/2013 15:12 FAX                                                                          ☒002/002

EXHIBIT B



**CB RICHARD ELLIS**

ONE DTC

5251 DTC PARKWAY, LLC

5251 DTC Parkway

Revised 11/5/07

Exhibit No.: 14
Deponent: Martinez
Date/RPR: 11-1-13
Hunter + Geist, Inc.

## NOTIFICATION OF CONTRACTOR/SUB-CONTRACTOR ACTIVITES

DATE: 2-22-13    Mile High Build    ☑ TOWER  ☐ GARAGE

TENANT NAME: Subtenant Colonial Financial (Glaxo) Inc.    SUITE(S) #: 150

ADDITIONAL TENANT SPACE ACCESS REQUIRED:

COMPANY PERFORMING WORK:    Father & Son

ON SITE SUPERVISOR: Mike Sarris    PHONE #: 720-357-8799

OFF SITE SUPERVISOR: Mike Sarris    PHONE #:

WORK REQUESTED BY:    PHONE #:

EXPLANATION OF WORK TO BE PERFORMED:    Move office

CLEARANCE NEEDED IN THE FOLLOWING AREAS:

☑ PARKING GARAGE    ☐  ELECTRICAL ROOM ON FLOOR:
☑ LOADING DOCK    ☐  PHONE ROOM ON FLOOR:
☐ JANITOR'S CLOSET ON FLOOR: _____
☐ OTHER: _____

### ALL REQUIRED DATES/TIMES MUST BE LISTED INDIVIDUALLY (Please use additional forms if necessary)

KEY(S) NEEDED: _____    FLOOR(S): _____
FIRE ALARM
BYPASS*: _____    FLOOR(S): _____
*NOTE: Building is manned from 6:00 a.m. - 6:00 p.m. Monday - Friday only  Any work requiring the assistance or attendance of a representative of the management staff that is performed after hours will be charged to tenant/contractor at $70/hour, with a 2-hour minimum charge

ACTIVITY DATE(S): 2-23-13    TIME:    FROM: 0900    TO: 1700
_____    TIME:    FROM: _____    TO: _____
_____    TIME:    FROM: _____    TO: _____
_____    TIME:    FROM: _____    TO: _____
_____    TIME:    FROM: _____    TO: _____

ADDITIONAL TENANT SPACE AUTHORIZATION  (Tenant Representative):

_____
Signature/Suite#    Print Name

Mary Williams  Mile High Build    Mary Williams
Suite 150
**FREIGHT ELEVATOR RULES:** In order to ensure all tenants will be able to receive their deliveries timely, any deliveries that will require the use of the freight elevator and/or tie up the loading dock for more than 30 minutes must be received after building hours and a representative from your office must accompany all after-hours deliveries.

APPROVED BY (Building Personnel): _____

REQUEST RECEIVED BY: _____    DATE: _____

ALL CONTRACTORS, SUB-CONTRACTORS, SERVICE PERSONNEL ETC. ARE REQUIRED TO BE PRE APPROVED FOR WORK IN THE BUILDING ADDITIONALLY ALL PERSONS PERFORMING WORK ON THE PREMISES MUST CHECK-IN WITH THE BUILDING MANAGEMENT, SECURITY OR ENGINEERING TEAM PRIOR TO BEGINNING ANY WORK  PERSONS NOT CHECKING IN WILL BE ASKED TO CEASE WORK, PENDING APPROVAL TO CONTINUE.  PERSONS PERFORMING WORK IN THE BUILDING ARE REQUIRED TO FOLLOW ALL BUILDING CONTRACTOR RULES AND REGULATIONS AND ARE RESPONSIBLE FOR OBTAINING THOSE RULES AND REGULATIONS



# EXHIBIT 7

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-22722-MER

RULE 30(B)(6) AND VIDEOTAPE DEPOSITION OF:
SARAH MARIE THORPE - April 22, 2015
Movers Connection, Inc.

IN RE:

LEONID SHIFRIN,

Debtor,

HARVEY SENDER, as Chapter 7 Trustee; and
STATE OF COLORADO, ex rel, CYNTHIA H. COFFMAN,
Attorney General,

Plaintiffs,

v.

LEONID SHIFRIN,

Defendant.

PURSUANT TO SUBPOENA, the Rule 30(b)(6) and
videotape deposition of SARAH MARIE THORPE was taken on
behalf of the Plaintiffs at 1300 Broadway, Denver,
Colorado 80203, on April 22, 2015, at 10:22 a.m.,
before Karen S. Fogle, Registered Professional Reporter
and Notary Public within Colorado.

**H+G**

Hunter + Geist, Inc.

303.832.5966      1900 Grant Street, Suite 1025      ▪ www.huntergeist.com
800.525.8490      Denver, CO 80203                   ▪ scheduling@huntergeist.com

Your Partner in Making the Record

Court Reporting, Legal Videography, and Videoconferencing

**Shifrin (Debtor)**  SARAH MARIE THORPE  4/22/2015

---

**1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-01284

RULE 30(b)(6) AND VIDEOTAPE DEPOSITION OF:
SARAH MARIE THORPE - April 22, 2015
Hoover Connection, Inc.

IN RE:

LEONID SHIFRIN,

Debtor.

HARVEY SENDER, as Chapter 7 Trustee; and
STATE OF COLORADO, ex rel. CYNTHIA H. COFFMAN,
Attorney General,
Plaintiffs,
v.
LEONID SHIFRIN,
Defendant.

        PURSUANT TO SUBPOENA, the Rule 30(b)(6) and
videotape deposition of SARAH MARIE THORPE was taken on
behalf of the Plaintiffs at 1300 Broadway, Denver
Colorado 80203, on April 22, 2015, at 10:22 a.m.,
before Karen S. Fogle, Registered Professional Reporter
and Notary Public within Colorado.

---

**2**

A P P E A R A N C E S

For the Plaintiffs:

        STEPHANIE A. KANAN, ESQ.
        Lindquist & Vennum, PLLP
        4200 IDS Center
        80 South Eighth Street
        Minneapolis, Minnesota 55402

        LYNDA ATKINS, ESQ.
        State of Colorado
        1300 Broadway, 7th Floor
        Denver, Colorado 80203

        MARK BOEHMER, ESQ.
        State of Colorado
        1300 Broadway, 7th Floor
        Denver, Colorado 80203

Also Present:

        Shaun Van der Veen, Videographer
        Mr. Leonid Shifrin

---

**3**

I N D E X

EXAMINATION OF SARAH MARIE THORPE:                    PAGE
April 22, 2015
By Ms. Kanan                                            6
                                                     INITIAL
DEPOSITION EXHIBITS                                  REFERENCE

Exhibit 1    Amended Response in an                       9
             Adversary Proceeding
Exhibit 2    Email to Aris Martinez from Leo            13
             Shifrin  10/14/14
Exhibit 3    8Tek, Inc., Balance Sheet, 6/31/12        19
Exhibit 4    Various Invoices, Hoover                   26
             Connection, Inc.
Exhibit 5    Business Account Remove Signers            42
             Form
Exhibit 6    Chase Checking Account Statement,          43
             5/1/14 to 5/31/14
Exhibit 7    Chase Checking Account Statement,          44
             5/31/14 to 6/30/14
Exhibit 8    Chase Checking Account Statement,          45
             7/1/14 to 7/31/14
Exhibit 9    Chase Checking Account Statement,          46
             8/1/14 to 8/30/14
Exhibit 10   Chase Checking Account Statement,          49
             9/30/14 to 9/30/14
Exhibit 11   Chase Checking Account Statement,          51
             10/1/14 to 10/31/14
Exhibit 12   Chase Checking Account Statement,          54
             11/1/14 to 11/30/14
Exhibit 13   Chase Checking Account Statement,          57
             11/29/14 to 12/31/14

Exhibit 14   Chase Checking Account Statement,          58
             1/1/15 to 1/31/15
Exhibit 15   Intuit Authorized QuickBooks               49
             Hosting in USA and Canada

---

Shifrin (Debtor)              **SARAH MARIE THORPE**              4/22/2015

|     | 5 |
| --- | --- |
| 1 | WHEREUPON, the following proceedings were |
| 2 | taken pursuant to the Colorado Rules of Civil |
| 3 | Procedure. |
| 10:19:54  4 | *   *   *   *   * |
| 10:22:32  5 | THE VIDEOGRAPHER: We are on the record |
| 10:22:51  6 | The time is 10:22 on April 22, 2015  This is the |
| 10:22:56  7 | beginning of Media 1 in the deposition of Sarah Thorpe, |
| 10:23:02  8 | 30(b)(6) representative of Movers Connection, Inc , in |
| 10:23:06  9 | the matter of Harvey Sender, et al, versus Leonid |
| 10:23:11  10 | Shifrin in the United States Bankruptcy Court for the |
| 10:23:14  11 | District of Colorado, Case No  12-22-722 MER. |
| 10:23:22  12 | The deposition is being held at 1300 |
| 10:23:25  13 | Broadway, Denver, Colorado.  The videographer is Shawn |
| 10:23:29  14 | Van der Veen and the court reporter is Karen Fogle with |
| 10:23:32  15 | Hunter + Geist, Inc.  Please note that audio and video |
| 10:23:37  16 | recording will take place until all parties have agreed |
| 10:23:40  17 | to go off the record.  Microphones are sensitive and |
| 10:23:46  18 | may pick up whispers, private conversations, and |
| 10:23:46  19 | cellular interference.  Will counsel please state their |
| 10:23:50  20 | appearances. |
| 10:23:50  21 | MS. KANAN: My name is Stephanie Kanan. |
| 10:23:51  22 | I'm here on behalf of Harvey Sender, the Chapter 7 |
| 10:23:54  23 | Trustee for the bankruptcy estate of Leonid Shifrin. |
| 10:23:58  24 | MS. ATKINS: Linda Atkins on behalf of the |
| 10:24:00  25 | State of Colorado plaintiff in this adversary |

|     | 6 |
| --- | --- |
| 10:24:02  1 | proceeding. |
| 10:24:02  2 | MS. KANSKI: Kirstin Kanski also on behalf |
| 10:24:06  3 | of Harvey Sender, the Chapter 7 Trustee. |
| 10:24:07  4 | MR. BOEHMER: Mark Boehmer on behalf of the |
| 10:24:09  5 | State of Colorado. |
| 6 | THE VIDEOGRAPHER: Will the court reporter |
| 7 | please swear in the witness. |
| 8 | SARAH MARIE THORPE, |
| 9 | having been first duly sworn to state the whole truth, |
| 10 | testified as follows: |
| 11 | EXAMINATION |
| 12 | BY MS. KANAN: |
| 10:24:22  13 | Q.  Good morning, Ms. Thorpe.  We briefly met |
| 10:24:27  14 | off the record.  As you just heard, my name is |
| 10:24:31  15 | Stephanie Kanan and I represent Harvey Sender, the |
| 10:24:31  16 | Chapter 7 Trustee in this matter.  Can you please state |
| 10:24:35  17 | your name and address for the record. |
| 10:24:36  18 | A  My name is Sarah Marie Thorpe, S-a-r-a-h, |
| 10:24:44  19 | M-a-r-i-e, T-h-o-r-p-e  I live at 661 Clayton Street, |
| 10:24:46  20 | Denver, Colorado 80206 |
| 10:24:49  21 | Q.  Have you ever been deposed before? |
| 10:24:52  22 | A  No |
| 10:24:56  23 | Q.  Before we start I want to go through some |
| 10:25:03  24 | ground rules with you so you understand how this |
| 10:25:05  25 | proceeding will work.  Everything that is being said at |

|     | 7 |
| --- | --- |
| 10:25:10  1 | this deposition is being transcribed as you can see by |
| 10:25:11  2 | the court reporter.  It's also being videotaped.  It's |
| 10:25:15  3 | very important that you answer all questions clearly |
| 10:25:17  4 | and orally.  The court reporter cannot pick up head |
| 10:25:21  5 | nods or gestures.  Please let me know if you don't |
| 10:25:25  6 | understand a question that I ask, I will be happy to |
| 10:25:26  7 | clarify it for you. |
| 10:25:26  8 | A  Okay |
| 10:25:28  9 | Q.  And if you don't let me know that you don't |
| 10:25:33  10 | understand a question, I will assume that you do |
| 10:25:33  11 | understand it; is that fair? |
| 10:25:34  12 | A  Understood |
| 10:25:36  13 | Q.  If you need to take a break at any point |
| 10:25:30  14 | just let me know but we are not going to take a break |
| 10:25:40  15 | while a question is pending. |
| 10:25:42  16 | A  Okay |
| 10:25:42  17 | Q.  Do you understand that you have been placed |
| 10:25:45  18 | under oath by the court reporter? |
| 10:25:46  19 | A  Yes. |
| 10:25:47  20 | Q.  Do you understand that that oath has the |
| 10:25:48  21 | same effect as an oath given to as a witness in a court |
| 10:25:53  22 | of law? |
| 10:25:53  23 | A  Yes. |
| 10:25:53  24 | Q.  Do you understand if you willfully fail to |
| 10:25:55  25 | tell the truth at this deposition, that could |

|     | 8 |
| --- | --- |
| 10:25:56  1 | constitute the crime of perjury? |
| 10:25:59  2 | A  Yes. |
| 10:25:59  3 | Q.  Are you under any physical or mental |
| 10:26:02  4 | impairment that might prevent you from giving full and |
| 10:26:05  5 | accurate answers today? |
| 10:26:06  6 | A  No. |
| 10:26:07  7 | Q.  Any condition or circumstance that would |
| 10:26:08  8 | prevent you from giving full and accurate answers |
| 10:26:16  9 | today? |
| 10:26:16  10 | A  I'm going to plead the Fifth on that one. |
| 10:26:17  11 | Q.  In your individual capacity or in your |
| 10:26:20  12 | capacity as a representative of Movers Connection? |
| 10:26:22  13 | A  I'm going to plead the fifth on that one. |
| 10:26:26  14 | Q.  The trustee in the State of Colorado are |
| 10:26:20  15 | entitled to depose a representative of Movers |
| 10:26:32  16 | Connection, Inc., that has knowledge of the company and |
| 10:26:34  17 | has knowledge of the items that were in the subpoena. |
| 10:26:39  18 | Do you understand that? |
| 10:26:41  19 | MR. SHIFRIN: You guys already did that in |
| 10:26:43  20 | November of this year. |
| 10:26:46  21 | MS KANAN: Is that an objection? |
| 10:26:46  22 | MR SHIFRIN: Yes |
| 10:26:46  23 | MS KANSKI: I think we need to state on |
| 10:26:47  24 | the record who is all present in the room  Leo |
| 10:26:51  25 | Shifrin, can you -- |

scheduling@huntergeist.com          **HUNTER + GEIST, INC.**          303-832-5966/800-525-8490

Shifrin (Debtor)                    **SARAH MARIE THORPE**                         4/22/2015

| | | 9 |
|---|---|---|
| 10:26:52 | 1 | MR SHIFRIN:  Leo Shifrin  I represent |
| 10:26:53 | 2 | myself. |
| 10:27:03 | 3 | Q.  (BY MS. KANAN)  Ms. Thorpe, are you |
| 10:27:04 | 4 | asserting your Fifth Amendment privilege on behalf of |
| 10:27:06 | 5 | yourself in your individual capacity or on behalf of |
| 10:27:09 | 6 | Movers Connection, Inc.? |
| 10:27:10 | 7 | A  I am asserting my Fifth Amendment on |
| 10:27:39 | 8 | myself. |
| 10:27:39 | 9 | (Deposition Exhibit 1 was marked.) |
| 10:27:39 | 10 | Q.  You have in front of you the subpoena that |
| 10:27:43 | 11 | was issued to Movers Connection, Inc.  Do you recognize |
| 10:27:46 | 12 | that? |
| 10:27:47 | 13 | A.  I do. |
| 10:27:50 | 14 | Q.  And you are here today pursuant to this |
| 10:27:53 | 15 | subpoena that was issued by Harvey Sender as a |
| 10:27:59 | 16 | Chapter 7 Trustee in the state of Colorado; correct? |
| 10:28:02 | 17 | A.  Correct. |
| 10:28:02 | 18 | Q.  And you're here as a custodian of record on |
| 10:28:09 | 19 | behalf of Movers Connection, Inc.? |
| 10:28:10 | 20 | A.  I will plead the fifth on that. |
| 10:28:12 | 21 | Q.  Ms. Thorpe, do you understand that a |
| 10:28:17 | 22 | corporation is not entitled to assert a Fifth Amendment |
| 10:28:17 | 23 | right? |
| 10:28:21 | 24 | A.  I will plead the fifth on that, also. |
| 10:28:28 | 25 | MS. KANAN:  Can we go off the record. |

| | | 10 |
|---|---|---|
| 10:28:28 | 1 | THE VIDEOGRAPHER:  We are going off the |
| 10:28:30 | 2 | record.  The time is 10:28. |
| 10:29:31 | 3 | (Recess taken, 10:29 a.m. to 10:33 a.m.) |
| 10:32:55 | 4 | THE VIDEOGRAPHER:  We are back on the |
| 10:33:25 | 5 | record at 10:33. |
| 10:33:32 | 6 | Q.  (BY MS. KANAN)  Ms. Thorpe, just to clarify |
| 10:33:33 | 7 | you're here in response to the subpoena that was issued |
| 10:33:37 | 8 | as Exhibit 1; correct? |
| 10:33:39 | 9 | A.  Yes. |
| 10:33:39 | 10 | Q.  And you're here as a representative of |
| 10:33:45 | 11 | Movers Connection? |
| 10:33:45 | 12 | A.  I'm going to plead the fifth |
| 10:33:47 | 13 | Q.  And you're pleading the fifth in your |
| 10:33:50 | 14 | personal capacity and not in your capacity as a |
| 10:33:52 | 15 | representative of Movers Connection? |
| 10:33:54 | 16 | A.  Yes, ma'am. |
| 10:33:54 | 17 | Q.  What is your role at Movers Connection? |
| 10:33:59 | 18 | A.  I'm going to plead the fifth |
| 10:34:02 | 19 | Q.  Again, you're pleading that in your |
| 10:34:04 | 20 | personal capacity and not in your capacity as a |
| 10:34:06 | 21 | representative of Movers Connection? |
| 10:34:10 | 22 | A.  I'm going to plead the fifth on that as |
| 10:34:13 | 23 | well |
| 10:34:13 | 24 | Q.  Are you an officer or director of Movers |
| 10:34:16 | 25 | Connection? |

| | | 11 |
|---|---|---|
| 10:34:16 | 1 | A.  Unfortunately, I'm going to plead the fifth |
| 10:34:18 | 2 | again. |
| 10:34:18 | 3 | Q.  Is that in your personal capacity or in |
| 10:34:20 | 4 | your capacity as a representative of Movers Connection? |
| 10:34:22 | 5 | A.  Again, I will plead the fifth |
| 10:34:25 | 6 | Q.  Are you a salaried employee of Movers |
| 10:34:29 | 7 | Connection? |
| 10:34:29 | 8 | A.  Unfortunately, I'm going to plead the fifth |
| 10:34:32 | 9 | again. |
| 10:34:32 | 10 | Q.  Is that in your personal capacity or as a |
| 10:34:35 | 11 | representative of Movers Connection? |
| 10:34:39 | 12 | A.  The fifth again. |
| 10:34:39 | 13 | Q.  When did you first begin working for Movers |
| 10:34:44 | 14 | Connection? |
| 10:34:44 | 15 | A.  I will plead the fifth. |
| 10:34:46 | 16 | Q.  Are you pleading the fifth in your personal |
| 10:34:50 | 17 | capacity or in your capacity as a representative of |
| 10:34:52 | 18 | Movers Connection? |
| 10:34:52 | 19 | A.  I'm taking the fifth |
| 10:34:54 | 20 | Q.  Who hired you at Movers Connection? |
| 10:34:58 | 21 | A.  I'm going to plead the fifth. |
| 10:35:01 | 22 | Q.  Are you pleading the Fifth in your personal |
| 10:34:34 | 23 | capacity or in your capacity as a representative of |
| 10:35:08 | 24 | Movers Connection? |
| 10:35:08 | 25 | A.  The Fifth again. |

| | | 12 |
|---|---|---|
| 10:35:09 | 1 | Q.  Are you here today because Mr. Shifrin |
| 10:35:13 | 2 | asked you to be here? |
| 10:35:14 | 3 | A.  I'm pleading the Fifth |
| 10:35:15 | 4 | Q.  Are you pleading the Fifth in your personal |
| 10:35:20 | 5 | capacity or in your capacity as a representative of |
| 10:35:22 | 6 | Movers Connection? |
| 10:35:23 | 7 | A.  I'm pleading the Fifth |
| 10:35:24 | 8 | Q.  Did you speak to Mr. Shifrin about this |
| 10:35:24 | 9 | deposition? |
| 10:35:24 | 10 | A.  I'm pleading the Fifth. |
| 10:35:27 | 11 | Q.  Are you pleading the Fifth in your personal |
| 10:35:29 | 12 | capacity or in your capacity as a representative of |
| 10:35:32 | 13 | Movers Connection? |
| 10:35:32 | 14 | A.  I'm pleading the Fifth |
| 10:35:34 | 15 | Q.  How many employees are employed at Movers |
| 10:35:41 | 16 | Connection? |
| 10:35:41 | 17 | A.  I will plead the Fifth |
| 10:35:42 | 18 | Q.  Do you understand the company Movers |
| 10:35:45 | 19 | Connection is obligated to produce a witness here today |
| 10:35:47 | 20 | that can testify to this topic? |
| 10:35:50 | 21 | A.  I'm pleading the Fifth. |
| 10:35:50 | 22 | Q.  Are you pleading the Fifth in your capacity |
| 10:35:51 | 23 | as an individual or in your capacity as a |
| 10:35:54 | 24 | representative of Movers Connection? |
| 10:35:55 | 25 | A.  I'm pleading the Fifth. |

3 (Pages 9 to 12)

Shifrin (Debtor)                    **SARAH MARIE THORPE**                    4/22/2015

13

| | | |
|---|---|---|
| 10:35:56 | 1 | Q. Do you know Mike DuPree? |
| 10:36:09 | 2 | A. I will plead the Fifth on that |
| 10:36:11 | 3 | Q. Are you pleading the Fifth in your personal |
| 10:36:15 | 4 | capacity or in your capacity as a representative of |
| 10:36:18 | 5 | Movers Connection? |
| 10:36:18 | 6 | A. I will plead the Fifth on that |
| 10:36:20 | 7 | Q. Do you know the officers and directors of |
| 10:36:24 | 8 | Movers Connection? |
| 10:36:24 | 9 | A. I will plead the Fifth on that |
| 10:36:26 | 10 | Q. Do you understand that the company is |
| 10:36:29 | 11 | obligated to produce a witness that can testify on this |
| 10:36:32 | 12 | topic? |
| 10:36:32 | 13 | A. I will plead the Fifth on that |
| 10:36:34 | 14 | Q. Are you pleading the Fifth in your personal |
| 10:36:36 | 15 | capacity or in the capacity as the representative of |
| 10:36:41 | 16 | Movers Connection? |
| 10:36:42 | 17 | A. The Fifth again. |
| 10:36:44 | 18 | Q. Is Movers Connection owned by Leo Shifrin? |
| 10:36:49 | 19 | A. I'm pleading the Fifth on that. |
| 10:36:51 | 20 | Q. Again, do you understand that the company, |
| 10:36:57 | 21 | Movers Connection, is obligated to produce a witness |
| 10:36:59 | 22 | that can testify to this topic? |
| 10:37:01 | 23 | A. I will plead the Fifth on that |
| 10:37:02 | 24 | MR. SHIFRIN: I object. You're repeating |
| 10:37:06 | 25 | the same questions. Movers Connection already produced |

14

| | | |
|---|---|---|
| 10:37:11 | 1 | someone that spoke to you on the record in November of |
| 10:37:14 | 2 | last year. |
| 10:37:19 | 3 | MS. KANAN: Can we go off the record |
| 10:37:22 | 4 | THE VIDEOGRAPHER: Going off the record at |
| 10:37:23 | 5 | 10:37. |
| 10:37:35 | 6 | (Recess taken, 10:37 a.m. to 10:39 a.m.) |
| 10:39:25 | 7 | THE VIDEOGRAPHER: We are back on the |
| 10:39:33 | 8 | record at 10:39. |
| 10:39:37 | 9 | Q. (BY MS. KANAN) You're not aware of any |
| 10:39:39 | 10 | owners of Movers Connection, are you? |
| 10:39:42 | 11 | A. I'm pleading the Fifth |
| 10:39:43 | 12 | Q. Are you pleading the Fifth in your personal |
| 10:39:43 | 13 | capacity or in your capacity as representative of |
| 10:39:48 | 14 | Movers Connection? |
| 10:39:48 | 15 | A. I'm pleading the Fifth as well. |
| 10:39:50 | 16 | Q. Isn't it true that Sofia Shifrin does not |
| 10:39:56 | 17 | own Movers Connection? |
| 10:39:57 | 18 | A. I'm going to plead the Fifth on that. |
| 10:40:00 | 19 | Q. You understand that the company is |
| 10:36:57 | 20 | obligated to produce a witness that can testify on this |
| 10:40:04 | 21 | topic? |
| 10:40:04 | 22 | A. I'm going to plead the Fifth as well |
| 10:40:05 | 23 | Q. Are you pleading the Fifth in your capacity |
| 10:40:05 | 24 | as an individual or in your capacity as a |
| 10:40:07 | 25 | representative of Movers Connection? |

15

| | | |
|---|---|---|
| 10:40:07 | 1 | A. I'm going to plead the Fifth |
| 10:40:10 | 2 | Q. Isn't it true that Movers Connection |
| 10:40:13 | 3 | acquired the assets of 67th Avenue, Inc.? |
| 10:40:19 | 4 | A. I will plead the Fifth on that. |
| 10:40:23 | 5 | Q. Do you understand that the company is |
| 10:40:27 | 6 | obligated to produce a witness can that testify to this |
| 10:40:27 | 7 | topic? |
| 10:40:27 | 8 | A. I'm going to have to plead the Fifth. |
| 10:40:29 | 9 | Q. Are you pleading the Fifth in your capacity |
| 10:40:29 | 10 | as an individual or in your capacity as a |
| 10:40:31 | 11 | representative of Movers Connection? |
| 10:40:31 | 12 | A. I'm going to plead the Fifth. |
| 10:40:33 | 13 | Q. Isn't it true that Movers Connection is a |
| 10:40:37 | 14 | continuation of 67th Avenue, Inc.? |
| 10:40:39 | 15 | A. I'm going to plead the Fifth on that. |
| 10:40:41 | 16 | Q. You understand that the company is |
| 10:40:43 | 17 | obligated to produce a witness that can testify on this |
| 10:40:46 | 18 | topic? |
| 10:40:46 | 19 | A. I will plead the Fifth on that as well. |
| 10:40:49 | 20 | Q. Are you pleading the Fifth in your personal |
| 10:40:49 | 21 | capacity or in your capacity as a representative of |
| 10:40:52 | 22 | Movers Connection? |
| 10:40:52 | 23 | A. I'm going to plead the Fifth again. |
| 10:41:17 | 24 | (Deposition Exhibit 2 was marked.) |
| 10:41:17 | 25 | Q. You have what's marked as Exhibit 2 in |

16

| | | |
|---|---|---|
| 10:41:20 | 1 | front of you. Take a minute to look at it. It's the |
| 10:41:25 | 2 | email from Leo Shifrin to Kris Martinez on the first |
| 10:41:29 | 3 | page, Bates-labeled Martinez 61. Have you ever seen |
| 10:41:39 | 4 | this email before? |
| 10:41:40 | 5 | A. I'm going to plead the Fifth on that |
| 10:41:43 | 6 | Q. Are you pleading the Fifth in your personal |
| 10:41:47 | 7 | capacity or in your capacity as representative of |
| 10:41:50 | 8 | Movers Connection? |
| 10:41:50 | 9 | A. I'm going to plead the Fifth on that as |
| 10:41:52 | 10 | well. |
| 10:41:53 | 11 | Q. I will wait a minute until you finish |
| 10:42:20 | 12 | looking through the documents. |
| 10:42:20 | 13 | A. I'm finished. |
| 10:42:21 | 14 | Q. Isn't it true that Leo Shifrin sent Kris |
| 10:42:25 | 15 | Martinez an email with attachments applying for Movers |
| 10:42:27 | 16 | Connection as a continuation of 67th Avenue, Inc.? |
| 10:42:30 | 17 | A. I'm going to plead the Fifth on that |
| 10:42:32 | 18 | Q. Do you understand that the company -- |
| 10:42:35 | 19 | Movers Connection is obligated to produce a witness |
| 10:42:37 | 20 | that can testify to this topic? |
| 10:42:38 | 21 | A. I'm going to plead the Fifth as well |
| 10:42:40 | 22 | Q. Are you pleading the Fifth in your |
| 10:42:40 | 23 | individual capacity or in your capacity as a |
| 10:42:45 | 24 | representative of Movers Connection, Inc.? |
| 10:42:45 | 25 | A. I'm pleading the Fifth on that as well |

4 (Pages 13 to 16)

Shifrin (Debtor)                    SARAH MARIE THORPE                         4/22/2015

|  | 17 |
|---|---|

| 10:42:47 | 1 | Q. Who are the managers of Movers Connection? |
| 10:42:56 | 2 | A. I'm pleading the Fifth on that as well. |
| 10:42:58 | 3 | Q. Do you understand that the company is |
| 10:43:01 | 4 | obligated to produce a witness that can testify to this |
| 10:43:03 | 5 | topic? |
| 10:43:04 | 6 | A. I'm taking the Fifth on that. |
| 10:43:06 | 7 | Q. Are you pleading the Fifth in your personal |
| 10:43:06 | 8 | capacity or in your capacity as a representative of |
| 10:43:10 | 9 | Movers Connection? |
| 10:43:10 | 10 | A. The Fifth again, please. |
| 10:43:12 | 11 | Q. Isn't it true that Leo Shifrin manages the |
| 10:43:18 | 12 | day-to-day operation at Movers Connection? |
| 10:43:20 | 13 | A. I will plead the Fifth on that as well. |
| 10:43:22 | 14 | Q. You understand the company is obligated to |
| 10:43:25 | 15 | produce a witness that can testify to this topic? |
| 10:43:27 | 16 | A. I'm going to plead the Fifth on that as well. |
| 10:43:29 | 17 | Q. Are you pleading the Fifth in your |
| 10:43:29 | 18 | individual capacity or in your capacity as a |
| 10:43:34 | 19 | representative of Movers Connection? |
| 10:43:34 | 20 | A. I'm pleading the Fifth. |
| 10:43:35 | 21 | Q. Isn't it true that Leo Shifrin is the |
| 10:43:38 | 22 | person who has the authority to retain legal counsel |
| 10:43:42 | 23 | for Movers Connection? |
| 10:43:42 | 24 | A. I'm going to plead the Fifth on that. |
| 10:43:44 | 25 | Q. You understand the company is obligated to |

|  | 18 |
|---|---|

| 10:43:46 | 1 | provide a representative of the company that can |
| 10:43:48 | 2 | testify to this matter? |
| 10:43:49 | 3 | A. I'm pleading the Fifth. |
| 10:43:51 | 4 | Q. Are you pleading the Fifth in your |
| 10:43:53 | 5 | individual capacity or in your capacity as a |
| 10:43:55 | 6 | representative of Movers Connection? |
| 10:43:57 | 7 | A. I'm pleading the Fifth as well. |
| 10:43:58 | 8 | Q. Isn't it true that Mr. Shifrin maintains |
| 10:44:07 | 9 | the books and records of Movers Connection? |
| 10:44:08 | 10 | A. I'm pleading the Fifth. |
| 10:44:10 | 11 | Q. And you understand that the company is |
| 10:44:12 | 12 | obligated to produce a witness that can testify to this |
| 10:44:15 | 13 | matter? |
| 10:44:15 | 14 | A. I'm going to plead the Fifth as well. |
| 10:44:18 | 15 | Q. Are you pleading the Fifth in your capacity |
| 10:44:18 | 16 | as an individual or in your capacity as a |
| 10:44:23 | 17 | representative of Movers Connection? |
| 10:44:23 | 18 | A. I'm pleading the Fifth |
| 10:44:26 | 19 | Q. Does Movers Connection have an accountant |
| 10:44:37 | 20 | that -- an outside accountant? |
| 10:44:40 | 21 | A. I'm pleading the Fifth. |
| 10:44:43 | 22 | Q. Do you understand that the company is |
| 10:44:45 | 23 | obligated to produce a witness that can testify to this |
| 10:44:48 | 24 | matter? |
| 10:44:48 | 25 | A. I'm going to plead the Fifth. |

|  | 19 |
|---|---|

| 10:44:51 | 1 | Q. Are you pleading the Fifth in your |
| 10:44:51 | 2 | individual capacity or in your capacity as a |
| 10:44:52 | 3 | representative of Movers Connection? |
| 10:44:52 | 4 | A. I'm going to plead the Fifth again. |
| 10:44:56 | 5 | Q. Isn't it true that Leo Shifrin has control |
| 10:45:07 | 6 | of the documents related to Movers Connection's |
| 10:45:10 | 7 | financial affairs? |
| 10:45:11 | 8 | A. I'm pleading the Fifth on that. |
| 10:45:13 | 9 | Q. Do you understand that the company is |
| 10:45:17 | 10 | obligated to produce a witness on that matter? |
| 10:45:19 | 11 | A. I'm going to plead the Fifth as well. |
| 10:45:21 | 12 | Q. Are you pleading the Fifth in your |
| 10:45:23 | 13 | individual capacity or in your capacity as a |
| 10:45:25 | 14 | representative of Movers Connection? |
| 10:45:25 | 15 | A. Again, the Fifth |
| 10:45:58 | 16 | (Deposition Exhibit 3 was marked.) |
| 10:45:58 | 17 | Q. You have before you Exhibit 3, which is a |
| 10:46:05 | 18 | copy of 67th, Inc., balance sheet profit and loss |
| 10:46:13 | 19 | statement for 2012. |
| 10:46:17 | 20 | A. Yes, I have it in front of me. |
| 10:46:19 | 21 | Q. Have you ever seen these documents? |
| 10:46:21 | 22 | A. I will plead the Fifth. |
| 10:46:22 | 23 | Q. Are you pleading the Fifth in your |
| 10:46:22 | 24 | individual capacity or in your capacity as a |
| 10:46:29 | 25 | representative of Movers Connection? |

| 10:46:29 | 1 | A. Again, the Fifth. |
| 10:46:30 | 2 | Q. Isn't it true that Leo Shifrin generates |
| 10:46:34 | 3 | these balance sheets and profit and loss sheets for the |
| 10:46:38 | 4 | company, Movers Connection? |
| 10:46:39 | 5 | A. I will plead the Fifth on that as well. |
| 10:46:41 | 6 | Q. Do you understand that the company is |
| 10:46:43 | 7 | obligated to produce a witness that can testify to this |
| 10:46:46 | 8 | matter? |
| 10:46:46 | 9 | A. I will plead the Fifth. |
| 10:46:47 | 10 | Q. Are you pleading the Fifth in your |
| 10:46:47 | 11 | individual capacity or in your capacity as a |
| 10:46:49 | 12 | representative of Movers Connection? |
| 10:46:49 | 13 | A. I'm pleading the Fifth. |
| 10:46:54 | 14 | Q. Isn't it true that Leo Shifrin pays all of |
| 10:47:15 | 15 | the bills related to Movers Connection? |
| 10:47:16 | 16 | A. I will plead the Fifth on that. |
| 10:47:18 | 17 | Q. Do you understand that the company is |
| 10:47:21 | 18 | obligated to produce an individual that can testify to |
| 10:47:23 | 19 | that matter? |
| 10:47:24 | 20 | A. I will plead the Fifth on that. |
| 10:47:26 | 21 | Q. Are you pleading the Fifth in your |
| 10:47:26 | 22 | individual capacity or in your capacity as a |
| 10:47:28 | 23 | representative of Movers Connection? |
| 10:47:28 | 24 | A. Again, the Fifth |
| 10:47:31 | 25 | Q. What payroll system does Movers Connection |

scheduling@huntergeist.com          HUNTER + GEIST, INC.          303-832-5966/800-525-8490

Shifrin (Debtor)                     **SARAH MARIE THORPE**                            4/22/2015

21

| | |
|---|---|
| 10:47:47 | 1  use? |
| 10:47:47 | 2   A. I will plead the Fifth. |
| 10:47:48 | 3   Q. Do you understand that Movers Connection is |
| 10:47:50 | 4  obligated to produce a witness that can testify to this |
| 10:47:54 | 5  matter? |
| 10:47:54 | 6   A. I will plead the Fifth on that. |
| 10:47:56 | 7   Q. Are you pleading the Fifth in your |
| 10:47:56 | 8  individual capacity or in your capacity as a |
| 10:47:58 | 9  representative of Movers Connection? |
| 10:47:58 | 10  A. As well the Fifth on that. |
| 10:48:03 | 11  Q. Ms. Thorpe, can you identify all operating |
| 10:48:07 | 12  accounts for Movers Connection? |
| 10:48:09 | 13  A. I'm going to have to plead the Fifth on |
| 10:48:11 | 14  that as well. |
| 10:48:11 | 15  Q. You understand the company is obligated to |
| 10:48:16 | 16  produce a witness that can testify on this matter? |
| 10:48:18 | 17  A. I'm pleading the Fifth. |
| 10:48:20 | 18  Q. Are you pleading the Fifth in your |
| 10:48:20 | 19  individual capacity or in your capacity as a |
| 10:48:21 | 20  representative of Movers Connection? |
| 10:48:21 | 21  A. I'm pleading the Fifth. |
| 10:48:23 | 22  Q. Isn't it true that you're an account signer |
| 10:48:29 | 23  on a Movers Connection account? |
| 10:48:30 | 24  A. I'm pleading the Fifth on that as well. |
| 10:48:32 | 25  Q. Do you understand that the company is |

22

| | |
|---|---|
| 10:48:34 | 1  obligated to produce a witness that can testify to this |
| 10:48:37 | 2  matter? |
| 10:48:38 | 3   A. I'm pleading the Fifth on that as well |
| 10:48:40 | 4   Q. Are you pleading the Fifth in your |
| 10:48:42 | 5  individual capacity or in your capacity as a |
| 10:48:44 | 6  representative of Movers Connection? |
| 10:48:46 | 7   A. Again, the Fifth. |
| 10:48:47 | 8   Q. Isn't it true that Leo Shifrin uses a debit |
| 10:48:51 | 9  card related to an operating account of Movers |
| 10:48:55 | 10  Connection? |
| 10:48:55 | 11  A. I'm going to plead the Fifth on that. |
| 10:48:56 | 12  Q. Do you understand that the company is |
| 10:49:00 | 13  obligated to produce a witness that can testify to this |
| 10:49:02 | 14  matter? |
| 10:49:03 | 15  A. I will plead the Fifth as well. |
| 10:49:04 | 16  Q. Are you pleading the Fifth in your |
| 10:49:04 | 17  individual capacity or in your capacity as a |
| 10:49:11 | 18  representative of Movers Connection? |
| 10:49:11 | 19  A. I'm going to plead the Fifth. |
| 10:49:13 | 20  Q. Isn't it true that Leo Shifrin uses other |
| 10:49:19 | 21  individuals signature stamps to write checks? |
| 10:49:22 | 22  A. I'm going to plead the Fifth on that |
| 10:49:24 | 23  Q. You understand the company, Movers |
| 10:49:28 | 24  Connection, is obligated to produce a witness that can |
| 10:49:31 | 25  testify to this matter? |

23

| | |
|---|---|
| 10:49:32 | 1   A. I will plead the Fifth on that |
| 10:49:34 | 2   Q. Are you pleading the Fifth in your personal |
| 10:49:34 | 3  capacity or in your capacity as a representative of |
| 10:49:36 | 4  Movers Connection? |
| 10:49:36 | 5   A. I'm going to plead the Fifth as well |
| 10:49:40 | 6   Q. What's the profit margin each month for |
| 10:49:50 | 7  Movers Connection? |
| 10:49:50 | 8   A. I will plead the Fifth on that |
| 10:49:52 | 9   Q. Do you understand that the company is |
| 10:49:54 | 10  obligated to produce a witness that can testify to this |
| 10:49:56 | 11  matter? |
| 10:49:56 | 12  A. I will plead the Fifth as well. |
| 10:49:58 | 13  Q. Are you pleading the Fifth in your |
| 10:50:02 | 14  individual capacity or in your capacity as a |
| 10:50:02 | 15  representative of Movers Connection? |
| 10:50:02 | 16  A. Pleading the Fifth |
| 10:50:04 | 17  Q. Isn't it true that Leo Shifrin receives all |
| 10:50:07 | 18  net profits from Movers Connection? |
| 10:50:09 | 19  A. Pleading the Fifth. |
| 10:50:11 | 20  Q. Do you understand that Movers Connection is |
| 10:50:13 | 21  obligated to provides a witness to testify to this |
| 10:50:16 | 22  matter? |
| 10:50:16 | 23  A. I will plead the Fifth. |
| 10:50:17 | 24  Q. Are you pleading the Fifth in your |
| 10:50:17 | 25  individual capacity or in your capacity as a |

24

| | |
|---|---|
| 10:50:19 | 1  representative of Movers Connection? |
| 10:50:19 | 2   A. I'm pleading the Fifth as well. |
| 10:50:26 | 3   Q. Can you please identify all trucks owned or |
| 10:50:31 | 4  leased by Movers Connection? |
| 10:50:32 | 5   A. I'm pleading the Fifth as well. |
| 10:50:34 | 6   Q. Do you understand that Movers Connection is |
| 10:50:36 | 7  obligated to produce a witness that can testify to this |
| 10:50:38 | 8  matter? |
| 10:50:39 | 9   A. I will plead the Fifth. |
| 10:50:40 | 10  Q. Are you pleading the Fifth in your |
| 10:50:40 | 11  individual capacity or in your capacity as a |
| 10:50:42 | 12  representative of Movers Connection? |
| 10:50:42 | 13  A. Again, the Fifth |
| 10:50:48 | 14  Q. Isn't it true that Leo Shifrin decides what |
| 10:51:21 | 15  trucks to lease and how many for Movers Connection? |
| 10:51:24 | 16  A. I'm going to plead the Fifth on that. |
| 10:51:27 | 17  Q. Do you understand that Movers Connection is |
| 10:51:29 | 18  obligated to produce a witness that can testify to this |
| 10:51:31 | 19  matter? |
| 10:51:32 | 20  A. I'm pleading the Fifth |
| 10:51:33 | 21  Q. Are you pleading the Fifth in your |
| 10:51:33 | 22  individual capacity or in your capacity as a |
| 10:51:34 | 23  representative of Movers Connection? |
| 10:51:34 | 24  A. I'm going to plead the Fifth as well |
| 10:51:40 | 25  Q. What's the value of the company trucks that |

6 (Pages 21 to 24)

**Shifrin (Debtor)**　　　　**SARAH MARIE THORPE**　　　　**4/22/2015**

<table>
<tr><td colspan="2" align="right">25</td></tr>
<tr><td>10:51:48</td><td>1</td><td>are owned by Movers Connection?</td></tr>
<tr><td>10:51:50</td><td>2</td><td>A. I'm going to plead the Fifth on that.</td></tr>
<tr><td>10:51:54</td><td>3</td><td>Q. Do you understand that Movers Connection is</td></tr>
<tr><td>10:51:56</td><td>4</td><td>obligated to produce a witness to testify to that</td></tr>
<tr><td>10:51:58</td><td>5</td><td>matter?</td></tr>
<tr><td>10:51:59</td><td>6</td><td>A. I will take the Fifth on that.</td></tr>
<tr><td>10:52:00</td><td>7</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:52:00</td><td>8</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:52:06</td><td>9</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:52:06</td><td>10</td><td>A. I'm pleading the Fifth on that as well.</td></tr>
<tr><td>10:52:08</td><td>11</td><td>Q. Let's turn back to Exhibit 1. Could you</td></tr>
<tr><td>10:53:01</td><td>12</td><td>please look at page 2 and do you see the section on the</td></tr>
<tr><td>10:53:10</td><td>13</td><td>top of the page that says "You are commanded to produce</td></tr>
<tr><td>10:53:13</td><td>14</td><td>and permit inspection and copying of the following</td></tr>
<tr><td>10:53:16</td><td>15</td><td>documents or objects at the place, date, and time</td></tr>
<tr><td>10:53:20</td><td>16</td><td>specified below"?</td></tr>
<tr><td>10:53:21</td><td>17</td><td>A. I do see it.</td></tr>
<tr><td>10:53:22</td><td>18</td><td>Q. Did you personally compile documents on</td></tr>
<tr><td>10:53:25</td><td>19</td><td>behalf of Movers Connection that were produced to</td></tr>
<tr><td>10:53:31</td><td>20</td><td>Lindquist & Vennum?</td></tr>
<tr><td>10:53:31</td><td>21</td><td>A. I'm pleading the Fifth on that as well.</td></tr>
<tr><td>10:53:36</td><td>22</td><td>Q. Do you understand that the company is</td></tr>
<tr><td>10:53:39</td><td>23</td><td>required to produce a witness that can testify to this</td></tr>
<tr><td>10:53:39</td><td>24</td><td>matter?</td></tr>
<tr><td>10:53:39</td><td>25</td><td>A. I will plead the Fifth.</td></tr>
</table>

<table>
<tr><td colspan="2" align="right">26</td></tr>
<tr><td>10:53:41</td><td>1</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:53:41</td><td>2</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:53:43</td><td>3</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:53:43</td><td>4</td><td>A. Pleading the fifth as well.</td></tr>
<tr><td>10:53:49</td><td>5</td><td>Q. Isn't it true that -- excuse me.</td></tr>
<tr><td>10:54:19</td><td>6</td><td>(Deposition Exhibit 4 was marked.)</td></tr>
<tr><td>10:54:20</td><td>7</td><td>Q. You now have Exhibit 4 in front of you.</td></tr>
<tr><td>10:54:24</td><td>8</td><td>These are all of the documents produced by Movers</td></tr>
<tr><td>10:54:27</td><td>9</td><td>Connection pursuant to this subpoena that is Exhibit 1.</td></tr>
<tr><td>10:54:35</td><td>10</td><td>Did you personally compile these documents?</td></tr>
<tr><td>10:54:37</td><td>11</td><td>A. I'm going to plead the Fifth on that.</td></tr>
<tr><td>10:54:41</td><td>12</td><td>Q. You understand that the company is</td></tr>
<tr><td>10:53:39</td><td>13</td><td>obligated to produce a witness that can testify to this</td></tr>
<tr><td>10:53:39</td><td>14</td><td>matter?</td></tr>
<tr><td>10:54:44</td><td>15</td><td>A. I'm taking the Fifth on that.</td></tr>
<tr><td>10:54:46</td><td>16</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:54:46</td><td>17</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:54:48</td><td>18</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:54:48</td><td>19</td><td>A. I'm pleading the Fifth on that as well.</td></tr>
<tr><td>10:54:54</td><td>20</td><td>Q. Isn't it true that Leo Shifrin compiled</td></tr>
<tr><td>10:54:57</td><td>21</td><td>these documents on behalf of Movers Connection?</td></tr>
<tr><td>10:54:58</td><td>22</td><td>A. I'm pleading the fifth.</td></tr>
<tr><td>10:55:00</td><td>23</td><td>Q. Do you understand that the company is</td></tr>
<tr><td>10:55:02</td><td>24</td><td>obligated to produce a witness that can testify to this</td></tr>
<tr><td>10:55:04</td><td>25</td><td>matter?</td></tr>
</table>

<table>
<tr><td colspan="2" align="right">27</td></tr>
<tr><td>10:55:04</td><td>1</td><td>A. I'm pleading the fifth on that as well.</td></tr>
<tr><td>10:55:07</td><td>2</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:55:07</td><td>3</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:55:12</td><td>4</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:55:12</td><td>5</td><td>A. I'm pleading the fifth on that one, too</td></tr>
<tr><td>10:55:15</td><td>6</td><td>Q. Can you please turn to page 8 of Exhibit 1.</td></tr>
<tr><td>10:55:50</td><td>7</td><td>On page 8 is the beginning of the request for</td></tr>
<tr><td>10:55:53</td><td>8</td><td>production of documents pursuant to the subpoena. The</td></tr>
<tr><td>10:55:58</td><td>9</td><td>first request asks for "all documents related to the</td></tr>
<tr><td>10:56:01</td><td>10</td><td>formation, ownership of Movers Connection, Inc., and</td></tr>
<tr><td>10:56:04</td><td>11</td><td>any and all subsequent changes in ownership control</td></tr>
<tr><td>10:56:07</td><td>12</td><td>and/or trade or business names used for the purposes of</td></tr>
<tr><td>10:56:10</td><td>13</td><td>the company's operation."</td></tr>
<tr><td>10:56:14</td><td>14</td><td>Isn't it true that Leo Shifrin refused to</td></tr>
<tr><td>10:56:17</td><td>15</td><td>produce these documents on behalf of Movers Connection?</td></tr>
<tr><td>10:56:19</td><td>16</td><td>A. I'm going to plead the Fifth on that.</td></tr>
<tr><td>10:56:23</td><td>17</td><td>Q. Do you understand the company obligated to</td></tr>
<tr><td>10:56:27</td><td>18</td><td>produce a witness that can testify to this matter?</td></tr>
<tr><td>10:56:27</td><td>19</td><td>A. I will plead the Fifth on that</td></tr>
<tr><td>10:56:30</td><td>20</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:56:30</td><td>21</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:56:33</td><td>22</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:56:33</td><td>23</td><td>A. I'm going to plead the Fifth on that.</td></tr>
<tr><td>10:56:37</td><td>24</td><td>Q. You understand that the documents requested</td></tr>
<tr><td>10:56:39</td><td>25</td><td>in this first request were never produced?</td></tr>
</table>

<table>
<tr><td colspan="2" align="right">28</td></tr>
<tr><td>10:56:42</td><td>1</td><td>A. I'm pleading the Fifth on that.</td></tr>
<tr><td>10:56:44</td><td>2</td><td>Q. Do you understand that the company is</td></tr>
<tr><td>10:56:47</td><td>3</td><td>required to produce a witness that can testify to this</td></tr>
<tr><td>10:56:50</td><td>4</td><td>matter?</td></tr>
<tr><td>10:56:50</td><td>5</td><td>A. I'm pleading the Fifth on that as well</td></tr>
<tr><td>10:56:53</td><td>6</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:56:53</td><td>7</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:56:57</td><td>8</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:56:57</td><td>9</td><td>A. I'm going to take the Fifth on that as</td></tr>
<tr><td>10:57:01</td><td>10</td><td>well.</td></tr>
<tr><td>10:57:01</td><td>11</td><td>Q. Request No. 2 states "requests all</td></tr>
<tr><td>10:57:06</td><td>12</td><td>documents relating to the original capitalization of</td></tr>
<tr><td>10:57:09</td><td>13</td><td>Movers Connection, Inc., in its acquisition of assets,</td></tr>
<tr><td>10:57:12</td><td>14</td><td>inventory, and equipment necessary for operation."</td></tr>
<tr><td>10:57:15</td><td>15</td><td>Isn't it true that Leo Shifrin refused to produce these</td></tr>
<tr><td>10:57:17</td><td>16</td><td>documents on behalf of Movers Connection?</td></tr>
<tr><td>10:57:19</td><td>17</td><td>A. I'm going to plead the Fifth.</td></tr>
<tr><td>10:57:21</td><td>18</td><td>Q. Do you understand the company obligated</td></tr>
<tr><td>10:57:23</td><td>19</td><td>to produce a witness that can testify to this matter?</td></tr>
<tr><td>10:57:25</td><td>20</td><td>A. I'm pleading the Fifth as well</td></tr>
<tr><td>10:57:31</td><td>21</td><td>Q. Are you pleading the Fifth in your</td></tr>
<tr><td>10:57:31</td><td>22</td><td>individual capacity or in your capacity as a</td></tr>
<tr><td>10:57:31</td><td>23</td><td>representative of Movers Connection?</td></tr>
<tr><td>10:57:31</td><td>24</td><td>A. I'm pleading the fifth on that as well.</td></tr>
<tr><td>10:57:35</td><td>25</td><td>Q. Request No. 3 requests "all documents</td></tr>
</table>

7 (Pages 25 to 28)

Shifrin (Debtor)                    SARAH MARIE THORPE                    4/22/2015

29

| | | |
|---|---|---|
| 10:57:39 | 1 | necessary to confirm the amount of gross and net |
| 10:57:40 | 2 | revenue and any and all profits or losses for income in |
| 10:57:44 | 3 | any form earned by Movers Connection, Inc., since its |
| 10:57:47 | 4 | formation, included but not limited to the years 2010, |
| 10:57:52 | 5 | 2011, 2012, 2013, 2014, 2015.  This request |
| 10:58:00 | 6 | specifically includes the following categories of |
| 10:58:03 | 7 | documents, company general ledgers, company records, |
| 10:58:07 | 8 | accounting records, audited and unaudited financial |
| 10:58:11 | 9 | statements, balance sheets, payroll records, commission |
| 10:58:15 | 10 | spreadsheets, employment records, profit and loss |
| 10:58:18 | 11 | statements, accounts payable reports, distributions |
| 10:58:23 | 12 | paid records, accounts receivable reports, inventory |
| 10:58:27 | 13 | reports, bank statements, check registers, invoices, |
| 10:58:30 | 14 | receipts, contracts, deposit slips, withdrawals slips, |
| 10:58:36 | 15 | wire transfer records, money orders, accounting |
| 10:58:39 | 16 | spreadsheets, credit card statements, brokerage account |
| 10:58:43 | 17 | statements, insurance records and state and federal tax |
| 10:58:46 | 18 | returns." |
| 10:58:48 | 19 | A. I'm pleading the Fifth on that as well |
| 10:58:52 | 20 | Q. You're pleading the Fifth on whether or not |
| 10:58:52 | 21 | that's what the request is requesting? |
| 10:58:56 | 22 | A. I apologize.  I thought you were asking me |
| 10:58:57 | 23 | a question. |
| 10:58:58 | 24 | Q. So you agree that's what the request is |
| 10:59:00 | 25 | requesting, what I just read? |

30

| | | |
|---|---|---|
| 10:59:02 | 1 | A. I agree that's what the document says on |
| 10:59:07 | 2 | page 8, No. 3 in front of me |
| 10:59:09 | 3 | Q. Isn't it true that Leo Shifrin refused to |
| 10:59:13 | 4 | produce the documents requested in Request No. 3 on |
| 10:59:16 | 5 | behalf of Movers Connection? |
| 10:59:17 | 6 | A. I will plead the Fifth as well. |
| 10:59:19 | 7 | Q. Do you understand that the company is |
| 10:59:20 | 8 | obligated to produce a witness that can testify to this |
| 10:59:23 | 9 | matter? |
| 10:59:23 | 10 | A. I will plead the Fifth as well |
| 10:59:26 | 11 | Q. Are you pleading the Fifth in your |
| 10:59:27 | 12 | individual capacity or in your capacity as |
| 10:59:30 | 13 | representative of Movers Connection? |
| 10:59:32 | 14 | A. I'm pleading the Fifth as well. |
| 10:59:33 | 15 | Q. Request No. 4 requests "all employment |
| 10:59:40 | 16 | records -- agreements of any individual employed by |
| 10:59:42 | 17 | Movers Connection during the time period.  The time |
| 10:59:46 | 18 | period is defined in this exhibit from June 1st, 2010, |
| 10:59:53 | 19 | to present."  Isn't it true that Leo Shifrin refused to |
| 10:59:56 | 20 | produce these records requested in Request No. 4 on |
| 10:59:59 | 21 | behalf of Movers Connection? |
| 11:00:00 | 22 | A. I'm pleading the fifth on that |
| 11:00:02 | 23 | Q. Do you understand that the company is |
| 11:00:05 | 24 | obligated to produce a witness who can testify to that |
| 11:00:09 | 25 | matter? |

31

| | | |
|---|---|---|
| 11:00:09 | 1 | A. I'm pleading the Fifth again. |
| 11:00:09 | 2 | Q. Are you pleading the Fifth in your |
| 11:00:11 | 3 | individual capacity or as a representative of Movers |
| 11:00:15 | 4 | Connection? |
| 11:00:15 | 5 | A. Again, the Fifth. |
| 11:00:16 | 6 | Q. Request No. 5 requests "all company |
| 11:00:19 | 7 | records, payroll records, bank statements, income tax |
| 11:00:23 | 8 | returns, W-2 forms, Form 1040 of Movers Connection |
| 11:00:28 | 9 | during the time period."  Isn't it true that Leo |
| 11:00:31 | 10 | Shifrin refused to produce the records requested in |
| 11:00:35 | 11 | Request No. 5 on behalf of Movers Connection, Inc.? |
| 11:00:37 | 12 | A. I'm taking the Fifth on that as well. |
| 11:00:40 | 13 | Q. Do you understand the company is obligated |
| 11:00:42 | 14 | to produce a witness that can testify to this matter? |
| 11:00:45 | 15 | A. Pleading the Fifth again |
| 11:00:46 | 16 | Q. Are you pleading the Fifth in your |
| 11:00:11 | 17 | individual capacity or in your capacity as a |
| 11:00:12 | 18 | representative of Movers Connection? |
| 11:00:52 | 19 | A. Again, the Fifth. |
| 11:00:52 | 20 | Q. Request No. 6 requests "an itemization of |
| 11:00:57 | 21 | all computers used for purposes of the operations of |
| 11:01:00 | 22 | Movers Connection since its formation."  Isn't it true |
| 11:01:05 | 23 | that Leo Shifrin refused to produce the documents |
| 11:01:08 | 24 | related to Request No. 6 on behalf of Movers |
| 11:01:11 | 25 | Connection? |

32

| | | |
|---|---|---|
| 11:01:11 | 1 | A. I'm pleading the fifth on that as well |
| 11:01:16 | 2 | Q. Do you understand the company is obligated |
| 11:01:18 | 3 | to produce a witness that can testify to this matter? |
| 11:01:20 | 4 | A. I'm pleading the fifth as well. |
| 11:01:23 | 5 | Q. Are you pleading the Fifth in your |
| 11:00:11 | 6 | individual capacity or in your capacity as a |
| 11:00:12 | 7 | representative of Movers Connection? |
| 11:01:24 | 8 | A. I'm pleading the fifth. |
| 11:01:29 | 9 | Q. Request No. 7 requests "an itemization of |
| 11:01:34 | 10 | all email accounts, individual or corporate, used for |
| 11:01:37 | 11 | purposes of the business operations of Movers |
| 11:01:39 | 12 | Connection since it's formation."  Isn't it true that |
| 11:01:42 | 13 | Leo Shifrin refused to produce documents requested in |
| 11:01:45 | 14 | Request No. 7 on behalf of Movers Connection? |
| 11:01:47 | 15 | A. I'm pleading the Fifth on that. |
| 11:01:49 | 16 | Q. Do you understand that the company is |
| 11:01:51 | 17 | obligated to produce a witness that can testify to this |
| 11:01:55 | 18 | matter? |
| 11:01:55 | 19 | A. I'm pleading the Fifth on that as well |
| 11:02:00 | 20 | Q. Are you pleading the Fifth in your |
| 11:00:11 | 21 | individual capacity or in your capacity as a |
| 11:00:12 | 22 | representative of Movers Connection? |
| 11:02:02 | 23 | A. The Fifth. |
| 11:02:04 | 24 | Q. Request No. 8 requests "all documents |
| 11:02:09 | 25 | necessary for the trustee to determine the net worth, |

8 (Pages 29 to 32)

Shifrin (Debtor)                    SARAH MARIE THORPE                    4/22/2015

33

| 11:02:13 | 1 | assets and liabilities of the company from formation to |
| 11:02:16 | 2 | present, including but not limited to tax records and |
| 11:02:20 | 3 | all documents relating to all tax liabilities for each |
| 11:02:23 | 4 | year, for any real estate owned all documents relating |
| 11:02:26 | 5 | to the evaluation of the real estate and the |
| 11:02:28 | 6 | indebtedness secured by the real estate, all financial |
| 11:02:32 | 7 | statements audited or unaudited for each year, all |
| 11:02:36 | 8 | documents related to and necessary to determine the net |
| 11:02:38 | 9 | income, operating profits, and cash of each for each |
| 11:02:43 | 10 | year, all documents necessary to determine the original |
| 11:02:46 | 11 | and ongoing capitalization for each year, an |
| 11:02:50 | 12 | itemization of all assets owned by year, including |
| 11:02:53 | 13 | evaluation of any assets owned in the amounts of any |
| 11:02:56 | 14 | liens or security interests related to the assets |
| 11:03:00 | 15 | disclosed." Isn't it true that Leo Shifrin refused to |
| 11:03:03 | 16 | produce the documents requested in Request No. 8 on |
| 11:03:06 | 17 | behalf of Movers Connection? |
| 11:03:06 | 18 | A. I'm going to plead the Fifth on that |
| 11:03:09 | 19 | Q. Do you understand that the company is |
| 11:03:12 | 20 | obligated to produce a witness that can testify to this |
| 11:03:14 | 21 | matter? |
| 11:03:14 | 22 | A. I'm pleading the Fifth as well. |
| 11:03:16 | 23 | Q. Are you pleading the Fifth in your |
| 11:03:16 | 24 | individual capacity or in your capacity as a |
| 11:03:17 | 25 | representative of Movers Connection? |

34

| 11:03:17 | 1 | A. Again, the Fifth. |
| 11:03:25 | 2 | Q. Request No. 9 requests "all documents and |
| 11:03:27 | 3 | communications relating to payments or Square accounts |
| 11:03:29 | 4 | or other credit card processing accounts." Isn't it |
| 11:03:33 | 5 | true that Leo Shifrin refused to produce the documents |
| 11:03:36 | 6 | requested in Request No. 9 on behalf of Movers |
| 11:03:39 | 7 | Connection? |
| 11:03:39 | 8 | A. I'm pleading the Fifth on that |
| 11:03:41 | 9 | Q. Do you understand that Movers Connection is |
| 11:03:43 | 10 | required to produce a witness that can testify to this |
| 11:03:45 | 11 | matter? |
| 11:03:46 | 12 | A. I will plead the Fifth as well. |
| 11:03:47 | 13 | Q. Are you pleading the Fifth in your |
| 11:03:47 | 14 | individual capacity or in your capacity as a |
| 11:03:50 | 15 | representative of Movers Connection? |
| 11:03:50 | 16 | A. Again, the Fifth. |
| 11:03:54 | 17 | Q. Request No. 10 requests "all documents |
| 11:04:00 | 18 | relating to any storage facilities or vault used by Leo |
| 11:04:04 | 19 | Shifrin, Qilly Shifrin, Mark Shifrin or Sofia Shifrin |
| 11:04:08 | 20 | for any company owned, operated or controlled by those |
| 11:04:10 | 21 | individuals during the time period." |
| 11:04:12 | 22 | A. I'm pleading the Fifth on that  I'm sorry |
| 11:04:18 | 23 | I'm jumping ahead of you |
| 11:04:18 | 24 | Q. You agree that I have just read |
| 11:04:20 | 25 | Request No. 10? |

35

| 11:04:21 | 1 | A. I agree that you correctly read No. 10 on |
| 11:04:25 | 2 | page 9  My apologies |
| 11:04:26 | 3 | Q. Isn't it true that Leo Shifrin refused to |
| 11:04:30 | 4 | produce the documents requested in Request No. 7 on |
| 11:04:33 | 5 | behalf of Movers Connection? |
| 11:04:35 | 6 | A. Do you mean 7 or 10? |
| 11:04:37 | 7 | Q. I meant No. 10. |
| 11:04:39 | 8 | A. On Question 10 I'm taking the Fifth. |
| 11:04:41 | 9 | Q. Do you understand that Movers Connection is |
| 11:04:43 | 10 | required to produce a witness that can testify to this |
| 11:04:46 | 11 | matter? |
| 11:04:46 | 12 | A. Pleading the Fifth as well. |
| 11:04:47 | 13 | Q. Are you pleading the Fifth in your |
| 11:04:47 | 14 | individual capacity or in your capacity as a |
| 11:04:50 | 15 | representative of Movers Connection? |
| 11:04:50 | 16 | A. I'm going to plead the Fifth. |
| 11:04:54 | 17 | Q. Request No. 11 requests "a complete |
| 11:04:58 | 18 | accounting of all inventory and customers of Movers |
| 11:05:04 | 19 | Connection, Inc., since its formation." Isn't it true |
| 11:05:04 | 20 | that Leo Shifrin refused to produce the documents |
| 11:05:07 | 21 | requested in Request No. 11 on behalf of Movers |
| 11:05:11 | 22 | Connection? |
| 11:05:11 | 23 | A. I'm going to plead the Fifth. |
| 11:05:13 | 24 | Q. Do you understand the company is obligated |
| 11:05:16 | 25 | to produce a witness that can testify to this matter? |

| 11:05:18 | 1 | A. Pleading the fifth. |
| 11:05:25 | 2 | Q. Are you pleading the Fifth in your |
| 11:05:25 | 3 | individual capacity or in your capacity as a |
| 11:05:26 | 4 | representative of Movers Connection? |
| 11:05:26 | 5 | A. Again, the Fifth. |
| 11:05:27 | 6 | Q. Request No. 12 requests "all documents |
| 11:05:30 | 7 | including payment or bank records necessary to confirm |
| 11:05:32 | 8 | any amount of funds, monetary funds, transfer of funds, |
| 11:05:37 | 9 | or gifts of any nature made by or through Movers |
| 11:05:41 | 10 | Connection to or for the benefit of Leo Shifrin, Qilly |
| 11:05:45 | 11 | Shifrin, Mark Shifrin, or Sofia Shifrin." |
| 11:05:48 | 12 | A. I'm pleading the -- never mind. |
| 11:05:50 | 13 | Q. Did I read Request No. 12 correct? |
| 11:05:51 | 14 | A You did and I'm sorry for interrupting |
| 11:05:54 | 15 | This is all new to me. |
| 11:05:56 | 16 | Q. Isn't it true that Leo Shifrin refused to |
| 11:06:01 | 17 | produce the documents requested in Request No. 12 on |
| 11:06:04 | 18 | behalf of Movers Connection? |
| 11:06:05 | 19 | A. I'm going to plead the Fifth on that |
| 11:06:08 | 20 | Q. Do you understand that Movers Connection is |
| 11:06:11 | 21 | obligated to produce a witness that can testify to this |
| 11:06:14 | 22 | matter? |
| 11:06:14 | 23 | A. I'm pleading the Fifth well |
| 11:06:16 | 24 | Q. Are you pleading the Fifth in your |
| 11:06:16 | 25 | individual capacity or in your capacity as a |

Shifrin (Debtor)                 SARAH MARIE THORPE                          4/22/2015

---

**37**

| | |
|---|---|
| 11:06:18 | 1 | representative of Movers Connection? |
| 11:06:18 | 2 | A. I'm pleading the fifth. |
| 11:06:26 | 3 | Q. No. 13 requests "all documents relating to |
| 11:06:28 | 4 | all transfers of funds, monies, or property of the |
| 11:06:30 | 5 | debtor, Leo Shifrin, from June 17, 2010, through |
| 11:06:37 | 6 | June 17, 2012, to any other individual or entity, |
| 11:06:40 | 7 | including any certificates of deposits, transfers of |
| 11:06:44 | 8 | funds out of Interactive brokerage accounts, transfers |
| 11:06:48 | 9 | of any monies out of any back account owned and/or |
| 11:06:51 | 10 | controlled by Leo Shifrin or any funds previously held |
| 11:06:54 | 11 | with Charles Schwab." |
| 11:06:58 | 12 | Isn't it true that Leo Shifrin refused to |
| 11:07:00 | 13 | produce the documents requested in Request No. 13 on |
| 11:07:05 | 14 | behalf of Movers Connection? |
| 11:07:05 | 15 | A. I'm pleading the Fifth on that |
| 11:07:07 | 16 | Q. Do you understand that Movers Connection is |
| 11:07:08 | 17 | obligated to produce a witness that can testify to that |
| 11:07:11 | 18 | matter? |
| 11:07:12 | 19 | A. I will plead the Fifth on that. |
| 11:07:13 | 20 | Q. Are you pleading the Fifth in your |
| 11:07:13 | 21 | individual capacity or in your capacity as a |
| 11:07:15 | 22 | representative of Movers Connection? |
| 11:07:15 | 23 | A. Again, pleading the Fifth. |
| 11:07:22 | 24 | Q. Request No. 14 requests "all documents and |
| 11:07:25 | 25 | communications relating to any motor vehicle, real |

**38**

| | |
|---|---|
| 11:07:27 | 1 | estate, real property, personal property, or payment of |
| 11:07:30 | 2 | any kind that you received from any of the Shifrin |
| 11:07:33 | 3 | entities, including without limitation any gifts, |
| 11:07:37 | 4 | commission payments, payment of fees, cash payments, |
| 11:07:40 | 5 | salary, payments on your or your family's behalf to any |
| 11:07:44 | 6 | third party, checks or any other compensation of any |
| 11:07:48 | 7 | kind." Isn't it true that Leo Shifrin refused to |
| 11:07:50 | 8 | produce the documents requested in Request No. 14 on |
| 11:07:57 | 9 | behalf of Movers Connection? |
| 11:07:57 | 10 | A. I'm pleading the Fifth on that |
| 11:07:58 | 11 | Q. Do you understand that Movers Connection is |
| 11:08:01 | 12 | obligated to produce a witness that can testify to this |
| 11:08:02 | 13 | matter? |
| 11:08:03 | 14 | A. I'm pleading the Fifth as well. |
| 11:08:04 | 15 | Q. Are you pleading the Fifth in your |
| 11:08:04 | 16 | individual capacity or in your capacity as a |
| 11:08:05 | 17 | representative of Movers Connection? |
| 11:08:05 | 18 | A. I'm pleading the Fifth as well. |
| 11:08:05 | 19 | THE DEPONENT: May I have a break for a |
| 11:08:05 | 20 | moment? I have pink eye -- I had pink eye that I'm |
| 11:08:05 | 21 | recovering from. Can I get a handkerchief? |
| 11:08:05 | 22 | MS. KANAN: We can take a break |
| 11:08:22 | 23 | VIDEOGRAPHER: We are going off the record. |
| 11:08:27 | 24 | The time is 11:08 a m |
| 11:08:31 | 25 | (Recess taken, 11:08 a.m  to 11:27 a.m.) |

**39**

| | |
|---|---|
| 11:27:59 | 1 | THE VIDEOGRAPHER: We are back on the |
| 11:28:05 | 2 | record at 11.27 |
| 11:28:06 | 3 | Q. (BY MS. KANAN) Request No. 15 requests |
| 11:28:10 | 4 | "all documents and communications relating to the |
| 11:28:13 | 5 | financial affairs of the debtor, payment of any monies |
| 11:28:16 | 6 | to the debtor, and any services provided by the debtor |
| 11:28:19 | 7 | to Movers Connection." Isn't it true that Leo Shifrin |
| 11:28:22 | 8 | refused to produce the documents in Request No. 15 on |
| 11:28:27 | 9 | behalf of Movers Connection? |
| 11:28:28 | 10 | A. I'm going to plead the Fifth. |
| 11:28:31 | 11 | Q. Do you understand that Movers Connection is |
| 11:28:33 | 12 | obligated to produce a witness that can testify to this |
| 11:28:36 | 13 | matter? |
| 11:28:36 | 14 | A. I'm pleading the fifth |
| 11:28:38 | 15 | Q. Are you pleading the Fifth in your |
| 11:28:38 | 16 | individual capacity or in your capacity as a |
| 11:28:39 | 17 | representative of Movers Connection? |
| 11:28:39 | 18 | A. I'm going to plead the Fifth again. |
| 11:28:43 | 19 | Q. Request No. 16, requests "all email |
| 11:28:48 | 20 | communications to, from, or copies to any of the |
| 11:28:49 | 21 | following individuals relating to Movers Connection, |
| 11:28:55 | 22 | Leo Shifrin, Qilly Shifrin, Mark Shifrin, Sofia |
| 11:29:01 | 23 | Shifrin, Vladimir Shifrin, Gary Brown, Lakesha DuPree, |
| 11:29:06 | 24 | William Edwards, Kris Martinez, Mike Seras, Michael |
| 11:29:13 | 25 | DuPree, Wai Long, Paul Antol, Doug Winkler, Jason |

**40**

| | |
|---|---|
| 11:29:19 | 1 | Price, David Price." |
| 11:29:22 | 2 | Isn't it true that Leo Shifrin refused to |
| 11:29:24 | 3 | produce the documents requested in Request No. 16 on |
| 11:29:27 | 4 | behalf of Movers Connection? |
| 11:29:29 | 5 | A. I'm pleading the Fifth on that. |
| 11:29:30 | 6 | Q. Do you understand that Movers Connection is |
| 11:29:32 | 7 | obligated to produce a witness that can testify to |
| 11:29:35 | 8 | those matters? |
| 11:29:36 | 9 | A. I'm pleading the fifth on that as well. |
| 11:29:41 | 10 | Q. Are you pleading the Fifth in your |
| 11:29:41 | 11 | individual capacity or in your capacity as a |
| 11:29:44 | 12 | representative of Movers Connection? |
| 11:29:44 | 13 | A. I'm pleading the fifth Fifth as well. |
| 11:29:46 | 14 | Q. Request No. 17 requests "all documents and |
| 11:29:48 | 15 | communications relating to the destruction, storage, or |
| 11:29:51 | 16 | disposition of records or properties concerning the |
| 11:29:54 | 17 | debtor or Movers Connection, including but not limited |
| 11:29:57 | 18 | to the prior and current location of business and |
| 11:30:00 | 19 | company records and the disposition, relocation and/or |
| 11:30:04 | 20 | destruction of records relating to any entity from |
| 11:30:07 | 21 | which Leo Shifrin has financially benefitted." |
| 11:30:11 | 22 | Isn't it true that Leo Shifrin refused to |
| 11:30:13 | 23 | produce the documents requested in Request No. 17 on |
| 11:30:17 | 24 | behalf of Movers Connection? |
| 11:30:19 | 25 | A. I'm going to plead the Fifth on that |

scheduling@huntergeist.com          HUNTER + GEIST, INC.          303-832-5966/800-525-8490

Shifrin (Debtor)　　　　　SARAH MARIE THORPE　　　　　4/22/2015

| 41 |
| --- |

| 11:30:20 | 1 | Q. Do you understand that Movers Connection is |
| 11:30:22 | 2 | obligated to produce a witness that can testify to this |
| 11:30:25 | 3 | matter? |
| 11:30:25 | 4 | A. I'm pleading the fifth as well. |
| 11:30:31 | 5 | Q. Are you pleading the Fifth in your |
| 11:30:31 | 6 | individual capacity or in your capacity as a |
| 11:30:32 | 7 | representative of Movers Connection? |
| 11:30:32 | 8 | A. I will plead the Fifth as well. |
| 11:30:34 | 9 | Q. Isn't it true that no account records or |
| 11:30:41 | 10 | bank statements were produced pursuant to the Exhibit 1 |
| 11:30:46 | 11 | subpoena? |
| 11:30:47 | 12 | A. I'm going to plead the Fifth on that. |
| 11:30:49 | 13 | Q. Do you understand that Movers Connection is |
| 11:30:51 | 14 | obligated to produce a witness that can testify to this |
| 11:30:54 | 15 | matter? |
| 11:30:54 | 16 | A. I'm pleading the Fifth as well. |
| 11:30:56 | 17 | Q. Are you pleading the Fifth in your |
| 11:30:56 | 18 | individual capacity or in your capacity as a |
| 11:31:02 | 19 | representative of Movers Connection? |
| 11:31:02 | 20 | A. I will plead the Fifth as well. |
| 11:31:04 | 21 | Q. Isn't it true that Movers Connection does |
| 11:31:07 | 22 | have bank accounts and bank records that were not |
| 11:31:12 | 23 | produced? |
| 11:31:13 | 24 | A. I will plead the Fifth on that. |
| 11:31:15 | 25 | Q. Do you understand that Movers Connection is |

| 42 |
| --- |

| 11:31:18 | 1 | obligated to produce a witness that can testify to that |
| 11:31:23 | 2 | matter? |
| 11:31:23 | 3 | A. I'm going to plead the Fifth on that. |
| 11:31:26 | 4 | Q. Are you pleading the Fifth in your |
| 11:31:26 | 5 | individual capacity or in your capacity as a |
| 11:31:27 | 6 | representative of Movers Connection? |
| 11:31:27 | 7 | A. I'm going to plead the Fifth on that as |
| 11:31:31 | 8 | well. |
| 11:31:31 | 9 | (Deposition Exhibit 5 was marked.) |
| 11:31:31 | 10 | Q. I will direct your attention to Exhibit 5. |
| 11:31:45 | 11 | Isn't it true that this document was not produced on |
| 11:31:48 | 12 | behalf of Movers Connection pursuant to the Exhibit 1 |
| 11:31:52 | 13 | subpoena? |
| 11:31:52 | 14 | A. I'm going to plead of Fifth on that as |
| 11:31:55 | 15 | well. |
| 11:31:55 | 16 | Q. Do you understand that Movers Connection is |
| 11:31:57 | 17 | obligated to produce a witness that can testify to that |
| 11:32:02 | 18 | matter? |
| 11:32:02 | 19 | A. I'm pleading the fifth, |
| 11:32:03 | 20 | Q. Are you pleading the Fifth in your |
| 11:32:03 | 21 | individual capacity or in your capacity as a |
| 11:32:06 | 22 | representative of Movers Connection? |
| 11:32:06 | 23 | A. I'm going to plead the fifth as well |
| 11:32:11 | 24 | Q. Exhibit 5 is a business account remove |
| 11:32:16 | 25 | signers form for Movers Connection, Inc. Isn't true |

| 43 |
| --- |

| 11:32:19 | 1 | that on page 2 of that form, Bates-labeled PEE59354, |
| 11:32:29 | 2 | that your signature appears on this page? |
| 11:32:35 | 3 | A. I'm going to plead the Fifth on that as |
| 11:32:38 | 4 | well. |
| 11:32:38 | 5 | Q. Do you understand that Movers Connection is |
| 11:32:38 | 6 | obligated to produce a witness that can testify to this |
| 11:32:42 | 7 | matter? |
| 11:32:42 | 8 | A. I'm going to plead the Fifth on that as |
| 11:32:44 | 9 | well. |
| 11:32:44 | 10 | Q. Are you pleading the Fifth in your |
| 11:32:44 | 11 | individual capacity or in your capacity as a |
| 11:32:45 | 12 | representative of Movers Connection? |
| 11:32:45 | 13 | A. I'm pleading the fifth as well |
| 11:32:49 | 14 | Q. Isn't it true that you have no personal |
| 11:33:02 | 15 | knowledge of any of the activity -- strike that. |
| 11:33:09 | 16 | (Deposition Exhibit 6 was marked.) |
| 11:33:11 | 17 | Q. Turn to Exhibit 6. Isn't it true that |
| 11:33:25 | 18 | these bank statements from J.P. Morgan Chase in Movers |
| 11:33:31 | 19 | Connection, Inc., name were not produced pursuant to |
| 11:33:34 | 20 | the subpoena, Exhibit 1? |
| 11:33:35 | 21 | A. I will plead the Fifth. |
| 11:33:36 | 22 | Q. Do you understand that Movers Connection is |
| 11:33:39 | 23 | obligated to produce a witness that can testify in this |
| 11:33:42 | 24 | matter? |
| 11:33:42 | 25 | A. I'm pleading the Fifth on that as well. |

| 44 |
| --- |

| 11:33:43 | 1 | Q. Are you pleading the Fifth in your |
| 11:33:44 | 2 | individual capacity or in your capacity as a |
| 11:33:44 | 3 | representative of Movers Connection? |
| 11:33:44 | 4 | A. I'm pleading the Fifth on that as well. |
| 11:33:50 | 5 | Q. Isn't it true that you have no knowledge of |
| 11:33:53 | 6 | the account activity contained in these records? |
| 11:33:56 | 7 | A. I'm pleading the Fifth on that. |
| 11:33:58 | 8 | Q. Do you understand that Movers Connection is |
| 11:34:01 | 9 | obligated to produce a witness that can testify to the |
| 11:34:05 | 10 | account activity contained in these records? |
| 11:34:05 | 11 | A. I'm going to plead the Fifth on that. |
| 11:34:06 | 12 | Q. Are you pleading the Fifth in your |
| 11:34:06 | 13 | individual capacity or in your capacity as a |
| 11:34:09 | 14 | representative of Movers Connection? |
| 11:34:09 | 15 | A. I'm pleading the Fifth as well. |
| 11:34:17 | 16 | (Deposition Exhibit 7 was marked.) |
| 11:34:17 | 17 | Q. Please turn to Exhibit 7. Isn't it true |
| 11:34:26 | 18 | that these bank records from J.P. Morgan Chase in the |
| 11:34:32 | 19 | name of Movers Connection, Inc., were not produced |
| 11:34:34 | 20 | pursuant to the subpoena, Exhibit 1? |
| 11:34:37 | 21 | A. I'm pleading the Fifth as well. |
| 11:34:30 | 22 | Q. Do you understand Movers Connection is |
| 11:34:43 | 23 | obligated to produce a witness that can testify to this |
| 11:34:48 | 24 | matter? |
| 11:34:48 | 25 | A. I'm pleading the Fifth on that. |

11 (Pages 41 to 44)

Shifrin (Debtor)          **SARAH MARIE THORPE**                    4/22/2015

---

**45**

| | |
|---|---|
| 11:34:49 | 1   Q. Are you pleading the Fifth in your |
| 11:34:49 | 2   individual capacity or in your capacity as a |
| 11:34:51 | 3   representative of Movers Connection? |
| 11:34:51 | 4      A. I'm going to plead the Fifth on that |
| 11:34:56 | 5   Q. Isn't it true that you have no knowledge of |
| 11:34:59 | 6   the any of activity -- any of the financial activity |
| 11:35:01 | 7   contained in these documents? |
| 11:35:03 | 8      A. I'm going to plead the Fifth on that |
| 11:35:04 | 9   Q. Do you understand that Movers Connection is |
| 11:35:06 | 10  required to produce a witness that can testify to the |
| 11:35:10 | 11  activity contained in these records? |
| 11:35:13 | 12     A. I'm going to plead the Fifth on that |
| 11:35:14 | 13  Q. Are you pleading the Fifth in your |
| 11:35:14 | 14  individual capacity or in your capacity as a |
| 11:35:15 | 15  representative of Movers Connection? |
| 11:35:15 | 16     A. Again, I'm going to plead the Fifth on |
| 11:35:15 | 17  that. |
| 11:35:23 | 18     (Deposition Exhibit 8 was marked.) |
| 11:35:23 | 19  Q. Please turn to Exhibit 8. Isn't it true |
| 11:35:27 | 20  that these bank statements issued by J.P. Morgan Chase |
| 11:35:32 | 21  in the name of Movers Connection, Inc., were not |
| 11:35:35 | 22  produced pursuant to the Exhibit 1 subpoena? |
| 11:35:39 | 23     A. I'm going to plead the Fifth on that |
| 11:35:39 | 24  Q. Do you understand that Movers Connection is |
| 11:35:06 | 25  required to produce a witness that can testify to this |

**47**

| | |
|---|---|
| 11:36:34 | 1   Q. Do you understand that Movers Connection |
| 11:36:37 | 2   has an obligation to produce a witness that can testify |
| 11:36:40 | 3   to this matter? |
| 11:36:41 | 4      A. I'm going to plead the Fifth as well |
| 11:36:42 | 5   Q. Are you pleading the Fifth in your |
| 11:36:45 | 6   individual capacity or in your capacity as a |
| 11:36:47 | 7   representative of Movers Connection? |
| 11:36:48 | 8      A. I'm pleading the Fifth as well. |
| 11:36:49 | 9   Q. Isn't it true that you have no knowledge of |
| 11:36:52 | 10  the personal activity contained in these records? |
| 11:36:55 | 11     A. I'm going to plead the Fifth as well. |
| 11:36:56 | 12  Q. Do you understand that Movers Connection is |
| 11:36:57 | 13  required to produce a witness that can testify to the |
| 11:37:00 | 14  activity that is contained in these records? |
| 11:37:03 | 15     A. I'm pleading the Fifth on that as well |
| 11:37:11 | 16  Q. Are you pleading the Fifth in your |
| 11:37:11 | 17  individual capacity or in your capacity as a |
| 11:37:11 | 18  representative of Movers Connection? |
| 11:37:11 | 19     A. The Fifth as well. |
| 11:37:11 | 20  Q. Please turn to the page that is marked |
| 11:37:25 | 21  TEE59505. |
| 11:37:25 | 22     A. I'm on that page |
| 11:37:36 | 23  Q. Can you please look at the entry, dated |
| 11:37:39 | 24  August 4, eighth entry down from debit card |
| 11:37:44 | 25  withdrawals. It states there's a card purchase to |

---

**46**

| | |
|---|---|
| 11:35:42 | 1   matter? |
| 11:35:42 | 2      A. I'm pleading the Fifth as well. |
| 11:35:43 | 3   Q. Are you pleading the Fifth in your |
| 11:35:43 | 4   individual capacity or in your capacity as a |
| 11:35:45 | 5   representative of Movers Connection? |
| 11:35:45 | 6      A. I'm pleading the Fifth as well. |
| 11:35:49 | 7   Q. Isn't it true that you have no personal |
| 11:35:53 | 8   knowledge of the activity contained in these records? |
| 11:35:56 | 9      A. I'm pleading the Fifth as well. |
| 11:35:57 | 10  Q. Do you understand that Movers Connection is |
| 11:35:58 | 11  required to produce a witness that has personal |
| 11:36:01 | 12  knowledge of the activity contained in these records? |
| 11:36:03 | 13     A. I'm pleading the Fifth as well. |
| 11:36:04 | 14  Q. Are you pleading the Fifth in your |
| 11:36:04 | 15  individual capacity or in your capacity as a |
| 11:36:10 | 16  representative of Movers Connection? |
| 11:36:10 | 17     A. I'm pleading the Fifth. |
| 11:36:17 | 18     (Deposition Exhibit 9 was marked.) |
| 11:36:17 | 19  Q. Please turn to Exhibit 9. These are bank |
| 11:36:21 | 20  records issued by J.P. Morgan Chase under the name of |
| 11:36:22 | 21  Movers Connection, Inc. Isn't it true that these bank |
| 11:36:24 | 22  records issued by J.P. Morgan Chase under the name of |
| 11:36:29 | 23  Movers Connection, Inc., were not produced pursuant to |
| 11:36:31 | 24  the subpoena, which is Exhibit 1? |
| 11:36:33 | 25     A. I'm going to plead the Fifth on that |

**48**

| | |
|---|---|
| 11:37:50 | 1   Novel ASPect. Do you see that entry? August 4. |
| 11:38:07 | 2      A. I see that. |
| 11:38:08 | 3   Q. That entry is a card purchase to Novel |
| 11:38:13 | 4   ASPect? |
| 11:38:13 | 5      A. That's what it says |
| 11:38:14 | 6   Q. Are you aware of this purchase on behalf of |
| 11:38:21 | 7   Movers Connection? |
| 11:38:22 | 8      A. I'm going to plead the Fifth on that |
| 11:38:24 | 9   Q. Do you understand that Movers Connection is |
| 11:38:27 | 10  obligated to produce a witness that can testify to this |
| 11:38:29 | 11  matter? |
| 11:38:30 | 12     A. I'm going to plead the Fifth on that. |
| 11:38:34 | 13  Q. Are you pleading the Fifth in your |
| 11:38:34 | 14  individual capacity or in your capacity as a |
| 11:38:35 | 15  representative of Movers Connection? |
| 11:38:35 | 16     A. Again, I'm going to plead the Fifth on that |
| 11:38:35 | 17  as well. |
| 11:38:40 | 18  Q. Isn't it true that Novel ASPect is a |
| 11:38:43 | 19  computer -- form of a QuickBooks financial computer |
| 11:38:49 | 20  software? |
| 11:38:50 | 21     A. I'm going to plead the Fifth on that as |
| 11:38:51 | 22  well |
| 11:38:51 | 23  Q. Do you understand that Movers Connection is |
| 11:38:55 | 24  required to produce a witness that can testify to that |
| 11:38:57 | 25  matter? |

---

scheduling@huntergeist.com          **HUNTER + GEIST, INC.**          303-832-5966/800-525-8490

Shifrin (Debtor)                SARAH MARIE THORPE                4/22/2015

|  | 49 |
|---|---|

```
11:38:58    1      A  I'm going to plead the Fifth on that
11:38:59    2      Q.  Are you pleading the Fifth in your
11:38:59    3   individual capacity or in your capacity as a
11:39:05    4   representative of Movers Connection?
11:39:05    5      A.  I'm going to plead the Fifth on that as
11:39:05    6   well.
11:39:06    7      (Deposition Exhibit 15 was marked.)
11:39:06    8      Q.  I'm going to ask you to turn to the
11:39:26    9   exhibits out of order here. Can you turn to
11:39:31   10   Exhibit 15. Exhibit 15 is a computer printout from the
11:39:35   11   Web site of Novel ASPect. Isn't it true that Novel
11:39:43   12   ASPect is a QuickBooks hosting computer software
11:39:47   13   program for companies?
11:39:48   14      A.  I'm going to plead the Fifth on that.
11:39:48   15      Q.  Do you understand that Movers Connection is
11:39:52   16   required to produce a witness that can testify to that
11:39:54   17   matter?
11:39:55   18      A.  As well I'm going to plead the Fifth.
11:39:55   19      Q.  Are you pleading the Fifth in your
11:39:55   20   individual capacity or in your capacity as a
11:39:59   21   representative of Movers Connection?
11:39:59   22      A.  Again, the Fifth.
11:40:07   23      (Deposition Exhibit 10 was marked.)
11:40:07   24      Q.  Please turn to Exhibit 10. Isn't it true
11:40:11   25   that these bank statements issued by J.P. Morgan Chase
```

|  | 50 |
|---|---|

```
11:40:18    1   under Movers Connection, Inc., were not produced
11:40:20    2   pursuant to the Exhibit 1 subpoena?
11:40:23    3      A.  I'm going to plead the Fifth on this.
11:40:23    4      Q.  Do you understand that Movers Connection is
11:40:30    5   obligated to produce a witness that can testify to this
11:40:34    6   matter?
11:40:34    7      A.  I'm going to plead the Fifth as well.
11:40:35    8      Q.  Are you pleading the Fifth in your
11:40:35    9   individual capacity or in your capacity as a
11:40:37   10   representative of Movers Connection?
11:40:37   11      A.  Again, I'm going to plead the Fifth.
11:40:44   12      Q.  Isn't it true you have no personal
11:40:48   13   knowledge of the activity contained in these records?
11:40:50   14      A.  I'm going to plead the Fifth on that.
11:40:51   15      Q.  Do you understand that Movers Connection
11:40:54   16   has an obligation to produce a witness that can testify
11:40:57   17   to the activity in these records?
11:41:00   18      A.  I'm going to invoke my Fifth Amendment
11:41:05   19      Q.  Are you pleading the Fifth in your
11:41:05   20   individual capacity or in your capacity as n
11:41:10   21   representative of Movers Connection?
11:41:11   22      A  I'm pleading the Fifth.
11:41:12   23      Q.  Can you please turn to page TEE59567.
11:41:20   24      A.  I'm on that page.
11:41:22   25      Q.  Do you see the entry there is an arrow next
```

|  | 51 |
|---|---|

```
11:41:25    1   to it, dated September 3rd?
11:41:25    2      A  I do see that
11:41:28    3      Q.  It's for a card purchase for Novel ASPect?
11:41:30    4      A  That's what it says.
11:41:31    5      Q.  Are you aware of Movers Connection, Inc.,
11:41:36    6   using Novel ASPect as a QuickBooks software computer
11:41:40    7   program for its financial statements?
11:41:43    8      A.  I'm going to plead the Fifth on that.
11:41:45    9      Q.  Do you understand that Movers Connection
11:41:45   10   has an obligation to produce a witness that can testify
11:40:57   11   to the activity in these records?
11:41:50   12      A.  I'm going to plead the Fifth as well
11:41:51   13      Q.  Are you pleading the Fifth in your
11:41:51   14   individual capacity or in your capacity as a
11:41:54   15   representative of Movers Connection?
11:41:54   16      A.  I'm going to plead the Fifth.
11:41:56   17      (Deposition Exhibit 11 was marked.)
11:41:56   18      Q.  Please turn to Exhibit 11. Isn't it true
11:42:06   19   that these bank statements issued by J.P. Morgan Chase
11:42:12   20   in the name of Movers Connection, Inc., were not
11:42:15   21   produced pursuant to the Exhibit 1 subpoena?
11:42:17   22      A.  I'm going to plead the Fifth on that.
11:42:20   23      Q.  Do you understand that Movers Connection is
11:42:23   24   obligated to produce a witness that can testify to
11:42:25   25   these matters?
```

|  | 52 |
|---|---|

```
11:42:26    1      A.  I'm going to plead the Fifth on that as
11:42:27    2   well.
11:42:27    3      Q.  Are you pleading the Fifth in your
11:42:27    4   individual capacity or your capacity as a
11:42:34    5   representative of Movers Connection?
11:42:34    6      A.  Again, I'm going to plead the Fifth.
11:42:39    7      Q.  Isn't it true that you have no personal
11:42:44    8   knowledge of the activity contained in these records?
11:42:46    9      A  I'm going to plead the Fifth Amendment on
11:42:47   10   that.
11:42:47   11      Q.  Do you understand that Movers Connection is
11:42:53   12   obligated to produce a witness that has personal
11:42:55   13   knowledge of the activity contained in these records?
11:42:57   14      A  I'm going to plead the Fifth on that as
11:42:58   15   well.
11:42:58   16      Q.  Are you pleading the Fifth in your
11:42:58   17   individual capacity or in your capacity as a
11:43:02   18   representative of Movers Connection?
11:43:02   19      A.  I'm pleading the Fifth on that as well.
11:43:04   20      Q.  Can you please turn to page TEE59628?
11:43:14   21      A.  I'm on that page.
11:43:15   22      Q.  Do you see the entry with the arrow next to
11:43:18   23   it dated October 3rd?
11:43:19   24      A.  I see that
11:43:19   25      Q.  It's for a card purchase to Novel ASPect?
```

13 (Pages 49 to 52)

Shifrin (Debtor)                    **SARAH MARIE THORPE**                    4/22/2015

|  |  | 53 |
|---|---|---|
| 11:43:22 | 1 | A  That is what is printed |
| 11:43:22 | 2 | Q.  Isn't it true that Movers Connection uses |
| 11:43:22 | 3 | Novel ASPect as a QuickBooks computer software to |
| 11:43:29 | 4 | generate financial statements? |
| 11:43:29 | 5 | A  I'm pleading the Fifth on that |
| 11:43:31 | 6 | Q.  Do you understand that Movers Connection is |
| 11:43:35 | 7 | obligated to produce a witness that can testify to |
| 11:43:36 | 8 | these matters? |
| 11:43:37 | 9 | A  Again, I'm pleading the Fifth on that as |
| 11:43:38 | 10 | well |
| 11:43:38 | 11 | Q.  Are you pleading the Fifth in your |
| 11:43:38 | 12 | individual capacity or in your capacity as a |
| 11:43:41 | 13 | representative of Movers Connection? |
| 11:43:41 | 14 | A  I'm pleading the Fifth as well. |
| 11:43:45 | 15 | Q.  Isn't it true that Movers Connection is |
| 11:43:48 | 16 | capable of generating financial statements from using |
| 11:43:53 | 17 | Novel ASPect? |
| 11:43:53 | 18 | A  I'm pleading the Fifth on that as well. |
| 11:43:54 | 19 | Q.  Do you understand that Movers Connection is |
| 11:43:58 | 20 | obligated to provides a witness that can testify to |
| 11:44:02 | 21 | this matter? |
| 11:44:02 | 22 | A  I'm going to plead the Fifth on that as |
| 11:44:03 | 23 | well |
| 11:44:03 | 24 | Q.  Are you pleading the Fifth in your |
| 11:44:03 | 25 | individual capacity or in your capacity as a |

|  |  | 54 |
|---|---|---|
| 11:44:04 | 1 | representative of Movers Connection? |
| 11:44:04 | 2 | A.  I'm going to plead the Fifth as well. |
| 11:44:08 | 3 | Q.  Isn't it true that Movers Connection never |
| 11:44:16 | 4 | produced any financial statements generated from Novel |
| 11:44:19 | 5 | ASPect or any other computer software program? |
| 11:44:22 | 6 | A  I'm going to plead the Fifth |
| 11:44:23 | 7 | Q.  Do you understand that Movers Connection is |
| 11:44:25 | 8 | obligated to produce a witness that can testify to |
| 11:44:27 | 9 | these matters? |
| 11:44:28 | 10 | A.  I'm going to plead the Fifth on that as |
| 11:44:29 | 11 | well |
| 11:44:29 | 12 | Q.  Are you pleading the Fifth in your |
| 11:44:29 | 13 | individual capacity or in your capacity as a |
| 11:44:31 | 14 | representative of Movers Connection? |
| 11:44:31 | 15 | A  Again, I'm pleading the Fifth as well. |
| 11:44:41 | 16 | (Deposition Exhibit 12 was marked.) |
| 11:44:41 | 17 | Q.  Please turn to Exhibit 12.  Isn't it true |
| 11:44:46 | 18 | that bank statements issued by J.P. Morgan Chase |
| 11:44:50 | 19 | were never produced pursuant to the Exhibit 1 subpoena? |
| 11:44:54 | 20 | A  I'm going to plead the Fifth on that |
| 11:44:55 | 21 | Q.  Do you understand that Movers Connection is |
| 11:44:58 | 22 | obligated to produce a witness that can testify to this |
| 11:45:00 | 23 | matter? |
| 11:45:01 | 24 | A  I'm going to plead the Fifth on that as |
| 11:45:02 | 25 | well |

|  |  | 55 |
|---|---|---|
| 11:45:02 | 1 | Q.  Are you pleading the Fifth in your |
| 11:45:02 | 2 | individual capacity or in your capacity as a |
| 11:45:09 | 3 | representative of Movers Connection? |
| 11:45:09 | 4 | A  Again, I'm going to plead the Fifth on |
| 11:45:14 | 5 | that |
| 11:45:14 | 6 | Q.  Isn't it true that you are not aware -- no |
| 11:45:22 | 7 | personal knowledge of the activities contained in these |
| 11:45:25 | 8 | records? |
| 11:45:25 | 9 | A  I'm pleading the Fifth as well |
| 11:45:25 | 10 | Q.  Do you understand that Movers Connection is |
| 11:45:30 | 11 | obligated to produce a witness that can personally -- |
| 11:45:34 | 12 | personally testify to the activities contained in these |
| 11:45:37 | 13 | records? |
| 11:45:37 | 14 | A  I'm pleading the Fifth as well |
| 11:45:38 | 15 | Q.  Are you pleading the Fifth in your |
| 11:45:38 | 16 | individual capacity or in your capacity as a |
| 11:45:42 | 17 | representative of Movers Connection? |
| 11:45:42 | 18 | A  I'm pleading the Fifth as well |
| 11:45:44 | 19 | Q.  Can you please turn to page TEE59685.  Do? |
| 11:45:44 | 20 | A  I'm there |
| 11:45:53 | 21 | Q.  Do you see the entry with the arrow next to |
| 11:45:55 | 22 | it dated November 3 for a card purchase to Novel |
| 11:46:00 | 23 | ASPect? |
| 11:46:01 | 24 | A  I see that |
| 11:46:02 | 25 | Q.  Isn't it true that Movers Connection uses |

|  |  | 56 |
|---|---|---|
| 11:46:06 | 1 | Novel ASPect a computer software program to generate |
| 11:46:11 | 2 | financial statements? |
| 11:46:11 | 3 | A  I'm going to plead the Fifth |
| 11:46:12 | 4 | Q.  Do you understand that Movers Connection is |
| 11:46:14 | 5 | obligated to produce a witness that can testify to this |
| 11:46:17 | 6 | matter? |
| 11:46:18 | 7 | A  Again, the Fifth on that |
| 11:46:18 | 8 | Q.  Are you pleading the Fifth in your |
| 11:46:18 | 9 | individual capacity or in your capacity as a |
| 11:46:22 | 10 | representative of Movers Connection? |
| 11:46:22 | 11 | A.  I'm pleading the Fifth on that as well |
| 11:46:26 | 12 | Q.  Can you please turn to page TEE59697. |
| 11:47:06 | 13 | A  I am there |
| 11:47:06 | 14 | Q.  Isn't it true this is a check issued by |
| 11:47:09 | 15 | Movers Connection, Inc.? |
| 11:47:10 | 16 | A  I'm going to plead the Fifth on this |
| 11:47:13 | 17 | Q.  Do you understand that Movers Connection is |
| 11:47:15 | 18 | required to produce a witness that can testify to this |
| 11:47:17 | 19 | matter? |
| 11:47:17 | 20 | A  I'm going to plead the Fifth as well |
| 11:47:18 | 21 | Q.  Are you pleading the Fifth in your |
| 11:47:18 | 22 | individual capacity or in your capacity as a |
| 11:47:20 | 23 | representative of Movers Connection? |
| 11:47:20 | 24 | A  I'm pleading the Fifth on this. |
| 11:47:24 | 25 | Q.  Isn't it true that your signature appears |

14 (Pages 53 to 56)

**Shifrin (Debtor)**                    **SARAH MARIE THORPE**                    **4/22/2015**

|  | 57 |
|---|---|

```
11:47:28   1   on the signature line of this copy of this check?
11:47:32   2       A. I'm going to plead the Fifth on that
11:47:32   3       Q. Do you understand that Movers Connection is
11:47:37   4   required to produce a witness that can testify to these
11:47:40   5   matters?
11:47:41   6       A. I'm going to plead the Fifth as well
11:47:41   7       Q. Are you pleading the Fifth in your
11:47:41   8   individual capacity or in your capacity as a
11:47:43   9   representative of Movers Connection?
11:47:43  10       A. Again, the Fifth Amendment.
11:47:43  11       (Deposition Exhibit 13 was marked )
11:48:01  12       Q. Let's turn to Exhibit 13. Isn't it true
11:48:06  13   that these bank records issued by J.P. Morgan Chase
11:48:10  14   under the name of Movers Connection, Inc., were never
11:48:13  15   produced pursuant to the Exhibit 1 subpoena?
11:48:16  16       A. I'm pleading the Fifth on this.
11:48:16  17       Q. Do you understand that Movers Connection is
11:48:20  18   obligated to produce a witness that can testify to
11:48:23  19   these matters?
11:48:24  20       A. I'm going to plead the Fifth on that as
11:48:25  21   well.
11:48:25  22       Q. Are you pleading the Fifth in your
11:48:25  23   individual capacity or in your capacity as a
11:48:29  24   representative of Movers Connection?
11:48:29  25       A. I'm pleading the Fifth as well
```

|  | 58 |
|---|---|

```
11:48:30   1       Q. Isn't it true that you have no personal
11:48:33   2   knowledge of the activity contained in these documents?
11:48:35   3       A. I'm going to plead the Fifth on that
11:48:36   4       Q. Do you understand that Movers Connection is
11:48:38   5   required to produce a witness that can testify to the
11:48:41   6   activity contained in these documents?
11:48:43   7       A. I'm pleading the Fifth on that
11:48:44   8       Q. Are you pleading the Fifth in your
11:48:44   9   individual capacity or in your capacity as a
11:48:51  10   representative of Movers Connection?
11:48:51  11       A. Again, the Fifth.
11:48:56  12       (Deposition Exhibit 14 was marked.)
11:48:56  13       Q. Let's turn to Exhibit 14, please. Isn't it
11:49:05  14   true that these bank statements issued by J.P. Morgan
11:49:06  15   Chase were never produced pursuant to the Exhibit 1
11:49:10  16   subpoena?
11:49:10  17       A. I'm going to plead the Fifth on this
11:49:11  18       Q. You understand that Movers Connection is
11:49:16  19   required to produce a witness that can testify to these
11:49:19  20   matters?
11:49:20  21       A. I'm going to plead the Fifth on that
11:49:22  22       Q. Are you pleading the Fifth in your
11:49:22  23   individual capacity or in your capacity as a
11:49:25  24   representative of Movers Connection?
11:49:25  25       A. Again, I'm going to plead the Fifth on
```

|  | 59 |
|---|---|

```
11:49:26   1   that
11:49:26   2       Q. Isn't it true that you have no personal
11:49:30   3   knowledge of the activity contained in these records?
11:49:32   4       A. I'm going to plead the Fifth on that as
11:49:33   5   well
11:49:33   6       Q. Do you understand that Movers Connection is
11:49:37   7   required to produce a witness that can testify to the
11:49:41   8   activity contained in these records?
11:49:43   9       A. I'm pleading the Fifth
11:49:43  10       Q. Are you pleading the Fifth in your
11:49:43  11   individual capacity or in your capacity as a
11:49:49  12   representative of Movers Connection?
11:49:49  13       A. Again, I will plead the Fifth on that as
11:49:53  14   well.
11:49:54  15       Q. Isn't it true that Movers Connection is not
11:49:57  16   operating as a functional company?
11:49:59  17       A. I'm going to plead the Fifth on that as
11:49:59  18   well.
11:49:59  19       Q. Do you understand that Movers Connection is
11:50:01  20   required to produce a witness that can testify to these
11:50:04  21   matters?
11:50:05  22       A. I'm pleading the Fifth on that as well
11:50:05  23       Q. Are you pleading the Fifth in your
11:50:05  24   individual capacity or in your capacity as a
11:50:09  25   representative of Movers Connection?
```

|  | 60 |
|---|---|

```
11:50:09   1       A. I'm pleading the Fifth as well.
11:50:12   2       Q. Isn't it true that Movers Connection is
11:50:15   3   just a front run by Leo Shifrin?
11:50:18   4       A. I'm going to plead the Fifth on that
11:50:18   5       Q. Do you understand that Movers Connection is
11:50:23   6   required to produce a witness that can testify to these
11:50:26   7   matters?
11:50:26   8       A. I'm going to plead the Fifth on that as
11:50:26   9   well.
11:50:26  10       Q. Are you pleading the Fifth in your
11:50:26  11   individual capacity or in your capacity as a
11:50:30  12   representative of Movers Connection?
11:50:30  13       A. Again, I'm going to plead the Fifth.
11:50:34  14       Q. Isn't it true that Vladimir Shifrin
11:50:39  15   represents Movers Connection?
11:50:41  16       A. I'm going to plead the Fifth as well.
11:50:43  17       Q. Do you understand that Movers Connection is
11:50:48  18   required to produce a witness that can testify to this
11:50:51  19   matter?
11:50:51  20       A. I'm going to plead the Fifth on that as
11:50:52  21   well.
11:50:52  22       Q. Are you pleading the Fifth in your
11:50:52  23   individual capacity or in your capacity as a
11:50:55  24   representative of Movers Connection?
11:50:55  25       A. Again, I'm going to plead the Fifth
```

15 (Pages 57 to 60)

Shifrin (Debtor)                    **SARAH MARIE THORPE**                    4/22/2015

|  | 61 |
|---|---|
| 11:51:00 | 1 |
| 11:51:04 | 2 |
| 11:51:05 | 3 |
| 11:51:07 | 4 |
| 11:51:07 | 5 |
| 11:51:07 | 6 |
| 11:51:11 | 7 |
| 11:51:14 | 8 |
| 11:51:14 | 9 |
| 11:51:16 | 10 |
| 11:51:16 | 11 |
| 11:51:18 | 12 |
| 11:51:18 | 13 |
| 11:51:23 | 14 |
| 11:51:27 | 15 |
| 11:51:30 | 16 |
| 11:51:32 | 17 |
| 11:51:32 | 18 |
| 11:51:33 | 19 |
| 11:51:33 | 20 |
| 11:51:33 | 21 |
| 11:51:41 | 22 |
| 11:51:41 | 23 |
| 11:51:42 | 24 |
| 11:51:49 | 25 |

61
1  Q. Isn't it true that Vladimir Shifrin is
2  representing Movers Connection and had notice of this
3  deposition and chose not to appear today?
4  A. I'm going to plead the Fifth on that as
5  well.
6  Q. Do you understand that Movers Connection is
7  required to produce a witness that can testify to these
8  matters?
9  A. Again, the Fifth.
10  Q. Are you pleading the Fifth in your
11  individual capacity or in your capacity as a
12  representative of Movers Connection?
13  A. I'm pleading the Fifth as well.
14  Q. Isn't it true that Vladimir Shifrin as the
15  attorney for Movers Connection authorized the trustee
16  in the state of Colorado to proceed today with this
17  deposition?
18  A. I'm going to plead the Fifth Amendment on
19  that.
20  Q. Are you pleading the Fifth in your
21  individual capacity or in your capacity as a
22  representative of Movers Connection?
23  A. I'm going to plead the Fifth on that.
24  Q. Isn't it true that Leo Shifrin instructed
25  you to plead the Fifth today at this deposition?

63
1  representative of Movers Connection?
2  A. Again, I'm going to plead the Fifth
3  Q. Isn't it true that this check is signed by
4  a signature stamp in the name of Michael DuPree?
5  A. I'm going to plead the Fifth on this as
6  well
7  MR. SHIFRIN: She is not a signature
8  expert
9  Q. (BY MS. KANAN) Do you understand that
10  Movers Connection is obligated to produce a witness
11  that can testify to these matters?
12  A. I'm going to plead the Fifth on this
13  Q. Are you pleading the Fifth in your
14  individual capacity or in your capacity as a
15  representative of Movers Connection?
16  A. I'm going to plead the Fifth as well
17  Q. Isn't it true that the handwriting that
18  appears on this check is Leo Shifrin?
19  MR. SHIFRIN: Objection. She is not a
20  handwriting expert.
21  A. I'm going to plead the Fifth.
22  Q. (BY MS. KANAN) Do you understand that
23  Movers Connection is required to produce a witness that
24  can testify to this matter?
25  A. I'm going to plead the Fifth as well

62
1  A. Once again, I'm going to plead the Fifth on
2  that.
3  Q. Are you pleading the Fifth in your
4  individual capacity or in your capacity as a
5  representative of Movers Connection?
6  A. I'm pleading the Fifth on that as well.
7  MS. KANAN: Go off the record for a minute.
8  THE VIDEOGRAPHER: Going off the record.
9  The time is 11:52.
10  (Recess taken, 11:52 a.m. to 11:53 a.m.)
11  THE VIDEOGRAPHER: We are back on the
12  record at 11:53.
13  Q. (BY MS. KANAN) Can you please turn back to
14  Exhibit 10. Turn to TEE59583.
15  A. I'm on that page.
16  Q. Isn't it true that this is a copy of a
17  check issued by Movers Connection?
18  A. I'm going to plead the Fifth on that.
19  Q. Do you understand that Movers Connection is
20  obligated to produce a witness that can testify to that
21  these matters?
22  A. I'm going to plead the Fifth on that as
23  well.
24  Q. Are you pleading the Fifth in your
25  individual capacity or in your capacity as a

64
1  Q. Are you pleading the Fifth in your
2  individual capacity or in your capacity as a
3  representative of Movers Connection?
4  A. Again, the Fifth
5  MS. KANAN: Thank you for your time. We
6  have no further questions
7  THE VIDEOGRAPHER: This concludes today's
8  deposition of Sarah Thorpe, 30(b)(6) representative of
9  Movers Connection, Inc., and the end of Media Unit 1 of
10  1. We are off the record at 11:56.
11  WHEREUPON, the within proceedings were
12  concluded at the approximate hour of 11:56 a.m. on the
13  22nd day of April, 2015.
14  * * * * *
15
16
17
18
19
20
21
22
23
24
25

16 (Pages 61 to 64)

Shifrin (Debtor)                    **SARAH MARIE THORPE**                    4/22/2015

65

1          I, SARAH MARIE THORPE, do hereby certify that I

2     have read the above and foregoing deposition and that

3     the same is a true and accurate transcription of my

4     testimony, except for attached amendments, if any.

5          Amendments attached ( ) Yes ( ) No

6

7          _____

8          SARAH MARIE THORPE

9          The signature above of SARAH MARIE THORPE was

10    subscribed and sworn to before me in the County of

11    _____, State of Colorado, this _____ day of

12    _____, 2015.

13

14         _____

           Notary Public

15         My commission expires _____

16

17

18

19

20

21

22

23

24

25    Shifrin, 4/22/15(ksf)

66

REPORTER'S CERTIFICATE

STATE OF COLORADO          )

                           ) ss.

CITY AND COUNTY OF DENVER  )

     I, KAREN S. FOGLE, Registered Professional
Reporter and Notary Public ID 20134002930, State of
Colorado, do hereby certify that previous to the
commencement of the examination, the said SARAH MARIE
THORPE was duly sworn by me to testify to the truth in
relation to the matters in controversy between the
parties hereto; that the said deposition was taken in
machine shorthand by me at the time and place aforesaid
and was thereafter reduced to typewritten form; that
the foregoing is a true transcript of the questions
asked, testimony given, and proceedings had.

     I further certify that I am not employed by,
related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of this
litigation.

     IN WITNESS WHEREOF, I have affixed my signature
this 7th day of May, 2015.

     My commission expires January 25, 2017

     _XX___ Reading and Signing was requested.

     _____ Reading and Signing was waived.

     _____ Reading and Signing is not required.

17 (Pages 65 to 66)