# EXHIBIT 8

1

1           IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLORADO
2
   Case No. 12-22722-MER
3   _____

4   VIDEOTAPE DEPOSITION OF:   SOFIA SHIFRIN
                               April 20, 2015
5   _____

6   IN RE:

7   LEONID SHIFRIN,

8   Debtor,
    _____
9

   HARVEY SENDER, as Chapter 7 Trustee; and
10  STATE OF COLORADO, ex rel, CYNTHIA H. COFFMAN,
   Attorney General,
11
   Plaintiffs,
12
   v.
13
   LEONID SHIFRIN,
14
   Defendant.
15  _____

16
            PURSUANT TO SUBPOENA, the videotape
17  deposition of SOFIA SHIFRIN was taken on behalf of the
   Plaintiffs at 1300 Broadway, Denver, Colorado 80203, on
18  April 29, 2015, at 8:34 a.m., before Karen S. Fogle,
   Registered Professional Reporter and Notary Public
19  within Colorado.

20

21  **H+G**

22

23  Hunter + Geist, Inc.

24  **303.832.5966**      1900 Grant Street, Suite 1025    ▪ www.huntergeist.com
   **800.525.8490**      Denver, CO 80203                ▪ scheduling@huntergeist.com
25
                        Your Partner in Making the Record

| | | |
|---|---|---|
| 10:56:41 | 1 | A.  Fifth Amendment. |
| 10:56:49 | 2 | Q.  Isn't it true that in response to these |
| 10:56:53 | 3 | subpoenas operating records of these companies were |
| 10:57:07 | 4 | never produced to the trustee? |
| 10:57:09 | 5 | A.  Fifth Amendment. |
| 10:57:15 | 6 | Q.  Isn't it true that you were served these |
| 10:57:22 | 7 | subpoenas because you were the registered agent of each |
| 10:57:32 | 8 | of these companies at the time? |
| 10:57:33 | 9 | A.  Fifth Amendment. |
| 10:57:39 | 10 | Q.  Do you understand what a registered agent |
| 10:57:43 | 11 | is of a company? |
| 10:57:44 | 12 | A.  Yes. |
| 10:57:55 | 13 | Q.  Did you know that you were the registered |
| 10:57:59 | 14 | agent for all of these companies? |
| 10:58:01 | 15 | A.  Fifth Amendment. |
| 10:58:07 | 16 | Q.  Do you understand that a way a company is |
| 10:58:15 | 17 | served is authorized by law to be a registered agent? |
| 10:58:41 | 18 | MR. SHIFRIN:  That wasn't quite the |
| 10:58:44 | 19 | question.  I think the question was you understand |
| 10:58:46 | 20 | whether the law allows the registered agent to be |
| 10:58:52 | 21 | served by -- |
| 10:59:32 | 22 | THE INTERPRETER:  Do you know that these |
| 10:59:33 | 23 | documents can only be given to the person who is |
| 10:59:36 | 24 | registered for these companies but not to anyone? |
| 10:59:42 | 25 | MR. SHIFRIN:  It's closer than before. |

| | | |
|---|---|---|
| 10:59:45 | 1 | Q.  (BY MS. KANSKI)  Let me start with a new |
| 10:59:47 | 2 | question.  A company can be served through a registered |
| 11:00:00 | 3 | agent and you were served as the registered agent for |
| 11:00:15 | 4 | all of these companies; is that correct? |
| 11:00:20 | 5 | A.  Fifth Amendment. |
| 11:00:22 | 6 | Q.  But no records were produced in response to |
| 11:00:27 | 7 | the subpoenas that were needed to determine the |
| 11:00:39 | 8 | operations of the companies.  Do you understand that? |
| 11:00:57 | 9 | MR. SHIFRIN:  I will object to the |
| 11:00:58 | 10 | question.  The exhibits don't show that the service of |
| 11:01:02 | 11 | process was ever effectuated.  There is no proof of |
| 11:01:14 | 12 | service. |
| 11:01:14 | 13 | MS. KANSKI:  I will let the document speak |
| 11:01:17 | 14 | for themselves. |
| 11:01:18 | 15 | Q.  (BY MS. KANSKI)  Subject to your attorney's |
| 11:01:21 | 16 | objection you never produced records necessary for the |
| 11:01:24 | 17 | trustee to determine the financial operating condition |
| 11:01:27 | 18 | of these companies? |
| 11:01:29 | 19 | A.  Fifth Amendment. |
| 11:01:41 | 20 | Q.  And you still haven't today; is that |
| 11:01:44 | 21 | correct? |
| 11:01:44 | 22 | A.  Fifth Amendment. |
| 11:01:50 | 23 | Q.  Isn't it true that you personally never had |
| 11:01:55 | 24 | complete access to all of the operating records of all |
| 11:01:57 | 25 | of these companies? |

11:43:52  1      Shifrin?

11:43:52  2                A.   Fifth Amendment.

11:44:00  3                Q.   We are moving on to the moving company.

11:44:38  4      Are you familiar with a moving company?

11:44:48  5                A.   Fifth Amendment.

11:44:49  6                     (Deposition Exhibit 26 was marked.)

11:44:49  7                Q.   Exhibit 26 is a compilation of formation

11:44:55  8      documents filed with the Colorado Secretary of State.

11:45:27  9      So when I say "moving company," I'm referring to the

11:45:37  10     moving company in these formation documents, 67th

11:45:45  11     Avenue.  So do you understand for the deposition today

11:46:04  12     if I say "67th Avenue," I mean this company?

11:46:11  13               A.   Yes.

11:46:22  14               Q.   What role -- did you have a role with 67th

11:46:29  15     Avenue?

11:46:30  16               A.   Fifth Amendment.

11:46:36  17               Q.   Isn't it true that 67th Avenue was, in

11:46:41  18     fact, owned and operated by Leo Shifrin?

11:46:43  19               A.   Fifth Amendment.

11:46:56  20               Q.   Isn't it true that you never were paid as

11:47:02  21     an owner of this company, 67th Avenue?

11:47:06  22               A.   Fifth Amendment.

11:47:18  23               Q.   Who is it that financially benefitted from

11:47:22  24     67th Avenue operations?

11:47:23  25               A.   Fifth Amendment.

11:47:30  1          Q.  Are you aware of any person, other than Leo

11:47:36  2    Shifrin, who financially profited from the operations

11:47:39  3    of this company?

11:47:40  4          A.  Fifth Amendment.

11:47:54  5          Q.  Isn't it true that Leo Shifrin used your

11:48:09  6    name to serve as an officer but you never actually did?

11:48:13  7          A.  Fifth Amendment.

11:48:27  8          Q.  Isn't it true that Leo Shifrin had access

11:48:33  9    to 67th Avenue's accounts?

11:48:36  10         A.  Fifth Amendment.

11:48:55  11             (Deposition Exhibit 27 was marked.)

11:48:55  12         Q.  I'm marking as Deposition Exhibit 27 --

11:49:26  13   this is a set of checks that are each signed by Leo

11:49:36  14   Shifrin and that are paid on 67th Avenue accounts.

11:49:52  15   Isn't it true that these checks confirm that Leo

11:49:55  16   Shifrin had access and control of 67th Avenue's

11:50:02  17   accounts?

11:50:02  18         A.  Fifth Amendment.

11:50:13  19         Q.  And after Leo Shifrin filed bankruptcy he

11:50:19  20   caused a new company -- a new name to be used for the

11:50:25  21   same company.  You are aware of that; correct?

11:50:49  22         A.  Fifth Amendment.

11:50:53  23         Q.  The name of the new -- let me back up.

11:50:58  24             The name Movers Connection began to be used

11:51:02  25   for the company; is that correct?

11:51:03  1            A.  Fifth Amendment.

11:51:17  2            Q.  And isn't it true that the operations and

11:51:21  3    the company were the same at all times?

11:51:25  4            A.  Fifth Amendment.

11:51:38  5                (Deposition Exhibit 28 was marked.)

11:51:38  6            Q.  I will mark Deposition Exhibit 28.  I will

11:51:58  7    state for the record these were documents filed with

11:52:01  8    the Colorado Secretary of State and relate to a company

11:52:14  9    called Movers Connection, Inc.  I will just state that

11:52:27 10    according to these records you are indicated as the

11:52:32 11    registered agent for Movers Connection, Inc.  My

11:52:51 12    question is, do you know why?

11:52:52 13            A.  Fifth Amendment.

11:53:02 14            Q.  Isn't it true that your name was used to

11:53:12 15    continue the operations of what was 67th Avenue?

11:53:17 16            A.  Fifth Amendment.

11:53:29 17            Q.  These records reflect that the operations

11:53:37 18    of Movers Connection, Inc., were to be at 3751 Revere

11:53:51 19    Street.  And that was the prior operating address of

11:54:04 20    67th Avenue.  Isn't that true?

11:54:06 21            A.  Fifth Amendment.

11:54:13 22            Q.  This is just the same company, different

11:54:17 23    name; isn't that right?

11:54:23 24            A.  Fifth Amendment.

11:54:24 25            Q.  And the person who caused the new name to

11:54:29  1     be formed was Leo Shifrin.  Isn't that correct?

11:54:34  2              A.  Fifth Amendment.

11:54:45  3              Q.  Are you aware of any other person, other

11:54:48  4     than Leo Shifrin, who could have caused this change?

11:54:50  5              A.  Fifth Amendment.

11:54:59  6                  (Deposition Exhibit 29 was marked.)

11:54:59  7              Q.  I will mark Deposition Exhibit 29.  Have

11:55:10  8     you ever seen this document before?

11:55:11  9              A.  Fifth Amendment.

11:55:21  10             Q.  There appears to be a stamp -- let me back

11:55:21  11    up.

11:55:30  12                 Do you recognize your signature or your

11:55:33  13    name at the bottom of this document?

11:55:36  14             A.  Yes.

11:55:43  15             Q.  What do you recognize that to be?

11:55:46  16             A.  Nothing but my name, first name and last.

11:55:59  17             Q.  You recognize that to be your name?

11:56:01  18             A.  Yes.

11:56:03  19             Q.  Do you recall signing this document with a

11:56:10  20    pen?

11:56:10  21             A.  Fifth Amendment.

11:56:19  22             Q.  Are you aware if the signature was a

11:56:25  23    signature stamp of your signature?

11:56:31  24             A.  Fifth Amendment.

11:56:38  25             Q.  You never, in fact, sold a company to Kris

11:56:43   1      Martinez, did you?

11:56:47   2             A.   Fifth Amendment.

11:57:00   3             Q.   Isn't it true that Kris Martinez has never

11:57:10   4      paid you any money for the purchase of a company?

11:57:18   5             A.   Fifth Amendment.

11:57:35   6                  (Deposition Exhibit 30 was marked.)

11:57:35   7             Q.   Deposition Exhibit 30 will be marked.

11:57:55   8      Exhibit 30 is a lease dated November 13, 2012.  The

11:58:24   9      tenant is Glasgow, Inc., d/b/a Movers Connection, Inc.

11:58:42  10      Isn't it true that the operations of 67th Avenue

11:58:48  11      continued at the same location just under a different

11:59:00  12      name?

11:59:01  13             A.   Fifth Amendment.

11:59:03  14             Q.   Do you know anything about the operations

11:59:10  15      of the moving company?

11:59:12  16             A.   Fifth Amendment.

11:59:29  17             Q.   Isn't it true that you don't know anything

11:59:32  18      about the moving company because you were never

11:59:35  19      actively involved?

11:59:36  20             A.   Fifth Amendment.

11:59:46  21             Q.   Within Exhibit 30 there's a cashiers' check

11:59:52  22      in the amount of $11,185.  Do you see that check?

12:00:05  23             A.   I see.  I see.

12:00:23  24             Q.   Did you provide the funds for Kris Martinez

12:00:27  25      to obtain this check?

60

12:00:29  1          A.  Fifth Amendment.

12:00:41  2          Q.  Isn't it true that the source of the funds

12:00:46  3    used for this lease were all obtained from Leo Shifrin?

12:00:56  4          A.  Fifth Amendment.

12:01:19  5          Q.  Do you know who continued the operations

12:01:23  6    while Leo Shifrin was in custody?

12:01:26  7          A.  Fifth Amendment.

12:01:38  8          Q.  Did you run the company?

12:01:42  9          A.  Fifth Amendment.

12:01:47 10          Q.  Did you sign checks on the company's

12:01:50 11    behalf?

12:01:51 12          A.  Fifth Amendment.

12:01:56 13          Q.  You were involved in the opening of new

12:02:00 14    accounts; isn't that correct?

12:02:03 15          A.  Fifth Amendment.

12:02:11 16          Q.  Did you know that your signature stamp was

12:02:14 17    being used to run the company?

12:02:16 18          A.  Fifth Amendment.

12:02:29 19          Q.  These documents relate to a TCF account for

12:03:10 20    an account in the name of Movers Connection.  I'm going

12:03:21 21    to give you time to look through this document.  It

12:03:29 22    appears as though a signature stamp of your name is

12:03:41 23    being used on a daily basis to run the company.  Do you

12:03:55 24    know who was using the signature stamp?

12:03:58 25          A.  Fifth Amendment.

66

12:28:21  1    moving company, those profits were never paid to you as

12:28:27  2    an owner; is that correct?

12:28:29  3          A.  Fifth Amendment.

12:28:38  4          Q.  At least not directly they were ever paid

12:28:41  5    to you; is this correct?

12:28:49  6          A.  Fifth Amendment.

12:28:50  7              (Deposition Exhibit 35 was marked.)

12:28:50  8          Q.  Your son, Leo Shifrin, had an active role

12:29:00  9    in running the company, the moving company.  I will

12:29:20 10    mark Deposition Exhibit 35.  Ms. Shifrin, this is a

12:29:37 11    letter signed by Leo Shifrin in his capacity as

12:29:49 12    president of 67th Avenue.  And it states in paragraph 2

12:29:57 13    that he has taken complete control.  Do you see that

12:30:19 14    paragraph?

12:30:19 15          A.  Yes.

12:30:20 16          Q.  So isn't it true by Leo Shifrin's own

12:30:25 17    admission in this letter that he was, in fact, running

12:30:29 18    the company?

12:30:30 19          A.  Fifth Amendment.

12:30:38 20          Q.  And this was in June 2012; is that correct?

12:30:45 21          A.  It was very long ago.

12:30:57 22              (Deposition Exhibit 36 was marked.)

12:30:57 23          Q.  I will mark Deposition Exhibit 36.  I'm

12:31:21 24    going to ask you -- let me state for the record the

12:31:31 25    face of this document is a certificate of liability

# 67TH AVENUE INC.

### Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Permanently Revoked | File Date: | 12/20/2006 |
| Type: | Domestic Corporation | Entity Number: | E0928852006-2 |
| Qualifying State: | NV | List of Officers Due: | 12/31/2008 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20061804359 | Business License Exp: | |

### Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | CSC SERVICES OF NEVADA, INC. | Address 1: | 2215-B RENAISSANCE DR |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89119 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

### Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 1,500.00 | Capital Amount: | $ 0 |
| No stock records found for this company | | | |

### — | Officers                                          ☐ Include Inactive Officers

| Treasurer - LEO SHIFRIN | | | |
|---|---|---|---|
| Address 1: | 11551 E ARAPAHOE RD | Address 2: | |
| City: | CENTENNIAL | State: | CO |
| Zip Code: | 80112 | Country: | |
| Status: | Active | Email: | |

| Director - MARK SHIFRIN | | | |
|---|---|---|---|
| Address 1: | 1624 S FAIRPLAY | Address 2: | |
| City: | AURORA | State: | CO |
| Zip Code: | 80012 | Country: | |
| Status: | Active | Email: | |

| President - SOFIA SHIFRIN | | | |
|---|---|---|---|
| Address 1: | 11692 E BALTIC | Address 2: | |
| City: | AURORA | State: | CO |
| Zip Code: | 80014 | Country: | |
| Status: | Active | Email: | |

Exhibit No.: 26
Deponent: SHIFRIN
Date/RPR: 4/20/15 KE
Hunter + Geist, Inc.

| Secretary - QILLY YANKOVICH | | | |
|---|---|---|---|
| Address 1: | 9 SANDY LAKE | Address 2: | |
| City: | CHERRY HILLS | State: | CO |
| Zip Code: | 80113 | Country: | |
| Status: | Active | Email: | |

### Actions\Amendments

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | 20060816197-90 | # of Pages: | 1 |
| File Date: | 12/20/2006 | Effective Date: | |

Initial Stock Value: No Par Value Shares: 1,500 ———————————————————— Total
Authorized Capital: $ 0.00

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20070034796-88 | # of Pages: | 1 |
| File Date: | 1/16/2007 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20070779638-59 | # of Pages: | 1 |
| File Date: | 11/15/2007 | Effective Date: | |

(No notes for this action)

Colorado
Secretary of State
Wayne W. Williams

About Wayne | Español

Search

For this Record...
Filing history and
documents
Trade names
File a form
Subscribe to email
notification
Unsubscribe from email
notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

# Summary

| Details | | | |
|---|---|---|---|
| Name | 67th Avenue Movers Inc. Colorado Authority Relinquished June 10, 2013 | | |
| Status | Withdrawn | Formation date | 01/05/2010 |
| ID number | 20101008607 | Form | Foreign Other |
| Periodic report month | September | Jurisdiction | Nevada |
| | | Term of duration | Perpetual |
| Principal office street address | 5303 E. 47th Ave., Unit N, Denver, CO 80216, United States | | |
| Principal office mailing address | n/a | | |

Filing history and documents
Trade names
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document processing fee
  If document is filed on paper                   $125.00
  If document is filed electronically       Currently Not Available
Fees & forms/cover sheets
  are subject to change.
To file electronically, access instructions
  for this form/cover sheet and other
  information or print copies of filed
  documents, visit www.sos.state.co.us
  and select Business Center.
Paper documents must be typewritten or machine printed.

```
20101006607  C
$  125.00
SECRETARY OF STATE
01-05-2010  15:36:52
```

ABOVE SPACE FOR OFFICE USE ONLY

**Statement of Foreign Entity Authority**
filed pursuant to §7-90-301, et seq, and §7-90-803 of the Colorado Revised Statutes (C.R.S)

ID number (if applicable):

1. True name:

    67th Avenue Inc

2. Assumed entity name
  (if different from True name)

    67th Avenue Movers Inc

3. Use of Restricted Words *(if any of these
terms are contained in an entity name, true
name of an entity, trade name or trademark
stated in this document, mark the applicable
box):*

  ☐ "bank" or "trust" or any derivative thereof
  ☐ "credit union"   ☐ "savings and loan"
  ☐ "insurance", "casualty", "mutual", or "surety"

4. Principal office street address:    5303 E. 47th Ave., Unit N
                                      *(Street name and number)*

    Denver                CO      80216
      *(City)*             *(State)*    *(Postal/Zip Code)*

    *(Province - if applicable)*    *(Country - if not US)*

  Principal office mailing address:
  (if different from above)
                               *(Street name and number or Post Office Box information)*

          *(City)*             *(State)*    *(Postal/Zip Code)*

    *(Province – if applicable)*    *(Country - if not US)*

5. Registered agent:  (if an individual):    Price    Jason
                                   *(Last)*      *(First)*      *(Middle)*   *(Suffix)*

      **OR** (if a business organization):

6. The person appointed as registered agent in the document has consented to being so appointed.

AUTHORITY                             Page 1 of 3                             Rev. 10/15/2008

7. Registered agent street address:

1005 Rosemary
_(Street name and number)_

Denver        CO    80230
_(City)_       _(State)_    _(Postal/Zip Code)_

8. Registered agent mailing address:
(if different from above)

_(Street name and number or Post Office Box information)_

CO
_(City)_       _(State)_    _(Postal/Zip Code)_

_(Province – if applicable)_    _(Country – if not US)_

9. Form of entity:

C Corp.

10. Jurisdiction of formation:

Nevada

11. Date entity commenced (or expects
to commence) transacting business
or conducting activities in Colorado:

01-01-2010
_(mm/dd/yyyy)_

12. _(Optional)_ Delayed effective date:

_(mm/dd/yyyy)_

Notice:

Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

13. Name(s) and address(es) of the
individual(s) causing the document
to be delivered for filing:

Price       Jason
_(Last)_       _(First)_       _(Middle)_    _(Suffix)_

1005 Rosemary
_(Street name and number or Post Office Box information)_

Denver       co    80230
_(City)_       _(State)_    _(Postal/Zip Code)_

_(Province – if applicable)_    _(Country – if not US)_

_(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box ☐ and include an attachment stating the name and address of such individuals.)_

Disclaimer:

This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

 **E-Filed**

Colorado Secretary of State
Date and Time: 06/10/2013 11:04 AM
ID Number: 20101006607

Document number: 20131342811
Amount Paid: $125.00

ABOVE SPACE FOR OFFICE USE ONLY

### Statement of Foreign Entity Withdrawal
filed pursuant to § 7-90-806 of the Colorado Revised Statutes (C.R.S)

1. The entity ID number, the entity name, and the true name, if different, are

| | |
|---|---|
| Entity ID number | 20101006607 |
| | *(Colorado Secretary of State ID number)* |
| Entity name | 67th Avenue Movers Inc |
| True name | 67th Avenue Inc |
| (if different from the entity name) | |

2. *(Mark the applicable box and complete the statement. Caution: Mark only one box.)*

   [✓] The foreign entity will not maintain a registered agent in this state and service of process may be addressed to the entity and mailed to the principal address pursuant to section 7-90-704 (2), C.R.S.

   or

   [ ] The foreign entity will maintain a registered agent to accept service pursuant to section 7-90 204.5, C.R.S. Such registered agent's name and address are:

   Name
   (if an individual)
   _____
   *(Last)        (First)        (Middle)      (Suffix)*

   or

   (if an entity)
   _____
   *(Caution: Do not provide both an individual and an entity name.)*

   Street address
   _____
   *(Street name and number)*

   _____
   CO
   *(City)          (State)        (Postal/Zip Code)*

   Mailing address
   (leave blank if same as street address)
   _____
   *(Street name and number or Post Office Box information)*

   _____

   _____
   *(City)          (State)        (Postal/Zip Code)*

   _____
   *(Province – if applicable)   (Country – if not US)*

   *(The following statement is adopted by marking the box.)*
   [ ] The person appointed as registered agent above has consented to being so appointed.

3. The principal office address of the entity's principal office is

Street address      **5303 E. 47th Ave., Unit N**
*(Street number and name)*

**Denver**      **CO**    **80216**
*(City)*     *(State)*    *(ZIP/Postal Code)*
     **United States**
*(Province - if applicable)*     *(Country)*

Mailing address
(leave blank if same as street address)     *(Street number and name or Post Office Box information)*

*(City)*     *(State)*    *(ZIP/Postal Code)*

*(Province - if applicable)*     *(Country)*

4. The jurisdiction under the law of which the entity is formed is **Nevada**

5. *(The following statement is adopted by marking the box.)*
☑ The entity will no longer transact business or conduct activities in Colorado and it relinquishes its authority to transact business or conduct activities in Colorado.

6. *(The following statement is adopted by marking the box.)*
☑ All trade names the entity has on file in the records of the Secretary of State pursuant to Article 71 of Title 7, C.R.S., and any assumed entity name pursuant to § 7-90-603, C.R.S., are withdrawn upon the filing of this Statement of Foreign Entity Withdrawal.

7. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
☑ This document contains additional information as provided by law,

8. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*

The delayed effective date and, if applicable, time of this document is/are
    *(mm/dd/yyyy hour:minute am/pm)*

Notice:
Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

9. The true name and mailing address of the individual causing the document to be delivered for filing are

**Shifrin**      **Sofia**
*(Last)*     *(First)*     *(Middle)*    *(Suffix)*

11692 E. Baltic Pl

*(Street number and name or Post Office Box information)*

| Aurora | CO | 80014 |
|---|---|---|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States

*(Province – if applicable)*          *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

Entity Details - Secretary of State, Nevada                                    Page 1 of 2

# 67TH AVENUE INC.

## Business Entity Information

| Status: | Revoked | File Date: | 12/20/2006 |
|---|---|---|---|
| Type: | Domestic Corporation | Entity Number: | E0928852006-2 |
| Qualifying State: | NV | List of Officers Due: | 12/31/2008 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20061804359 | Business License Exp: | |

## Registered Agent Information

| Name: | CSC SERVICES OF NEVADA, INC. | Address 1: | 2215-B RENAISSANCE DR |
|---|---|---|---|
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89119 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| No Par Share Count: | 1,500.00 | Capital Amount: | $ 0 |
|---|---|---|---|
| No stock records found for this company | | | |

## Officers

☐ Include Inactive Officers

| Treasurer - LEO SHIFRIN | | | |
|---|---|---|---|
| Address 1: | 11551 E ARAPAHOE RD | Address 2: | |
| City: | CENTENNIAL | State: | CO |
| Zip Code: | 80112 | Country: | |
| Status: | Active | Email: | |
| Director - MARK SHIFRIN | | | |
| Address 1: | 1624 S FAIRPLAY | Address 2: | |
| City: | AURORA | State: | CO |
| Zip Code: | 80012 | Country: | |
| Status: | Active | Email: | |
| President - SOFIA SHIFRIN | | | |
| Address 1: | 11692 E BALTIC | Address 2: | |
| City: | AURORA | State: | CO |

Entity Details - Secretary of State, Nevada

| Zip Code: | 80014 | Country: | |
|---|---|---|---|
| Status: | Active | Email: | |

| Secretary - QILLY YANKOVICH | | | |
|---|---|---|---|
| Address 1: | 9 SANDY LAKE | Address 2: | |
| City: | CHERRY HILLS | State: | CO |
| Zip Code: | 80113 | Country: | |
| Status: | Active | Email: | |

**Actions\Amendments**

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | 20060816197-90 | # of Pages: | 1 |
| File Date: | 12/20/2006 | Effective Date: | |
| Initial Stock Value: No Par Value Shares: 1,500 --------------------------------------- --- Total Authorized Capital: $ 0.00 | | | |

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20070034796-88 | # of Pages: | 1 |
| File Date: | 1/16/2007 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20070779638-59 | # of Pages: | 1 |
| File Date: | 11/15/2007 | Effective Date: | |
| (No notes for this action) | | | |

Colorado
Secretary of State
Wayne W. Williams

About Wayne | Español

Search

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

# Search Results

Found 3 matching record(s). Viewing page 1 of 1.

| # | ID Number | Document Number | Name | Status | Form | Effective Date | Comment |
|---|---|---|---|---|---|---|---|
| 1 | 20101057448 | 20101057448 | Neighbors Moving | Withdrawn | FO | 01/27/2010 08:42 PM | |
| 2 | 20101057463 | 20101057463 | Father and Sons Moving | Withdrawn | FO | 01/27/2010 08:53 PM | |
| 3 | 20101204759 | 20101204759 | Neighbors Moving | Withdrawn | FO | 04/08/2010 01:23 PM | |

Back

Terms and Conditions



# Summary

For this Record...
Filing history and documents
Show entity
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

Details

| | | | |
|---|---|---|---|
| Trade name | Neighbors Moving | | |
| Registrant name | 67th Avenue Movers Inc, Colorado Authority Relinquished June 10, 2013 | | |
| Status | Withdrawn | Formation Date | 01/27/2010 |
| ID number | 20101057448 | Form | Foreign Other |
| Renewal month | n/a | Expiration Date | n/a |
| Primary residence or usual place of business street address | n/a | | |
| Primary residence or usual place of business mailing address | n/a | | |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically
Paper documents will not be accepted.
    Document processing fee
Fees & forms/cover sheets
    are subject to change.
To access other information or print
    copies of filed documents,
    visit www.sos.state.co.us and
    select Business Center.

**E-Filed**

$20.00

Colorado Secretary of State
Date and Time: 01/27/2010 08:42 PM
ID Number: 20101057448

Document number: 20101057448
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Trade Name of a Reporting Entity
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

    ID Number        20101006607
                     *(Colorado Secretary of State ID number)*

    True name        67th Avenue Inc

    Form of entity   Foreign Other

    Jurisdiction     Nevada

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

    Neighbors Moving

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

    household goods mover

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
    ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

    *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
    The delayed effective date and, if applicable, time of this document are _____
                                                                              *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| Price | | Jason | | |
|---|---|---|---|---|
| *(Last)* | | *(First)* | *(Middle)* | *(Suffix)* |

1005 Rosemary

*(Street number and name or Post Office Box information)*

| Denver | | CO | 80230 |
|---|---|---|---|
| *(City)* | | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province – if applicable)* | *(Country - if not US)* |
|---|---|

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



State of Colorado
**Colorado**
Secretary of State
Wayne W. Williams

About Wayne | Español

Search

For this Record...
Filing history and
documents
Show entity
File a form
Subscribe to email
notification
Unsubscribe from email
notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

## Summary

| Details | | | |
|---|---|---|---|
| **Trade name** | Father and Sons Moving | | |
| **Registrant name** | 67th Avenue Movers Inc, Colorado Authority Relinquished June 10, 2013 | | |
| **Status** | Withdrawn | **Formation Date** | 01/27/2010 |
| **ID number** | 20101057463 | **Form** | Foreign Other |
| **Renewal month** | n/a | **Expiration Date** | n/a |
| **Primary residence or usual place of business street address** | n/a | | |
| **Primary residence or usual place of business mailing address** | n/a | | |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

**E-Filed**

$20.00

Colorado Secretary of State
Date and Time: 01/27/2010 08:53 PM
ID Number: 20101057463

Document number: 20101057463
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Trade Name of a Reporting Entity
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

   ID Number            20101006607
                        *(Colorado Secretary of State ID number)*

   True name            67th Avenue Inc

   Form of entity       Foreign Other

   Jurisdiction         Nevada

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

   Father and Sons Moving

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

   household goods mover

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are
                                                            *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

TRDNM_RE                          Page 1 of 2                          Rev. 01/01/2008

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| Price | Jason | | |
|-------|-------|--------|--------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

1005 Rosemary

*(Street number and name or Post Office Box information)*

| Denver | | CO | 80230 |
|--------|---|----|-------|
| *(City)* | | *(State)* | *(Postal/Zip Code)* |

United States

*(Province - if applicable)*     *(Country - if not US)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



For this Record...
Filing history and
documents
Show entity
File a form
Subscribe to email
notification
Unsubscribe from email
notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

## Summary

**Details**

| | |
|---|---|
| Trade name | Neighbors Moving |
| Registrant name | 67th Avenue Movers Inc, Colorado Authority Relinquished June 10, 2013 |
| Status | Withdrawn |
| ID number | 20101204759 |
| Renewal month | n/a |
| Primary residence or usual place of business street address | n/a |
| Primary residence or usual place of business mailing address | n/a |

| | |
|---|---|
| Formation Date | 04/08/2010 |
| Form | Foreign Other |
| Expiration Date | n/a |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

 **E-Filed**

$20.00

Colorado Secretary of State
Date and Time: 04/08/2010 01:23 PM
ID Number: 20101204759

Document number: 20101204759
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Trade Name of a Reporting Entity
### filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

| | |
|---|---|
| ID Number | 20101006607 |
| | *(Colorado Secretary of State ID number)* |
| True name | 67th Avenue Inc |
| Form of entity | Foreign Other |
| Jurisdiction | Nevada |

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

Neighbors Moving

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

moving business

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are _____
   *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| price | | jason | | |
|---|---|---|---|---|
| *(Last)* | | *(First)* | *(Middle)* | *(Suffix)* |

1005 rosemary st

*(Street number and name or Post Office Box information)*

| denver | | CO | 80230 |
|---|---|---|---|
| *(City)* | | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province – if applicable)* | *(Country   if not US)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



For this Record...
Filing history and
documents
Trade names
File a form
Subscribe to email
notification
Unsubscribe from email
notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

# Summary

**Details**

| | | | |
|---|---|---|---|
| Name | 67th inc. Dissolved April 16, 2014 | | |
| Status | Voluntarily Dissolved | Formation date | 12/01/2009 |
| ID number | 20091628114 | Form | Corporation |
| | | Jurisdiction | Colorado |
| Periodic report month | June | Term of duration | Perpetual |
| Principal office street address | 11692 e baltic pl. aurora, CO 80014, United States | | |
| Principal office mailing address | n/a | | |

**Registered Agent**

| | |
|---|---|
| Name | sofia shifrin |
| Street address | 11692 e baltic pl, aurora, CO 80014, United States |
| Mailing address | n/a |

Filing history and documents
Trade names
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically.
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

**E-Filed**

$50.00

Colorado Secretary of State
Date and Time: 12/01/2009 01:08 PM
ID Number: 20091628114

Document number: 20091628114
Amount Paid: $50.00

ABOVE SPACE FOR OFFICE USE ONLY

### Articles of Incorporation for a Profit Corporation
filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name for the corporation is

**67th inc**

*(The name of a corporation must contain the term or abbreviation "corporation", "incorporated", "company", "limited", "corp.", "inc.", "co." or "ltd.". See §7-90-601, C.R.S. If the corporation is a professional or special purpose corporation, other law may apply.)*

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the corporation's initial principal office is

Street address          **11551 E. Arapahoe rd. suite 110**
                        *(Street number and name)*

**centennial**                    **CO    80112**
*(City)*                          *(State)*      *(ZIP/Postal Code)*
                        **United States**
*(Province – if applicable)*        *(Country)*

Mailing address
(leave blank if same as street address)          *(Street number and name or Post Office Box information)*

*(City)*                          *(State)*      *(ZIP/Postal Code)*

*(Province – if applicable)*        *(Country)*

3. The registered agent name and registered agent address of the corporation's initial registered agent are

Name
(if an individual)      **Price**          **Jason**
                        *(Last)*          *(First)*          *(Middle)*      *(Suffix)*

OR

(if an entity)
*(Caution: Do not provide both an individual and an entity name.)*

Street address          **11551 E. Arapahoe rd.**
                        *(Street number and name)*

**Centennial**                    **CO**    **80112**
*(City)*                          *(State)*      *(ZIP/Postal Code)*

ARTINC PC                          Page 1 of 3                          Rev 02/28/2008

Mailing address
(leave blank if same as street address)                    *(Street number and name or Post Office Box information)*

_____ CO _____
                                    *(City)*          *(State)*    *(ZIP/Postal Code)*

*(The following statement is adopted by marking the box.)*
☑ The person appointed as registered agent above has consented to being so appointed.

4. The true name and mailing address of the incorporator are

Name
(if an individual)          Yankovich          Quilly
                            *(Last)*           *(First)*           *(Middle)*     *(Suffix)*

**OR**

(if an entity)
*(Caution: Do not provide both an individual and an entity name.)*

Mailing address          11551 E. Arapahoe Rd.
                         *(Street number and name or Post Office Box information)*

centennial                          CO     80112
*(City)*                            *(State)*   *(ZIP/Postal Code)*
                         United States
*(Province – if applicable)*     *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
☐ The corporation has one or more additional incorporators and the name and mailing address of each
   additional incorporator are stated in an attachment.

5. The classes of shares and number of shares of each class that the corporation is authorized to issue are as
   follows.
   *(If the following statement applies, adopt the statement by marking the box and enter the number of shares.)*
   ☑ The corporation is authorized to issue _1,000_ common shares that shall have unlimited voting
      rights and are entitled to receive the net assets of the corporation upon dissolution.

   *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ Additional information regarding shares as required by section 7-106-101, C.R.S., is included in an
      attachment.
   *(Caution: At least one box must be marked. Both boxes may be marked, if applicable.)*

6. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

7. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has
   significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document is/are _____
                                                                    *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

| Price | Jason | Michael | |
|-------|-------|---------|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

11551 E. Arapahoe rd.
*(Street number and name or Post Office Box information)*

| centennial | CO | 80112 |
|------------|-----|-------|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States
| | *(Country)* |
| *(Province - if applicable)* | |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



Colorado Secretary of State
Date and Time: 04/16/2014 10:02 PM
ID Number: 20091628114

Document number: 20141242679
Amount Paid: $10.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

ABOVE SPACE FOR OFFICE USE ONLY

### Statement of Change
### Changing the Registered Agent Information
filed pursuant to § 7-90-305.5 and § 7-90-702 of the Colorado Revised Statutes (C.R.S.)

1. The entity ID number and the entity name, or, if the entity does not have an entity name, the true name are

Entity ID number

**20091628114**
*(Colorado Secretary of State ID number)*

Entity name or True name

**67th inc, Dissolved April 16, 2014**

2. *(If applicable, adopt the following statement by marking the box and enter all changes.)*
   ☑ The registered agent name has changed.

   Such name, as changed, is

   Name
   (if an individual)         **shifrin**        **sofia**
                              *(Last)*        *(First)*        *(Middle)*        *(Suffix)*
   or

   (if an entity)
   *(Caution: Do not provide both an individual and an entity name.)*

   *(The following statement is adopted by marking the box.)*
   ☑ The person appointed as registered agent has consented to being so appointed.

3. *(If applicable, adopt the following statement by marking the box and enter all changes.)*
   ☑ The registered agent address of the registered agent has changed.

   Such address, as changed, is

   Street address         **11692 e baltic pl**
                          *(Street number and name)*

                          **aurora**               **CO**   **80014**
                          *(City)*               *(State)*   *(ZIP Code)*

   Mailing address
   (leave blank if same as street address)     *(Street number and name or Post Office Box Information)*

                                               **CO**
                                               *(City)*        *(State)*   *(ZIP Code)*

4. *(If applicable, adopt the following statement by marking the box.)*
   ☑ The person appointed as registered agent has delivered notice of the change to the entity.

5. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

6. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are _____.
   *(mm/dd/yyyy hour:minute am/pm)*

Notice:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

7. The true name and mailing address of the individual causing this document to be delivered for filing are

| shifrin | sofia | | |
|---------|-------|--------|--------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

| 11692 e baltic pl | | | |
|---|---|---|---|
| *(Street number and name or Post Office Box information)* | | | |

| aurora | | CO | 80014 |
|--------|---|-----|-------|
| *(City)* | | *(State)* | *(ZIP/Postal Code)* |

| | United States | |
|---|---|---|
| *(Province – if applicable)* | *(Country)* | |

*(If applicable, adopt the following statement by marking the box and include an attachment.)*
☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



Business Home
Business Information
Business Search

FAQs, Glossary and
Information

## Search Results

Found 4 matching record(s). Viewing page 1 of 1.

| # | ID Number ⊙ | Document Number | Name | Status | Form | Effective Date | Comment |
|---|---|---|---|---|---|---|---|
| 1 | 20101078494 | 20101078494 | 67th Avenue Movers Inc | Expired | DPC | 02/05/2010 01:40 PM | |
| 2 | 20101204993 | 20101204993 | NEIGHBORS MOVING | Withdrawn | DPC | 04/08/2010 11:59 PM | |
| 3 | 20101205008 | 20101205008 | FATHER AND SONS MOVING | Withdrawn | DPC | 04/08/2010 11:59 PM | |
| 4 | 20111227365 | 20111227365 | 67th Avenue Logistics Inc | Expired | DPC | 04/14/2011 04:01 PM | |

Back

Terms and Conditions



**About Wayne | Español**

For this Record...
Filing history and
documents
Show entity
File a form
Subscribe to email
notification
Unsubscribe from email
notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

# Summary

Details

| | | | |
|---|---|---|---|
| Trade name | 67th Avenue Movers Inc | | |
| Registrant name | 67th Inc, Dissolved April 16, 2014 | | |
| Status | Expired | Formation Date | 02/05/2010 |
| ID number | 20101078494 | Form | Corporation |
| Renewal month | September | Expiration Date | 12/01/2014 |
| Primary residence or usual place of business street address | n/a | | |
| Primary residence or usual place of business mailing address | n/a | | |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically.
Paper documents will not be accepted.
Document processing fee
Fees & forms/cover sheets
are subject to change.
To access other information or print
copies of filed documents,
visit www.sos.state.co.us and
select Business Center.

**E-Filed**

$20.00

Colorado Secretary of State
Date and Time: 02/05/2010 01:40 PM
ID Number: 20101078494

Document number: 20101078494
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

### Statement of Trade Name of a Reporting Entity
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

   ID Number     **20091628114**
   *(Colorado Secretary of State ID number)*

   True name     **67th inc**

   Form of entity     **Corporation**

   Jurisdiction     **Colorado**

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

   **67th Avenue Movers Inc**

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

   **household goods mover**

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are _____
   *(mm/dd/yyyy hour:minute am pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

TRDNM_RE                              Page 1 of 2                              Rev. 01/01/2008

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| Price | Jason | | |
|-------|-------|--|--|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

11551 e arapahoe rd

*(Street number and name or Post Office Box Information)*

| Centennial | CO | 80112 |
|------------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province   if applicable)* | *(Country   if not US)* |
|---|---|

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty.  While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet.  Questions should be addressed to the user's legal, business or tax advisor(s).



For this Record...
Filing history and documents
Show entity
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

## Summary

**Details**

| | | | |
|---|---|---|---|
| Trade name | NEIGHBORS MOVING | | |
| Registrant name | 67th Inc. Dissolved April 16, 2014 | | |
| Status | Withdrawn | Formation Date | 04/08/2010 |
| ID number | 20101204993 | Form | Corporation |
| Renewal month | n/a | Expiration Date | n/a |
| Primary residence or usual place of business street address | n/a | | |
| Primary residence or usual place of business mailing address | n/a | | |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically
Paper documents will not be accepted.
   Document processing fee
Fees & forms/cover sheets
   are subject to change.
To access other information or print
   copies of filed documents,
   visit www.sos.state.co.us and
   select Business Center.

**E-Filed**

$20.00

Colorado Secretary of State
Date and Time: 04/08/2010 02:43 PM
ID Number: 20101204993

Document number: 20101204993
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

**Statement of Trade Name of a Reporting Entity**
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

| | |
|---|---|
| ID Number | 20091628114 |
| | *(Colorado Secretary of State ID number)* |
| True name | 67th inc |
| Form of entity | Corporation |
| Jurisdiction | Colorado |

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

   NEIGHBORS MOVING

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

   MOVING COMPANY

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are 04/08/2010
   *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| PRICE | JASON | M | |
|-------|-------|---|--|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

1005 ROSEMARY ST

*(Street number and name or Post Office Box information)*

| DENVER | CO | 80230 |
|--------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province - if applicable)* | *(Country - if not US)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



**For this Record...**
Filing history and documents
Show entity
File a form
Subscribe to email notification
Unsubscribe from email notification

**Business Home**
**Business Information**
**Business Search**

**FAQs, Glossary and Information**

## Summary

**Details**

| | |
|---|---|
| Trade name | FATHER AND SONS MOVING |
| Registrant name | 67th Inc, Dissolved April 16, 2014 |
| Status | Withdrawn |
| ID number | 20101205008 |
| Renewal month | n/a |
| Primary residence or usual place of business street address | n/a |
| Primary residence or usual place of business mailing address | n/a |

| | |
|---|---|
| Formation Date | 04/08/2010 |
| Form | Corporation |
| Expiration Date | n/a |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

Document must be filed electronically
Paper documents will not be accepted.
    Document processing fee
  Fees & forms/cover sheets
    are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

   $20.00

Colorado Secretary of State
Date and Time: 04/08/2010 02:48 PM
ID Number: 20101205008

Document number: 20101205008
Amount Paid: $20.00

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Trade Name of a Reporting Entity
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

| | |
|---|---|
| ID Number | 20091628114 |
| | *(Colorado Secretary of State ID number)* |
| True name | 67th inc |
| Form of entity | Corporation |
| Jurisdiction | Colorado |

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

FATHER AND SONS MOVING

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

MOVING COMPANY

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are 04/08/2010
   *(mm/dd/yyyy hour:minute am/pm)*

Notice:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| PRICE | JASON | M | |
|-------|-------|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

1005 ROSEMARY ST

*(Street number and name or Post Office Box Information)*

| DENVER | CO | 80230 |
|--------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province – if applicable)* | *(Country – if not US)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



For this Record...
Filing history and documents
Show entity
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

# Summary

Details

| | | | |
|---|---|---|---|
| **Trade name** | 67th Avenue Logistics Inc | | |
| **Registrant name** | 67th Inc, Dissolved April 16, 2014 | | |
| **Status** | Expired | **Formation Date** | 04/14/2011 |
| **ID number** | 20111227365 | **Form** | Corporation |
| **Renewal month** | September | **Expiration Date** | 12/01/2014 |
| **Primary residence or usual place of business street address** | n/a | | |
| **Primary residence or usual place of business mailing address** | n/a | | |

Filing history and documents
Show entity
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions

<table>
<tr><td>

Document must be filed electronically
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
copies of filed documents,
visit www.sos.state.co.us and
select Business Center.

</td><td>

**E-Filed**

$20.00

</td><td>

Colorado Secretary of State
Date and Time: 04/14/2011 04:01 PM
ID Number: 20111227365

Document number: 20111227365
Amount Paid: $20.00

</td></tr>
</table>

ABOVE SPACE FOR OFFICE USE ONLY

### Statement of Trade Name of a Reporting Entity
filed pursuant to §7-71-103 and §7-71-107 of the Colorado Revised Statutes (C.R.S)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the jurisdiction under the law of which it is formed are

| | |
|---|---|
| ID Number | 20091628114 |
| | *(Colorado Secretary of State ID number)* |
| True name | 67th inc |
| Form of entity | Corporation |
| Jurisdiction | Colorado |

2. The trade name under which such entity transacts business or conducts activities or contemplates transacting business or conducting activities in this state is

   67th Avenue Logistics Inc

3. A brief description of the kind of business transacted or activities conducted or contemplated to be transacted or conducted in this state under such trade name is

   Household goods moving and storage

4. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are _____
   *(mm/dd/yyyy hour minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6.  The true name and mailing address of the individual causing this document to be delivered for filing are

| price | jason | | |
|-------|-------|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

5303 E 47th Ave

*(Street number and name or Post Office Box Information)*

#N

| denver | CO | 80216 |
|--------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province - if applicable)* | *(Country if not US)* |
|---|---|

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



CONFIDENTIAL

67th Avenue Movers Inc.   1369
5300 East 47th Ave, Unit N
Denver, CO 80216

1331

3/16/2010

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CO.

$ **2,310.24

Two Thousand Three Hundred Ten and 24/100                    DOLLARS

NAVISTAR FINANCIAL CO.
PO Box 98070
Chicago IL 60693-6070

Merch payment 3 new trucks

⑈001331⑈ ⑆102001017⑆ 6392351148⑈

Exhibit No.: 27
Deponent: Shifrin
Date/RPR: 1/20/15 KF
Hunter + Geist, Inc.

Monday, Jul 29, 2013  03:10 PM

Navistar000045
TEE039716



67th Avenue Movers Inc.   1209
5303 East 47th Ave., Unit N
Denver, CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

1525

4/14/2010

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP                $ **2,310.24

Two Thousand Three Hundred Ten and 24/100                DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

RIDS NW 096070 NAVISTAR 01155 nbk2nbj. 3608  70  2217

⑈0015250⑈ ⑆102001017⑆  639236148⑈

Navistar000046
TEE039717

Monday, Jul 29, 2013  03:57 PM



CONFIDENTIAL

67th Avenue Movers Inc.
5585 East 47th Ave., Unit N
Denver, CO 80216

1714

5/19/2010

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-Nov/820

$ **2,310.24

PAY TO THE
ORDER OF     NAVISTAR FINANCIAL CORP

Two Thousand Three Hundred Ten and 24/100                                     DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 98070
Chicago il 60693-8070



87th Avenue Movers Inc.   1992
5303 East 47th Ave., Unit N
Denver, CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

8/14/2010

PAY TO THE
ORDER OF    NAVISTAR FINANCIAL CORP    $ **2,323.48

Two Thousand Three Hundred Twenty Three and 48/100**    DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 98070
Chicago Il 60663-8070

30239719

CONFIDENTIAL

Navistar000048
TEE039719

Monday Jul 29 2013 03:25 PM

67th Avenue Movers Inc.

5003 East 47th Ave  Unit N
Denver CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
20-1071/1020

2311

7/26/2010

PAY TO THE
ORDER OF    NAVISTAR FINANCIAL CORP

$ **2,310 24

Two Thousand Three Hundred Ten and 24/100**************************************************************    DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

⑆002311⑆ ⑉102001017⑉ 639236148⑈

Navistar000049
TEE039720

CONFIDENTIAL

Monday, Jul 29, 2013  03:31 PM



CONFIDENTIAL

2097

7/2/2010

67th Avenue Streets Inc.   1269
5902 East 67th Ave. Unit N
Denver, CO 80216

PAY TO THE
ORDER OF    NAVISTAR FINANCIAL CORP

$ *2,430.02

Two Thousand Four Hundred Thirty and 02/100                         DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago IL 60693-5070

JPMORGAN CHASE BANK, NA
Englewood Colorado
25-2/1049

MEMO    3029719

Monday, Jul 29, 2013  03:35 PM

Navistar000050
TEE039721



67th Avenue Movers Inc.   1209
5300 East 47th Ave, Unit N
Denver, CO 80216

2510

8/24/2010

PAY TO THE
ORDER OF    NAVISTAR FINANCIAL CORP                    $ **2,310.24

Two Thousand Three Hundred Ten and 24/100**********************    DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 98070
Chicago Il 60693-8070

JPMORGAN CHASE BANK, NA
Englewood Colorado
33-101/1020

truck payments

⑆002510⑆ ⑆102010107⑆ ⑆539236148⑆

CONFIDENTIAL

Monday, Jul 29, 2013  03:38 PM

Navistar000051
TEE039722



**67th Avenue Movers Inc.** 1205
5303 East 47th Ave., Unit N
Denver, CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

2460

8/19/2010

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP          $ **2,430.02

Two Thousand Four Hundred Thirty and 02/100**                    DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

⑈00 2460⑈ ⑆⑆10 200 1017⑆⑆   639236148⑈

CONFIDENTIAL

Navistar000052
TEE039723

Monday, Jul 29, 2013  03:40 PM



Navistar000053
TEE039724

**67th Avenue Movers Inc.**
5303 East 47th Ave   Unit N
Denver CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-161 1020

2732

9-20-10

PAY TO THE
ORDER OF _____ Nav Star Financial _____ $ 2340 63

two thousand three hundred forty 63/100 _____ DOLLARS

30239 7/9

⑈0027 3 2⑈ ⑆10 200 10 17⑆   639236148⑈

Navistar000054
TEE039725

CONFIDENTIAL

Monday, Jul 29, 2013  03:47 PM



Navistar000055
TEE039726

CONFIDENTIAL

Monday, Jul 29, 2013  03:49 PM



67th Avenue Movers Inc.   1209
5303 East 47th Ave , Unit N
Denver. CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

2897

10/10/2010

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP                                        $  **2,489.14

Two Thousand Four Hundred Eighty-Nine and 14/100                         DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-8070

RIDS HW 096070 NAVISTAR-015516 nbkf 3600  22  268

⑆002897⑆ ⑈102001047⑈  639236148⑈

Navistar000056
TEE039727

Monday. Jul 29, 2013  03 51 PM

**67th Avenue Movers Inc.**
5303 East 47th Ave . Unit N
Denver CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-181 1020

3000

10/23/2010

PAY TO THE
ORDER OF    NAVISTAR FINANCIAL CORP                                        $  **2 310 24

Two Thousand Three Hundred Ten and 24/100********************************************************** DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago IL 60693-6070

RIDS hW 09607D NAVISTAR 001490 nbky1-lo 3624  33  2102

⑈003000⑈ ⑆1020010 17⑈    639236148⑈

CONFIDENTIAL

Navistar000057
TEE039728

Monday, Jul 29, 2013  03:55 PM



67th Avenue Movers Inc.   1209
5303 East 47th Ave, Unit N
Denver, CO 80216

3089

11/6/2010

PAY TO THE
ORDER OF ___ NAVISTAR FINANCIAL CORP

$ **2,453.99

Two Thousand Four Hundred Fifty-Three and 99/100 _____ DOLLARS

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-101/1020

NAVISTAR FINANCIAL CORP
PO Box 95070
Chicago Il 60693-8070

⑈003089⑈ ⑆102001018⑆ 639236148⑈

CONFIDENTIAL

Monday, Jul 29, 2013  03:57 PM

Navistar000058
TEE039729



57th Avenue Movers Inc.   1209
5303 East 47th Ave., Unit N
Denver, CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-104/1020

3198

11/21/2010

PAY TO THE
ORDER OF     NAVISTAR FINANCIAL CORP          $ **2,310 24

Two Thousand Three Hundred Ten and 24/100*********************************** DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

RIDS BW 09G07C NAVSR 026448 MDKY 3616  39  2123

⑈003198⑈ ⑉102001017⑉   639236148⑈

CONFIDENTIAL

Navistar000059
TEE039730

Monday, Jul 29, 2013  04:00 PM



67th Avenue Movers Inc.   12/08
5303 East 47th Ave   Unit N
Denver, CO 80216

JPMORGAN CHASE BANK, NA
Englewood Colorado
23-10/ 1020

3246

12/1/2010

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP

$ **2,447.59

Two Thousand Four Hundred Forty-Seven and 59/100************************************ DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

RIDS WW 096070 NAVISTAR 017936 nbk7880 3600  30  292

2 mcandies truck

⑈003246⑈ ⑆102001017⑉   639236148⑈

Navistar0000060
TEE039731

Monday, Jul 29, 2013  04:02 PM

CONFIDENTIAL



Navistar000061
TEE039732

CONFIDENTIAL

Monday, Jul 29, 2013 04:04 PM



Navistar000062
TEE039733

Monday, Jul 29, 2013  04:07 PM



Navistar000063
TEE039734

Monday, Jul 29, 2013 04:06 PM



001452

2/7/2011

Pay to the
Order of    navistar                                    $ 2,450.79

Two Thousand Four Hundred Fifty and 79/100                          Dollars

navistar

REDS W# 096070 NAVISTAR 005802 nbky14o 3811  24  278

For  Mccandless trucks

⑈001452⑈  ⑈10200101711⑈    1636722355⑈

Navistar000064
TEE039735

CONFIDENTIAL

Monday, Jul 29, 2013  04:13 PM



CONFIDENTIAL

Navistar000066
TEE039737



67th Avenue Moving Inc
5303 E 47th Ave Unit N
Denver, CO 80216

JPMorgan Chase Bank, N.A.
Englewood Colorado
23-108-1025

4043

3/21/2011

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP                                   $  **2,447 59

Two Thousand Four Hundred Forty-Seven and 59/100                              DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

FOR

⑃004043⑃ ⑆102001012⑆   639236148⑃

Navistar000067
TEE039738

CONFIDENTIAL

Monday, Jul 29, 2013  04:17 PM



47th Avenue Moving Inc.
7208 E 47th Ave Unit N
Denver, CO 80216

JPMorgan Chase Bank, N.A.
Englewood Colorado
25-101/1020

4183

4/8/2011

PAY TO THE
ORDER OF   NAVISTAR FINANCIAL CORP                                    $ **2,310.24

Two Thousand Three Hundred Ten and 24/100***********                                    DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago Il 60693-6070

RIDS WM 096070 NAVISTAR 000168 nbkfv5g 3G00  29  293

FOR

⑈004683⑈ ⑈102001017⑈        639236648⑈

Navistar000068
TEE039739

Monday, Jul 29, 2013  04:19 PM



Navistar000069
TEE039740

Monday, Jul 29, 2013  04:22 PM



CONFIDENTIAL

Navistar000070
TEE039741



57th Avenue Moving Inc
5303 E 47th Ave Unit N
Denver, CO 80216

JPMorgan Chase Bank, N.A.
20-101/1026
Englewood, Colorado

4302

05/16/2011

PAY TO THE
ORDER OF      NAVISTAR FINANCIAL CORP                          $ **2,430.02

Two thousand four hundred thirty and 02/100************************************************ DOLLARS

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago, IL 60693-6070

RIOS #W 096070 NAVISTAR 036257 nbk3ofy 3617  $  210

FOR     2 mcandies trucks

⑈004302⑈ ⑆102001017⑈      639236148⑈

Navistar000071
TEE039742

Monday, Jul 29, 2013 04:26 PM



CONFIDENTIAL



CONFIDENTIAL

Navistar000075
TEE039746



Navistar000076
TEE039747

Monday, Jul 29 2013 04:35 PM



CONFIDENTIAL

009198

Uintah Inc.
11691 E Arapahoe Rd Ste 110
Centennial, CO 80112

JPMorgan Chase Bank, N.A.
1107 E. Arapahoe Pl.
Centennial, CO 80112

9/1/2011

Pay to the
Order of   NAVISTAR FINANCIAL CORP

$ **2,310.24**

Two Thousand Three Hundred Ten and 24/100******************************************   Dollars

NAVISTAR FINANCIAL CORP
PO Box 96070
Chicago, IL 60693-6070

For

RIDS  wv 096070 NAVISTAR 031835 nbk7jhs 3607   26  267

⑆009198⑆ ⑈102001017⑉   9151784312⑈

Navistar000078
TEE039749

Monday, Jul 29, 2013  04:41 PM



Navistar000079
TEE039750

CONFIDENTIAL

Monday, Jul 29, 2013  04:55 PM



About Wayne | Español

Colorado
Secretary of State
Wayne W. Williams

Search

**For this Record...**
Filing history and documents
View Trademarks
Get a certificate of good standing
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

## Summary

### Details

| | | | |
|---|---|---|---|
| Name | Movers Connection Inc. | | |
| Status | Good Standing | Formation date | 10/14/2012 |
| ID number | 20121569123 | Form | Corporation |
| | | Jurisdiction | Colorado |
| Periodic report month | October | Term of duration | Perpetual |
| Principal office street address | 3751 revere st, denver, CO 80239, United States | | |
| Principal office mailing address | n/a | | |

### Registered Agent

| | |
|---|---|
| Name | sarah thorpe |
| Street address | 3751 revere st, denver, CO 80239, United States |
| Mailing address | n/a |

Filing history and documents
View Trademarks
Get a certificate of good standing
File a form
Set up secure business filing
Subscribe to email notification
Unsubscribe from email notification

Back

Terms and Conditions



Exhibit No.: 28
Deponent: Shifrin
Date/RPR: 4/20/15 KF
Hunter + Geist, Inc.

Document must be filed electronically.
Paper documents will not be accepted.
Document processing fee
Fees & forms/cover sheets
are subject to change.
To access other information or print
copies of filed documents,
visit www.sos.state.co.us and
select Business Center.

**E-Filed**

$50.00

Colorado Secretary of State
Date and Time: 10/14/2012 04:08 PM
ID Number: 20121569123

Document number: 20121569123
Amount Paid: $50.00

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Incorporation for a Profit Corporation
filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name for the corporation is

Movers Connection Inc.

*(The name of a corporation must contain the term or abbreviation "corporation", "incorporated", "company", "limited", "corp.", "inc.", "co." or "ltd". See §7-90-601, C.R.S. If the corporation is a professional or special purpose corporation, other law may apply.)*

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the corporation's initial principal office is

Street address     17075 Carson Dr.
                       *(Street number and name)*
                      1124
                      Parker           CO    80134
                      *(City)*      *(State)*   *(ZIP/Postal Code)*
                      United States
                      *(Province   if applicable)*    *(Country)*

Mailing address
(leave blank if same as street address)
                      *(Street number and name or Post Office Box information)*

                      *(City)*      *(State)*   *(ZIP/Postal Code)*
                      *(Province   if applicable)*    *(Country)*

3. The registered agent name and registered agent address of the corporation's initial registered agent are

Name
(if an individual)     Martinez      Kris        A
                      *(Last)*        *(First)*      *(Middle)*    *(Suffix)*

**OR**

(if an entity)
*(Caution: Do not provide both an individual and an entity name.)*

Street address     17075 Carson Dr.
                      *(Street number and name)*
                      1124
                      Parker           CO    80134
                      *(City)*      *(State)*   *(ZIP/Postal Code)*

Mailing address
**(leave blank if same as street address)**

_(Street number and name or Post Office Box Information)_

_(City)_     CO     _(ZIP/Postal Code)_
          _(State)_

_(The following statement is adopted by marking the box.)_

☑ The person appointed as registered agent above has consented to being so appointed.

4. The true name and mailing address of the incorporator are

Name
(if an individual)     MArtinez      Kris      A

                     _(Last)_          _(First)_          _(Middle)_     _(Suffix)_

**OR**

(if an entity)
_(Caution: Do not provide both an individual and an entity name.)_

Mailing address     17075 Carson Dr.

                     _(Street number and name or Post Office Box Information)_

                 1124

                 Parker          CO     80134

                   _(City)_        _(State)_     _(ZIP/Postal Code)_
                                      United States

                   _(Province – if applicable)_        _(Country)_

_(If the following statement applies, adopt the statement by marking the box and include an attachment.)_

☐ The corporation has one or more additional incorporators and the name and mailing address of each additional incorporator are stated in an attachment.

5. The classes of shares and number of shares of each class that the corporation is authorized to issue are as follows.

    _(If the following statement applies, adopt the statement by marking the box and enter the number of shares.)_

☑ The corporation is authorized to issue   10   common shares that shall have unlimited voting rights and are entitled to receive the net assets of the corporation upon dissolution.

    _(If the following statement applies, adopt the statement by marking the box and include an attachment.)_

☐ Additional information regarding shares as required by section 7-106-101, C.R.S., is included in an attachment.

_(Caution: At least one box must be marked. Both boxes may be marked, if applicable.)_

6. _(If the following statement applies, adopt the statement by marking the box and include an attachment.)_

☐ This document contains additional information as provided by law.

7. _(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)_

    _(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)_
The delayed effective date and, if applicable, time of this document is/are

                                             _(mm/dd/yyyy hour:minute am/pm)_

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

| Martinez | Kris | A | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

17075 Carson Dr.

*(Street number and name or Post Office Box information)*

1124

| parker | | CO | 80134 |
|---|---|---|---|
| *(City)* | | *(State)* | *(ZIP/Postal Code)* |

United States

| *(Province - if applicable)* | *(Country)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).



Colorado Secretary of State
Date and Time: 08/16/2013 11:55 AM
ID Number: 20121569123

Document number: 20131471399
Amount Paid: $10.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

ABOVE SPACE FOR OFFICE USE ONLY

**Statement of Change**
**Changing the Registered Agent Information**
filed pursuant to § 7-90-305.5 and § 7-90-702 of the Colorado Revised Statutes (C.R.S.)

1. The entity ID number and the entity name, or, if the entity does not have an entity name, the true name are

Entity ID number          **20121569123**
                          *(Colorado Secretary of State ID number)*

Entity name or True name   **Movers Connection Inc.**

2. *(If applicable, adopt the following statement by marking the box and enter all changes.)*
   ☑ The registered agent name has changed.

   Such name, as changed, is

   Name
   (if an individual)     **Shifrin**        **Sofia**
                          *(Last)*           *(First)*        *(Middle)*      *(Suffix)*

   or

   (if an entity)
   *(Caution:  Do not provide both an individual and an entity name.)*

   *(The following statement is adopted by marking the box.)*
   ☑ The person appointed as registered agent has consented to being so appointed.

3. *(If applicable, adopt the following statement by marking the box and enter all changes.)*
   ☑ The registered agent address of the registered agent has changed.

   Such address, as changed, is

   Street address           **11692 E. Baltic Place**
                            *(Street number and name)*

                            **Aurora**                    **CO**    **80014**
                            *(City)*                      *(State)*  *(ZIP Code)*

   Mailing address
   (leave blank if same as street address)   *(Street number and name or Post Office Box Information)*

                            *(City)*            **CO**     *(ZIP Code)*
                                               *(State)*

CHANGE_RA                   Page 1 of 2                   Rev. 12/01/2012

4. *(If applicable, adopt the following statement by marking the box.)*
   ☑ The person appointed as registered agent has delivered notice of the change to the entity.

5. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

6. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document are _____
                                                                      *(mm/dd/yyyy hour:minute am/pm)*

Notice:
Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

7. The true name and mailing address of the individual causing this document to be delivered for filing are

| Shifrin | Sofia | | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

11692 E. Baltic Pl
*(Street number and name or Post Office Box information)*

| Aurora | CO | 80014 |
|---|---|---|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States
*(Province – if applicable)*   *(Country)*

   *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:
This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

CHANGE_RA                         Page 2 of 2                         Rev. 12/01/2012

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

**E-Filed**

Colorado Secretary of State
Date and Time: 12/12/2014 11:07 PM
ID Number: 20121569123

Document number: 20141755764
Amount Paid: $10.00

ABOVE SPACE FOR OFFICE USE ONLY

### Periodic Report
filed pursuant to §7-90-301, et seq. and §7-90-501 of the Colorado Revised Statutes (C.R.S)

ID number: **20121569123**

Entity name: **Movers Connection Inc.**

Jurisdiction under the law of which the
entity was formed or registered: **Colorado**

1. Principal office street address: **3751 revere st**
   *(Street name and number)*

   **denver**          **CO**   **80239**
   *(City)*          *(State)*   *(Postal/Zip Code)*
   **United States**
   *(Province – if applicable)*   *(Country – if not US)*

2. Principal office mailing address:
   (if different from above)
   *(Street name and number or Post Office Box information)*

   *(City)*          *(State)*   *(Postal/Zip Code)*
   *(Province - if applicable)*   *(Country - if not US)*

3. Registered agent name: (if an individual) **thorpe**          **sarah**
   *(Last)*          *(First)*   *(Middle)*   *(Suffix)*

   or   (if a business organization)

4. The person identified above as registered agent has consented to being so appointed.

5. Registered agent street address: **3751 revere st**
   *(Street name and number)*

   **denver**          **CO**   80239
   *(City)*          *(State)*   *(Postal/Zip Code)*

6. Registered agent mailing address:
   (if different from above)
   *(Street name and number or Post Office Box information)*

   *(City)*          *(State)*   *(Postal/Zip Code)*
   *(Province - if applicable)*   *(Country - if not US)*

REPORT          Page 1 of 2          Rev. 12/01/2012

Notice:
Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

7. Names(s) and address(es) of the
   individual(s) causing the document
   to be delivered for filing:

| thorpe | sarah | | |
|--------|-------|--------|--------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

3751 revere st

*(Street name and number or Post Office Box Information)*

| denver | CO  80239 | |
|--------|-----------|---|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| *(Province - if applicable)* | *(Country - if not US)* |

*(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box* ☐ *and include an attachment stating the name and address of such individuals.)*

Disclaimer:
This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.

Document must be filed electronically.
Paper documents will not be accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

**E-Filed**

Colorado Secretary of State
Date and Time: 12/16/2014 01:06 AM
ID Number: 20141758893

Document number: 20141758893
Amount Paid: $30.00

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Trademark Registration of a Reporting Entity
filed pursuant to § 7-70-102 of the Colorado Revised Statutes (C.R.S.)

1. For the reporting entity delivering this statement, its ID number, true name, form of entity and the
jurisdiction under the law of which it is formed are

   ID Number               20121569123
                           *(Colorado Secretary of State ID number)*

   True name               Movers Connection Inc.

   Form of entity          Corporation

   Jurisdiction            Colorado

2. *(Mark the applicable box and complete the statement. Caution: Mark only one box.)*
   ☐ The trademark is a standard character trademark and the characters constituting the trademark are


   **OR**

   ☑ The trademark is a special form trademark and a description of the attached drawing is
   Two men carrying a box with the letters "MC" on the box. The M is black and the C is red

3. A detailed description of the goods or services in connection with which the trademark is used is
   a households moving and storage company for in state and interstate shipping

   The class into which such goods or services fall is   039 Transportation and Storage
                                                          *(Class)*

4. A description of the attached specimen sufficient to identify the nature of the specimen is
   the movers connection logo

5. The date of first use in commerce of the trademark in this state by such entity or such entity's predecessor
   in interest is  10/14/2012
                   *(mm/dd/yyyy)*

6. The registrant identified above is currently using the trademark in commerce in this state and such registrant
   believes, in good faith, that such registrant has the right to use the trademark in connection with the goods
   or services listed above and such registrant's use of the trademark does not infringe the rights of any other
   person in that trademark.

7. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☑ This document contains additional information as provided by law.

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

8.  The true name and mailing address of the individual causing this document to be delivered for filing are

<div style="text-align:center">

thorpe            sarah

*(Last)*                    *(First)*                *(Middle)*            *(Suffix)*

3751 revere st

*(Street number and name or Post Office Box information)*

denver                          CO    80239

*(City)*                        *(State)*        *(Zip/Postal Code)*

United States

*(Province - if applicable)*        *(Country)*

</div>

*(If applicable, adopt the following statement by marking the box and include an attachment.)*

☐  This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty.  While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet.  Questions should be addressed to the user's legal, business or tax advisor(s).



CERTIFICATE OF INCORPORATION

FIRST: The name of this corporation shall be: FATHER AND SONS MOVERS, INC.

SECOND: Its registered office in the State of Delaware is to be located at 2711 Centerville Road, Suite 400, Wilmington, County of New Castle, Delaware, 19808. The name of its registered agent at such address is The Company Corporation.

THIRD: The purpose or purposes of the corporation shall be:

To engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH: The total number of shares of stock, which this corporation is authorized to issue One Thousand Five Hundred (1,500) shares of common stock with par value of $1.00.

FIFTH: The name and address of the incorporator is as follows:

> The Company Corporation
> 2711 Centerville Road
> Suite 400
> Wilmington, Delaware 19808

SIXTH: The Board of Directors shall have the power to adopt, amend or repeal the by-laws.

SEVENTH: No director shall be personally liable to the Corporation or its stockholders for monetary damages for any breach of fiduciary duty by such director as a director. Notwithstanding the foregoing sentence, a director shall be liable to the extent provided by applicable law, (i) for breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) pursuant to Section 174 of the Delaware General Corporation Law or (iv) for any transaction from which the director derived an improper personal benefit. No amendment to or repeal of this Article Seventh shall apply to or have any effect on the liability or alleged liability of any director of the Corporation for or with respect to any acts or omissions of such director occurring prior to such amendment.

IN WITNESS WHEREOF, the undersigned, being the incorporator herein before named, has executed signed and acknowledged this certificate of incorporation this 5th day of October, 2012.

The Company Corporation, Incorporator

By: /s/ Margaret Rosado
Name: Margaret Rosado
Assistant Secretary

State of Delaware
Secretary of State
Division of Corporations
Delivered 01:32 PM 10/05/2012
FILED 01:00 PM 10/05/2012
SRV 121103713 - 5223623 FILE

DE BC D-CERTIFICATE OF INCORPORATION - SHORT SPECIMEN 09/00-1 (DESHORT)

Martinez000004
TEE039225

County of New Castle
Dated: October 5, 2012

ORGANIZATION ACTION IN WRITING OF INCORPORATOR

OF

FATHER AND SONS MOVERS, INC.

(Organized on October 5, 2012)

The following action is taken this day through this instrument by the incorporator of the above corporation:

1. The election of the following person[s] to serve as the director[s] of the corporation until the first annual meeting of stockholders and until their successors are elected and qualified or until their earlier resignation or removal:

Kris A Martinez

The Company Corporation, Incorporator

By: *Margaret Rosado*
Name: Margaret Rosado
Assistant Secretary

Ed. 09/08

Martinez000005
TEE039226

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Foreign Entity Authority
### filed pursuant to § 7-90-803 of the Colorado Revised Statutes (C.R.S.)

1. The entity ID number, the entity name, and the true name, if different, are

Entity ID number

*(Colorado Secretary of State ID number)*

Entity name     **Father and Sons Movers, Inc.**

True name
(if different from the entity name)

2. The form of entity and the jurisdiction under the law of which the entity is formed are

Form of entity     **Foreign Corporation**

Jurisdiction     **Delaware**

3. The principal office address of the entity's principal office is

Street address     **#372**

*(Street number and name)*

**17011 Lincoln Ave**

**Parker**                    **CO     80134**
*(City)*                    *(State)*     *(ZIP/Postal Code)*

**United States**
*(Province – if applicable)*     *(Country)*

Mailing address
(leave blank if same as street address)

*(Street number and name or Post Office Box Information)*

*(City)*                    *(State)*     *(ZIP/Postal Code)*

*(Province – if applicable)*     *(Country)*

4. The registered agent name and registered agent address of the entity's registered agent are

Name
(if an individual)     **Martinez          Kris**
*(Last)*          *(First)*          *(Middle)*          *(Suffix)*

or

(if an entity)

*(Caution: Do not provide both an individual and an entity name.)*

AUTHORITY                    Page 1 of 3                    Rev. 12/01/2011

Martinez000006
TEE039227

Street address

#372
_(Street number and name)_
17011 Lincoln Ave

Parker                    CO      80134
_(City)_                 _(State)_   _(ZIP Code)_

Mailing address
(leave blank if same as street address)            _(Street number and name or Post Office Box information)_

_____   CO   _____
          _(City)_                _(State)_   _(ZIP Code)_

_(The following statement is adopted by marking the box.)_
[✓]  The person appointed as registered agent above has consented to being so appointed.

5. The date the entity commenced or expects to commence transacting business or conducting activities in
   Colorado is 12/01/2012 .
                _(mm/dd/yyyy)_

6. _(If applicable, adopt the following statement by marking the box and include an attachment.)_
   [ ]  This document contains additional information as provided by law.

7. _(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has
   significant legal consequences. Read instructions before entering a date.)_

   _(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)_
   The delayed effective date and, if applicable, time of this document is/are _____
                                                                        _(mm/dd/yyyy hour:minute am/pm)_

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or
acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the
individual's act and deed, or that the individual in good faith believes the document is the act and deed of the
person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity
with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic
statutes, and that the individual in good faith believes the facts stated in the document are true and the
document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of
State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

Martinez              Kris
_(Last)_              _(First)_          _(Middle)_        _(Suffix)_
17075 Carlson Dr
_(Street number and name or Post Office Box information)_

Parker                CO      80134
_(City)_              _(State)_   _(ZIP/Postal Code)_
                      United States
_(Province -- if applicable)_     _(Country)_

_(If the following statement applies, adopt the statement by marking the box and include an attachment.)_
[ ]  This document contains the true name and mailing address of one or more additional individuals
     causing the document to be delivered for filing.

Martinez000007
TEE039228

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

Martinez000008
TEE039229

## CONSENT OF DIRECTORS OF MOVERS CONNECTION

Pursuant to the Colorado Business Corporation Act, the undersigned, being the 100% share holder of 67th Ave Inc, acting without a meeting, hereby agrees to sell the number of shares of the corporation's common stock set forth opposite his name in exchange for property, cash, or other consideration in the amount set forth below, be and hereby is accepted.

| Name | Shares | Sales Price |
|------|--------|-------------|
| Sofia Shifrin | 90 | $100,000 |

The above offer is hereby accepted by each of the persons named below to purchase the number of shares of the corporation's common stock set forth opposite his name in exchange for property or cash in the amount set forth below.

| Name | Shares | Purchase Price |
|------|--------|----------------|
| Kris Martinez | 90 | $100,000 |

The purchase price shall be paid in increments from the profits of the company over the next 24-month period.

The officers of this corporation are hereby authorized, upon receipt of the above subscription, to issue and deliver a certificate to such shareholder or shareholders representing the number of shares so subscribed for.

**Merger.** This consent of Directors and the Exhibits and other documented related hereto set forth the entire agreement of the parties with respect to the subject matter hereof and may not be amended or modified except in writing subscribed to by all of such parties.

**Modification of Severance.** In the even that any provision of this Agreement is found by any court or other authority of competent jurisdiction to be illegal or unenforceable, such provision will be severed or modified to the extent necessary to render it enforceable, and as so severed or modified, this Agreement will continue in full force and effect.

Dated this 30th day of October, 2012

_Sofia Shifrin_

Exhibit No.: 29
Deponent: Shifrin
Date/RPR: 4/2015 KF
Hunter + Geist, Inc.

Martinez000013
TEE039234

THIS FORM HAS IMPORTANT LEGAL CONSEQUENCES AND THE PARTIES SHOULD CONSULT LEGAL COUNSEL BEFORE SIGNING

## BUSINESS LEASE

This lease, dated ____November 13, 2012____ , is between

____BEVERLY BUILDING COMPANY____ , as Landlord,

and ____GLASGOW, INC. DBA MOVERS CONNECTION, INC.____ , as Tenant.

In consideration of the payment of the rent and the performance of the covenants and agreements by the Tenant set forth herein,

the Landlord does hereby lease to the Tenant the following described premises situate in ____Denver____

County, in the State of Colorado, the address of which is ____3751 Revere Street, Denver, CO 80239____

____Premises includes 26,257 Sq. Ft. M/L of a larger multi-tenant building.____

Said premises, with all the appurtenances, are leased to the Tenant from the date of ____December 15, 2012____ ,

until the date of ____March 31, 2018____ at and for a rental for the full term of $ ____690,960.00____

payable in monthly installments of $ ____-00-____ for the period 12/15/12 thru 3/15/13
____5000.____  "   "   "   3/16/13   "   3/31/13
____10,000.____  "   "   "   4/1/13   "   3/31/14
____10,600.____  "   "   "   4/1/14   "   3/31/15
____11,420.____  "   "   "   4/1/15   "   3/31/16
____12,245.____  "   "   "   4/1/16   "   3/31/17
____12,900.____  "   "   "   4/1/17   "   3/31/18

in advance, on the ____1st____ day of each calendar month during the term of this lease, payable at

____Beverly Building Company, Box 101540, Denver, CO 80250-1540____ without notice.

THE TENANT, IN CONSIDERATION OF THE LEASING OF THE PREMISES AGREES AS FOLLOWS:

4. The Tenant shall use the premises only as ____Offices & warehouse____

IT IS EXPRESSLY UNDERSTOOD AND AGREED BETWEEN LANDLORD AND TENANT AS FOLLOWS:

No. 1044. Rev 1-96.   BUSINESS LEASE   Copyright 1992
Bradford Publishing, 1743 Wazee St., Denver, CO 80202 — (303) 292-2500 — 1-97

(1)

Exhibit No.: 30
Deponent: Shifrin
Date/RPR: 4/20/15 KF
Hunter + Geist, Inc.

Martinez000014
TEE039235

13. If the Tenant shall be in arrears in payment of any installment of rent, or any portion thereof, or in default of any other covenant or agreement set forth in this lease, and the default remains uncorrected for a period of thirty (30) days after the Landlord has given written notice thereof pursuant to applicable law, then the Landlord may, at the Landlord's option, without any of the following remedies without terminating: (a) declare the term of this lease ended; (b) terminate the Tenant's right to possession of the premises and recover and reposses the premises pursuant to applicable provisions of the Colorado Forcible Entry and Detainer Statute; (c) recover all present and future damages, costs and other relief to which the Landlord is entitled; (d) pursue remedies available; and/or (e) pursue any and all remedies in law or equity for the cumulative of the term, subject to the Landlord's duty to mitigate such damages. Pursuant to applicable law [13-40-104(a),(b), (c), (1) and 13-40-107.5, C.R.S.] which is incorporated by this reference, in the event (consent or substantial default) under the lease occur, the Landlord may reconsider the Tenant's possession upon a written Notice to Quit, without a right to cure. Upon such termination, the Landlord shall have available any and all of the above-listed remedies.

14. If the property or the premises shall be destroyed in whole or in part by fire, the elements, or other calamity and if, in the sole opinion of the Landlord, they cannot be repaired within ninety (90) days from said injury and the Landlord informs the Tenant of said decision; or if the premises are damaged in any degree and the Landlord informs the Tenant it does not desire to repair same and desires to terminate this lease, then this lease shall terminate on the date of such injury. In the event of such termination, the Tenant shall immediately surrender the possession of the premises and all rights therein to the Landlord, shall be granted a license to enter the premises at reasonable times to remove the Tenant's property; and shall not be liable for rent accruing subsequent to said event. The Landlord shall have the right to immediately enter and take possession of the premises and shall not be liable for any loss, damage or injury to the property or person of the Tenant in occupancy of, in or upon the premises.

If the Landlord repairs the premises within ninety (90) days, this lease shall continue in full force and effect and the Tenant shall not be required to pay rent for any portion of said ninety (90) days during which the premises are wholly unfit for occupancy.

17. In the event any dispute arises concerning the terms of this lease or the non-payment of any sums under this lease, and the matter is forced only to an attorney, the party prevailing in such dispute shall be entitled, in addition to other damages or costs, to receive reasonable attorneys' fees from the other party.

18. In the event any payment required hereunder is not made within ten (10) days after the payment is due, a late charge in the amount of $____ for each payment will be paid by the Tenant.

19. In the event of a condemnation or other taking by any governmental agency, all proceeds shall be paid to the Landlord hereunder, the Tenant waiving all right to any such payments.

20. This lease is made with the express understanding and agreement that in the event the Tenant becomes insolvent, the Landlord may declare this lease ended, and all rights of the Tenant hereunder shall terminate and cease.

21. The Tenant and the Landlord further agree:

A:  That Addendum No. 2 attached is and shall be included with this
    Lease.

This lease shall be subordinate to all existing and future security interests on the premises. All notices shall be in writing and be personally delivered or sent by first class mail, unless otherwise provided by law, to the respective parties. If any term or provision of this lease shall be invalid or unenforceable, the remainder of this lease shall not be affected thereby and shall be valid and enforceable to the full extent permitted by law. This lease shall not be deemed amended by an agreement signed by both parties. This lease shall be binding on the parties, their personal representatives, successors and assigns. When used herein, the singular shall include the plural.

<table>
<tr><td>Attest</td><td>BEVERLY BUILDING COMPANY</td></tr>
<tr><td>William C. Barber, Pres.</td><td>Box 101540</td></tr>
<tr><td></td><td>Denver, CO 80250-1540  (303) 751-0692</td></tr>
<tr><td>Attest</td><td>GLASGON, INC.</td></tr>
<tr><td>Wm S. Mac Glasgon</td><td>DBA MOVERS CONNECTION, INC.</td></tr>
<tr><td></td><td>8400 E. Crescent Parkway, Suite 150</td></tr>
<tr><td></td><td>Greenwood Village, CO 80111</td></tr>
</table>

## GUARANTEE

For value received, I guarantee the payment of the rent and the performance of the covenants and agreements by the Tenant in the within lease.

N/A

## ASSIGNMENT AND ACCEPTANCE

For value received, _____, assignor,

assigns all right, title and interest in and to the within lease to _____, assignee. The hereby covenants and assigns of the assignee, with the express understanding and agreement that the assignee shall remain liable for the full payment of the rent and performance of all the covenants and agreements made in the lease by the Tenant. The assignee will pay the rent and fully perform the covenants and agreements in case the assignee fails to do so. In consideration of this assignment, the assignee accepts and agrees to make all the payments and perform all the covenants and agreements contained in the lease and agreed to by the Tenant.

## CONSENT OF ASSIGNMENT

Consent to the assignment of the within lease to _____ is hereby given, on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the Tenant to be in hereafter, and that no further assignment of said lease or sub-letting of the premises, or any part thereof, shall be made without further written agreement.

## LANDLORD'S ASSIGNMENT

In consideration of One Dollar, in hand paid, I hereby assign to _____ my interest in the within lease, and the rent therein reserved.

(2)

Martinez000015
TEE039236

ADDENDUM NO. 2
TO
LEASE OF SPACE

1. **No Waste or Impairment of Value:** Tenant covenants and agrees that nothing shall be done or kept on the Demised Premises or the Property which might impair the value of the Demised Premises or the Property or which would constitute waste.

2. **No Hazardous Use:** Tenant covenants and agrees that nothing shall be done or kept on the Demised Premises or the Property and that no improvements, changes, alterations, additions, maintenance or repairs shall be made to the Demised Premises which might be unsafe or hazardous to any person or property.

3. **No Structural or Electrical Overloading:** Tenant covenants and agrees that nothing shall be done or kept on the Demised Premises or the Building and that no improvements, changes, alterations, additions, maintenance or repairs shall be made to the Demised Premises which might interfere with electric or electronic equipment in the Building or on any adjacent or nearby property. In the event of violations hereof, Tenant covenants and agrees to immediately remedy the violation at Tenant's expense and in compliance with all requirements of governmental authorities and insurance underwriters.

4. **No Nuisance, Noxious, or Offensive Activity:** Tenant covenants and agrees that no noxious or offensive activity shall be carried on upon the Demised Premises or the Property nor shall anything be done or kept on the Demised Premises or the Property which may be or may become a public or private nuisance or which may cause embarrassment, disturbance, or annoyance to others in the Building on or adjacent or nearby property.

5. **No Annoying Lights, Sounds or Odors:** Tenant covenants and agrees that no light shall be emitted from the Demised Premises which is unreasonably bright or causes unreasonable glare; no sound shall be emitted from the Demised Premises which is unreasonably loud or annoying; and no odor shall be emitted from the Demised Premises which is or might be offensive to persons in adjacent or nearby property.

6. **No Unsightliness:** Tenant covenants and agrees that no unsightliness shall be permitted on the Demised Premises or the Property which is visible from any adjacent or nearby property. Without limiting the generality of the foregoing, all unsightly conditions, equipment, objects and conditions shall be kept enclosed within the Demised Premises; no refuse, scrap, debris, garbage, trash, bulk materials or waste shall be kept, stored or allowed to accumulate on the Demised Premises or the Property except as may be enclosed within the Demised Premises; all pipes, wires, poles, antennas and other facilities for utilities or the transmission or reception of audio or visual signals or electricity shall be kept and maintained underground or enclosed within the Demised Premises or appropriately screened from view; and no temporary structure shall be placed or permitted on the Demised Premises or the Property without the prior written consent of Landlord.

7. **No Animals:** Tenant covenants and agrees that no animals shall be permitted or kept on the Demised Premises or the Property.

8. **Restriction on Signs and Exterior Lighting:** Tenant covenants and agrees that no signs or advertising devices of any nature shall be erected or maintained by Tenant on the Demised Premises or the Property and no exterior lighting shall be permitted on the Demised Premises or the Property except as approved in writing by the Landlord.

9. **No Violation of Covenants:** Tenant covenants and agrees not to commit, suffer or permit any violation of any covenant, condition or restriction affecting the Demised Premises or the Property.

10. **Restriction on Changes and Alterations:** Tenant covenants and agrees not to improve, change, alter, add to, remove or demolish any improvements on the Demised Premises ("Changes"), without the prior written

(3)

Martinez000016
TEE039237

ADDENDUM NO. 2
Page 2

consent of the Landlord when consent shall not be unreasonably withheld, and unless Tenant complies with all conditions which may be imposed by the Landlord, in its sole discretion, in connection with such consent, and unless Tenant pays to Landlord the reasonable costs and expenses of the Landlord for architectural, engineering or other consultants which may be reasonably incurred by the Landlord in determining whether to approve any such Changes. If such consent is given, no such Changes shall be permitted unless Tenant shall have procured and paid for all necessary permits and authorizations from any governmental authorities having jurisdiction; unless such changes will not reduce the value of the Property, and will not affect or impair existing insurance on the Property; and unless Tenant, at Tenant's sole cost and expense, shall maintain or cause to be maintained workmen's compensation insurance covering all persons employed in connection with the work and obtains liability insurance covering any loss or damage to persons or property arising in connection with any such Changes and such other insurance or bonds as Landlord may reasonably require. Tenant covenants and agrees that any such Changes approved by Landlord shall be completed with due diligence and in a good and workmanlike fashion and in compliance with all conditions imposed by Landlord and all applicable permits, authorizations, laws, ordinances, orders, rules and regulations or governmental authorities having jurisdiction and that the costs and expenses with respect to such Changes shall be paid promptly when due and that the Changes shall be accomplished free of liens of mechanics and materialmen. Tenant covenants and agrees that all such Changes shall become the property of the Landlord at the expiration of the Lease Term or, if Landlord so requests, Tenant shall, at or prior to expiration of the Lease Term and at its sole cost and expense, remove such Changes and restore the Demised Premises to their condition prior to such Changes.

(4)

Martinez000017
TEE039238



Martinez000018
TEE039239

KM-TECH

REMITTER

KRIS MARTINEZ

**1STBANK** 10403 W COLFAX AVE.
LAKEWOOD, CO 80215
(303) 964-9444

366103197

82-504/1070

DATE NOVEMBER 14, 2012

PAY TO THE
ORDER OF BEVERLY BUILDING COMPANY————————————— $11,185.00

1STBANK ILIB5 DOLS OOCTS

*This document has a colored background, Foil Sword and a backside authentic watermark, absence of these features will indicate a copy.*

**CASHIER'S CHECK**

AUTHORIZED SIGNATURE

⑈366103197⑈ ⑆107005047⑆ 2160200336⑈

Martinez000019
TEE039240

i-ARC!                                                                                          Page 1 of 1

**MOVERS CONNECTION INC.**
300-371-9960
3751 REVERE ST
DENVER, CO 80216

1242

DATE 11/15/13

PAY TO THE ORDER OF  *Beverly Building Company*    $ 3,500 00

*Three thousand five Hundred + 00*    DOLLARS

USBANK
FIVE STAR SERVICE GUARANTEED
USBANK.COM

FOR *3751 Revere Street*

⑆00 1242⑆ ⑉10 2000021⑉ 103682262581⑈

Posting Date: 11/21/2013
Sequence Number: 4R70304371
Amount: 3,500.00
Account: 103682262581
Routing Transit Number: 102000021
Check/Serial Number: 000006001242
Bank Number: 501
IRD Indicator: 0
Image Type: P
BOFD: 111902057
Cost Center: 690020
Teller Number: 2
Teller Sequence Number: 47
Capture Source: UY
Entry Number:
UDK:
8011311521004870304371

**Tenbar000006**
TEE046117

i-ARC!                                                                    Page 1 of 1



**Tenbar000007**
TEE046118

i-ARC! Page 1 of 1

usbank CASHIER'S CHECK No. 4602502627

DATE: SEPTEMBER 20, 2013

PAY ONE THOUSAND DOLLARS AND 00 CENTS

$ 1,000.00

TO THE ORDER OF: BEVERLY BUILDING COMPANY

PURPOSE/REMITTER: MOVSAR CONNECTION INC SEPTEMBER RENT

Location: 4600 Chatfield & Wadsworth

AUTHORIZED SIGNATURE

Posting Date: 10/22/2013
Sequence Number: 4560340070
Amount: 1,000.00
Account: 1500802251099
Routing Transit Number: 09200030
Check/Serial Number: 004602502627
Bank Number: 501
IRD Indicator: 0
Image type: F
BOFD: 111900057
Cost Center: 890080
Teller Number: 23
Teller Sequence Number: 123
Capture Source: BY
Entry Number:
UDK: 5011310230045603400?0

https://transviewer.jpmchase.net/aidwviewer/depositImage.do?proc date=2013-10-22 00:... 11/22/2013



12435 East 42nd Ave., unit 50
Denver, Colorado 80239
Warehouse

8400 E. Crescent Prkwy, STE 150
Centennial CO 80112
Office

Carole Boettcher
Managing Vice President
Transguard Insurance Company
301 N. Lake Ave #400
Pasadena, CA 91101

RE: 67th,Inc. History

Dear Carole,

I am writing this to you to hopefully give you a better understanding of our company 67th,Inc. and my personal commitment to operate 67th,Inc. as a first class moving and storage company.

We have clearly had our problems in the past but I have taken complete control of 67th,Inc and all operations since June 2012.

I have attached a spreadsheet of the vehicle repairs I have made since June and the total cost to get our vehicles back into safe operating condition and DOT compliance.
We have equipped all of our vehicles with a GPS tracking and safety system. The system reports back to me personally via computer and texts in real time the speed and exact location of all of our trucks. It also monitors many mechanical systems on the trucks and reports immediately if any of them require attention.

I would like to explain briefly our past history and assure you that it is just that: our past history. We are not, nor will we ever operate in any fashion that is in anyway reflective of our past.

Our history begins in 2009 when I bought the assets and operations of two Colorado moving and storage companies, Father and Son and Neighbors Moving.

The companies were owned and operated by Louis Massaro. Louis' father became quite ill and lived in Florida. Louis sold me the business so he could go to Florida and be close

Exhibit No.: 35
Deponent: Shifrin
Date/RPR: 4/20/16  KF
Hunter + Geist, Inc.

Office: (720) 208-0101                     Fax: (720) 208-0121

DLP000035

TEE010320

to his father. Things went quite well for a period until November 2010. Louis had started another local moving company in Florida, which I purchased in November 2010.

I unfortunately hired Jason Price to be my Operations manger for CO and FL and trusted his ability and character far beyond where I should have. He was not capable of running a complex moving company in two States so in January 2012 I sold the Florida operation and equipment back to Louis. I assumed that these 15 vehicles had been removed from our DOT records. I found out recently that they were still being listed on the DOT report. I have since corrected that report on the DOT website.

Jason was very angry about the Florida operations being sold and retaliated by taking assets from 67th,Inc and starting his own moving company in February 2012, called Empire Relocation. His focus was clearly on Empire and not running the operations of 67th so we had many issues that developed as a result of this. I first became aware of all this in June 2012 when I received a letter from our landlord that our insurance was in non-compliance with the terms of our lease.

I immediately started my investigation into all of this and took back control of 67th in early June. Jason was removed shortly there after and no longer has any involvement with 67th.

You can imagine how much there has been to straighten out since June. During this time I was introduced to Jim Frazier and have engaged him and his company to help manage our insurance and safety programs.

I believe we have turned 67th,Inc back into a solid moving and storage company and will stay focused on continuing to improve.

I recognize that one of our past mistakes was not engaging an experienced insurance broker like Jim and placing our insurance coverage with an insurance company like Transguard to help us mange this part of our business.

I would like you to also know that I am more than happy to invite you to set up a call with me to answer any other questions you may have.


Sincerely,
Leo Shifrin
President
67th,Inc.


Office: (720) 208-0101                    Fax: (720) 208-0121

DLP000036

TEE010321



12435 East 42nd Ave., unit 50
Denver, Colorado 80239
Warehouse

8400 E. Crescent Prkwy, STE 150
Centennial CO 80112
Office

Carole Boettcher
Managing Vice President
Transguard Insurance Company
301 N. Lake Ave #400
Pasadena, CA 91101

RE: NO LOSS LETTER

Dear Carole,

This is to confirm, that I Leo Shifrin attest to the fact that we have not had any claims
under any policy for this company in the last three years.

Sincerely,
Leo Shifrin
President
67th,Inc.

Office: (720) 208-0101                          Fax: (720) 208-0121

DLP000068

# EXHIBIT E

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Oct 09 2012 04:42PM MDT
Filing ID: 46871324
Review Clerk: Charmine Bright

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
| STATE OF COLORADO, ex rel. JOHN W. SUTHERS, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>LEONID SHIFRIN, a/k/a LEO SHIFRIN, Individually; MORTGAGE PLANNING AND LENDING SPECIALISTS, LTD., a Colorado Limited Partnership; WHOLESALE MORTGAGE LENDING, LLC, a Colorado Limited Liability Company; SHIFRIN, INC., a Colorado Corporation; and CBA, INC., a Nevada Corporation,<br><br>Defendants. | |
| | ▲ **COURT USE ONLY** ▲ |
| | Case Number: 2008 CV 1047<br><br>Division: Civil<br><br>Courtroom: 203 |
| **[PROPOSED] ORDER AND AMENDMENT TO JUDGMENT** | |

      This Court held a hearing on September 21, 2012 regarding Plaintiff's Motion for Civil Penalties Under C.R.S. § 6-1-112(1)(b) and for Additional Orders to Enforce this Court's Judgment (Filed Partially Under Seal). Having considered arguments made at said hearing and having reviewed Plaintiff's Motion, Defendant's Response to the same and Plaintiff's Reply, the Court FINDS and ORDERS as follows:

      1.     The Court has jurisdiction to enter this order pursuant to the Colorado Consumer Protection Act, C.R.S. § 6-1-110(1), and C.R.S. § 6-1-112(1)(b).

2.    The Court finds by clear and convincing evidence that Defendant Leonid Shifrin ("Leonid") violated the terms of the permanent injunction ordered by this Court on April 20, 2011 (and dated April 29, 2011). As a result, civil penalties are mandatory under C.R.S. § 6-1-112(1)(b).

3.    Under the terms of the permanent injunction, Leonid was prohibited from engaging in mortgage brokerage activities. Through his companies, Glasgow Inc. dba Colonial Financial Inc. and Glasgow Sales Inc. dba American Home Funding Inc., Leonid participated in mortgage lending by lending money to consumers at least seven times in violation of this Court's order. Therefore, this Court imposes a civil penalty of $7,500 for each such violation for a total of $52,500 in penalties.

4.    The Court further finds that Leonid and/or his co-Defendants have access to and control over their assets that are held by related companies and Leonid's immediate family members. Therefore, to prevent further violations of this Court's order and disposition of assets over which Leonid or his co-Defendants have control, the Court immediately freezes accounts at banks and other financial institutions of the following:

- Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USWSL Group Inc., USXLP Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names);
- All accounts for which Leonid has signature authority or access or control in his individual capacity or as agent, officer, or member of any entity including the Judgment Debtors and the individuals and entities identified herein;
- All accounts of Leonid and the other Judgment Debtors; and
- All accounts for Mark Shifrin, Sofia Shifrin, and Qilly Shifrin.

5.    Further, the Court orders that the freezing of accounts at banks and other financial institutions shall be in effect as of September 21, 2012, the date of this hearing.

6.    This Court further finds that the assets and property of Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USWSL Group Inc., USXLP Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names), Mark Shifrin, Sofia Shifrin, and Qilly Shifrin are the property of Leonid and the other Judgment Debtors.

7.    To further prohibit the disposition of assets over which Leonid or his co-Defendants have control, this Court prohibits Leonid, his co-Defendants, Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USXLP Group Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names) as well as Mark Shifrin, Sofia Shifrin, and Qilly Shifrin from transferring any asset. The Court understands that Leonid has filed for bankruptcy, and finds that

2

freezing these assets does not violate the automatic stay caused by said filing.

8.     The State or bankruptcy trustee in Leonid's bankruptcy may issue certified copies of this order to all financial institutions where the individuals and entities identified in paragraph six above maintain accounts. This order will serve as an order to such financial institution to freeze such accounts.

9.     The State or bankruptcy trustee in Leonid's bankruptcy may record certified copies of this order in all property records relating to the real property owned by the individuals and entities identified in paragraph six above. This recording shall serve as notice of the asset freeze imposed by this order.

10.    This Court further orders that the State may proceed under C.R.C.P. 69 to identify other persons who may be acting in concert with the Defendant. The State also may subpoena banks and other financial institutions to provide the identity of account holders and associated account numbers among whom Leonid and related third parties have transferred money since the beginning of the State's investigation.

11.    This Court further recognizes the State's continued difficulty in serving Leonid and his co-Defendants and grants the State's request for substituted service on all parties. The State may serve notice by Federal Express, along with a copy of the Order dated April 20, 2011 (and dated April 29, 2011), to persons and entities whom the State believes may be acting in concert with Leonid to violate the permanent injunction. The notice will inform the recipients that, if they act in concert with Leonid to violate the Order or cause Leonid or his co-Defendants to violate the Order, then they may be subject to contempt and civil penalties under C.R.S. § 6-1-112(1)(b). The State shall address, prepare, and apply postage to the letters for the Court's signature within 10 days of this Order. A copy of this notice is attached hereto.

12.    In addition to the **$52,500** in civil penalties and injunctive relief awarded above, this Court also awards the State its reasonable attorney fees and costs under C.R.S. § 6-1-113(4) for filing this motion.

13.    The judgment of $2,380,009.40 is amended to add these civil penalties of $52,500. The Clerk is instructed to enter an amended judgment in the amount of $2,432,509.40 against Defendant Leonid Shifrin jointly and severally.

Entered nunc pro tunc to September 21, 2012 this ___8TH___ day of

___OCTOBER___, 2012.

3

2008 CV 1047
STATE V. SHIFRIN

10/8/12

The Honorable Edward D. Bronfin
District Court Judge
Denver District Court

4

# EXHIBIT F



# Expert Report

## ANALYSIS OF DEBTOR'S FINANCIAL POSITION

## RE: HARVEY SENDER AS CHAPTER 7 TRUSTEE AND STATE OF COLORADO V. LEONID SHIFRIN

DECEMBER 3, 2014

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................... 1

SCOPE ........................................................................................................................... 2

EXPERT OPINIONS ........................................................................................................ 2

SUMMARY OF WORK PERFORMED AND BASES FOR OPINIONS ...................................... 3

    DEBTOR'S PRIOR PRACTICE OF USING INDIVIDUALS AND ENTITIES TO CONCEAL ASSETS .................. 3
    PRINCIPAL DOCUMENTS THAT WERE THE BASIS OF OUR WORK ........................................... 5
    BUSINESS UNITS (INCLUDING RENTAL PROPERTIES) ......................................................... 5
    CASH DATABASE (49 ACCOUNTS) ............................................................................... 6
        *Availability of Accounting and Financial Records* ............................................ 6
        *Summary of Inflows and Outflows* ................................................................ 7
        *Summary of NET Inflows and Outflows* ........................................................ 8
    STATEMENT OF FINANCIAL AFFAIRS ............................................................................. 10
        *Income – SOFA Sections 1 and 2* ................................................................ 10
        *Businesses – SOFA Section 18* .................................................................... 13

OTHER OBSERVATIONS .............................................................................................. 14

    FINANCIAL AND ACCOUNTING RECORDS ....................................................................... 14
    BANK ACCOUNTS .................................................................................................... 15
    BUSINESS UNIT COMMINGLING ................................................................................. 15
    SAMPLE DEBIT CARD TRANSACTIONS ......................................................................... 17
    TAX REPORTING ..................................................................................................... 17
    RENTAL PROPERTIES ............................................................................................... 17
    BMW LEASE ......................................................................................................... 18
    DEPOSITS TO THE GREAT WESTERN BANK ACCOUNT TITLED NAME OF QILLY SHIFRIN ............... 18

INFORMATION CONSIDERED .......................................................................................... 20

QUALIFICATIONS, COMPENSATION AND PRIOR TESTIMONY ........................................ 21


EXHIBIT A — CURRICULUM VITAE, PUBLICATIONS AND PRIOR TESTIMONY

EXHIBIT B — BANK ACCOUNT MATRIX

EXHIBIT C — CASH DATABASE

## TABLE OF FIGURES

FIGURE 1 – BUSINESS UNITS ............................................................................ 6

FIGURE 2 – INFLOWS AND OUTFLOWS.............................................................. 7

FIGURE 3 – SUMMARY OF NET INFLOWS AND OUTFLOWS – PRE- AND POST-PETITION . 8

FIGURE 4 – SUMMARY OF NET INFLOWS AND OUTFLOWS – PRE-PETITION ...................... 9

FIGURE 5 – SUMMARY OF NET INFLOWS AND OUTFLOWS – POST-PETITION ................. 10

FIGURE 6 –2012 INCOME OF LEONID & QILLY SHIFRIN REPORTED IN THE SOFA ............ 11

FIGURE 7 – DEPOSITS TO GREAT WESTERN BANK ACCOUNT ............................................ 12

FIGURE 8 – 2012 BUSINESS UNIT PAYMENTS ........................................................ 13

FIGURE 9 – LEONID SHIFRIN REPORTED AS OFFICER IN UNDISCLOSED BUSINESSES ... 14

FIGURE 10 – TRANSFERS BETWEEN BUSINESS UNITS (COMMINGLING)........................... 16

FIGURE 11 – TRANSFERS IN WHICH THE DEBTOR WAS DIRECTLY INVOLVED................ 16

FIGURE 12 – ANALYSIS OF SAMPLE U.S. BANK DEBIT CARD TRANSACTIONS ................ 17

FIGURE 13 – RENTAL INCOME DEPOSITS.......................................................... 17

FIGURE 14 – BMW LEASE PAYMENTS............................................................. 18

FIGURE 15 – DEPOSIT SOURCES ...................................................................... 19



RubinBrown LLP

*Certified Public Accountants*
*& Business Consultants*

1900 16th Street
Suite 300
Denver, CO 80202

T 303.698.1883
F 303.777.4458

W rubinbrown.com
E info@rubinbrown.com

December 3, 2014

John C. Smiley, Esq.
Kirstin D. Kanski, Esq.
Lindquist & Vennum PLLP
600 17th Street Suite, 1800-S
Denver, CO 80202-5441

**Re:    Harvey Sender as Chapter 7 Trustee and State of Colorado v. Leonid Shifrin**

Dear Mr. Smiley and Ms. Kanski:

This report has been prepared in accordance with the terms of our engagement as accounting experts in the above-referenced matter and should not be used for any other purpose. The information in this report is based on information provided to us, which has not been examined or reviewed by us in accordance with attestation standards promulgated by the American Institute of Certified Public Accountants ("AICPA"). The information in this report is based on information available to date and is subject to change as new information becomes available.

## Background

On June 17, 2012, Leonid Shifrin, the Debtor, filed an individual voluntary petition ("Petition") under Chapter 7 of the Bankruptcy Code. The Debtor also filed a Statement of Financial Affairs ("SOFA") and Bankruptcy Schedules (collectively, the "Bankruptcy Package").

The Bankruptcy Package includes the following information provided by the Debtor:

☑ Self-employment income for 2012 (through the date of the Petition) of $44,101

☑ Vehicle lease for a 2010 BMW X6 with BMW Financial Services, returned in March 2012

☑ Checking account with "Chase," closed in March 2012

☑ Three businesses, namely, 1) Shifrin, Inc. (Disclosed as Not Active, No Assets), 2) Wholesale Mortgage Lending LLC (Disclosed as Corporation is Not Active, No Assets, Debtor was an Officer, No Ownership), and 3) USWSL Group, Inc. (Former Officer Only, Owner is Mark Shifrin)



The Bankruptcy Package does not include references to any real property.

The Debtor is married to Qilly Shifrin and his parents are Mark Shifrin and Sofia Shifrin.

Harvey Sender, Esq. is the Chapter 7 Trustee in this matter.

## Scope

We were engaged by Mr. Sender, as Chapter 7 Trustee, to serve as accounting experts to analyze the bank records and other records obtained by the Trustee, and opine regarding the following:

1. Did the Debtor benefit personally and financially from assets, employment, or ownership interest in entities, before the date of filing, which were not disclosed in the Debtor's Bankruptcy Package?

2. Did the Debtor benefit personally and financially from assets, employment, or ownership interest in entities, after the date of filing, which were not disclosed in the Debtor's Bankruptcy Package?

3. Was the information provided by the Debtor in his Bankruptcy Package, his testimony, and any records produced to the Trustee, sufficient to ascertain the Debtor's financial condition as of the Petition date?

4. Has the Trustee, to date, received sufficient information to determine the Debtor's financial condition?

5. Is the information reported in the Debtor's Bankruptcy Package complete and accurate?

## Expert Opinions

In our opinion:

1. Prior to the date of the Debtor's bankruptcy filing, the Debtor benefited financially from assets not included in his Bankruptcy Package, including direct and indirect financial interests, in businesses and real estate.

2. Subsequent to the date of the Debtor's bankruptcy filing, the Debtor continued to benefit financially from assets not included in the Bankruptcy Package, including direct and indirect financial interests, in businesses and real estate.

3. The information disclosed by the Debtor was not sufficient to ascertain the Debtor's financial condition as of the Petition date.

4. Currently, the Trustee does not have the records and information necessary to determine the Debtor's financial condition.

   a. The Debtor benefited financially from many cash transactions, for which the origin and destination of the cash transactions cannot be determined.

    b.  The Debtor benefited financially, directly and indirectly, from multiple business entities. The Debtor has not provided information regarding his relationship to these entities, including direct and indirect control, or any employment or ownership interests in the entities to justify receipt of funds from the companies.

    c.  The Debtor benefitted financially from numerous business entities and real estate interests. The income and assets of the business entities and real estate has been commingled, and the benefits to the Debtor are unknown, in part due to the volume of cash transactions in conjunction with the commingling.

5.  The financial information reported by the Debtor in the Bankruptcy Package is false, inaccurate and incomplete.

    a.  The Debtor benefited financially from several business entities not disclosed in the Debtor's Bankruptcy Package.

    b.  The Debtor benefited financially from rental properties not disclosed in the Debtor's bankruptcy filing.

    c.  The Debtor did not disclose all vehicles leased by the Debtor in his bankruptcy filing.

    d.  The Debtor did not disclose business entities for which he either has direct or indirect control, or an ownership interest or other employment arrangement.

## Summary of Work Performed and Bases for Opinions[1]

### DEBTOR'S PRIOR PRACTICE OF USING INDIVIDUALS AND ENTITIES TO CONCEAL ASSETS

The Trustee has identified numerous documents, some of which are titled in the name of the Debtor, and many of which are titled in other names, principally Qilly Shifrin, Mark Shifrin and Sophia Shifrin. The documents and the Debtor's history suggest that the Debtor is in control of many assets titled in other names and that the Debtor is, and has been, engaged in fraudulent activities to divert assets and conceal them from taxing authorities and the bankruptcy estate. For example:

☑ In March 2011, the Debtor pleaded guilty to one count of filing a false income tax return. On September 20, 2012, the Debtor was sentenced to a term of 18 months in federal prison.[2]

☑ As part of a March 2, 2011, plea agreement in the criminal tax fraud action, the Debtor stipulated that he started titling his various assets as early as 2002,

---

[1] The figures in this section of this report may not foot and/or cross-foot, due to rounding. More specifically, the underlying transactions in the database are to the nearest penny, but most of the figures in this report display results to the nearest dollar.

[2] United States of America v. Leonid Shifrin, Case No. 10-CR-00215-PAB.

including real estate, in the name of his father, Mark Shifrin, and Mark Shifrin, Inc., a Nevada corporation formed by the Debtor.[3]

☑ During the September 20, 2012, sentencing hearing for tax fraud, Judge Philip A. Brimmer noted that the Debtor "really got caught up in using his skills to create shell companies, to engage in all sorts of business practices which made a lot of money. You know, that's – that's the sad part of this case, is that Mr. Shifrin obviously has lots of talents. Unfortunately, he was utilizing those talents to earn money and then conceal it from the IRS."[4]

☑ Debtor and various entities controlled by the Debtor were found by the Denver District Court to have violated the CCPA in connection with the Debtor's mortgage brokerage and lending activities.

- On April 20, 2011, the Denver District Court found that the Debtor violated the CCPA by perpetrating a pattern of deceptive trade practices in connection with mortgage brokerage and lending activities, including false advertising and failure to disclose the true terms of loans to consumers. The court also found that the evidence demonstrated that the Debtor was the "leader, organizer, owner and/or boss of all operations" and "the evidence clearly and convincingly demonstrated that [Debtor] was the directing force of the operation[s] and had control or input into every aspect of the scheme."

- The Denver District Court entered an Order of Judgment and enjoined the Debtor "and any other persons or entities under [the Judgment Debtors'] control or in concert with them" from, among other things, engaging in or participating, directly or indirectly, in mortgage loan origination, mortgage brokerage, real estate, and lending activities.

- The Debtor, his entities, family members, and business associates violated the injunction and, as a result, on May 16, 2012, the State filed a Motion for Civil Penalties and Orders to Enforce the Court's Judgment.

- On October 9, 2012, the Denver District Court found that the Debtor violated the injunction and imposed additional civil penalties. The court further found that the Debtor "and/or his co-Defendants have access to and control over their assets that are held by related companies and [Debtor's] immediate family members." The court further found that the assets of related companies and joint accounts of Mark Shifrin, Sofia Shifrin and Qilly Shifrin with the Debtor are property of the Debtor and the other Judgment Debtors. To further prohibit the disposition of assets over which the Debtor or his co-Defendants have control, the court enjoined the Debtor, related companies, and the Debtor's family members from transferring any assets from the joint accounts.

---

[3] Plea Agreement and Statement of Facts Relevant to Sentencing 5: ¶ B, March 2, 2011.

[4] Trial Tr. 31:18-24, Sept. 20, 2012.

### PRINCIPAL DOCUMENTS THAT WERE THE BASIS OF OUR WORK

Documents we reviewed include the Bankruptcy Petition, SOFA, Bankruptcy Schedules, various pleadings, transcripts, correspondence, credit card statements, bank statements and related documentation.

Among other documents, the Trustee has identified approximately 100 bank accounts that were believed to be controlled by, or affiliated with, the Debtor, only 2 of which are in the name of the Debtor.[5]  Attached as Exhibit B of this Report is a listing of the bank accounts, the "Bank Account Matrix."

Primarily because of the voluminous number of transactions, we have limited our analysis to selected accounts (49), which are included in the Bank Account Matrix.  Our analysis includes 1) pre-petition transactions between June 17, 2011 and June 17, 2012, referred to in this report as the "one-year pre-petition period" and 2) post-petition transactions.

The accounts that were originally the subject matter of our analysis were Great Western Bank checking accounts, titled in the name of Qilly Shifrin and all JP Morgan Chase ("Chase") bank accounts.  Additional accounts were added primarily based on transfers of funds from the original bank accounts to new bank accounts, such as Wells Fargo and US Bank.

### BUSINESS UNITS (INCLUDING RENTAL PROPERTIES)

Based primarily on the Debtor's historical pattern and practice of utilizing businesses and individuals to conceal assets, collection actions by the State of Colorado, the existence of multiple businesses and rental properties (collectively referred to as "business units"), most of which were not disclosed in the Debtor's Bankruptcy Package, we identified business units from which the Debtor benefitted financially.

The business units fall into four broad categories based on the types of services that appear to have been purportedly provided by the businesses, within each of the business units.  The business units are 1) mortgage lending ("Mortgage"), 2) used car sales ("Auto"), 3) moving services ("Moving") and 4) rental properties ("Rentals").  Using the Bank Account Matrix, we summarized the business units as follows:

---

[5] Chase bank accounts ending 3256 and 9393 are titled in the name of Leonid Shifrin.

### Figure 1 – Business Units

| Business Units | | | |
|---|---|---|---|
| **Moving** | **Auto** | **Mortgage** | **Rentals** |
| USXLP, Inc.<br>Nice Neighbors Movers, Inc.<br>Movers Connection<br>Father and Sons Movers, Inc.<br>67th Ave Movers, Inc.<br>67th, Inc.<br>67th Ave Logistics<br>Neighbors Moving<br>F&S Moving<br>Nice Guy Movers of Orlando<br>Neighbors Moving and Storage<br>67th Avenue Logistics, Inc.<br>Father and Sons Moving<br>67th Avenue Moving and Storage, Inc.<br>Movers Connection, Inc.<br>Father and Sons, Inc. | **USWSL Group, Inc.**<br>5280 Motors, Inc.<br>5280, Inc. | **Shifrin, Inc.**<br>**Wholesale Mortgage Lending, LLC.**<br>CFC Lending, Inc.<br>Whole Sale Lending, LLC<br>Glasgow, Inc.<br>Colonial Financial, Inc. | 14520 E 53rd Ave<br>2925 S Gaylord St<br>38 Gray Jay Lane |

The only entities disclosed in Section 18 of the Debtor's SOFA are the highlighted businesses in Figure 1.

CASH DATABASE (49 ACCOUNTS)

### Availability of Accounting and Financial Records

Qilly Shifrin testified that some of the businesses used QuickBooks.[6]  However, we have not been provided with these books or the underlying accounting records for the Debtor or any related businesses.

In the absence of the accounting system files and supporting documents, we created a Cash Database using bank statements and supporting documents obtained primarily from the financial institutions.

---

[6] Qilly Shifrin Dep. 18:21, April 10, 2013.

## Summary of Inflows and Outflows

Inflows and outflows for the 49 accounts included in the Bank Account Matrix and Cash Database, are summarized as follows:

### Figure 2 – Inflows and Outflows

| | **Inflows and Outflows** | | | |
|---|---|---|---|---|
| **Bank** | **Number of Accounts** | **Deposits** | **Withdrawals** | **Net Amount** |
| One Year Pre-Petition | | | | |
|   Bank of the West | 1 | $101 | ($63) | $38 |
|   Great Western Bank | 1 | 360,657 | (352,714) | 7,943 |
|   Interactive Brokers | 1 | 421,000 | (231,002) | 189,998 |
|   JPMorgan Chase Bank | 24 | 6,404,039 | (6,793,112) | (389,074) |
|   US Bank | 3 | 5,024,662 | (4,816,728) | 207,934 |
|   Wells Fargo | 3 | 268,013 | (267,721) | 292 |
| Total One Year Pre-Petition | 33 | $12,478,471 | ($12,461,341) | $17,130 |
| | | | | (Fig 4) |
| Post-Petition | | | | |
|   Bank of the West | 1 | $181,264 | ($181,173) | $91 |
|   Great Western Bank | 2 | 533,524 | (542,782) | (9,258) |
|   Interactive Brokers | 1 | 24,965 | (350,736) | (325,771) |
|   JPMorgan Chase Bank | 1 | 3,581 | | 3,273 |
|   US Bank | 2 | 2,934,248 | (3,131,480) | (197,232) |
|   Wells Fargo | 17 | 2,490,122 | (2,496,565) | (6,442) |
| Total Post-Petition | 24 | $6,167,704 | ($6,703,043) | ($535,339) |
| | | | | (Fig 5) |
| Total Cash Database | 49 | **$18,646,175** | **($19,164,384)** | **($518,209)** |
| | | | | (Fig 3) |

As shown in the figure above, the Cash Database includes approximately $18.6 million of deposits and $19.1 million of withdrawals, or net withdrawals of $500,000, discussed more fully below.

## Summary of NET Inflows and Outflows

We categorized each of the transactions in the cash database, by transaction type, for the business units and personal accounts of the Debtor and his family members, summarized as follows:

### Figure 3 – Summary of Net Inflows and Outflows – Pre- and Post-Petition

| Summary of Net Inflows and Outflows - Pre- and Post-Petition | | | | | | |
|---|---|---|---|---|---|---|
| | Business Unit | | | | Personal | Total |
| Net Inflows | Auto | Mortgage | Moving | Total | | |
| Business Activity | $3,164,714 | $458,189 | $1,780,376 | $5,403,279 | $0 | $5,403,279 |
| Rental Properties | 236,176 | (10,228) | 0 | 225,948 | 119,655 | 345,604 |
| Total Net Inflows | $3,400,890 | $447,961 | $1,780,376 | **$5,629,227** | $119,655 | $5,748,883 |
| | | | | | | |
| Net Outflows | | | | | | |
| Transfers | $41,100 | ($424,806) | ($60,362) | ($444,068) | $447,013 | $2,945 |
| Cash | (2,437,865) | (48,008) | 71,451 | **(2,414,422)** | 107,973 | (2,306,449) |
| Debit Card | (641,862) | (146,220) | (2,108,245) | **(2,896,328)** | (525,956) | (3,422,284) |
| Personal Activity | (38,262) | (17,212) | (23,022) | (78,497) | (113,117) | (191,613) |
| Unknown (Insufficient Information) | (433,680) | 42,440 | 84,714 | (306,525) | (43,165) | (349,690) |
| Total Net Outflows | ($3,510,570) | ($593,806) | ($2,035,464) | **($6,139,840)** | ($127,251) | ($6,267,091) |
| | | | | | | |
| Net Total | ($109,680) | ($145,845) | ($255,088) | ($510,613) | ($7,596) | **($518,209)** |
| | | | | | | (Fig 2) |

Note the following in Figure 3 above:

☑ The amounts in Figure 3 are on the cash basis and are "net," *i.e.*, total inflows of $18.6 million minus outflows of $19.1 (Figure 2), or net outflows of $500,000 (*i.e.,* $518,209 in Figures 2 and 3, rounded to the nearest thousand dollars).

☑ Net inflows from business activities of $5.6 million substantially represent net earnings on the cash basis.[7]

☑ Net outflows of $6.1 million include cash withdrawals ($2.4 million) and debit card charges ($2.9 million), totaling $5.3 million, or 86% of the outflows.

☑ Cash is both fungible and liquid.  As a result, it is generally untraceable.

☑ Substantially all of the net outflows of $6.1 million appear to be for personal use.[8]

---

[7] Net outflows from debit card transactions of $2,896,328 in Figure 3 could include some business expenses, the amount of which is unknown, because records supporting the charges have not been produced by the Debtor.

[8] Since cash is untraceable and substantially all business enterprises avoid doing business in cash (principally for control purposes and to maintain adequate audit trails), we have inferred that cash outflows were for personal activities.

Following are summaries of Figure 3 above for the pre-petition and post-petition time periods:

### Figure 4 – Summary of Net Inflows and Outflows – Pre-Petition

| Summary of Net Inflows and Outflows - Pre-Petition | | | | | | |
|---|---|---|---|---|---|---|
| | Business Unit | | | | Personal | Total |
| Net Inflows | Auto | Mortgage | Moving | Total | | |
| Business Activity | $1,749,045 | $360,082 | $1,778,196 | $3,887,323 | $0 | $3,887,323 |
| Rental Properties | 142,511 | (10,228) | 0 | 132,283 | 4,065 | 136,348 |
| Total Net Inflows | $1,891,556 | $349,854 | $1,778,196 | $4,019,606 | $4,065 | $4,023,672 |
| | | | | | | |
| Net Outflows | | | | | | |
| Transfers | 302,787 | (78,682) | (60,054) | 164,051 | 29,363 | 193,414 |
| Cash | (1,616,220) | (36,380) | 70,050 | (1,582,551) | 279,839 | (1,302,712) |
| Personal Activity | (9,732) | 0 | (23,022) | (32,754) | (58,044) | (90,797) |
| Unknown (Insufficient Information) | (36,680) | 42,440 | 84,714 | 90,474 | (43,165) | 47,310 |
| Debit Card | (443,796) | (93,937) | (2,108,245) | (2,645,978) | (207,778) | (2,853,756) |
| Total Net Outflows | ($1,803,642) | ($166,559) | ($2,036,557) | ($4,006,757) | $216 | ($4,006,542) |
| | | | | | | |
| Net Total | $87,914 | $183,296 | ($258,361) | $12,849 | $4,281 | $17,130 |
| | | | | | | (Fig 2) |

Note the following in Figure 4 above:

☑ The amounts in Figure 4 are on the cash basis and are net inflows of $17,000.

☑ Net inflows from business activities of $4 million substantially represent net earnings on the cash basis.[9]

☑ Cash is both fungible and liquid. As a result, it is generally untraceable.

☑ Substantially all of the net outflows of $4 million appear to be for personal use.[10]

---

[9] Net outflows from debit card transactions of $2,645,978 in Figure 4 could include some business expenses, the amount of which is unknown, because records supporting the charges have not been produced by the Debtor.

[10] Since cash is untraceable and substantially all business enterprises avoid doing business in cash (principally for control purposes and to maintain adequate audit trails), we have inferred that cash outflows were for personal activities.

### Figure 5 – Summary of Net Inflows and Outflows – Post-Petition

| Summary of Net Inflows and Outflows - Post-Petition | | | | | | |
|---|---|---|---|---|---|---|
| | Business Unit | | | | Personal | Total |
| Net Inflows | Auto | Mortgage | Moving | Total | | |
| Business Activity | $1,415,669 | $98,107 | $2,180 | $1,515,956 | $0 | $1,515,956 |
| Rental Properties | 93,665 | 0 | 0 | 93,665 | 115,590 | 209,255 |
| Total Net Inflows | $1,509,334 | $98,107 | $2,180 | $1,609,621 | $115,590 | $1,725,211 |
| | | | | | | |
| Net Outflows | | | | | | |
| Cash | (821,645) | (11,628) | 1,401 | (831,871) | (171,866) | (1,003,737) |
| Personal Activity | (28,531) | (17,212) | 0 | (45,743) | (55,073) | (100,816) |
| Unknown (Insufficient Information) | (397,000) | 0 | 0 | (397,000) | 0 | (397,000) |
| Transfers | (261,687) | (346,124) | (308) | (608,119) | 417,650 | (190,469) |
| Debit Card | (198,066) | (52,283) | 0 | (250,350) | (318,178) | (568,528) |
| Total Net Outflows | ($1,706,928) | ($427,247) | $1,093 | ($2,133,083) | ($127,467) | ($2,260,550) |
| | | | | | | |
| Net Total | ($197,594) | ($329,141) | $3,273 | ($523,462) | ($11,877) | ($535,339) |
| | | | | | | (Fig 2) |

Note the following in Figure 5 above:

☑ The amounts in Figure 5 are on the cash basis and are outflows of $535,000

☑ Net inflows from business activities of $1.6 million substantially represent net earnings on the cash basis.[11]

☑ Cash is both fungible and liquid. As a result, it is generally untraceable.

☑ Substantially all of the net outflows of $2.1 million appear to be for personal use.[12]

### STATEMENT OF FINANCIAL AFFAIRS

### Income – SOFA Sections 1 and 2

Section 1 of the Debtor's SOFA requires the Debtor to report income received from employment or operation of a business for the current year (from the beginning of the calendar year to the date of the bankruptcy filing) and for the preceding two calendar years. In response to Section 1 of the SOFA, the Debtor reported 2012 income of $84,701, comprised of $44,101 for himself and $40,600[13] for Qilly (reported on the SOFA as income for the non-filing spouse, or "NFS"). According to Leonid Shifrin's testimony at the 341 hearing, his 2012 income was from "U.S. Wholesale Group" and was "all commission," [sic]

---

[11] Net outflows from debit card transactions of $250,350 in Figure 5 could include some business expenses, the amount of which is unknown, because records supporting the charges have not been produced by the Debtor.

[12] Since cash is untraceable and substantially all business enterprises avoid doing business in cash (principally for control purposes and to maintain adequate audit trails), we have inferred that cash outflows were for personal activities.

[13] The detailed payment schedule for Qilly reflected total payments of $40,600, which were reported in Section 1 of the SOFA. However, the correct total of the individual checks listed on the detailed schedule was $45,000.

and Qilly Shifrin worked for 67th Avenue Inc. doing "marketing and bookkeeping."[14] Section 1 of the SOFA does not include income for years 2010 or 2011.

Section 2 of the Debtor's SOFA requires the Debtor to report income received from sources other than from employment or operation of a business during the two years immediately preceding the Bankruptcy Filing date. In response to Section 2 of the SOFA, the Debtor checked "none."

Although the precise amount of the Debtor's income is unknown from January 1, 2010 through June 17, 2012, based primarily on the information in Figures 3, 4 and 5 above and the Debtor's history of asset concealment, we have concluded that the Debtor failed to accurately disclose the amounts and sources of income for the relevant time frames.

As discussed above, 2012 business income of $84,701 reported in Section 1 of the SOFA, was comprised of $44,101 for Leonid and $40,600 for Qilly. Payment schedules attached to the SOFA detail the $44,101 and $45,000 allegedly paid to Leonid and Qilly, respectively, are summarized as follows. [15]

### Figure 6 –2012 Income of Leonid & Qilly Shifrin Reported in the SOFA

| 2012 Income of Leonid & Qilly Shifrin Reported in the SOFA | | | | | |
|---|---|---|---|---|---|
| Month | Leonid Shifrin Commissions | Qilly Shifrin | Total SOFA Income | Leonid Shifrin Reimbursed Expenses | Total SOFA Income plus Reimbursable Expenses |
| January-12 | $5,405 | $8,000 | $13,405 | $2,437 | $15,842 |
| February-12 | 7,961 | 6,200 | 14,161 | 2,469 | 16,630 |
| March-12 | 6,402 | 8,800 | 15,202 | 4,287 | 19,489 |
| April-12 | 12,679 | 11,000 | 23,679 | 7,051 | 30,730 |
| May-12 | 5,746 | 6,600 | 12,346 | 3,069 | 15,415 |
| June-12 | 5,908 | 4,400 | 10,308 | 1,490 | 11,798 |
| Total | $44,101 | $45,000 | $89,101 | $20,804 | $109,905 |
| | | | | | (Fig 7) |

Qilly Shifrin testified that she was not aware of any individual bank accounts in the name of Leonid Shifrin[16] and that Leonid Shifrin was "largely the income provider."[17] She further testified that in 2012, "the only way [she] got money is if [Leonid] would give it to [her]."[18]

---

[14] §341 Meeting of Creditors Tr, 2:25-3:26, 6:13; 3:9-12, Aug 1, 2012.

[15] The detailed payment schedule for Qilly reflected total payments of $40,600, which were reported in Section 1 of the SOFA. However, the correct total of the individual checks listed on the detailed schedule was $45,000.

[16] Qilly Shifrin Dep. 26:25-27:2, April 10, 2013.

[17] Qilly Shifrin Dep. 26:3-6, April 10, 2013.

[18] Qilly Shifrin Dep. 96:20:21, April 10, 2013.

(From this, we inferred that Leonid's earnings were, or should have been, deposited to bank account(s) titled in the name of Qilly Shifrin.)  On its face, this statement is inconsistent with the Debtor's SOFA, because the Debtor reported roughly equal amounts of pre-petition income in 2012, and reported no income for either the Debtor or Qilly in 2010 and 2011.

We identified 2012 pre-petition deposits to the Great Western Bank checking account ending in 8069, titled in the name of Qilly Shifrin, totaling $162,500, which exceeds income and expense reimbursements reported on the Debtor's SOFA by $53,000, summarized as follows:

### Figure 7 – Deposits to Great Western Bank Account

| Deposits to Great Western Bank Account Titled in Name of Qilly Shifrin | | | |
|---|---|---|---|
| Month | Deposits | Total SOFA Income plus Reimbursable Expenses (Fig 6) | Difference |
| January-12 | $31,263 | $15,842 | $15,421 |
| February-12 | 18,192 | 16,630 | 1,562 |
| March-12 | 26,341 | 19,489 | 6,852 |
| April-12 | 32,121 | 30,730 | 1,390 |
| May-12 | 33,330 | 15,415 | 17,916 |
| June-12 | 21,255 | 11,798 | 9,457 |
| Total | $162,503 | $109,905 | $52,598 |

We made the following additional observations regarding the individual deposits underlying the $162,500 of deposits in Figure 7 above:

☑ None of the individual deposits to Qilly Shifrin's checking account match the detailed schedules attached to the SOFA.

☑ Of the $162,500 of deposits identified above, $141,600 (87%) were cash deposits. As a result, we are unable to determine the source of these funds.  However, Qilly testified that any money she earned from the companies was paid by payroll checks.[19]  Qilly also testified that she cashed checks, other than payroll checks, provided to her by the Debtor from the Business Units, for personal expenses.[20]

We corroborated our analysis of deposits of $162,503 to Qilly Shifrin's checking account in Figure 7 above by tabulating pre-petition business unit payments to Leonid and Qilly, based on information in the cash database.  Pre-petition payments to Leonid and Qilly from January

---

[19] Qilly Shifrin Dep. 98:4-5, April 10, 2013.

[20] Qilly Shifrin Dep. 96:7-97:5, April 10, 2013.

2012 through June 2012 by the business units amounted to $163,189 in the form of check and cash payments (a difference of only $686), summarized as follows:

### Figure 8 – 2012 Business Unit Payments

| Month | Leonid Shifrin | | Qilly Shifrin | Total |
|---|---|---|---|---|
| | Auto | Moving | Auto | |
| January-12 | $0 | $5,980 | $21,403 | $27,383 |
| February-12 | 25,000 | 0 | 9,302 | 34,302 |
| March-12 | 0 | 0 | 9,853 | 9,853 |
| April-12 | 35,000 | 0 | 20,445 | 55,445 |
| May-12 | 0 | 0 | 24,006 | 24,006 |
| June-12 | 0 | 0 | 12,200 | 12,200 |
| Total | $60,000 | $5,980 | $97,209 | $163,189 |

Furthermore, the Debtor testified at the 341 Meeting of Creditors that his wife "works for a company called 67[th] Avenue, Incorporated,"[21] a company included in the Moving business unit. However, the 2012 pre-petition payments to Qilly are all from the Auto business unit, as shown in Figure 8 above.

### Businesses – SOFA Section 18

Section 18 in the SOFA requires the Debtor to disclose "all businesses in which the Debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or self employed…within **six years** immediately preceding the commencement of this case…."

The Debtor disclosed only three businesses, Shifrin Inc., Wholesale Mortgage Lending LLC and USWSL Group Inc. ("USWSL") in Section 18 of the SOFA, which are highlighted in Figure 1 above. The remaining businesses in Figure 1 were not included in the SOFA.

According to signature cards that were produced by Chase, Leonid Shifrin disclosed to financial institutions that he was also an officer or owner in at least six other entities, which were not disclosed in the SOFA and are included in the Moving business unit. These include the following entities for which Leonid Shifrin signed signature cards that included positions in several entities, summarized as follows:[22]

---

[21] §341 Meeting of Creditors Tr, 3:11-12, Aug 1, 2012.

[22] The Debtor is a signer on other bank accounts. However in some instances, signature cards were not produced by the bank or there is no title listed on the signature card.

### Figure 9 – Leonid Shifrin Reported as Officer in Undisclosed Businesses

| Bank | Business | Account Ending | Title | Date Signed | Bates |
|------|----------|----------------|-------|-------------|-------|
| Chase | 67th Inc DBA 67th Ave Logistics | 6440 | Secretary | 4/21/2011 | JPMCB002181 |
| Chase | 67th Inc DBA 67th Ave Movers DBA Neighbos Moving | 6148 | President | 10/13/2010 | JPMCB002237 |
| Chase | 67th Inc DBA Neighbors Moving DBA D&SA Moving DBA 67th Ave Logistics | 690 | Secretary/Treasurer | 6/15/2011 | JPMCB002526 |
| Chase | 67th Ave Movers Inc | 6425 | Member | 2/8/2010 | ChaseBK00001 |
| Chase | US XLP Inc | 1863 | Secretary | 11/2/2010 | JPMCB002648 |
| Chase | US XLP Inc | 9992 | Secretary | 11/2/2010 | JPMCB002663 |
| Chase | Nice Guys Movers of Orlando DBA Neighbors Moving | 4411 | Vice President | 2/7/2011 | JPMCB002678 |
| Chase | Nice Guys Movers of Orlando DBA Neighbors Moving | 9197 | Vice President | 2/7/2011 | JPMCB002754 |
| Chase | Nice Guys Movers of Orlando DBA Neighbors Moving | 4429 | Vice President | 2/7/2011 | JPMCB002755 |

Further, according to an undated letter produced by Transguard Insurance Company (the "Transguard letter"), Leonid Shifrin reported that he had purchased assets and began the "operations of two Colorado moving and storage companies, Father and Son and Neighbors Moving," in 2009.[23] The letter also discloses the purchase of "another local moving company in Florida," in November 2010.[24] Finally, according to the Transguard letter, Leonid Shifrin reported that he took "complete control of 67[th], Inc. and all operations," in June 2012.

## Other Observations

### FINANCIAL AND ACCOUNTING RECORDS

As illustrated in Figure 2 above, the dollar volume of transactions for the one-year pre-petition period was in excess of $12,500,000 for 33 bank accounts and 8 entities. However, no supporting documents have been provided by the Debtor regarding these transactions. The Trustee subpoenaed the Debtor's records, which, if they were provided by the Debtor, should have included the following for the Debtor and each company that should have been disclosed in the SOFA:

- ☑ Financial statements

- ☑ Accounting systems data files for books that were kept utilizing computerized software, including accounting and other electronic records (*e.g.*, spreadsheets and scanned documents)

- ☑ Copies of financial documents, either in paper or electronic form (*e.g.*, bank statements, paid vendor invoices, customer invoices, expense reports, etc.)

- ☑ Records related to the acquisition, sale, transfer, and management of real estate activities, including closing documents, deeds, lease agreements, rent rolls, cash

---

[23] DLP000035

[24] DLP000036

receipts (principally rents and sale proceeds) records, cash disbursement records, loan applications, and loan agreements.

## BANK ACCOUNTS

To date, we have identified only two bank accounts in the Debtor's name.  However, the Debtor was a signer on approximately 20 accounts that were active during the one year pre-petition period.  The Debtor's family members also were signatories on the accounts, including Mark Shifrin, Sophia Shifrin and Qilly Shifrin.

However the Debtor's family members testified that they have limited knowledge about the businesses.  For example, Mark Shifrin testified that he has not worked with the Debtor a lot and that the type of work he did perform was in the form of driving cars and diagnostic work.[25]

Sophia Shifrin testified that she did not have any involvement with the operations of Glasgow, and although she signed checks, she did not know why she was signing them.[26]

## BUSINESS UNIT COMMINGLING

We analyzed transfers between the business units in the cash database.  As summarized in Figure 10 below, during the one-year pre-petition period, hundreds of thousands of dollars moved between the business units.

---

[25] Mark Shifrin Dep. 22:15; 23:9, April 2, 2013.

[26] Sophia Shifrin Dep. 23:13-185; 34:24:25-35:1, April 9, 2013.

### Figure 10 – Transfers Between Business Units (Commingling)

| Transfers Between Business Units (Commingling) | | | | |
|---|---|---|---|---|
| Business Unit | Transfer Business Unit | Count of Transactions | Deposits from "Transfer Business Unit" to "Business Unit" | Withdrawals from "Business Unit" to "Transfer Business Unit" |
| Auto | Mortgage | 24 | $206,323 | ($81,500) |
|  | Moving | 79 | 332,779 | (53,135) |
| Mortgage | Auto | 16 | 72,000 | (186,082) |
|  | Moving | 2 | 8,000 | 0 |
| Moving | Auto | 34 | 28,111 | (95,272) |
|  | Mortgage | 4 | 5,980 | (13,000) |
| Total | | | $653,193 | ($428,988) |

We further identified the transfers for which the Debtor's signature is included on the checks. During the one-year pre-petition period, the Debtor is documented to have been directly involved in the movement of funds between business units, summarized as follows:

### Figure 11 – Transfers in which the Debtor was Directly Involved

| Transfers in which the Debtor was Directly Involved | | | | |
|---|---|---|---|---|
| Business Unit | Transfer Business Unit | Count of Transactions | Deposits from "Transfer Business Unit" to "Business Unit" | Withdrawals from "Business Unit" to "Transfer Business Unit" |
| Auto | Mortgage | 6 | $21,772 | ($4,000) |
|  | Moving | 17 | 38,641 | (2,111) |
| Mortgage | Auto | 5 | 4,000 | (21,432) |
|  | Moving | 2 | 8,000 | 0 |
| Moving | Auto | 11 | 1,000 | (40,048) |
|  | Mortgage | 3 | 0 | (13,000) |
| Total | | | $73,413 | ($80,591) |

## SAMPLE DEBIT CARD TRANSACTIONS

Many of the transactions in the Cash Database include debit card transactions.  We analyzed debit card transactions for two months (*i.e.*, March and August 2012) to determine, on a sample basis, the use of the funds.  The majority of the transactions were personal in nature, the most significant of which were cash withdrawals, meals and personal charges, summarized as follows:

### Figure 12 – Analysis of Sample U.S. Bank Debit Card Transactions

| Category | March 2012 | | August 2012 | |
|---|---|---|---|---|
| | **Debit Charges** | **Percentage** | **Debit Charges** | **Percentage** |
| | \multicolumn | | | |

**Analysis of Sample U.S. Bank Debit Card Transations for USWSL Group Inc,. DBA 5280 Motors Inc. Accounts Ending 3546 and 3553**

| Category | March 2012 Debit Charges | March 2012 Percentage | August 2012 Debit Charges | August 2012 Percentage |
|---|---|---|---|---|
| Auto | $1,352 | 9.7% | $1,064 | 8.7% |
| Gas | 572 | 4.1% | 644 | 5.3% |
| Cash | 1,949 | 13.9% | 0 | 0.0% |
| Meals | 3,906 | 27.9% | 3,399 | 27.9% |
| Personal | 5,068 | 36.2% | 6,534 | 53.6% |
| Utilities | 866 | 6.2% | 222 | 1.8% |
| Unknown | 279 | 2.0% | 326 | 2.7% |
| Total | $13,992 | 100.0% | $12,188 | 100.0% |

## TAX REPORTING

To date, we have not received any individual income tax returns of the Debtor subsequent to 2010.

## RENTAL PROPERTIES

The Bankruptcy Package did not include any disclosures of real estate.  However, we identified rent deposits to the Great Western Bank checking account ending in 8069, titled in the name of Qilly Shifrin, summarized as follows:

### Figure 13 – Rental Income Deposits

**Rental Income Deposits**

| Address | Pre-Petiton Deposits | Post-Petition Deposits |
|---|---|---|
| 14520 E 53rd Ave | $11,972 | $8,316 |
| 2925 S Gaylord St | $20,699 | |
| 38 Gray Jay Lane | | $121,188 |
| Total | $32,671 | $129,504 |

## BMW LEASE

As part of the SOFA, the Debtor disclosed an auto lease with BMW Financial. In response to a subpoena, BMW provided records for a different lease, a 2011 BMW X5M, in the Debtor's name.[27] Payments on this lease were made through February 8, 2012. Utilizing the cash database, we traced payments back to BMW Financial back to June 2011, and identified the following six payments:

### Figure 14 – BMW Lease Payments

| Date | Company | Payment Amount |
|---|---|---|
| 7/21/2011 | 67th, Inc. | $1,581 |
| 8/11/2011 | 67th, Inc. | 1,581 |
| 9/21/2011 | 67th, Inc. | 1,581 |
| 10/20/2011 | 67th, Inc. | 1,581 |
| 11/29/2011 | 67th, Inc. | 1,581 |
| 2/10/2012 | USWSL Group, Inc. | 1,581 |
| | Total | $9,484 |

As shown above, all but one of the BMW lease payments were made through a 67th Inc. bank account, an entity which is included in the Moving business unit, but which was undisclosed in the Debtor's Bankruptcy Package. The final BMW lease payment in Figure 14 above was made through an account in the name of USWSL, which was disclosed in Section 18 the SOFA. The Debtor testified in the 341 Meeting of Creditors that he is self-employed and is paid on commission from USWSL.[28] However, based on Chase signature cards summarized in Figure 9 above, he reported that he was an officer in 67th, Inc. The Debtor benefitted financially from 67th Inc., an undisclosed entity for which he reported to be an officer and which made five of the six BMW lease payments on his behalf.

## DEPOSITS TO THE GREAT WESTERN BANK ACCOUNT TITLED NAME OF QILLY SHIFRIN

We analyzed deposits into the Great Western Bank Checking Accounts titled in the name of Qilly Shifrin, between January 2011 and June 2013, summarized as follows:

---

[27] BMW000001-2

[28] §341 Meeting of Creditors Tr, 2:25-3:26, 6:13; 3:9-12, Aug 1, 2012.

### Figure 15 – Deposit Sources

| Month | Cash | | Business Unit | | Other Sources | | Total |
|-------|------|---|---------------|---|---------------|---|-------|
| | | | **Deposit Sources** | | | | |
| January-11 | $2,581 | 4% | **$62,222** | 92% | $2,690 | 4% | $67,493 |
| February-11 | 570 | 2% | 23,193 | 76% | 6,579 | 22% | 30,342 |
| March-11 | 6,155 | 11% | 48,644 | 84% | 3,276 | 6% | 58,075 |
| April-11 | 5,196 | 15% | 26,848 | 77% | 2,763 | 8% | 34,807 |
| May-11 | 7,725 | 17% | 31,681 | 71% | 5,489 | 12% | 44,895 |
| June-11 | 11,397 | 40% | 15,722 | 55% | 1,416 | 5% | 28,535 |
| July-11 | 19,562 | 43% | 18,661 | 41% | 7,788 | 17% | 46,012 |
| August-11 | **23,647** | 77% | 2,673 | 9% | 4,575 | 15% | 30,895 |
| September-11 | **25,873** | 86% | 2,522 | 8% | 1,695 | 6% | 30,090 |
| October-11 | **18,900** | 61% | 11,460 | 37% | 605 | 2% | 30,965 |
| November-11 | **21,483** | 88% | 2,436 | 10% | 592 | 2% | 24,511 |
| December-11 | **22,817** | 89% | 2,376 | 9% | 469 | 2% | 25,662 |
| January-12 | **26,176** | 84% | 3,252 | 10% | 1,835 | 6% | 31,263 |
| February-12 | **15,437** | 85% | 2,376 | 13% | 379 | 2% | 18,192 |
| March-12 | **21,677** | 82% | 2,376 | 9% | 2,288 | 9% | 26,341 |
| April-12 | **29,130** | 91% | 2,476 | 8% | 515 | 2% | 32,121 |
| May-12 | **29,055** | 87% | 2,376 | 7% | 1,899 | 6% | 33,330 |
| June-12 | **29,925** | 96% | 876 | 3% | 433 | 1% | 31,234 |
| July-12 | **40,582** | 86% | 150 | 0% | 6,689 | 14% | 47,421 |
| August-12 | **37,744** | 93% | 1,026 | 3% | 1,885 | 5% | 40,655 |
| September-12 | **24,586** | 82% | 2,596 | 9% | 2,673 | 9% | 29,855 |
| October-12 | **27,570** | 85% | 1,989 | 6% | 3,007 | 9% | 32,566 |
| November-12 | 23,210 | 39% | **31,952** | 54% | 4,144 | 7% | 59,306 |
| December-12 | 4,068 | 8% | **22,155** | 44% | 24,215 | 48% | 50,437 |
| January-13 | 8,520 | 12% | **57,914** | 80% | 5,652 | 8% | 72,086 |
| February-13 | 3,510 | 4% | **92,148** | 95% | 1,274 | 1% | 96,932 |
| March-13 | **30,260** | 66% | 15,436 | 33% | 452 | 1% | 46,148 |
| April-13 | 9,200 | 31% | 3,114 | 10% | **17,408** | 59% | 29,722 |
| May-13 | **7,200** | 59% | 0 | 0% | 4,972 | 41% | 12,172 |
| June-13 | **5,000** | 80% | 0 | 0% | 1,244 | 20% | 6,244 |
| Total | $538,756 | 47% | $490,650 | 43% | $118,903 | 10% | $1,148,309 |

As shown in Figure 15 above, from January 2011 through June 2011, funds from the business units were the primary source of deposits. Beginning in July 2011 and continuing through October 2012, the primary source of deposits was cash. Then, beginning in November 2012, the business units reverted back to being the primary source of deposits.

## Information Considered

Information considered, in addition to the sources cited elsewhere in this report, is summarized as follows:

- ☑ Pleadings
- ☑ Correspondence
- ☑ Colorado and Nevada Secretary of State electronic records
- ☑ 2010 Form 1040 U.S. Individual Income Tax Return for Leonid Shifrin and Qilly Shifrin
- ☑ Miscellaneous documents received from the Attorney General's office re: correspondence and various bank statements
- ☑ Various correspondence and financial documents received from Allan J. Brachman, CPA, LTD
- ☑ Articles of Incorporation, etc. for various entities
- ☑ Goldome financial loan documents, promissory notes, etc.
- ☑ ANB bank statements and supporting documents for 2 accounts from January 2013 – June 2013
- ☑ Bank of the West bank statements and supporting documents for 3 accounts from September 2011 – June 2013
- ☑ FirstBank statements and supporting documents for 3 accounts from January 2011 – February 2013
- ☑ Flagstar Bank statements and supporting documents for 2 accounts from January 2010 – November 2011
- ☑ Great Western Bank statements and supporting documents for 7 accounts from January 2011 – September 2013
- ☑ Guaranty Bank and Trust statements and supporting documents for 1 account from January 2013 – February 2013
- ☑ Interactive Brokers statements for 1 account from December 2010 – March 2013
- ☑ JPMorgan Chase bank statements and supporting documents for 35 accounts from April 2008 – March 2012
- ☑ TCF Bank statements and supporting documents for 4 accounts from September 2012 to January 2013
- ☑ US Bank statements and supporting documents for 9 accounts from January 2011 – January 2014
- ☑ Vectra Bank statements and supporting documents for 1 account from September 2012 – January 2013

- ☑ Wells Fargo Bank statements and supporting documents for 18 accounts from January 2011 – September 2013

- ☑ Space Age Federal Credit Union bank statements for 2 accounts from September 2007 – August 2014

- ☑ Key Bank statements and supporting documents for 12 accounts from January 2008 – September 2014

- ☑ Barclays Bank credit card statements for 3 accounts from June 2007 – May 2014

- ☑ Capital One credit card statements for 6 accounts from January 2008 – May 2014

- ☑ Chase Card Services credit card statements for 3 accounts from June 2010 – September 2014

- ☑ CitiGroup credit card statements for 6 accounts from January 2011 – April 2013

- ☑ Discover credit card statements for 15 accounts from January 2008 – May 2014

- ☑ JPMorgan Chase credit card statements for 15 accounts from January 2008 – July 2014

- ☑ Space Age Credit Union credit card statements for 1 account from 9/2008 – 12/2012

- ☑ Charles Schwab statements for 7 accounts from January 2004 – November 2012

- ☑ Chase Paymentech Solutions statements for 4 accounts from January 2011 – June 2013

- ☑ Chase Home Finance LLC documents for 5 accounts from 2003 – 2014

- ☑ Day Larsen Pedersen Insurance, LLC, applications, correspondence and other related documents

- ☑ American Express credit card statements for 6 accounts from January 2008 to August 2009

- ☑ Diners Club credit card statements for 11 account from January 2008 to October 2011

## Qualifications, Compensation and Prior Testimony

Attached as Exhibit A to this report is a copy of my curricula vitae, which includes my background, experience and a list of all publications authored within the preceding ten years. Also attached are listings of cases in which I have testified as an expert at trial or at deposition within the preceding four years.

All billings are based on actual time spent at normal hourly rates ranging from $50 to $370 per hour. Neither **RubinBrown,** nor any of its employees or clients, are associated with any of the parties to this litigation.

This report is based on information available to date and is subject to change as new information becomes available.  As discovery continues in this matter and additional information becomes available, we may supplement this report and our opinions.  The fee charged by us was not based upon any of our findings

Sincerely,

Peter Schulman, CPA, CIRA, CDBV
Partner
**RubinBrown LLP**

Stephanie Drew, CPA, CFE
Manager
**RubinBrown LLP**

Attachments

# EXHIBIT G

**1**

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLORADO
 2
     Case No. 12-22722-MER, Chapter 7
 3
 4   DEPOSITION OF:  QILLY SHIFRIN - April 10, 2013

 5
     In Re:
 6
     LEONID SHIFRIN,
 7
     Debtor.
 8

 9
10           PURSUANT TO NOTICE, the deposition of
     QILLY SHIFRIN was taken on behalf of Harvey Sender,
11   Chapter 7 Trustee, at 600 17th Street, Suite 1800-S,
     Denver, Colorado 80202, on April 10, 2013, at
12   10:13 a.m., before Ellie K. Liebenow, Registered
     Professional Reporter and Notary Public within
13   Colorado.
14
15
16
17
18
19
20
21
22
23
24
25
```

**2**

```
 1             A P P E A R A N C E S
 2   For Harvey Sender, Chapter 7 Trustee:
 3       KIRSTIN D. KANSKI, ESQ.
         Lindquist & Vennum, LLP
 4       4200 IDS Center
         80 South 8th Street
 5       Minneapolis, Minnesota 55402
 6
     For the State of Colorado:
 7
         JENNIFER MINER DETHMERS, ESQ.
 8       SHELLY-JEAN SARTOR, ESQ.
         Colorado Department of Law
 9       Consumer Protection
         1300 Broadway, 7th Floor
10       Denver, Colorado 80203
11
     For the Deponent:
12
         ANDREW C. SNYDER, ESQ.
13       Law Firm of Andrew C. Snyder
         8400 East Prentice Avenue, Penthouse Suite
14       Greenwood Village, Colorado 80111
15
16
17
18
19
20
21
22
23
24
25
```

**3**

```
 1                  I N D E X
 2   EXAMINATION OF QILLY SHIFRIN:            PAGE
     April 10, 2013
 3
     By Ms. Kanski                              5
 4
 5
 6   DEPOSITION EXHIBITS:                    INITIAL
 7   Exhibit 1   Colorado Secretary of State - REFERENCE
                 Summary, Colonial Financial, Inc. 49
 8
     Exhibit 2   Entity Details - Secretary of State, 50
 9               Nevada, 67th Avenue Inc.
10   Exhibit 3   Colorado Secretary of State Summary, 53
                 Father and Sons Movers, Inc.
11
     Exhibit 4   Goldome Financial LLC Direct Deposit 57
12               Agreement Form
13   Exhibit 5   Chase Detailed Transaction History 58
                 1/7/2013, Activity for Period
14               1/1/2011 - 12/17/2012, Loan #33808700,
                 Mark Shifrin
15
     Exhibit 6   Chase Business Account and Signers 63
16               Form, USWSL Group Inc.
17   Exhibit 7   Personal/Beneficiary Signature Card, 67
                 Sofia Levit Shifrin, Qilly Suzanne
18               Shifrin, with attachments
19   Exhibit 8   Bank of the West Account Statement, 68
                 November 27, 2012 - December 26, 2012,
20               Sofia Levit Shifrin, Qilly Suzanne
                 Shifrin
21
     Exhibit 9   Account Agreement dated 01/26/10,    74
22               Great Western Bank, Qilly S. Shifrin
23   Exhibit 10  Great Western Bank, Qilly S. Shifrin, 88
                 dated 12/13/12
24
     Exhibit 11  Great Western Bank, Qilly S. Shifrin, 94
25               First Page of Statements for 2012
```

**4**

```
 1   Exhibit 12  Checks and Deposit Tickets, Great   97
                 Western Bank, Qilly Shifrin
 2
     Exhibit 13  Chase Detailed Transaction History  100
 3               dated 1/7/2013, Activity for Period
                 1/1/2011 - 12/17/2012, Loan #33808700
 4               Mark Shifrin
 5   Exhibit 14  Chase Detailed Transaction History  102
                 dated 1/7/2013, Activity for Period
 6               1/1/2011 - 12/17/2012, Loan #656598232
                 Mark Shifrin
 7
     Exhibit 15  Glasgow, Inc., Great Western Bank    109
 8               Checks and Deposit Tickets
 9   Exhibit 16  Qilly S. Shifrin, Great Western Bank, 110
                 Checks
10
     Exhibit 17  Checks and Deposit Tickets, Great    112
11               Western Bank, Qilly Shifrin
12   Exhibit 18  Deposits, Great Western Bank, Qilly  114
                 Shifrin
13
     Exhibit 19  Deposits, Great Western Bank, Qilly  114
14               Shifrin
15   Exhibit 20  Order and Amendment to Judgment      127
16   Exhibit 21  Summary Information for Colonial      129
                 Financial Inc.
17
     Exhibit 22  Minutes of Meeting of Board of        129
18               Directors of Colonial Financial
                 Corporation
19
     Exhibit 23  Cashiering: Cashier Report            130
20
     Exhibit 24  Print Key Output                      131
21
22
23
24
25
```

1 (Pages 1 to 4)

In Re: Leonid Shifrin (Debtor)          **QILLY SHIFRIN**                          4/10/2013

---

**5**

1      WHEREUPON, the following proceedings
2  were taken pursuant to the Colorado Rules of Civil
3  Procedure.
4          *      *      *      *      *
5          QILLY SHIFRIN,
6  having been first duly sworn to state the whole truth,
7  testified as follows:
8
9          EXAMINATION
10 BY MS. KANSKI:
11     **Q.  Good morning, Ms. Shifrin.  Can you**
12 **state your full name for the record?**
13     A.  Middle name too?
14     **Q.  Yes.**
15     A.  Qilly Suzanne Shifrin.
16     **Q.  And can you spell your first name for**
17 **the court reporter?**
18     A.  Q-i-l-l-y.
19     **Q.  And did you have a name prior to being**
20 **known by Qilly Shifrin?**
21     A.  Yankovich, Y-a-n-k-o-v-i-c-h, and
22 Rinehart, R-i-n-e-h-a-r-t.
23     **Q.  And is Rinehart the name that you were**
24 **born with?**
25     A.  No.  Yankovich is.

---

**6**

1      **Q.  Yankovich is.  And just so that I'm**
2  **clear, what year did you take the name Yankovich --**
3  **no, Rinehart?**
4      A.  2000.  And then I was divorced, I think,
5  in 2002 or 2003.  I can't remember.  One of those two
6  years.
7      **Q.  And what year did you marry Leo?**
8      A.  2009, April 18th, 2009.
9      **Q.  And you took the name Shifrin at that**
10 **point?**
11     A.  Um-hum.
12     **Q.  So April 18th, 2009?**
13     A.  2009.
14     **Q.  Okay.  Have you ever been deposed**
15 **before?**
16     A.  Yes, once.
17     **Q.  And what proceeding was that in?**
18     A.  It was a civil case for a
19 landlord-tenant issue.
20     **Q.  Was that with the landlord Greg Weaver?**
21     A.  Yes.
22     **Q.  And have you ever testified in court**
23 **before?**
24     A.  Yes.
25     **Q.  In what proceedings?**

---

**7**

1      A.  I don't know if I -- I don't know.  I
2  don't remember.  I'm sorry.
3      **Q.  Have you ever been in a courtroom**
4  **providing testimony?**
5      A.  I don't know.  I mean ...
6      **Q.  Have you ever been a party to a lawsuit**
7  **other than the lawsuit against Weaver?**
8      A.  Not that I know of, no.
9      **Q.  Okay.  So since you have been deposed**
10 **before, you're somewhat familiar with the rules; but**
11 **I'll go through them one more time.  Because the court**
12 **reporter is taking down everything we say, it's**
13 **important that we not speak over each other and that**
14 **all of your answers be out loud.  Do you understand**
15 **that?**
16     A.  Yes.
17     **Q.  And if at any point you do not**
18 **understand any of the questions that I ask, please let**
19 **me know and I will rephrase them.**
20     A.  Okay.
21     **Q.  If you need a break at any point in time**
22 **to speak with your attorney, let me know.**
23     A.  Okay.
24     **Q.  Or for any other reason we can take a**
25 **break.**

---

**8**

1      A.  Okay.
2      **Q.  And you do understand that you've been**
3  **placed under oath by the court reporter?**
4      A.  Yes.
5      **Q.  And that that oath has the same solemn**
6  **effect as if -- as the oath given in a court of law.**
7  **Do you understand that?**
8      A.  Yes.
9      **Q.  And if you willfully fail to tell the**
10 **truth during this deposition today, it could**
11 **constitute the crime of perjury; do you understand**
12 **that?**
13     A.  Yes.
14     **Q.  And are you currently under any**
15 **medication, drugs, or alcohol?**
16     A.  I took Nasonex for my cold this morning.
17     **Q.  Other than the cold medicine, have you**
18 **consumed anything else in the last 24 hours?**
19     A.  I took an Ambien last night to try to
20 sleep.
21     **Q.  Okay.  Are you currently under any**
22 **medical conditions that would prevent you from**
23 **providing full and complete testimony today?**
24     A.  No.
25     **Q.  What did you do to prepare for your**

---

scheduling@huntergeist.com          **HUNTER + GEIST, INC.**          303.832.5966 / 800.525.8490

In Re: Leonid Shifrin (Debtor)          **QILLY SHIFRIN**                                    4/10/2013

---

93

1     A.  Yes.
2     Q.  **And Leo was providing you that cash?**
3     A.  No.  I worked at the moving company.
4     Q.  **Okay.  So let's just -- can you**
5  **approximate a month that you started to save cash last**
6  **year?**
7     A.  I don't know.
8     Q.  **Approximately?**
9     A.  I can't approximate.  I don't know.  I
10 mean, I worked; so I earned the money and I saved it.
11    Q.  **Okay.  But you have no documentation?**
12    A.  Yes, I do.  I had payroll checks from
13 the moving company.
14    Q.  **And the payroll checks from the moving**
15 **company will account for all of your savings; is that**
16 **correct?**
17    A.  Yes.
18    Q.  **So prior to starting to save in**
19 **anticipation of Leo needing to be in custody, what was**
20 **your source of deposits into this account?**
21    A.  Leo gave me the money.
22    Q.  **And was it always cash?**
23    A.  No.  He would write checks and I would
24 go cash them and then put the cash in my account.
25    Q.  **He would write the checks to you?**

---

94

1     A.  Yes.  So he would say -- if I needed
2  $5,000 for the budget to pay the bills, I would go to
3  the bank and cash the check and then put the cash in
4  my account.
5     Q.  **And you would always cash those checks**
6  **at Great Western?**
7     A.  No.  Wherever the bank was held that he
8  wrote it off of.
9     Q.  **But he never had an account in his name;**
10 **is that correct?**
11    A.  Yes.
12    Q.  **So these would be checks written off of**
13 **company accounts?**
14    A.  Yes.
15    Q.  **And you would be cashing them to pay for**
16 **your personal expenses?**
17    A.  Yes.  I did what he instructed me to do.
18        MS. KANSKI:  Mark Deposition Exhibit 11.
19        (Deposition Exhibit 11 was marked.)
20    Q.  **(BY MS. KANSKI)  I will just represent**
21 **to you that Exhibit 11 is a compilation of the first**
22 **page of statements for the whole year 2012 on your**
23 **personal account.**
24    A.  Uh-huh.
25    Q.  **Reflecting all of the deposits made into**

---

95

1  that account.  So if we just start with the first
2  page, which is January of 2012, there is a total of
3  $28,000 deposited into this account.  Do you see that?
4     A.  Um-hum.
5     Q.  **Okay.  And what is the source for all of**
6  **those entries that are stated "regular deposit"?**
7     A.  I told you they were cash.  I would cash
8  the checks that were written to me for the bills from
9  Leo.
10    Q.  **And you're saying every one of those**
11 **would be a check?**
12    A.  Yeah, I think -- I know a couple of
13 times it was U.S. Bank.
14    Q.  **And for every one of those entries?**
15    A.  Yes.
16    Q.  **And that would be your testimony for**
17 **every one of these months?  Take your time to look**
18 **through.**
19    A.  No.  I know that that's what it is
20 because that's the only way I got money is if he would
21 give it to me.
22    Q.  **And he gave it to you in every single**
23 **instance in a check?**
24    A.  Yes.
25    Q.  **But you never deposited the checks**

---

96

1  directly?
2     A.  No, because he told me not to.
3     Q.  **Why?**
4     A.  I don't know.  That's just what he said.
5     Q.  **Okay.  And it reflects -- and I know**
6  we've been around this previously; but payments coming
7  in from Denver Housing in the amount of $876, do you
8  see that?
9     A.  Um-hum.
10    Q.  **And it's your testimony that you paid**
11 that over to Mark Shifrin?
12    A.  I did.
13    Q.  **And in what format?**
14    A.  Usually cash.  I don't think I ever
15 wrote him a check for that.  He specifically said no
16 checks.
17    Q.  **So whenever Leo was providing you a**
18 **check from the companies that you were cashing and**
19 **then depositing the cash into your personal account,**
20 **in those instances, you weren't personally earning**
21 **that money; is that correct?**
22    A.  That's correct.
23    Q.  **It was Leo's money being given to you**
24 **for personal expenses?**
25    A.  I don't know whose money it was, but

---

24 (Pages 93 to 96)

In Re: Leonid Shifrin (Debtor)          **QILLY SHIFRIN**                              4/10/2013

---

**133**

1  have been withdrawing large cash funds at the request
2  of Sofia Shifrin, have you -- all of those cash
3  withdrawals have been voluntarily done on your part;
4  is that right?
5      A.  Yes.
6          MS. KANSKI:  Okay.  I don't have any
7  further questions.  Nothing from the State?
8          MS. DETHMERS:  No.
9          MS. KANSKI:  Okay.  We're done.
10         WHEREUPON, the within proceedings were
11  concluded at the approximate hour of 1:41 p.m. on the
12  10th day of April, 2013.
13         *     *     *     *     *
14
15
16
17
18
19
20
21
22
23
24
25

---

**135**

                    REPORTER'S CERTIFICATE

STATE OF COLORADO        )
                         )  ss.
CITY AND COUNTY OF DENVER )

        I, ELLIE K. LIEBENOW, Registered
Professional Reporter and Notary Public, State of
Colorado, do hereby certify that previous to the
commencement of the examination, the said QILLY
SHIFRIN was duly sworn by me to testify to the truth
in relation to the matters in controversy between the
parties hereto; that the said deposition was taken in
machine shorthand by me at the time and place
aforesaid and was thereafter reduced to typewritten
form; that the foregoing is a true transcript of the
questions asked, testimony given, and proceedings had.

        I further certify that I am not employed
by, related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of
this litigation.

        IN WITNESS WHEREOF, I have affixed my
signature this 17th day of April, 2013.

        My commission expires November 18, 2015.


__X__  Reading and Signing was requested.

_____  Reading and Signing was waived.

_____  Reading and Signing is not required.

---

**134**

1          I, QILLY SHIFRIN, do hereby certify that
2  I have read the above and foregoing deposition and
3  that the same is a true and accurate transcription of
4  my testimony, except for attached amendments, if any.
5          Amendments attached  (  ) Yes  (  ) No
6
7
8          _____
9          QILLY SHIFRIN
10
11         The signature above of QILLY SHIFRIN was
12  subscribed and sworn to before me in the county of
13  _____, state of _____,
14  this _____ day of _____, 2013.
15
16
17         _____
           Notary Public
18         My Commission expires:
19
20
21
22
23
24
25     In Re:  Leonid Shifrin, Debtor 4/10/13 (ekl)

---

34 (Pages 133 to 135)