**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>LEONID SHIFRIN,<br><br>    Debtor. | Case No. 12-22722 MER<br><br>Chapter 7 |
| HARVEY SENDER, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>MOVERS CONNECTION, INC.; FATHER AND SONS MOVERS, INC.; KRIS MARTINEZ; MICHAEL SARRIS; ERIC SHELDON; MICHAEL DUPREE; and SOFIA SHIFRIN,<br><br>    Defendants | Adversary No. 14-1284 MER |

**ORDER**

    THIS MATTER comes before the Court on the Trustee's Motion to Strike Answer of Movers Connection, Inc., and for Entry of Default and Default Judgment Against Movers Connection, Inc., Father and Sons Movers, Inc., Kris Martinez, and Eric Sheldon (the "Motion"). The Court has reviewed the Motion, the accompanying affidavit and exhibits, and the file, and finds the Motion should be granted.

    Defendants Movers Connection Inc. and Father and Sons Movers, Inc. are in default for failure to retain counsel. Although Movers Connection, Inc. was originally represented by counsel, that counsel has withdrawn and no substitute counsel has entered an appearance. Local Bankruptcy Rule 9010-4(b)(11) provides:

> [W]here the withdrawing attorney's client is a corporation, partnership, or other legal entity, that such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity including dismissal or conversion of its case if it is a debtor.

    Accordingly, the Court finds it appropriate to strike the answer filed on behalf of Movers Connection, Inc., and enter default against it.

    Defendants Father and Sons, Inc., Kris Martinez, and Eric Sheldon filed no answers or other responses to the Trustee's Complaint. Thus, they are also in

default under FED. R. CIV. P. 55(a), made applicable to this proceeding under FED. R. BANKR. P. 7055.

With respect to the Motion's request for default judgment, the Court finds the affidavits and exhibits presented in with the Motion support the entry of default judgment against the Defendants named in the Motion.

For these reasons,

IT IS ORDERED the Answer filed by Movers Connection, Inc. is hereby stricken, and the default shall be entered against Movers Connection, Inc.

IT IS FURTHER ORDERED default shall be entered against Father and Sons Movers, Inc., Kris Martinez, and Eric Sheldon.

IT IS FURTHER ORDERED default judgment shall be entered against Movers Connection Inc. and Father and Sons Movers, Inc., on the Trustee's claims against them, with the result that Movers Connection, Inc. and Father and Sons Movers, Inc. are hereby determined to be alter egos of the Debtor Leonid Shifrin, and the assets of Movers Connection, Inc. and Father and Sons Movers, Inc. are determined to be assets of the Debtor Leonid Shifrin.

IT IS FURTHER ORDERED Movers Connection, Inc. and Father and Sons Movers, Inc. shall provide full accountings to the Trustee of all property, assets, books and records in their possession, custody, and control, and turn over to the Trustee all their property, assets, books and records, pursuant to 11 U.S.C. § 542.

IT IS FURTHER ORDERED default judgment shall enter against Eric Sheldon, with the result the transfers identified in Exhibit 2 to the Complaint are avoidable pursuant to 11 U.S.C. § 549. Further, pursuant to 11 U.S.C. § 550, judgment is entered against Eric Sheldon and in favor of the Trustee in the amount of $2,250.00.

IT IS FURTHER ORDERED default judgment shall enter against Kris Martinez, with the result the transfers identified in Exhibit 3 to the Complaint are avoidable pursuant to 11 U.S.C. § 549. Further, pursuant to 11 U.S.C. § 550, judgment is entered against Kris Martinez and in favor of the Trustee in the amount of $9,764.04.

DATED May 5, 2016                                BY THE COURT:

                                                 Michael E. Romero, Chief Judge
                                                 United States Bankruptcy Court