UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LEONID SHIFRIN, | ) Case No. 12-22722 MER |
| | ) |
| Debtor | ) Chapter 7 |
| | ) |
| HARVEY SENDER, Chapter 7 Trustee | ) Adv. Proc. No. 14-01284-MER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOVERS CONNECTION INC.; | ) |
| FATHER AND SONS MOVERS, INC.; KRIS MARTINEZ; MICHAEL SARRIS; ERIC SHELDON; MICHAEL DUPREE; and SOFIA SHIFRIN, | ) |
| | ) |
| Defendant. | ) |

**TRUSTEE'S BRIEF REGARDING
JURY TRIAL RIGHT TO ALTER EGO CLAIMS**

Pursuant to the Court's Minute Order dated July 11, 2017, Harvey Sender, as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Leonid Shifrin (the "Debtor"), submits a Brief Regarding Jury Trial Right to Alter Ego Claims.  As established by the legal authority set forth herein, this Court may set for trial and enter final orders on the Trustee's equitable claims of alter-ego, turnover and equitable disgorgement.  On the Trustee's fraudulent transfer claims, the Court may hold further hearings and issue proposed findings of fact and conclusions of law for purposes of a final judgment to be reviewed and entered by the United States District Court.

## I.  BACKGROUND

1. The Debtor commenced this chapter 7 proceeding on June 17, 2012 (the "Petition Date"), commencing Case No. 12-222722-MER (the "Bankruptcy Case") and creating the Debtor's Bankruptcy Estate (the "Estate").

2. On June 13, 2014, the Trustee commenced this adversary proceeding along with numerous others against the Debtor's wife, mother, father, and the entities identified in the caption (the "Companies") in Court File No. 14-01283. The Trustee's claims in Court File No. 14-01283 include an equitable alter-ego claim alleging that the Companies at all times were operated as alter-egos of the Debtor Leonid Shifrin (the "Alter Ego Claim"), as well as an accounting and turnover claim under § 542 of the Bankruptcy Code (the "Turnover Claim") and an equitable claim for disgorgement and unjust enrichment (together with the Alter Ego and Turnover Claims, the "Equitable Claims"). The Trustee separately pleaded and pursued claims for avoidance and recovery of pre- and post-petition fraudulent transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), 548(a)(1)(B), 549(a), 550, and 502(d) (the "Fraudulent Transfer Claims"). *See* Dkt. #1. The Trustee's claims in the remaining related adversary actions to be set for trial include identical allegations of alter-ego and the Debtor's use of the Companies to fraudulently conceal and transfer assets controlled by the Debtor. *See* Doc. No. 1, Court File Nos. 14-01284, 14-01293, 14-01297, and 14-01298, along with Court File No. 14-01284 (the "Adversary Proceedings").

3. On July 14, 2014, Defendants in Court File No. 14-01283 filed Motions for Withdrawal of Reference (the "Motions for Withdrawal"). Court File No. 14-01283, Dkt. #13,

15.[1] Defendants in the Motions for Withdrawal made the blanket assertion that the Trustee's claims are legal in nature and entitle them to a jury trial under the Seventh Amendment. The Trustee responded and objected to the Motions for Withdrawal. Court File No. 14-01283, Dkt. #26. In objecting to the Motions for Withdrawal, the Trustee set forth the legal authority requiring "cause" to support withdrawal of the reference under 28 U.S.C. § 157(d) and the factors required to be considered under *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co., (In re Centrix Fin. LLC)*, 2011 WL 63505, at *4-6 (D. Colo. Jan. 7, 2011). *See* Court File No. 14-01283, Dkt. #26 at 5-6. The Trustee further provided significant authority supporting that no jury trial right attaches to the Trustee's Equitable Claims and therefore a purported jury trial right on certain claims, alone, did not support withdrawing the reference at that time.[2] (*See* Court File No. 14-01283, Dkt. #26 at n.5.)

4. On April 14, 2015, the United States District Court denied the Motions to Withdraw. Dkt. #51. In doing so, the Court expressly held that the Bankruptcy Court even after

---

[1] Identical motions that appear to have been authored by the same individual and/or attorney but filed under separate names were filed in Court File Nos. 14-01284, 14-01293, and 14-01297. All of the filed motions were verbatim identical mirror images of each other than the signature, and ruled on identically by the United States District Court, so are not addressed separately herein, and collectively included in the term Motions for Withdrawal. The only remaining Adversary Proceeding in which a motion to withdraw reference was not filed is 14-01298 (Oai Luong).

[2] *Braunstein v. McCabe*, 571 F.3d 108, 123 (1st Cir. 2009); *In re Darby Supermarket, Inc.*, 98 B.R. 697, 698 (E.D. Pa. 1989) (accounting and turnover claims invokes the court's most basic equitable powers to gather and administer property of the estate to which the Seventh Amendment right to a jury trial does not attach); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (actions for disgorgement of improper profits and unjust enrichment are restitutionary and equitable in nature and claims for which no right of a jury trial attaches); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (finding that the claim disallowance process subjects a creditor to the bankruptcy court's equitable power).

demand for a jury trial is made, can supervise the case and rule on dispositive motions to determine whether a trial is necessary. Court File No. 14-01283, Dkt. #51 at 3-4; *citing In re M&L Bus. Mach. Co., Inc.*, 159 B.R. 932, 934-35 (D. Colo. 1993); *Matter of Lieb*, 915 F.2d 180, 185 (5th Cir. 1990).

5.    On May 6, 2016, the Trustee filed motions for summary judgment against Mark Shifrin, Sofia Shifrin, and Qilly Shifrin, the only remaining parties Court File No. 14-01283 as the Companies had all defaulted and were (and remain) unrepresented in the litigation. Court File No. 14-01283, Dkt. #106, 107. The Court granted the Trustee's motion against Qilly Shifrin in part and denied the Trustee's motion against Mark and Sofia Shifrin. Court File No. 14-01283, Dkt. #120, 121. In the Court's Order, in denying the Trustee's dispositive motions, the Court held that a question of fact exists as to whether the Companies are alter egos of Leonid Shifrin and whether reverse piercing is appropriate. (Court File No. 14-01283, Dkt. #120, 121.) Thus, the only issue of fact identified by the Court in denying the Trustee's summary judgment and dispositive motions related to the fact issue of alter ego, and the Trustee's equitable claim of alter-ego to which the Defendants have no jury trial right.

6.    Despite the fact that defendants Oai Luong (14-01298) and David Price (14-01293) did not even oppose the Trustee's summary judgment motions against them, the Court denied the motion in those proceedings based on the exact same and identical fact issue regarding the Trustee's Alter-Ego claim.

7.    Because no other fact issue was identified by the Court in denying summary judgment, the determination of the alter-ego fact issue by this Court following a trial of the Alter-Ego Claim to the bench, may be dispositive of all of the Trustee's claims against the Defendants

4

in the Adversary Proceedings and render any perceived jury trial right that Defendants assert on the Fraudulent Transfer claims in those proceedings moot. Again, the right to a jury trial was the sole basis relied upon by Defendants in support of the Motions to Withdraw, and does not attach to the Equitable Claims and does not support withdrawal if a jury trial is ultimately not determined by this Court to be required.

8. As the Court may recall, as a result of Defendants' improper assertion of the Fifth Amendment and numerous other discovery violations, the Court entered an Order in Court File No. 14-01283 as follows:

> For the remainder of this litigation, including all dispositive motion practice and trial, Defendants shall not offer, cite to or rely upon any facts, affidavits, testimony, or documents that were requested by or responsive to the Trustee's First Set of Interrogatories, Requests for Admissions and Requests for Documents to the extent any such facts, testimony and documents were responsive to the Discovery Requests and were not identified, disclosed or produced. This Order equally precludes citation to prior affidavits filed with the Court by Mark Shifrin or Sofia Shifrin in other litigations, to the extent the affidavit testimony is responsive to the Discovery Requests and was not disclosed, identified or produced by Defendants in this litigation or in response to the Discovery Requests.
>
> The Trustee's Requests for Admissions Nos. 1, 2, 6, 7, and 8, are deemed admitted by Mark Shifrin, Sofia Shifrin, and USWSL Group Inc., respectively.

Dkt. #86.

9. Based on the authority below, the Trustee respectfully submits and requests that this Court move forward in setting this case for trial before the Bankruptcy Court on the Trustee's Equitable Claims so that a final determination of the Trustee's Equitable Claims can be made. "The issue of whether the corporate veil can be pierced is equitable and, thus, there is no right to a jury trial as to that issue." *Straub v. Mountain Trails Resort, Inc.*, 770 P.2d 1321, 1324 (Colo. Ct. App. 1988). A determination by this Court following a bench trial on the Trustee's Alter Ego

Claim in Court File No. 14-01283 and identical allegations of alter-ego in the remainder of the Adversary Proceedings, is a necessary precursor before any final determination can be made regarding what, if any, fact issue remains for jury trial on the Trustee's Fraudulent Transfer claims in the Adversary Proceedings.

## II. ARGUMENT AND AUTHORITY

**A. The Court May Enter Final Orders on the Trustee's Equitable Claims in the Adversary Proceedings To Which No Jury Trial Right Attaches.**

10. 28 U.S.C. § 157 establishes the bankruptcy courts' statutory authority to enter final judgments on "core" bankruptcy matters. *See In re Poseidon Concepts Corp.*, 515 B.R. 811, 815 (Bankr. D. Colo. 2014). "A core bankruptcy matter, generally speaking, is one that is integrally related to the restructuring of the debtor-creditor relationship." *Id.* at 816 (citing *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54-55 (1989)). *Stern v. Marshall*, 564 U.S. 462 (2011), "made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy in the matter designated by § 157(b)." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014). A "*Stern* claim" is a claim "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Id.* at 2170.

11. The Trustee's Equitable Claims are not *Stern* claims because they seek to determine rights regarding the *res* of the Estate and are equitable claims by nature to which no jury trial right attaches. *See In re Poseidon Concepts*, 515 B.R. at 818. Bankruptcy court jurisdiction, at its core, is *in rem*. *See id.* (citing *Central Virginia Community College v. Katz*, 546 U.S. 356, 362 (2006)). This Court has the statutory authority pursuant to 28 U.S.C. § 157(b)(2), without constitutional

6

concerns, to enter final orders regarding the Trustee's Equitable Claims in each of the Adversary Proceedings.

12. The law is clear and settled that no jury trial right attaches to claims of equity, such as claims of alter-ego and corporate veil piercing, turnover and accounting, and equitable disgorgement. *See Straub*, 770 P.2d at 1323 ("The issue of whether the corporate veil can be pierced is equitable and, thus, there was no right to a jury trial as to that issue.") The Seventh Amendment results in a right to a jury trial only where a suit involves a determination of the parties' legal rights, "in contradistinction to those where equitable claims alone were recognized, and equitable remedies were administered." *Granfinanciera,* 492 U.S. at 41-42.

13. Whether a claim is legal or equitable is determinative of a party's Seventh Amendment right to a trial by jury. *See, e.g.*, *Braunstein v. McCabe*, 571 F.3d 108, 118 (1st Cir. 2009). Courts repeatedly hold that claims seeking to pierce corporate veils under an alter ego theory are equitable in nature.[3] *See, e.g.*, *Lopez v. Next Generation Constr. & Envtl., LLC*, No. 16-cv-00076-CMA-KLM, 2016 WL 6600243 at *2 (D. Colo. 2016) ("The paramount goal of piercing the corporate veil is to achieve an equitable result.") (citing *In re Phillips*, 139 P.3d 639, 643 (Colo. 2006) and *Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997, 1004 (Colo. 1998)); *see also In re First Assured Warranty Corp.*, 383 B.R. 502, 527 (Bankr. D. Colo. 2008) (courts start by determining if an equitable result will be achieved by disregarding the corporate veil); *Weiss v. Lockwood*, 499 B.R. 392, 394 (D. Mass. 2013) (a claim seeking to pierce a corporate veil under an

---

[3] The answer to whether a claim is legal or equitable is determined by federal law, even if the cause of action is created by state law. *See Simler v. Conner*, 372 U.S. 221, 222 (1963). For example, "[f]ederal courts are nearly unanimous in holding that a breach of fiduciary claim is an action in equity, to which no jury right attaches." *In re Crowe Rope Indus., LLC*, 307 B.R. 1, 5 (Bankr. D. Maine 2004).

alter-ego theory is equitable in nature); *In re Gonzalez*, 2010 WL 3395677, at *2 (Bankr. D. P. R. Aug. 23, 2010) (same).

14. The Trustee's Alter Ego Claim and identical allegations of alter ego in all of the Adversary Proceedings seek equitable relief. The Debtor's use of the Companies to conceal and transfer assets that he controlled is an equitable claim seeking to recover adjudicate the Debtor's interests in those Companies and to recover estate property, which has long been held to be equitable act by the Trustee. *See, e.g.*, *Braunstein*, 571 F.3d at 118.

15. The same is true for the Trustee's Turnover Claims and equitable disgorgement claims. A statutory turnover action brought pursuant to 11 U.S.C. § 542 is equitable and no right jury attaches. *See Weiss*, 499 B.R. at 394 (citing *Braunstein*, 571 F.3d at 115); *see also Chauffeurs*, 494 U.S. at 570. Therefore, this Court may hear and enter final orders in all of the Adversary Proceedings regarding the Trustee's Equitable Claims.[4]

16. Because this Court has jurisdiction and authority to enter final orders on the Trustee's Equitable Claims in all of the Adversary Proceedings, the Trustee requests that the Court bifurcate trial in these matters and set the Equitable Claims for bench trial as expressly authorized and contemplated by Federal Rule of Procedure 42(b). The alter-ego claims and allegations are identical in each and every case that remains for trial, with identical witnesses, evidence, and the use of the same testifying expert pursuant to identical disclosures produced in each case.

---

[4] In addition, pursuant to Fed. R. Civ. P. 42(b), made applicable here through Fed. R. Bankr. P. 7042, the Court may, in its sound discretion, bifurcate claims to "appropriately narrow issues and promote judicial economy." *See, e.g.*, *In re Leslie Fay Companies, Inc.*, 222 B.R. 718, 720 (Bankr. S.D.N.Y. 1998).

Bifurcation of the Equitable Claims for trial is within the Court's sound discretion, and is conducive to judicial economy.

17. Because the Equitable Claims in all of the remaining Adversary Proceedings involve identical evidence, consolidation of the trial of the Equitable Claims of the remaining Adversary Proceedings, is equally within this Court's discretion, authorized by Federal Rule of Civil Procedure 42(a) and in the interest of judicial economy.

**B. This Court Has Jurisdiction and Authority to Rule on Dispositive Motions on the Fraudulent Transfer Claims and Issue to the United States District Court Proposed Findings of Fact and Conclusions of Law.**

18. To the extent that the Fraudulent Transfer Claims in the Adversary Proceedings implicate *Stern* issues and Defendants continue to invoke a jury trial right as it attaches to those claims, this Court does not have authority to enter final orders, but can set those claims on for further hearing in those particular adversary cases post-trial to determine what, if any, fact issue remains for a trial by jury and separately issue proposed findings of facts and conclusions of law for purposes of a final judgment to be entered by the district court. *See In re SRKO Family Ltd. P'ship*, 523 B.R. 224, 234-35 (Bankr. D. Colo. 2014) (citing *Exec. Benefits*, 134 S. Ct. at 2170). Indeed, 28 U.S.C. § 157(c) permits, if not encourages, "*Stern* claims" to proceed as non-core claims because such claims should not be held in limbo. *See Exec. Benefits*, 134 S. Ct. at 2173.

19. Prior to any fact issue being trial-ready and set for jury trial, it is preferable for numerous reasons for this Court to enter final proposed findings and conclusions of law regarding the Fraudulent Transfer Claims, and to submit those proposed findings of fact and conclusions of law to the district court for *de novo* review and for entry of judgment. *See* 11 U.S.C. § 157(c)(1);

9

*see also Exec. Benefits*, 134 S. Ct. at 2174; *In re Renewable Energy Dev. Corp.*, 792 F.3d 1274, 1282-83 (10th Cir. 2015).

### III. CONCLUSION

20. Pursuant to the legal authority set forth herein, as well as in the Trustee's opposition to the Motions to Withdraw and as cited by the District Court in denying the Motions to Withdraw, the Trustee respectfully requests, in the interest of judicial economy, that this Court

(1) bifurcate for trial purposes the Equitable Claims from the Fraudulent Transfer Claims in the remaining Adversary Proceedings, as expressly authorized by Federal Rule of Procedure 42(b);

(2) set the Equitable Claims for trial before this Court, which would include resolution of all remaining fact issues regarding the Alter-Ego Claim;

(3) consolidate for trial purposes the trial of all Equitable Claims and the Alter-Ego Claim and allegations of alter-ego in the Adversary Proceedings, as expressly authorized by Federal Rule of Procedure 42(b);

(3) following a consolidated trial and ruling by this Court on the Equitable Claims and the fact issues regarding Alter-Ego liability and the assets of the Debtor and the Estate, set for further hearing and/or briefing (as needed) whether summary judgment is warranted on the remaining Fraudulent Transfer Claims and what, if any, fact issues remain on the Fraudulent Transfer Claims to be tried to a jury in Court File Nos. 14-01283, 14-01284, 14-01293, 14-01297;

(4) if the Court determines that following a trial on the Equitable Claims summary judgment is warranted on the Fraudulent Transfer Claims in Court File Nos. 14-01283, 14-

10

01284, 14-01293, 14-01297, resolve those claims via proposed findings of fact and conclusions of law for the District Court's de novo review and consideration so that final judgment can be entered accordingly; and

(5) if the Court determines that following a trial on the Equitable Claims summary judgment is warranted on the Fraudulent Transfer Claims in Court File No. 14-01298, enter summary judgment accordingly as no motion to withdraw the reference was ever filed by Oai Luong.

Dated: July 25, 2017.  **LINDQUIST & VENNUM LLP**

By: /s/ *Kirstin D. Kanski*
John C. Smiley, #16210
Kirstin D. Kanski, #0346676 (MN)
Mike S. Richardson, #49014
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com
kkanski@lindquist.com
mrichardson@lindquist.com

*Counsel for Harvey Sender, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      I certify that on July 25, 2017, a true and correct copy of the foregoing was served by placing same in the United States Mail, first-class postage prepaid, addressed to the following:

Vladimir Shifrin
10570 Parkington Lane 32D
Highlands Ranch, CO 80126

Movers Connection Inc.
11692 E Baltic Place
Aurora, CO  80014

Father and Sons Movers, Inc.
17011 Lincoln Ave.
Parker, CO  80134

Kris Martinez
17075 Carlson Dr, #1124
Parker, CO  80134

Michael Sarris
P. O. Box 22292
Denver, CO  80222

Eric Sheldon
9394 E. Atlantic Pl
Denver, CO  80231

                                                  */s/ Brandon Blessing*