## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN, ) | Case No. 12-22722 MER |
| ) | |
| Debtor ) | Chapter 7 |
| ) | |
| ) | |
| HARVEY SENDER, Chapter 7 Trustee ) | Adv. Proc. No. 14-1284-MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOVERS CONNECTION INC.; ) | |
| FATHER AND SONS MOVERS, INC.; ) | |
| KRIS MARTINEZ; MICHAEL SARRIS; ) | |
| ERIC SHELDON; MICHAEL DUPREE; ) | |
| and SOFIA SHIFRIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## UNOPPOSED MOTION TO DISMISS
## AND CLOSE ADVERSARY PROCEEDING

Plaintiff Harvey Sender, as Chapter 7 Trustee (the "Trustee"), hereby moves the Court pursuant to Federal Rule of Civil Procedure 41(a)(2), as made applicable by Bankruptcy Rule 7041, to voluntarily dismiss the sole remaining equitable claim asserted in this action against Defendant Sofia Shifrin (the "Defendant") and Close Adversary Proceeding (this "Motion"), based on the following:

1. On June 13, 2014, the Trustee filed his complaint against the individuals and entities in the above-captioned case, including Sofia Shifrin, seeking to avoid and recover certain transfers under 11 U.S.C. §§ 544, 548, 550, and CUFTA, and to disallow any and all claims in the Debtor's Bankruptcy Case under 11 U.S.C. § 502 (the "Complaint"). *See* Dkt. #1.

2. The Defendant filed her Answer to the Complaint on July 14, 2014. *See* Dkt. #10.

3. Following commencement of this action, the Trustee has conclusively and separately resolved all claims in this matter with respect to Defendants Michael Sarris, Michael Dupree, Movers Connection Inc., Father and Sons Movers, Inc., Eric Sheldon, and Kris Martinez.

4. In the Complaint, the Trustee did not assert any fraudulent transfer claims against Sofia Shifrin or seek recovery of a sum certain against Sofia Shifrin and did not plead claims for monetary damages against Sofia Shifrin. (*See* Doc. No. 1.) Rather, Sofia Shifrin was named as an individual defendant to the extent equitable disgorgement or turnover claims pertained to her and as a result of her naming being listed as an authorized signer of bank accounts opened post-petition in the names of companies that received transfers of property of the estate.

5. As the Court is aware, the Trustee has separately pursued equitable claims of turnover and disgorgement and fraudulent transfer claims seeking monetary damages and equitable relief against Sofia Shifrin in Court File No. 14-01283. Further pursuit of equitable relief in this proceeding from Sofia Shifrin would be duplicative.

6. Having resolved all substantive claims in this litigation and all claims with respect to all other named defendants, the Trustee has determined that voluntarily dismissing this matter and any claim for equitable relief against Sofia Shifrin is in the bests interests of the estate, and that further pursuit and litigation of equitable recovery from Sofia Shifrin in this case is not in the best interests of the estate.

7. Sofia Shifrin is the only remaining defendant in the adversary proceeding.

8. The Court has broad discretion in determining whether to allow voluntary dismissal under Rule 41(a)(2). *See, e.g., Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).

DOCS-#5142911-v2

9. Trustee's counsel inquired of Vladimir Shifrin, counsel for Sofia Shifrin, if his client would object to a voluntary dismissal of the claims in this litigation. Sofia Shifrin will not be prejudiced by a dismissal of this action by the Trustee and closing of this adversary proceeding. Sofia Shifrin's counsel advised that Sofia Shifrin consents to and has no objection to dismissal of this action.

10. In the interests of judicial economy, and given the Court's upcoming determination at a continued status conference of this matter as to which pending matters will require trial dates and require consolidation for trial on the Trustee's equitable claims, the Trustee hereby moves to voluntarily dismiss the claims against Sofia Shifrin set forth in the Complaint and close this adversary proceeding.

Wherefore, the Trustee respectfully requests that the Court dismiss this adversary proceeding in accordance with Fed. R. Civ. P. 41(a)(2), as applicable through Fed. R. Bankr. P. 7041.

Dated: July 27, 2017.  **LINDQUIST & VENNUM LLP**

By: /s/ *Kirstin D. Kanski*
John C. Smiley, #16210
Kirstin D. Kanski, #0346676 (MN)
Mike S. Richardson, #49014
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com
kkanski@lindquist.com
mrichardson@lindquist.com

*Counsel for Harvey Sender, Chapter 7 Trustee*

3

DOCS-#5142911-v2

## CERTIFICATE OF SERVICE

      I certify that on July 27, 2017, a true and correct copy of the foregoing was served by placing same in the United States Mail, first-class postage prepaid, addressed to the following:

Vladimir Shifrin
10570 Parkington Lane 32D
Highlands Ranch, CO 80126

Movers Connection Inc.
11692 E Baltic Place
Aurora, CO 80014

Father and Sons Movers, Inc.
17011 Lincoln Ave.
Parker, CO 80134

Kris Martinez
17075 Carlson Dr, #1124
Parker, CO 80134

Michael Sarris
P. O. Box 22292
Denver, CO 80222

Eric Sheldon
9394 E. Atlantic Pl
Denver, CO 80231

                                      */s/ Brandon Blessing*